# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

**APR 25 2017**

JULIA C. DUDLEY, CLERK
BY: **s/M. Hupp**
DEPUTY CLERK

|  |  |  |
|---|---|---|
| Brian David Hill | ) | Case No. **4:17CV00027** |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | Jury Trial: *(check one)* ☐ Yes ☒ No |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| Executive Office for United States Attorneys | ) | |
| (EOUSA) | ) | |
| | ) | |
| United States Department of Justice (U.S. DOJ) | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Brian David Hill |
| Street Address | 310 Forest Street, Apartment 2 |
| City and County | Martinsville (Martinsville) |
| State and Zip Code | Virginia 24112 |
| Telephone Number | (276) 790-3505 |
| E-mail Address | No Email Address |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Executive Office for United States Attorneys (EOUSA) |
| Job or Title *(if known)* | United States Department of Justice (U.S. DOJ) |
| Street Address | 600 East Street, NW, Suite 7300, Bicentennial Building |
| City and County | Washington, DC |
| State and Zip Code | District of Columbia (DC) 20530 |
| Telephone Number | (202) 252-6020 // FAX: (202) 252-6047 |
| E-mail Address *(if known)* | usaeo.foia.requests@usdoj.gov |

Defendant No. 2

| | |
|---|---|
| Name | United States Department of Justice (U.S. DOJ) |
| Job or Title *(if known)* | Since the EOUSA is the agency at issue, address will be same. |
| Street Address | 600 East Street, NW, Suite 7300, Bicentennial Building |
| City and County | Washington, DC |
| State and Zip Code | District of Columbia (DC) 20530 |
| Telephone Number | (202) 252-6020 // FAX: (202) 252-6047 |
| E-mail Address *(if known)* | usaeo.foia.requests@usdoj.gov |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

        ☒ Federal question         ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**Freedom of Information Act ("FOIA"), 5 U.S.C. §552, Right to discovery packet of evidence under the 14th Amendment of the U.S. Constitution, Due Process clause (citing Brady v. Maryland, 373 U.S. 83 (1963))**

**Since this complaint is being filed as to proceed <u>in forma pauperis</u>, it is requested that the Court issue an ORDER to serve the summons and complaint on the Defendants' by a U.S. Marshal or Deputy Marshal or Someone Specially Appointed. This request is in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure**

**Citing Rule 4(c)(3): *"By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916."***

III.    **Statement of Claim**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, as well as agency FOIA regulations, challenging the failure of the Executive Office for United States Attorneys ("EOUSA") of the United States Department of Justice ("DOJ") to fulfill the requests in both the FOIA Request and FOIA Appeal of Brian David Hill "Brian D. Hill" for all discovery packet records concerning himself. That they improperly withheld records which were sought from the EOUSA. Then the U.S. Attorney may have lied that 0 records were withheld in full when testimonial and evidential facts show a different story.

2.  This case seeks declaratory relief that defendants are in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendants immediately and fully comply with the plaintiff's request under the FOIA.

3.  I am filing this action of litigation, on a Pro Se basis and am proceeding in forma pauperis. Affidavit/Application is attached but the Clerk shall file the Affidavit as separate document.

## JURISDICTION AND VENUE

4.  This Court has both the subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(A)(4)(B) and 5 U.S.C. §702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute" here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. §552(A)(4)(B), which states that "On Complaint, the district court of the United States in the district in which the complainant resides." The plaintiff is mentally and physically disabled as recognized under Virginia law (Citing Exhibit 1, as proof of disability as signed by a medical doctor, and Carilion Clinic discharge paper), meaning that the plaintiff has a brittle form of "type 1 diabetes" and Autism Spectrum Disorder. Because of these handicaps, it is difficult to travel to a faraway venue. Due to the defendant's health issues, and the FOIA Request/Appeal being originally filed from Martinsville, VA, I believe it is appropriate to set the venue as the "Western District of Virginia" to hear this case. For the convenience of the plaintiff and protection of his health, it is necessary for venue to be set in the Western District of Virginia.

5.  Plaintiff Brian D. Hill is a citizen of the United States, who was born on May 26, 1990. The plaintiff was indicted on November 25, 2013, and the arrest warrant was issued on November

26, 2013. Brian was charged by Assistant U.S. Attorney Anand Prakash Ramaswamy of the U.S. Attorney Office located at 101 S. Edgeworth ST., 4th Floor, in Greensboro, North Carolina. The charge was filed in the U.S. District Court for the Middle District of North Carolina. That case was docketed under case no. 1:13-cr-435-1. The plaintiff was released from jail/imprisonment on November 12, 2014 based upon a sentence of time served. However the plaintiff still serves a sentence of ten years of federal supervised release by the U.S. Probation Office, as well as mandatory Sex Offender registration. The plaintiff feels that he is innocent of the charge and still wishes to prove actual innocence. The plaintiff has only until June 10, 2017 to file a Rule 33 Motion (citing Federal Rules of Criminal Procedure) for a new trial based upon newly discovered evidence. The FOIA Request at issue here is for the sole purpose of locating exculpatory information within the evidence records within the U.S. Attorney's own discovery evidence, for the sole purpose of proving Actual Innocence or to be found 'Not Guilty'. The FOIA Request is intended to get access to all records of the discovery packet, including the confession Audio CD, so that the information be cross-referenced and/or cross-examined, again for the sole purpose of proving actual innocence.

