# EXHIBIT 4

For Federal civil complaint
Brian David Hill v. Executive Office
for United States Attorneys (EOUSA),
United States Department of Justice
(U.S. DOJ)

Venta Fax & Voice (http://www.ventafax.com)
Transmission ticket for Fax ID: 276-790-3505

Date: 3/20/2017                                              Time: 5:55:02 AM
Number of pages: 17                                          Session duration: 8:12
Attn.: Director, Office of Information Policy (OIP)          To: U.S. Department of Justice
Recipient's number: T12025141009                             Message type: Fax
Filename: C:\ProgramData\Venta\VentaFax & Voice 6\Out\Evidence of Audio in CoiError Correction: No (2)(Signed, READY to FAX) {2017-03-20}_General (Letter).tif
File description: Evidence of Audio in Court Transcripts to OIP(2)(Signed, READY  Resolution: 200*200 dpi
Recipient's Fax ID:      2025141009                          Record number: 6050
Rate: 14400 bps

# Fax Cover Page

Date: 3/20/2017                Time: 5:55:02 AM                Pages: 17

## To: U.S. Department of Justice

## Attn.: Director, Office of Information Policy (OIP)

**From: Brian David Hill**

**Fax ID: 276-790-3505**        **FOIA Appeal # DOJ-AP-2017-002520**

--Letter to Office of Information Policy with Court Transcripts as Last Minute
Evidence before possible FOIA Lawsuit--
*******Freedom of Information Act Appeal*******
FOIA Appeal # DOJ-AP-2017-002520
APPEAL and Response to FOIA Request to Executive Office for
United States Attorneys – Re: FOIA-2016-03570
Monday, March 20, 2017 - 03:39 AM
---
ATTN: Director
Office of Information Policy (OIP)
United States Department of Justice
Suite 11050
Washington, DC 20530-0001
Phone: (202) 514- 3642 (FOIA)
Fax: (202) 514-1009
CC: Office of the Inspector General
CC: Office of Professional Responsibility

OGIS Mediation Case No.
201701674
Office of Government Information Services
National Archives
8601 Adelphi Road-OGIS
College Park, Maryland 20740-6001
Phone: (202) 741-5770 /// Fax: (202) 741-5769

**URGENT**              RECEIPT CONFIRMATION REQUESTED

# Fax Cover Page

Date: 3/20/2017          Time: 5:55:02 AM          Pages: 17

## To: U.S. Department of Justice

## Attn.: Director, Office of Information Policy (OIP)

From: Brian David Hill

Fax ID: 276-790-3505          FOIA Appeal # DOJ-AP-2017-002520

--Letter to Office of Information Policy with Court Transcripts as Last Minute
Evidence before possible FOIA Lawsuit--
*******Freedom of Information Act Appeal*******
FOIA Appeal # DOJ-AP-2017-002520
APPEAL and Response to FOIA Request to Executive Office for
United States Attorneys – Re: FOIA-2016-03570
Monday, March 20, 2017 - 03:39 AM
---
ATTN: Director
Office of Information Policy (OIP)
United States Department of Justice
Suite 11050
Washington, DC 20530-0001
Phone: (202) 514- 3642 (FOIA)
Fax: (202) 514-1009
CC: Office of the Inspector General
CC: Office of Professional Responsibility

OGIS Mediation Case No.
201701674
Office of Government Information Services
National Archives
8601 Adelphi Road-OGIS
College Park, Maryland 20740-6001
Phone: (202) 741-5770 /// Fax: (202) 741-5769

**URGENT**

RECEIPT CONFIRMATION
REQUESTED



--Letter to Office of Information Policy with Court Transcripts as Last Minute Evidence before possible FOIA Lawsuit--