6. Defendant EOUSA is an agency within the meaning of 5 U.S.C. § 552(f). Defendant EOUSA is the federal agency with possession and control of the records requested from EOUSA and is responsible for fulfilling the FOIA Request of Brian D. Hill to EOUSA.

7. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f). The Executive Office for United States Attorneys ("EOUSA") is a component of DOJ. Defendant DOJ is the federal agency with possession and control of the records from the EOUSA and is responsible for fulfilling the FOIA request of Brian D. Hill

## REQUEST TO EXPEDITE THE FOIA PROCEEDINGS

8. The Federal Courts Improvement Act, 28 U.S.C. § 1657 (2000), provides that FOIA proceedings generally *"("take precedence over all cases on the docket and shall be . . . expedited in every way"); see also Freedom Communications, Inc. v. FDIC, 157 F.R.D. 485, 487 (C.D. Cal. 1994) ("The Court offers its assurance to all concerned that it will continue to handle all matters in this action in an expeditious manner. However, we do not see the value in issuing an order that does no more than reiterate policies already announced by statute and the court itself."); FOIA Update, Vol. VI, No. 2, at 6 (explaining statutory revision regarding expedition of FOIA actions). That while courts are not required to automatically accord expedited treatment to FOIA lawsuits,*

*they may do so "if good cause therefor is shown."*

9. The good cause is that the North Carolina State Bureau of Investigation (SBI) may dispose of the seized property after a destruction order is issued, even though destruction may prevent me from being able to prove actual innocence. Since the property was seized on August 28, 2012, then the possibility of the destruction of my seized and forfeited property is imminent. Therefore it is necessary to quickly gather new evidence for mounting an actual innocence pleading via the affirmative defense of "frame up". The FOIA violations must be resolved before the deadline or before the Court decides to allow the destruction of seized property, as getting access to the discovery material takes time, as well as gathering new exculpatory evidence, before filing a 28 U.S.C. § 2255 Motion based upon the ground of Actual Innocence via proving the affirmative defense of "frame up". As a Motion would have to be filed way in advance, to have the Court order the preservation of the physical evidence to prevent destruction of evidence in SBI custody. The only available post-conviction Motions available to me are the Rule 33 new trial motion by the hard cutoff deadline of June 10, 2017 (3 year deadline to file the Motion "after the verdict or finding of guilty") and the 2255 Motion on the ground of actual innocence before possible destruction of evidence. Because this case involves the U.S. Attorney possibly covering up or concealing records, which could be construed as new evidence of prosecutorial misconduct, the resolution of this FOIA litigation must be conducted by June 10, 2017, to be legally allowed to file a motion for a new trial due to newly discovered evidence that could not have been previously discovered before Trial.

10. Citing 28 U.S.C. § 1657, *"Except that the court shall <u>expedite the consideration of any action</u> <u>brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary</u> <u>injunctive relief, or any other action if good cause therefor is shown.</u> For purposes of this subsection, "good cause" is shown <u>if a right under the Constitution of the United States or a</u> <u>Federal Statute (including rights under section 552 of title 5) would be maintained in a factual</u> <u>context that indicates that a request for expedited consideration has merit.*"* The 2255 Motion which is statutory remedy of the Constitutional Federal Writ of Habeas Corpus or Rule 33 Motion for a new trial based upon newly discovered evidence, both depend on getting access to the discovery packet of evidence which can allow the plaintiff to file a motion based upon getting access to the discovery packet. Without access to the discovery packet of evidence, as requested via the FOIA, it is impossible to prove any factual and credible claim of innocence. Evidence to which can help determine the facts of actual innocence lie in the discovery packet that is maintained by the U.S. Attorney Office which is administered by the Executive Office

for U.S. Attorneys (EOUSA). If a Rule 33 Motion is not filed by the deadline of June 10, 2017, then any such remedy that could be obtained for new trial will be lost as the District Court loses jurisdiction to entertain such Motion. If the 2255 Motion is not filed before the destruction of evidence and getting access to the discovery material to help with the affirmative defense of frame up, then the Constitutional, evidential and factual ability for the plaintiff to prove actual innocence will forever be lost.

## STATUTORY FRAMEWORK

11. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

12. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

13. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of that agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii). In this case there was no denial.

14. In "unusual circumstances," an agency may relay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

15. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

16. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. 552(a)(4)(F).

17. The plaintiff clearly has a Constitutional Fourteenth Amendment right under "Due Process clause" to his entire discovery packet of evidence that was originally used to indict the plaintiff, and led to the conviction of the plaintiff due to ineffective assistance of counsel. The plaintiff still has an interest in proving actual innocence to the conviction and charge, to file a