# *******Freedom of Information Act Appeal*******
## FOIA Appeal # DOJ-AP-2017-002520
## APPEAL and Response to FOIA Request to Executive Office for United States Attorneys – Re: FOIA-2016-03570
# Monday, March 20, 2017 - 03:39 AM

| | |
|---|---|
| ATTN: Director<br>Office of Information Policy (OIP)<br>United States Department of Justice<br>1425 New York Avenue, NW, Suite 11050<br>Washington, DC 20530-0001<br>Phone: (202) 514-3642 (FOIA)<br>Fax: (202) 514-1009 | FOIA Appeal Case No. DOJ-AP-2017-002520 // OGIS Mediation Case No. 201701674<br>Office of Government Information Services<br>National Archives<br>8601 Adelphi Road-OGIS<br>College Park, Maryland 20740-6001<br>Phone: (202) 741-5770 /// Fax: (202) 741-5769 |
| CC: Office of the Inspector General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W., Suite 4706 | Washington, D.C. 20530-0001<br>Phone: (202) 514-3435<br>Faxed to: (202) 514-4001 |
| CC: Office of Professional Responsibility<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W., Suite 3529 | Washington, DC 20530-0001<br>Phone: (202) 514-3365<br>Faxed to: (202) 514-5050 |

Dear Office of Information Policy (OIP), Re: Case No DOJ-AP-2017-002520,

    I submit my last-minute evidence to the U.S. Department of Justice, Office of Information Policy, in regards to my FOIA Appeal # DOJ-AP-2017-002520.

    The attached/enclosed document in this FAX letter, does not need to be declared under Oath, since the excerpted materials can be found within the Official Transcripts of the U.S. District Court, for the Middle District of North Carolina, Greensboro Division.

    Not only does the Court Transcripts further prove that the U.S. Attorney had the "confession audio CD" aka the "audio CD" of my confession on August 29, 2012, which I had formally requested in my original FOIA Request # FOIA-2016-03570. The other issue that it further proves that disclosure is necessary for the benefit of the public good, for the benefit of correcting an injustice within our Federal Courts, correcting false information on Federal Court records, and correcting a wrongful conviction. Disclosing the false confession Audio CD is necessary for the interests of the general public, for the interests of justice far outweigh the need to suppress the truth from this particular criminal case matter which was to had to go before a public Jury Trial with no legal means nor any

resources to be able to come up with a criminal Defense which more likely than not, would have the finding of "Not Guilty" had I been given effective Counsel.

In accordance with my previous faxes including my <u>March 16, 2017 1:47AM</u> FAX to the OIP Fax number 202-514-1009 of what was originally faxed to The White House, and my previous fax <u>March 17, 2017 12:57AM</u>, to the OIP at the very same fax number, it all ties into all evidence that I have previously submitted for my FOIA Appeal and may be useful in resolution if a FOIA lawsuit is necessary. It also ties into the Court Transcripts and the arguments I make for this Last-Minute evidence that will be faxed to the Office of Information Police (OIP) and the Office of Government Information Service (OGIS) mediators, before I will start really pushing for a lawyer or lawyers, or even law school groups, to start up with filing a FOIA Lawsuit if that will be necessary to hold the U.S. Attorney accountable for covering up evidence which it's sole purpose was to prevent me from prevailing in my FOIA Request to get access to the discovery evidence records material that was originally used against me in my criminal case, thanks to strict stipulations and sabotage from Assistant Federal Public Defender Eric David Placke.

Excerpting from Official Transcript of September 3, 2014, Motion Hearing, in L. Richardon Preyer Federal Building and U.S. Courthouse, by U.S. Court Reporter Joseph B. Armstrong, RMR, FCRR:

THE COURT: And so is it fair -- do those -- and I'm not trying to embarrass you. I just need to get to the bottom of this issue that you have raised. You mentioned OCD, obsessive compulsive disorder. When you were originally debriefed in this case -- or when you were originally arrested and confronted by law enforcement, <u>you told those officers that someone else must have downloaded those images to your computer, is that correct</u>?
THE DEFENDANT: Yes, sir.
THE COURT: Am I remembering correctly, Mr. Placke?
MR. PLACKE: In part, Your Honor. There was a noncustodial interview conducted the day after the search warrant. It was recorded, and I've listened to it several times, played it with Mr. Hill. <u>That was said initially. Later, the course of the interview changed</u>, and Mr. Hill told the officers that he had downloaded child pornography.
THE COURT: That's right. There <u>was an initial statement, and then later that changed</u>.
Mr. Hill, ultimately, you can tell -- you can talk to your lawyer about whatever you think might be helpful to you in defending a case. Do you understand?
THE DEFENDANT: Yes, sir.