2255 Motion on ground of factual innocence. The plaintiff cannot possibly prove actual innocence without access to the discovery packet of evidence. The reason for this FOIA request was to get access to the entire discovery packet. The Defendant EOUSA has already released a portion of the entire discovery packet, and has basically already given consent to release the discovery packet to plaintiff as per his FOIA request, but has not given the entire evidence reports and audio CD. Citing Brady v. Maryland, 373 U.S. 83 (1963): *"In it the Court held that it's a violation of due process for the prosecution to suppress evidence that the defense has requested and that is: (1) material either to guilt or punishment and (2) favorable to the accused."* The plaintiff's court appointed lawyer John Scott Coalter from Greensboro, North Carolina, is not cooperating with the plaintiff's wishes to prove actual innocence and has, in more than one occasion, attempted to get in the way or prevent the plaintiff from being able to find a valid means to challenge conviction based upon ground of actual innocence, because Mr. Coalter would be in conflict of interest for openly persuading the plaintiff to stick with his guilty plea then later review over the discovery evidence to find any facts of actual innocence. Mr. Coalter has even gone as far as making a possible veiled threat to plaintiff's grandfather that it has to be given to another Attorney or be disposed of (Citing <u>Exhibit 8</u>). Mr. Coalter is likely in favor of disposing the discovery evidence because it prevents the plaintiff from being able to prove actual innocence as a matter of right under the due process clause. If no reasonable juror would find the plaintiff guilty of the charged offense, the 14th Amendment should apply to the plaintiff's post-conviction action. A valid post-conviction motion cannot be filed without access to the discovery packet to be able to prove facts. As a matter-of-right, the plaintiff seeks to use the <u>FOIA as a vehicle to protect and maintain his Constitutional right to discovery</u> in his criminal case to prove actual innocence either to a Jury or to a Judge in a 2255.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF
### <u>Executive Office for U.S. Attorneys Request</u>

18. On July 25, 2016, and August 29, 2016, plaintiff had filed two FOIA requests to EOUSA. The plaintiff did not intend for both FOIA requests to share a single FOIA request number, but the focus of this complaint will be on the FOIA request that was filed on August 29, 2016 (Citing <u>Exhibit 7</u>). That particular FOIA request was seeking "copies of my <u>Discovery Packet of evidence</u> pursuant to my <u>Federal criminal case</u> which includes the <u>original audio CD</u> containing <u>my confession to Mayodan Police on August 29. 2012, SBI forensic case file</u>

Subject/Suspect was Brian David Hill and SBI Case File # 2012-02146, Mayodan Police Report on suspect Brian David Hill incl. Search Warrant and Inventory dated August 28 and 29, 2012, and the Mayodan Police document to which I signed my confession on August 29, 2012." Furthermore stated in that original FOIA request that "The records I am requesting is all in regards to myself "Brian David Hill" as the Defendant in the criminal case United States of America v. Brian David Hill, Docket# 1:13-cr-435-1, in the U.S. District Court for the Middle District of North Carolina." The FOIA request dated Monday, August 29, 2016, was faxed to both the EOUSA and the U.S. Attorney's Office with "ATTN: Ripley Rand".

19. By letter and attached records/documentation dated February 16, 2017, from the Freedom of Information and Privacy Staff, of the Executive Office for United States Attorneys at the U.S. Department of Justice. They had assigned Brian D. Hill's FOIA two requests under Request Number FOIA-2016-03570. There was an acknowledgement letter as well, but I rather stick to when Brian D. Hill sent the FOIA requests and what was received as a result of such requests.

20. Under "United States Attorneys' Manual," Title 9: Criminal, 9-115.202 – "Use of Seized Property Where Custody is Retained by the State or Local Seizing Agency." That U.S. Attorney Policy says that *"To minimize storage and management costs incurred by the Department of Justice, state and local agencies which present motor vehicles or other property items for federal adoptions may be asked to serve as substitute custodians of the property, pending forfeiture, at the discretion of the United States Marshals Service or Treasury, and upon consultation with the United States Attorney in judicial forfeiture cases. In addition, the United States Marshals Service may enter into a storage and maintenance agreement with state and local agencies covering such property. Such agreements are contractual in nature, and do not require district court approval. Under such an agreement, the state or local agency has a responsibility to provide adequate storage, security, and maintenance for all assets in their custody."* The U.S. Attorney doesn't have any policy that I am aware of as of filing this complaint, concerning the transferring of any investigative reports back to the local or state investigative agencies. If there is then I ask the defendant EOUSA to provide me a written copy of such policy, to aid me in continuing to pursue this FOIA litigation in good faith upon any reason or belief that the U.S. Attorney Office still is in custody of investigative reports that were originally used in my discovery packet.

21. Under "United States Attorneys' Manual," Title 3: EOUSA, 3-17.000 – "Freedom Of Information Act (FOIA) And Privacy Act," it has a provision regarding the usage of FOIA as

a vehicle for discovery evidence in criminal cases. Under 3-17.140 – "Relation to Civil and Criminal Discovery," it states that *"Access to records under the FOIA is entirely independent of discovery under the Federal Rules of Civil and Criminal Procedure; an individual is free to use both means of gathering information."* It also states that *"The Act directs agencies to provide to "any person" any record reasonably described (5 U.S.C. Sec. 552(a)) and not exempt by the Act (5 U.S.C. Sec. 552(b)(1) to (9)). As a general rule, no inquiry is made as to the purpose for which the record is sought."* The purpose of the plaintiff's FOIA was to get access to all discovery materials that were used in the criminal case of Brian D. Hill, fur the purpose of proving actual innocence facts, for establishing any factual matter concerning innocence.

22. The ESOUA has released, pertinent to FOIA Request Number FOIA-2016-03570, a portion of all evidence and investigative records pertaining to the entire discovery packet of evidence maintained by the U.S. Attorney and to which a criminal Defendant is also required to have a copy in accordance with Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500 (the Jencks Act), Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). In addition, the United States Attorney's Manual describes the Department's policy for disclosure of exculpatory and impeachment information.