I don't understand why the Federal Judge William Lindsey Osteen Junior, corruptly protected the Public Pretender Eric David Placke, whom made very well sure that nobody would get access to the discovery evidence used in my criminal case, and let me only review a portion of that entire evidence, before the Jury Trial, making very well sure that I wouldn't be able to properly defend against the U.S. Attorney's claims, and then EOUSA's FOIA response does not even contain the audio CD of my own false confession.

It was even admitted in Court Transcript, from my September 3, 2017 hearing, that I made an initial statement that somebody else put child pornography on my computer, which of course was what I said at the beginning of the police interrogation on August 29, 2012, when I told them about a "Trojan horse" unauthorized computer hacking program, which later I discovered may be Win32/MoliVampire.A and/or Win32/MoliVampire.B, because of what I saw in the Task Manager with different unauthorized programs.

Excerpting from Official Transcript of September 3, 2014, Motion Hearing, in L. Richardon Preyer Federal Building and U.S. Courthouse, by U.S. Court Reporter Joseph B. Armstrong, RMR, FCRR:
THE COURT: But at the end of the day, the question becomes what evidence will be presented by the Government, what evidence will there be of what you say may have occurred. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: So let's say that Mr. Placke went out and <u>got all this evidence to support what you have said about somebody else must have downloaded these images to my computer</u>. You're <u>still left with a problem</u>, and that is <u>you've admitted that you did it</u>. Do you understand that?
THE DEFENDANT: Yes, sir.

Again, I don't understand why Mr. Placke and the U.S. Attorney, to this day, have continued ignoring evidence that I gave false confession statements, and that my confession statements can be proven false via cross examination between the SBI Case File (Also in my original FOIA Request to the Executive Office for U.S. Attorneys (EOUSA)). I told the police detectives that I had download child pornography for about a year or so, yet the SBI Case File said that the only active downloads from eMule began on July 20, 2012, and ended on July 28, 2013, after my Black Toshiba Laptop Computer, Satellite C655D was seized on August 28, 2012. So my claim of downloading child porn for "about a year or so" was proven false. None of that was ever brought up by Mr. Placke. I also told the Police Detectives on August 29, 2012, that child porn was on my Netbook, on the very Netbook that they did not get in their search. Yet that same Netbook was returned to Mayodan Police Department by N.C. State Bureau of Investigation (SBI) Special Agent Rodney V. White because no child porn, not even suspected, not even files

of interest, were even found on the ASUS Eee PC Netbook computer. So my lawyer did nothing to prove that my confession statements were false.

My Attorney Mr. Placke, whom the Federal Judge defended as if he were God, also refused to bring to the Court's attention the coercion and manipulation of my Autism and OCD into making me believe things that weren't true. I told the Detectives that it was a Trojan Horse, aka a computer hacker can use a virus or Trojan to conduct illegal activities on my computer and the real culprits will never get caught because I'm the one that got raided. They told me that "we found child porn on your computer"..."you better just tell us"..."we are going to find more"..."All we are finding is more child porn" but they never show me any of the things that they claimed they had found. They had no evidence, they just made the claim to make me feel that I would be under arrest if I don't falsely confess to cooperate with them. Not just that, but Chief Caruso stating that my mom would be held responsible if I didn't "fess up". The coercion, or at least some bits and pieces of it, can be heard within the confession audio. However a Federal Judge is not a forensic expert and a lawyer is not a forensic expert. That is why the discovery restrictions that Mr. Placke claimed that I cannot discuss the discovery evidence to third parties, is a load of BS. In other words, I wasn't allowed by Mr. Placke to have any forensic experts review over my confession audio and cross examine to demonstrate evidence that my confession was false, and is inadmissible for Jury Trial.

That is exactly why I need my <u>FOIA Request to be completely fulfilled</u>, to the extent where the U.S. Attorney Office and/or the EOUSA provides me with a copy of the SBI Case File that was used against me in Federal Court, and a copy of the Confession "audio cd" that was originally used against me in Federal Court.