23. The portion of evidence that was attached to the EOUSA's FOIA response letter is 19 pages of the Mayodan Police investigative report (aka the "Mayodan Police Report") but the plaintiff has proof that the original report was actually 20 pages long. The plaintiff filed evidence proving the missing 20th page with the Office of Information Policy (OIP) in the <u>FOIA Appeal Number DOJ-AP-2017-002520</u>. So 1 page was missing and withheld from the FOIA requested discovery packet. The Search Warrant where it's copy was originally served by Mayodan Police with the plaintiff on August 28, 2012. That was also missing from the FOIA response envelope. The "confession audio CD" was also not found within the envelope. The last record that was not found was the <u>SBI forensic case file,</u> Subject/Suspect was Brian David Hill and SBI Case File # 2012-02146. So 2 documented reports (Search Warrant, SBI case file), 1 audio CD containing the confession, and 1 page of the original 20 page Mayodan Police Report was missing from the envelope to which contained the response letter from EOUSA.

24. Plaintiff filed an administrative Appeal as remedy under the Office of Information Policy (OIP). Filed under the <u>FOIA Appeal Number DOJ-AP-2017-002520</u>. That appeal was received in the system and filed as of February 20, 2017 ("02/20/2017") according to the acknowledgement letter. (Citing <u>Exhibit 3</u>)

25. Plaintiff filed evidence with the OIP supporting plaintiff's claims under FOIA Appeal.

Evidence was attached to the original FOIA Appeal which was 7 pages, 3 pages excerpt of the original FOIA response letter from EOUSA, and a 2 page Affidavit (dated February 19, 2017) that was affirmed by four witnesses including the plaintiff. The testimony of four witnesses affirmed under 28 U.S.C § 1746 (Unsworn Declaration), has shown cause that certain records were withheld from the FOIA response to the original FOIA request in 2016.

26. Around Mar 6, 2017, a big envelope was mailed to the OIP under Certified Mail Tracking #: 7016 1970 0000 9602 0033; Return Receipt Mail Tracking #: 9590 9402 2456 6249 4860 15. It had contained 1 letter meant for OIP along with two DVDs of the "Evidence Video" that was filmed and produced by Brian D. Hill. That was meant for the OIP, and 2 extra copies of 2-sets of DVDs which were meant to be transferred to the Office of Professional Responsibility (OPR) and the Office of the Inspector General (OIG). Copies of the letter meant for OIP were also created for the OPR and OIG. The first disc contains the 480Pixel standard playable video which can be played in any standard DVD player. The second disc contains a MPEG-2 High Definition (1080Pixels) of the same video. The "Evidence Video" provides a video of Brian D. Hill ("the plaintiff") presenting the FOIA response packet, showing the documents contained within, and showing evidence that certain records were withheld from the FOIA response, and proof that such records would and should exist within the EOUSA's control and possession. A copy of the letter and another copy of the 2 DVD discs were also mailed to the Office of Government Information Services (OGIS) that is a component of the National Archives and Records Administration (NARA). They provide mediation services which further proves that I had also tried to exhaust the mediation remedy before deciding to file the FOIA lawsuit. OGIS received the mailing under Certified Mail Tracking #: 7016 1970 0000 9602 0040; Return Receipt Mail Tracking #: 9590 9402 2456 6249 4860 22. Citing <u>Exhibit 6</u>.

27. Around Saturday, March 11, 2017, another FAX was transmitted to OIP, and was received on March 13, 2017 on Monday. It further contains evidence and proof that further supports plaintiff's FOIA request and appeal. Evidence was filed concerning a copy of a letter from the Town of Mayodan dated September 21, 2015 denying request for access to or a copy of the confession Audio CD which contains plaintiff's confession that was made at the Mayodan Police Department around August 29, 2012. A response was filed to that denial citing Writ of Habeas Corpus and for need of the Audio CD to prove actual innocence as purpose to why the "confession Audio CD" was requested from the Town of Mayodan. It stated that since the confession was already going to be used in a public Jury trial against the plaintiff that the plaintiff had a right to get a copy of the confession Audio CD to prove that the confession was