It is of my Constitutional right, it is of my right as a criminal Defendant, not just under the FOIA law, but under the interest of Justice, that I be given full disclosure of the Discovery materials that were originally used against me. The fact that I was even given a portion in my FOIA response packet (Citing FOIA Case # from EOUSA: FOIA-2016-03570) should VOID the discovery agreement restrictions, and that the U.S. Attorney has agreed (under implied consent) to give me access to the discovery materials from my criminal case, but has excluded the SBI Case File, my Presentence Investigation Report (PSI), the Search Warrant, Page 20 of the Mayodan Police Report, and the confession audio CD.

The fact that the Judge admitted in a public hearing, that I made an initial statement to the police, but then my statement of Innocence, changed to my false statement of guilt, shows such a contradiction, but I cannot prove any of that without access to the "audio" of my confession from August 29, 2012. That is why my FOIA Request specifically requests access to or a copy of the "audio CD" containing my confession from that time. The U.S. Attorney not having this in their record is either false, or the U.S. Attorney is attempting to evade my FOIA Request, so that I cannot prove any

facts concerning my Actual Innocence.

Excerpting from Official Transcript of September 3, 2014, Motion Hearing, in L. Richardon Preyer Federal Building and U.S. Courthouse, by U.S. Court Reporter Joseph B. Armstrong, RMR, FCRR:
THE COURT: That's right. There was an initial
statement, and then later that changed.
Mr. Hill, ultimately, you can tell -- you can talk to
your lawyer about whatever you think might be helpful to you in
defending a case. Do you understand?
THE DEFENDANT: Yes, sir.

My lawyer did not defend me at all, it was me having to prove my own innocence and act as my own lawyer. I wasn't given a defense lawyer but a lawyer willing to completely work with the U.S. Attorney aka the prosecutor, avoiding any evidence and statements I make that could change the tide and allow me to be found "Not Guilty".

Excerpting from Official Transcript of September 30, 2014, Hearing, in L. Richardon Preyer Federal Building and U.S. Courthouse, by U.S. Court Reporter Joseph B. Armstrong, RMR, FCRR:
THE COURT: What does the autism got to do with his
guilt or innocence?
MS. BURNETT: Because we're around Brian all the
time, and he does not like children at all. He's like a child.
I mean, when it comes time to watch a parade or anything like
that, he doesn't even recognize the children there. He walks
up front and takes his pictures.
THE COURT: <u>Have you seen any of the forensic
evidence in the case?</u>
MS. BURNETT: No, sir.
THE COURT: <u>Have you seen any of the images?</u>
MS. BURNETT: No, sir.
THE COURT: <u>Are you aware of any of the statements
that Brian gave law enforcement officers</u> at the time of his
arrest --
MS. BURNETT: Yes, sir, we are.
THE COURT: -- <u>or at the time of the search?</u>
MS. BURNETT: Yes, sir, but --
THE COURT: <u>What did he tell them at that time?</u>
MS. BURNETT: At the time of the search?

See another issue was that the Federal Judge expected my family to have already looked through the discovery evidence before they made their testimony, as if they were

supposed to read the very forensic report that Mr. Placke barred them from seeing.

The Federal Judge suggested/hinted that my family was supposed to be aware of the very evidence or statements made in regards to my guilt or innocence, for any testimony to be valid, yet Mr. Placke used the secretive discovery agreement and tried to bar anybody, including possible forensic experts, from even reviewing over any of the evidence that was used against me. What a horrible Prosecuting Attorney I was appointed to act as my Defense lawyer, Mr. Eric David Placke.

The confession Audio CD is needed for experts to review over before I can file a 2255 Motion based upon solid claims of Actual Innocence. That includes psychologists, psychiatrists, linguists, medical experts, etc etc.

The SBI Case File is needed for experts to review over before I can file a 2255 Motion based upon solid claims of Actual Innocence. That includes independent computer forensic experts, private investigators, and conduct cross examinations with the other evidence that was originally used against me. The Federal Judge asked what does Autism have to do with my guilt of Innocence? Well that was supposed to be what a Defense Attorney was to get an expert for.

Anyways, this is the last of the evidence that you will need to file for my FOIA Appeal, before making a final determination regarding my FOIA Appeal # DOJ-AP-2017-002520. The Administrative FOIA Offices has the power to override the EOUSA and the U.S. Attorneys, by demanding that the EOUSA and the U.S. Attorney attempt to locate the covered up or missing SBI Case file, Confession Audio CD, Page 20 of the Mayodan Police Report, and the Search Warrant that was also missing from the FOIA Response packet.