caused by coercion and was a false confession. The town of Mayodan refused to respond since then. A letter was sent to the State Bureau of Investigation (SBI) in North Carolina requesting a copy of the forensic case file that was needed to help prove actual innocence. A letter was returned by SBI Legal Counsel Angel Gray denying plaintiff's request to get access to the forensic case file report by SBI Special Agent Rodney V. White. A response letter was written back criticizing the legal Counsel and giving her a copy of the threatening message that Brian D. Hill had received allegedly claiming that "we know some people in the SBI that will make sure that you are convicted". The entire threatening email message received at admin@uswgo.com which was the plaintiff's email address in 2012-2013, said *"You better watch out Brian...We are watching you...Having child porn planted on your hard drives and computer was only the beginning and we will set you up for violent sex crimes if you don't watch your back...Have fun becoming a sex offender...Police won't be6eve you no matter how much evidence you have that you been set up we know some people in the SBI who will make sure you are convicted. You will be shut up by being a sex criminaL Your friends Alex Jones, Dan, James, Sean, Alex, and others are next...BeWare!"* SBI Legal Counsel Angel Gray refused to respond to the allegations that the SBI may be part of an alleged plot to set up the plaintiff with child porn and wrongfully convict him. There may be a good reason why the SBI is refusing to release a copy of the SBI case file to the plaintiff via FOIA. It is because there is information within that report that is very questionable and may be subject to impeachment in the criminal case proceeding by the U.S. Attorney. It stated that *"454 files have been downloaded with the eMule program between the dates July 20, 2012, and July 28, 2013."* The issue is that suspected child porn files may have been downloaded between the dates *"July 20, 2012, and July 28, 2013."* The very issue concerning that statement was that the seized Laptop cited in the SBI case file was seized on August 28, 2012. That may show an evidence report claim concerning possible evidence tampering and/or planting or is wrong and should be considered impeachable testimony that is clearly inadmissible for trial. So according to SBI Special Agent Rodney White, child porn had allegedly downloaded on plaintiff's Black Toshiba Laptop Computer Satellite C655D between the dates July 20, 2012, and July 28, 2013. The threatening email from tormail.org that was received by admin@uswgo.com was dated around Sunday, Apr 7, 2013. That threatening message was received by plaintiff between the claimed child pornography download dates. That might explain why the EOUSA and the SBI both do not want a copy of the SBI case file to be delivered to Brian D. Hill as per his FOIA request. Part of the Search Warrant was also filed as evidence, proving that the U.S. Attorney should have

had a copy of that in their records (Citing <u>Exhibit 2</u>).

28. Any other misc. evidence that was faxed and filed with the OIP pertains to evidence that the plaintiff's assistant federal public defender Eric David Placke lied to his family concerning restrictions of discovery, deleted exculpatory evidence in various emails replied to plaintiff's family, a legal basis as to support plaintiff's FOIA request and Appeal, newly discovered evidence in regards to further proof of SBI involvement, and that Court transcript record proves the existence of the confession Audio CD within the records of the U.S. Attorney. It said that *"Not only does the Court Transcripts further prove that the U.S. Attorney had the "confession audio CD" aka the "audio CD" of my confession on August 29, 2012, which I had formally requested in my original FOIA Request# FOIA-2016-03570. The other issue that it further proves that disclosure is necessary for the benefit of the public good, for the benefit of correcting an injustice within our Federal Courts, correcting false information on Federal Court records, and correcting a wrongful conviction. Disclosing the false confession Audio CD is necessary for the interests of the general public, for the interests of justice far outweigh the need to suppress the truth from this particular criminal case matter which was to had to go before a public Jury Trial with no legal means nor any resources to be able to come up with a criminal Defense which more likely than not, would have the finding of "Not Guilty" had I been given effective Counsel."* It proves enough evidence to the Office of Information Policy (OIP) proving that records were withheld and may have been covered up or concealed. (<u>Exhibit 4</u>)

29. In the FOIA response letter it had stated that *"_0_page(s) are withheld in full (WIF). The redacted/withheld documents were reviewed to determine if any information could be segregated for release."* However the evidence filed in the FOIA Appeal prove that there were records that should exist or would have existed but the U.S. Attorney may have concealed or covered up such records, and may have lied to a paralegal working for the EOUSA that was searching for and gathering up the requested records for the FOIA.

30. The fact that certain records were missing from the FOIA response concerning the discovery evidence. The fact that the confession Audio CD, SBI case file, Search Warrant, and page 20 of the Mayodan Police Report, were all missing from the FOIA response records, shows a high possibility that records may have been illegally purged from the U.S. Attorney Office and that such removal of certain records and/or pages had exculpatory information which may be favorable to the plaintiff in his criminal case. The plaintiff stated that the U.S. Attorney may have covered up or concealed certain records which may be in violation of Title 18, Chapter 73, U.S.C. § 1519. *"Destruction, alteration, or falsification of records in Federal investigations*

*and bankruptcy. Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or make a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 10 years, or both."* So the plaintiff has requested an investigation into the matter with the DOJ's Office of Professional Responsibility (OPR) and the Office of the Inspector General (OIG). That plaintiff believes that the U.S. Attorney may still have the custody and possession of the missing records and missing Police Report Page 20, but just attempted to surgically cover up or conceal certain specific records, and/or just simply lied to the paralegal about the existence of such records. That is why the plaintiff is filing this FOIA litigation asking for injunctive relief. So that the Court can compel release of those records.

IV.    Relief

## PLAINTIFF'S CLAIMS FOR RELIEF
### CLAIM ONE
### (Failure to Conduct an Adequate Search)

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32. Plaintiff submitted requests that reasonably described the exact records sought and was made in accordance with EOUSA and DOJ's published rules, as well as stating that purpose for such records would ONLY be to prove actual innocence to a criminal charge and conviction.

33. In response, the defendants' have failed to conduct a search reasonably calculated to uncover all responsive agency records. The U.S. Attorney either lied to the DOJ paralegal that what was to be released in the FOIA response was all that there was in the discovery of the criminal case, or that certain records may or may not have been illegally removed, but there is no clarification on that issue from the EOUSA. If the missing records were really removed from the U.S. Attorney case files concerning Brian David Hill, whom they had prosecuted and convicted, then they need to clarify that such records were either destroyed, transferred back to the investigating agencies, or that the U.S. Attorney lied to protect themselves from possible liability involving a possible wrongful conviction.