I will not continue allowing the U.S. Attorney Office in Greensboro, NC, to be playing dirty games against me and my family. I will do whatever it takes to prove my Innocence. At this point, I do not care as to whether North Carolina State Senator Phil Berger Senior and/or his family had the possible chance of ordering or influencing the U.S. Attorney to cover up, destroy, or conceal evidence because I cannot prove it in a factual basis, only as my opinion until I can prove it as fact. I have to stick to what I can prove so that I am not called delusional. What I can prove is that I did a FOIA Request, with a copy FAX'ed to the U.S. Attorney which explained that I needed the discovery packet for the purpose of proving my innocence and overturning my wrongful criminal conviction. For the evidence to have simply disappeared from the U.S. Attorney Office, right after I started finding holes in the U.S. Attorney's indicted case of guilt against me, shows that the U.S. Attorney was afraid of me being exonerated, afraid of me proving that the U.S. Attorney may have used fake or fraudulent evidence against me.

I am willing to risk my life, I am willing to go after Phil Berger in my bid to proving

my Innocence, if that becomes my last resort. I will send Private Investigators to investigate Phil Berger, look through every record and prove that even the U.S. Attorney and the Federal Judges in Greensboro, NC, may have some connection to the Phil Berger political family in North Carolina. I will find those sympathetic to my cause until I prove outright conspiracy by the U.S. Attorney to politically shut me up for USWGO Alternative News, and ruin my life so that I cannot live my life without being shamed by society for a crime that I was framed on.

     I am hoping that the entire Justice Department is not working against me, because I will file lawsuits against all of my enemies, until I get true Justice and be off the Sex Offender Registry. I will do whatever it takes, I am persistent, and if I have to file a lawsuit with 100 Attorneys, 1000 paralegals, 10,000 members of the press, I will do whatever it legally takes to fight back politically against all subversives who get in my way, until I prove my Actual Innocence against my enemies such as Phil Berger the corrupt State Senator with such a suspicious squeaky clean record, and the corrupt Mayodan Police Department under the Town Attorney Phil Berger. I will not entertain any more years of being a False Sex Offender for satisfaction of Phil Berger and the Mayodan Police to protect the Berger Family political hierarchy of corruption and dealings. I will file 100 lawsuits, if necessary, to prove my Innocence. I have a right to prove my Innocence to the crime that I was accused of, it is my Constitutional right, I don't care what John Walsh thinks, as his opinions regarding Sex Offenders don't matter when every Defendant has a Constitutional right to proving Actual Innocence. I don't care what Congress thinks when they had passed the Adam Walsh Act. I am going to prove my Innocence, regardless of what corrupt and non-corrupt people think about me.

"Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" Reporters Comm., 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B)). "At all times courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure' . . . ." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting Dep't of State v. Ray, 502 U.S. 164, 173 (1991)).

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (citation omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to <u>check against corruption</u> and to <u>hold the governors accountable to the governed</u>." John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (citation omitted).

> "[O]ur system of justice must be a fair and equitable one. The public interest in ensuring that no innocent person is convicted of a crime far outweighs any privacy interest in withholding the information." - Quote from ADOLFO CORREA COSS v. UNITED STATES DEPARTMENT OF JUSTICE, et al.,

    I have a right to prove my Actual Innocence, and the purpose of my original FOIA Request is quite clear, that the interests of Justice and correcting a false Sex Offender registration, fixing the integrity of the Federal Courts, fixing the integrity of justice, righting the wrongs done in our legal system, it all outweighs the need to conceal and prohibit disclosure to me. The U.S. Attorney should find what they covered up and release to the EOUSA paralegal, and should release to me promptly before I am forced to file a Rule 33 Motion for a New Trial, by the deadline of June 10, 2017. I will file, I will change Venue in my criminal case, and be found not guilty.

    I must prove my Innocence, and for that I must get access to all records and the Audio CD that was originally requested in my FOIA Request to EOUSA.