34. Therefore, defendants' violated the FOIA's mandate to search for responsive records. 5 U.S.C. § 552(a)(3)(D).

## CLAIM TWO

### (Failure to Produce Records Under the FOIA)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

36. Plaintiff properly asked for records within the defendants' control.

37. Plaintiff is entitled by law and by the Due Process clause to access to the records requested under the FOIA, unless defendants make an explicit and justified statutory exemption claim.

38. Plaintiffs have improperly withheld records and somebody within the U.S. Attorney office lied that "0 records were withheld in full (WIF)". Those records have not been confirmed as to whether they still exist or not. Even if the U.S. Attorney is claiming that certain records don't exist anymore, it is suspicious that the Mayodan Police investigative report is still in the EOUSA's findings and that only 19 pages of a 20 page police report were located.

39. Defendants have not produced all the records responsive to plaintiff's FOIA requests.

40. Therefore, defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### THE BASIS IS SIMPLE

41. The plaintiff wishes to prove his actual innocence by getting access to his discovery packet that he should have clearly been entitled to as apart of his rights to criminal discovery under the Fourteenth Amendment of the United States Constitution, Bill of Rights.

42. The Defendants' have released records pursuant to plaintiff's FOIA request but is not everything that was in the original criminal discovery packet of papers that were once in the possession of Ex-Attorney Eric David Placke, but is now in the custody of ex-Attorney John Scott Coalter. Mr. Coalter is refusing to release the discovery evidence packet to the plaintiff, despite being terminated as Legal Counsel on 11/12/2014. Attorney Renorda E. Pryor was only appointed under CJA for the matter of the Supervised Release revocation proceeding in 2015. The plaintiff currently is not represented for his criminal case proceeding in regards to attempting to prove his actual innocence and is not represented for filing a new trial motion. The discovery evidence was meant for prosecuting, indicting, and eventually led to convicting the plaintiff of one count possession of child pornography. That very same discovery evidence had statements which could have been used to help prove the innocence of the plaintiff to a

Jury of his peers. It contained claims that could have challenged the facts of guilt of the defendant in a trial.

43. The Defendants' gave no valid explanation as to why certain records were not included in the FOIA response packet with attached records released in full and released in part. Records that were specifically requested in the original FOIA requests. Meaning the missing records of the plaintiff's confession on August 29, 2012, which was recorded in an Audio CD and that CD was needed for proving the plaintiff's innocence by showing cause that the confession was false. The Search Warrant was not included either, even though Page 14, paragraph 43 contained a term titled ""PTHC" (which stands for "Pre-teen Hard Core")". The plaintiff repeated the same term in the interrogation the next day, which does show proof that the confession was manufactured by a sophisticated form of echolalia. An independent forensic psychologist aka an expert witness would have picked up on the false confession statements but were never found due to ineffective assistance of counsel. Cross referencing the terms learned by the plaintiff in the Search Warrant to the Interrogation on August 29, 2012, focused on extracting a guilty confession to possessing child pornography at the Mayodan Police Department in North Carolina. The fact that the plaintiff told the Detectives that he put child porn in his Netbook that the Detectives did not get in their search the day before. That Netbook had no suspected child pornography found on it so was returned back to Mayodan Police. The plaintiff said that he had downloaded child porn for "about a year or so" but the only download dates found were between the dates July 20, 2012, and July 28, 2013. So it had only downloaded for 1 month and 8 days while in the custody of plaintiff Brian D. Hill. The confession can be picked apart and proven totally false and cannot hold up as evidence of guilt of the plaintiff. However the plaintiff isn't being allowed by Ex-Attorney John Scott Coalter to prove any of that. The Attorney further refuses to transfer the discovery evidence to the defendant in that particular criminal case, even went as far as threatening Brian D. Hill with perjury and obstruction of justice for attempting to prove his actual innocence on September 30, 2016. Because of that, he feels the FOIA was his only legal means of getting access to his discovery packet for his criminal case, in support of Brady v. Maryland. Yes, this <u>FOIA was used as a legal vehicle to assert and safeguard the plaintiff's deprived Constitutional due process right to criminal discovery that was previously denied to the plaintiff before his conviction and after his guilty plea</u>, due to prosecutor colluding with the plaintiff's defense Attorneys and ineffective assistance of Counsel. Rights that the U.S. Attorney and the Defense Attorney had deprived and denied the plaintiff of.

44. The Defendants' have refused to, or failed to deliver a copy of the SBI case file, plaintiff's signed confession statement, Confession Audio CD, Search Warrant, and Page 20 of the Mayodan Police Report.

45. The Defendants' have no valid excuse for certain pages and one Police investigative report to still exist at the U.S. Attorney Office record-keeping for Brian's criminal case that they prosecuted, yet certain records appear to either not exist or have been quietly withheld and concealed from plaintiff's FOIA request or covered up.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendants have violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests of July 25, 2016, and August 29, 2016;

(2) Order the defendants to immediately conduct an adequate search for responsive records that includes a search of any and all EOUSA and U.S. Attorney components and offices that may have responsive records;

(3) Declare that the defendants have violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Declare that if the U.S. Attorney and EOUSA of the DOJ was factually found to have deliberately purged and covered up certain specific evidence records while retaining bits and pieces of the remaining discovery records, prior to responding to plaintiff's FOIA request, that the Court declare this fact on public record as factual matter that the defendant EOUSA has attempted to prevent the plaintiff from proving his actual innocence;