Thank You & Sincerely,
Brian D. Hill
Former news reporter & Founder of USWGO Alternative News
Home Phone #: (276) 790-3505
310 Forest Street, Apt. 2. Martinsville, VA 24112

### Enclosure/Attachments:

1. Pages 8 and 9 of the Official Transcript of September 3, 2014, Motion Hearing, in L. Richardon Preyer Federal Building and U.S. Courthouse, by U.S. Court Reporter Joseph B. Armstrong, RMR, FCRR. In addition to that, Page 1 and the last Page was also included to show proof that the pages were excerpted from the original certified digital copy that my family received and gave to me in PDF format.
2. Pages 5 and 6 of the Official Transcript of September 30, 2014, Hearing, in L. Richardon Preyer Federal Building and U.S. Courthouse, by U.S. Court Reporter Joseph B. Armstrong, RMR, FCRR. In addition to that, Page 1 and the last Page was also included to show proof that the pages were excerpted from the original certified digital copy that my family received and gave to me in PDF format.

THE DEFENDANT: Yes, sir.

THE COURT: By a psychologist or a psychiatrist?

THE DEFENDANT: Yes, sir.

THE COURT: And are there any other conditions that you have that you are aware of?

THE DEFENDANT: I think so.

THE COURT: What is it -- what do you think?

THE DEFENDANT: I know I have mild autism, OCD, and, you know, obsessive compulsive disorder, and, you know, I have a lot of anxiety, so general anxiety disorder.

THE COURT: And so is it fair -- do those -- and I'm not trying to embarrass you. I just need to get to the bottom of this issue that you have raised. You mentioned OCD, obsessive compulsive disorder. When you were originally debriefed in this case -- or when you were originally arrested and confronted by law enforcement, you told those officers that someone else must have downloaded those images to your computer, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Am I remembering correctly, Mr. Placke?

MR. PLACKE: In part, Your Honor. There was a noncustodial interview conducted the day after the search warrant. It was recorded, and I've listened to it several times, played it with Mr. Hill. That was said initially. Later, the course of the interview changed, and Mr. Hill told

US v. Hill - Motion - September 3, 2014

```
 1  the officers that he had downloaded child pornography.
 2          THE COURT: That's right. There was an initial
 3  statement, and then later that changed.
 4          Mr. Hill, ultimately, you can tell -- you can talk to
 5  your lawyer about whatever you think might be helpful to you in
 6  defending a case. Do you understand?
 7          THE DEFENDANT: Yes, sir.
 8          THE COURT: But at the end of the day, the question
 9  becomes what evidence will be presented by the Government, what
10  evidence will there be of what you say may have occurred. Do
11  you understand that?
12          THE DEFENDANT: Yes, sir.
13          THE COURT: So let's say that Mr. Placke went out and
14  got all this evidence to support what you have said about
15  somebody else must have downloaded these images to my computer.
16  You're still left with a problem, and that is you've admitted
17  that you did it. Do you understand that?
18          THE DEFENDANT: Yes, sir.
19          THE COURT: Do you understand the problems that that
20  causes?
21          THE DEFENDANT: Yes, sir.
22          THE COURT: And do you understand that those are
23  things you need to discuss with your attorney?
24          THE DEFENDANT: Yes, sir.
25          THE COURT: Regardless of who that is?
```

US v. Hill - Motion - September 3, 2014

␊

```
 1                IN THE UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF NORTH CAROLINA
 2
   UNITED STATES OF AMERICA      ) Greensboro, North Carolina
 3                                ) September 3, 2014
       vs.                        ) 10:57 a.m.
 4                                )
   BRIAN DAVID HILL,              )
 5                                ) Case No. 1:13CR435-1
       Defendant.                 )
 6  _____)

 7
                     TRANSCRIPT OF MOTION HEARING
 8          BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
                    UNITED STATES DISTRICT JUDGE
 9
   APPEARANCES:
10
   For the Government:   TIMOTHY NICK MATKINS, AUSA
11                       Office of the U.S. Attorney
                         PO BOX 1858
12                       Greensboro, North Carolina 27402

13
   For the Defendant:    ERIC D. PLACKE, AFPD
14                       Office of the Federal Public Defender
                         301 N. Elm Street, Suite 410
15                       Greensboro, North Carolina 27401

16

17

18

19

20

21

22 Court Reporter:       Joseph B. Armstrong, RMR, FCRR
                         324 W. Market, Room 101
23                       Greensboro, NC  27401

24          Proceedings reported by stenotype reporter.
       Transcript produced by Computer-Aided Transcription.
25
```

US v. Hill - Motion - September 3, 2014

Case 4:17-cv-00027-JLK-RSB   Document 2-4   Filed 04/25/17   Page 14 of 19   Pageid#: 108

\* \* \* \* \*

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the proceedings in the above-entitled matter.