(5) Order the defendants to release all records responsive to plaintiff's FOIA requests;

(6) Order release of all discovery records concerning the plaintiff's criminal case (Case: 1:13-cr-435, Middle District of North Carolina) to the plaintiff in support of plaintiff's Constitutional Brady right under Writ of Habeas Corpus (Section 2255 Motion and Rule 33 Motion for new trial) or other available post-conviction relief, to prove actual innocence;

(7) Award plaintiff it's reasonable Pro Se legal fees (if this Court honors reimbursement of Pro Se legal costs concerning this complaint) and litigation costs in this action pursuant to 5 U.S.C. 552(a)(4)(E) which can include postal filing fees, paper and printer ink fees;

and

(8) **Grant such other and further relief as the Court may deem just and proper.**

Respectfully submitted,

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *Apr. 23, 2017*

Signature of Plaintiff     *Brian D. Hill* signed

| | |
|---|---|
| Printed Name of Plaintiff | Brian David Hill (Pro Se) |
| Street Address | 310 Forest Street, Apartment 2 |
| State and Zip Code | Martinsville, VA 24112 |
| Telephone Number | (276) 790-3505 |
| E-mail Address | No Email |



**I am requesting with the Court that this complaint be resolved in the papers, <u>that I waive my right to a hearing on this complaint and on any future filed Motions/Declaration</u> unless the Judge feels that it is absolutely necessary to hold a hearing to resolve this complaint.**

# <u>Declaration of Evidence Exhibits Attached to Complaint</u>

## Declaration authorized by Title 28 U.S.C. § 1746

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. Whereas, I am a Defendant in the United States District Court, for the Middle District of North Carolina, case # 1:13-cr-435-1, titled: United States of America v. Brian David Hill, and I am pushing for a Presidential Pardon on the basis of Innocence. I am not a licensed attorney, but I am slowly learning more about the Federal Rules and filing procedures as I was not being represented by any of the Court Appointed lawyers in the past for trial Defense under the adversarial system, See U.S. Supreme Court Case Strickland v. Washington, 466 U.S. 668 (1984).
2. Whereas, in this civil case, I am the plaintiff and am filing a FOIA suit against the Executive Office for United States Attorneys ("EOUSA") and United States Department of Justice ("U.S. DOJ"), for the purpose of requesting all discovery records from my criminal case referenced in the last paragraph.
3. Whereas, the purpose of such litigation is to protect, safeguard, exercise, and assert the plaintiff's 14th Amendment Due Process right to criminal discovery which was previously violated due to both ineffective Counsel and collusion with the two court appointed lawyers that were appointed to plaintiff's criminal case.
4. Ex-Attorney John Scott Coalter has refused to give me my discovery packet of evidence. Any other Attorney that may have attempted to secure the discovery packet from Mr. Coalter had mysteriously turned away then they refused to do anything about my case. Due to such sabotage against my ability to come up with an affirmative defense of frame up, it is because of denial of my Brady right to have access to, to copy and inspect any evidence records material that was used against me in criminal court.
5. I have sent letters to the Town of Mayodan and the N.C. State Bureau of Investigation only to received denial letters refusing me any access to or even a copy of my confession Audio and the SBI case file concerning myself. The SBI said that I should ask my Defense lawyer or the District Attorney for getting access to my SBI case file. It said from the SBI response letter that "Again, you would need to work with your trial counsel or the District Attorney's Office to obtain a copy of the SBI file in this matter." That is exactly what I did, request from the U.S. Attorney Office and the EOUSA via FOIA that I get access to the very evidence that was used against me since I am getting nowhere doing anything else. The purpose of the FOIA request was to get access to the discovery evidence that was denied to Brian D. Hill due to ineffective assistance of Counsel, then establish any applicable facts of actual innocence.

6. Attached hereto as <u>Exhibit 1</u>, is a true and correct copy of the 2-Page Virginia DMV handicap placard application which has been certified by a medical Doctor that the plaintiff Brian D. Hill has an Autism Spectrum type Disorder which proves to the Court that the plaintiff is mentally disabled. The next 2-Pages is a print out of a medical paper from Carilion Clinic in Roanoke, Virginia, proving that the plaintiff has Type 1 Diabetes which makes it difficult for the plaintiff to travel for long periods such as Greensboro, NC, as well as having to request permission from the U.S. Probation Officer for every legal day-trip down to North Carolina. The original Carilion clinic medical paper was 3 pages but the two pages are the most important. That is why the plaintiff wants to exercise personal jurisdiction (Western District of Virginia) for this civil case for convenience health wise. That the Doctors office is closer to the jurisdiction of the Western District of Virginia. Enough evidence to constitute that the plaintiff has unavoidable health issues as to why personal jurisdiction of the 'Western District of Virginia' is necessary as venue for this civil complaint. The pages used in this Exhibit are not directly of the original scanned pages but was in a FAX record in the VentaFax Log Book. The originals that were scanned, and then used for a facsimile (fax) transmission, the fax quality versions were stored in the VentaFax Log Book in TIFF format. They were converted to PDF to be used for this exhibit.