Date: 06/24/2015      *Joseph B. Armstrong*
                      Joseph B. Armstrong, RMR, FCRR
                      United States Court Reporter
                      324 W. Market Street
                      Greensboro, NC  27401

```
 1        THE COURT:  What does the autism got to do with his
 2   guilt or innocence?
 3        MS. BURNETT:  Because we're around Brian all the
 4   time, and he does not like children at all.  He's like a child.
 5   I mean, when it comes time to watch a parade or anything like
 6   that, he doesn't even recognize the children there.  He walks
 7   up front and takes his pictures.
 8        THE COURT:  Have you seen any of the forensic
 9   evidence in the case?
10        MS. BURNETT:  No, sir.
11        THE COURT:  Have you seen any of the images?
12        MS. BURNETT:  No, sir.
13        THE COURT:  Are you aware of any of the statements
14   that Brian gave law enforcement officers at the time of his
15   arrest --
16        MS. BURNETT:  Yes, sir, we are.
17        THE COURT:  -- or at the time of the search?
18        MS. BURNETT:  Yes, sir, but --
19        THE COURT:  What did he tell them at that time?
20        MS. BURNETT:  At the time of the search?
21        THE COURT:  Yes, ma'am.
22        MS. BURNETT:  Something about being interested in 12
23   year olds, but we've never --
24        THE COURT:  What did he tell them at that time?
25        MS. BURNETT:  Tell?
```

US v. Hill - Hearing - September 30, 2014

THE COURT: Law enforcement at the time of the search.

MS. BURNETT: Did you not see the papers we sent you?

THE COURT: I'm asking you.

MS. BURNETT: What did he -- I wasn't there. Oh, I was at the search.

THE COURT: Yes, what did he tell law enforcement at the time of the search?

MS. BURNETT: Nothing.

THE COURT: Nothing?

MS. BURNETT: No, we were all on the front porch. They called him in, and we weren't in there.

THE COURT: You didn't hear what was said at the time?

MS. BURNETT: At the time of the search, no, I didn't.

THE COURT: So you don't know whether he admitted to the conduct or not?

MS. BURNETT: No, sir. We just know that we have been lied to by the same police that say he said that. We have been lied to. We sent that to the Court, yes, sir, we have. By the same officers --

THE COURT: Why would you communicate to this -- have you ever met this woman?

MS. BURNETT: Met whom?

US v. Hill - Hearing - September 30, 2014

```
                    IN THE UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA        ) Greensboro, North Carolina
                                ) September 30, 2014
    vs.                         ) 11:11 a.m.
                                )
BRIAN DAVID HILL,               )
                                ) Case No. 1:13CR435-1
    Defendant.                  )
_____)


                          TRANSCRIPT OF HEARING
               BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
                      UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:   ANAND P. RAMASWAMY, AUSA
                      Office of the U.S. Attorney
                      101 S. Edgeworth Street, 4th Floor
                      Greensboro, North Carolina 27401


For the Defendant:    ERIC D. PLACKE, AFPD
                      Office of the Federal Public Defender
                      301 N. Elm Street, Suite 410
                      Greensboro, North Carolina 27401











Court Reporter:       Joseph B. Armstrong, RMR, FCRR
                      324 W. Market, Room 101
                      Greensboro, NC  27401

              Proceedings reported by stenotype reporter.
          Transcript produced by Computer-Aided Transcription.
```

US v. Hill - Hearing - September 30, 2014

practicing attorney.

All right. If there's nothing further then, we'll stand in recess until 2:00.

(At 11:49 a.m., proceedings concluded.)

* * * * *

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the proceedings in the above-entitled matter.

Date: 06/24/2015   Joseph B. Armstrong, RMR, FCRR
United States Court Reporter
324 W. Market Street
Greensboro, NC  27401

US v. Hill - Hearing - September 30, 2014