7. Attached hereto as <u>Exhibit 2</u>, is a true and correct copy of the 45-Page "Last Evidence to OIP; Re: DOJ-AP-2017-002520- March 11, 2017" that was filed with the OIP. Transmission Ticket is also included as proof of Transmission. It was filed for FOIA Appeal Number DOJ-AP-2017-002520. The 46 pages in Transmission Ticket refers to cover sheet that is 1-page but is not exhibited since Transmission Ticket already shows the cover sheet as preview of the first page of what was transmitted.

8. Attached hereto as <u>Exhibit 3</u>, is a true and correct copy of the 13-Page VentaFax transmitted FAX that was originally filed as the FOIA Appeal of the EOUSA decision and response. Transmission Ticket is also included as proof of Transmission to OIP. It was filed for FOIA but was not yet given the Appeal Number DOJ-AP-2017-002520.

9. Attached hereto as <u>Exhibit 4</u>, is a true and correct copy of the original VentaFax transmitted "Last Minute Evidence to OIP; Re: DOJ-AP-2017-002520 - 03/20/2017" and "Letter to Office of Information Policy with Court Transcripts as Last Minute Evidence before possible FOIA Lawsuit." Transmission Ticket is also included as proof of Transmission to OIP. It was filed for FOIA Appeal Number DOJ-AP-2017-002520.

10. Attached hereto as <u>Exhibit 5</u>, is a true and correct copy of a 2-Page excerpt printout from Archive.org concerning a leaked SBI case file document picture that was discovered by one of my family members. 1 out of the 3 leaked photos was included in this Exhibit after the 2-Page excerpt, as evidence. <u>Quick Disclaimer: I didn't use the internet to get this information but was acquired by family who printed it out in PDF format and gave it to me, as well as downloaded the 3 leaked photos to give to me for use in this civil case.</u> Whoever had posted this was under the username 'MasterOfFu' on 3/13/2016. The one particular leaked document photo will be the focus of this Exhibit. It says in the leaked photo that "CERTIFICATE OF DELIVERY, STATE BUREAU OF INVESTIGATION, CASE FILE, SBI Case File #: 2012-02146, Subject/Suspect(s): Brian David Hill." It also says that "The investigative file of the State Bureau of Investigation was delivered to AUSA A. Ramaswamy (printed name of person) via hand delivery on 10/23/2013 (date)." This shall serve as prima facie evidence that the U.S. Attorney Office did indeed have a copy of or the original of the SBI case file, such copy that I had requested a copy of in the FOIA request to the EOUSA. The Court should investigate why such record was turned over to the Assistant U.S. Attorney Anand Prakash Ramaswamy, then the record had somehow disappeared

which caused it to never be in the FOIA response envelope that I received prior to filing the FOIA Appeal.

11. (DVD Media Exhibit)Attached hereto as <u>Exhibit 6</u>, is a true and correct copy of the original letter and one (480P version) of the 2 DVD-discs that was originally mailed to the Office of Information Policy (OIP) inside the U.S. DOJ. The Exhibited disc is the Video disc copy of the original "Evidence Video" DVD in 480P format (compatible with DVD players). It was filed for FOIA Appeal Number DOJ-AP-2017-002520.

12. Attached hereto as <u>Exhibit 7</u>, is a true and correct copy of the original VentaFax transmitted FOIA Request letter titled "FOIA Request to Exe. Office for U.S. Attorneys (2) - 08/29/2016" and "FOIA Request to Executive Office of United States Attorneys and US Attorney Office of Greensboro, NC." It was filed for FOIA Appeal Number DOJ-AP-2017-002520. 2 Transmission Tickets is also included as proof of Transmission to EOUSA and the U.S. Attorney Office of Greensboro, NC.

13. Attached hereto as <u>Exhibit 8</u>, is a true and correct copy of a Declaration by Kenneth R. Forinash, USAF veteran (TSgt, USAF, Ret), regarding the phone conversation between him and Ex-Attorney John Scott Coalter. Mr. Forinash has stated that Mr. Coalter's claimed that he can only give my criminal case discovery packet to other Attorneys in accordance with a rule with the Middle District of North Carolina, and that he can give it to an Attorney or have it destroyed. It says and I quote *"He said an attorney is the only person that can get the files, or the files could be destroyed."* When my grandparents told me about it on April 17, 2017, I was angry as I felt that John Scott Coalter had made either a veiled threat or direct threat that I believe he may attempt or could attempt to destroy the discovery papers and Audio CD concerning my criminal case, <u>which will completely block my ability to try to prove my Actual Innocence by destroying the case files</u> which I clearly have a right to under Brady v. Maryland. The same Attorney that threatened me on September 30, 2016, with the risk of both a perjury charge and obstruction of justice charge if I file the 2255 and go through a change of plea hearing in attempting to prove actual innocence. I personally feel that this Attorney doesn't want me to prove my actual innocence nor does he want me to take it back to a trial. I feel that it is not in his best interest to have me deviate from my false guilty plea based on evidence of health deterioration while in Jail, ineffective assistance of Counsel, and evidence concerning any factual matter of actual innocence.

14. I will not attach any further evidence to this complaint, as the presiding Judge may ask the DOJ and EOUSA for all other relevant fax filings.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on *Apr. 23, 2017*.

Brian D. Hill
Signed
**Signed**
**Brian David Hill(Pro Se)**
**Former news reporter & Founder of USWGO Alternative News**
**Home Phone #: (276) 790-3505**
**310 Forest Street, Apt. 2. Martinsville, VA 24112**

**USWGO**