In the United States District Court

For the Western District of Virginia

Danville Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 01 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Brian David Hill
Plaintiff(s)

v.

Civil Action No. 4:17-cv-00027

Executive Office for United States Attorneys
(EOUSA)
&
United States Department of Justice (U.S. DOJ)
Defendant(s)

# MOTION UNDER RULE 45 ASKING THE CLERK

# TO SUBPOENA ATTORNEY JOHN SCOTT COALTER

# FOR DISCOVERY AND TO PROVE THE FACTUAL MATTER UNDER COMPLAINT

Note: Your Honor, I respectfully request with The Court that it does not act on this MOTION until after the Application to proceed in forma pauperis has been granted/approved, if that is the case, and after the defendants' have been served the complaint. I ask that this MOTION be served along with the complaint under Fed. Rules civ. Pro. Rule 4(c)(3) since it would be more economical to serve this MOTION and complaint altogether, since it has to be served anyways.

The plaintiff ("Brian D. Hill") requests with The Court that the Clerk issue a subpoena to Attorney John Scott Coalter ("Mr. Coalter"), to produce all documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *"All discovery material for the criminal case of United States of America v. Brian David Hill, Docket # 1:13-cr-435-1, U.S. District Court for Middle District of North Carolina, to prove claims*

1

*in FOIA Lawsuit. All material includes SBI Case File 2012-02146 of Suspect Brian David Hill & Aug. 29, 2012 confession Audio CD."*

The reason why such subpoena should be issued to Mr. Coalter is because, the U.S. Attorney Office for Greensboro, NC, to where the FOIA Request was originally requesting such records, has produced a copy of the discovery material to Mr. Coalter.

The U.S. Attorney Office is under the agency of the Executive Office for United States Attorneys ("EOUSA") to which the FOIA Request was lodged, however a copy was also faxed to the U.S. Attorney Office in Greensboro, NC, as evidenced in the complaint filed with The Court. The EOUSA is under the U.S. Department of Justice ("U.S. DOJ") a federal agency subject to the FOIA.

The purpose for such subpoena is for discovery in this civil case, to help resolve the dispute between all parties, and to help The Court to determine the factual findings for all claims and allegations in the complaint under Document #2.

Due to the evidence filed in attachment to the complaint, (See Document #2-8, Note from Plaintiff: *however the name was accidently misspelled or mistyped on Affidavit as Coulter but nonetheless refers to the same person known as Mr. Coalter.*) Mr. Coalter said to witness Kenneth R. Forinash ("Mr. Forinash") that "the files could be **destroyed**" meaning that Mr. Coalter has threatened that he could destroy the discovery files at any time. Because those "files" that Mr. Coalter was referring to originally came from the Assistant U.S. Attorney Anand Prakash Ramaswamy, whom was also named in the leaked SBI photo (See Document #2-5, Exhibit 5) as **"AUSA A. Ramaswamy"** which stated that the SBI Case File was hand delivered on **"10/23/13"** which I assume would have been on

2

October 23, 2013. AUSA Ramaswamy worked for the U.S. Attorney Office under the control of Defendant EOUSA which is subject to the FOIA request submitted and filed by plaintiff.

However according to the witness statement given by Mr. Forinash, Mr. Coalter was willing to give the discovery materials to other Attorneys, but is refusing to give the discovery materials to the plaintiff that is acting Pro Se, aka his own client, making up some local rule for the Middle District of North Carolina to which plaintiff could not confirm Mr. Coalter's claim. However since Mr. Coalter was terminated as Counsel since November 12, 2014 (Citing Docket Sheet for case # 1:13-cr-435-1, U.S. District Court for the Middle District of North Carolina), the plaintiff has been acting Pro Se and can file any valid motion on a Pro Se basis. Another Attorney is on record named as Renorda Pryor, but the Judge instructed her that she was not to represent Brian for the full criminal matter but only for the matter of the Supervised Release revocation proceeding (See Doc #88 for case # 1:13-cr-435-1, U.S. District Court for the Middle District of North Carolina). Therefore the discovery materials could not be transferred to her to retain while the plaintiff continues working on proving enough factual matter to attempt a 28 U.S.C. § 2255 Motion on the ground of actual innocence. Because Mr. Coalter is threatening that he could dispose of the discovery material, it jeopardizes the plaintiff's ability to prove actual innocence and further jeopardizes the plaintiff's due process right under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). If Mr. Coalter no longer wishes to retain the discovery material while the plaintiff wishes to prove actual innocence, then it should be returned to the U.S. Attorney Office to be subject to plaintiff's FOIA Request or that Mr. Coalter should be compelled under Rule 45 to produce all

discovery material to all parties to permit inspection, make copies of, testing, and sampling of the material. Destroying the discovery material will jeopardize plaintiff's FOIA request and discovery right. It will also destroy any exculpatory evidence that can help to prove factual innocence.

The fact that Page IV of the SBI case file said that "454 files had been downloaded with the eMule program between the dates July 20, 2012, and July 28, 2013," show that possible child pornography had been downloading while in the custody of the Mayodan Police Department and the North Carolina State Bureau of Investigation ("SBI"). This exculpatory claim under the FOIA would prove to be very useful and valuable in aiding to prove the actual innocence of the plaintiff.

The fact as to whether the U.S. Attorney Office physically purged or concealed the existence of such investigative reports, subject to the FOIA, is all determined by subpoenaing Mr. Coalter for all discovery materials, then comparing it to the materials released by defendant EOUSA in their FOIA response packet. The comparison would show evidence that a FOIA violation may had been done by the U.S. Attorney Office when the plaintiff asked defendant EOUSA for all discovery material from his criminal case. Proving the FOIA violation is in determining any possible factual matter concerning the discovery material held by Mr. Coalter, the fact that Mr. Coalter told Mr. Forinash that "the files could be **destroyed**" right around a few months after the time that the FOIA response was received by the plaintiff, and the exculpatory statements made by SBI Agent Rodney V. White that can aid in proving the factual innocence of plaintiff. The alleged cover up allegation made by plaintiff may be proven by comparing the discovery materials

4

held by Mr. Coalter and the material released by the defendant EOUSA concerning FOIA Request Number FOIA-2016-03570.

Another factor that is important for why The Court should grant the subpoena for Mr. Coalter is that, if the discovery material does get destroyed, removed, or disposed of by both the EOUSA and Mr. Coalter, then such exculpatory evidence material may be lost forever.

If the plaintiff attempts to file a Rule 33 Motion to take it back to a Trial or files a 2255 Motion on the ground of actual innocence, the possible child pornography download dates of "July 20, 2012, and July 28, 2013," may be removed or changed by an Agent at the SBI. The laptop was seized on August 28, 2012.

According to **Exhibit 1**, attached to this MOTION, it proves in a news article that the *"North Carolina's top law enforcement agency has concluded that one of its agents violated its practices **when he changed a report in a murder case without telling anyone and bolstered the prosecution's case.**"* That article is referring to the State Bureau of Investigation ("SBI"). Furthermore it says in **Exhibit 1** that *"In a letter obtained by The Associated Press, Erik Hooks of the SBI's professional standards division said he believes "a second separate report concerning the re-examination of evidence should have been issued" by Special Agent Gerald Thomas. He also said the SBI concluded that Thomas didn't adhere to the SBI's administrative practices."* The story was printed in The Fayetteville Observer, in Fayetteville, North Carolina. It was printed on 7/28/2013 6:11:46 AM, when plaintiff was allowed to use the internet before being arrested by Special Agent Brian Dexter of the U.S. Department of Homeland Security around the date of

5

December 20, 2013, on a tip by Mayodan Police Department, and they picked plaintiff up from Martinsville Memorial Hospital.

**Exhibit 2** shows a similar story but under the Winston Salem Journal, and was printed around Sunday, July 28th, 2013.

**Exhibit 3** further points out that *"Angel Gray, who represents Thomas,* **said in court that Thomas changed his report after consulting with prosecutors** *and detectives with the Davie County Sheriff's Office. But Vermitsky said that* **Thomas did not change the date when he changed his report and failed to fill out a form** *stating* **why he changed the report.**"

Angel Gray was the same Legal Counsel that sent plaintiff a letter (See Document #2-2, Page 34) stating that *"The N.C. Court of Appeals has held that SBI records can only be released to the prosecuting attorney..."* which was the Assistant U.S. Attorney Anand Prakash Ramaswamy which is under the office of defendant EOUSA, and further wrote that *"or by order of a court of competent jurisdiction, to include a request for discovery criminal and civil cases."* To prove that the U.S. Attorney Office and EOUSA violated FOIA by purging the 'SBI Case File' while retaining 19 pages of the confirmed 20-page Mayodan Police local investigative report, retaining the police photographs, but concealed or attempted to remove records to prevent plaintiff from receiving those in response to plaintiff's FOIA Request. The U.S. Attorney Office has either lied to the EOUSA and their lies were mirrored in the defendant EOUSA's FOIA response, or they purposefully removed all such records that would help to prove plaintiff's actual innocence, in anticipation of plaintiff's 2016 FOIA Request for all discovery records concerning the plaintiff's criminal case since he had ineffective Counsel who is refusing to

6

give him his discovery records in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

SBI Special Agent Gerald Thomas was also involved in plaintiff's criminal case before Special Agent Rodney V. White got involved. **Exhibit 4**, proves that Agent Thomas was also named in Mayodan Police Department's Search Warrant to search plaintiff's home, which that Search Warrant the U.S. attorney did not release in defendant EOUSA's FOIA response letter and attached documents, aka the FOIA Response packet.

So for an SBI Agent, notorious for changing information secretly in a SBI investigative report aka a SBI case file in a murder case, was involved in plaintiff's criminal case, the fact that he was never fired for the misconduct is completely corrupt and protection of misconduct in the SBI law enforcement agency. This may mean that the U.S. Attorney may be gearing up for the major possibility of asking the SBI to remove or change information in Agent White's report, and forever remove information that would help to prove plaintiff's actual innocence. The child pornography download date claim by Agent White is exculpatory and critical to prove "affirmative defense of frame up" which affirms the claims in an anonymous threatening email from tormail.org stating that "we know some people in the SBI that will make sure you are convicted." The fact that the U.S. Attorney may now claim that they may no longer have the SBI case file over download dates that could lead to the acquittal or actual innocence verdict of the plaintiff shows that the protectionist prosecutor wants to discard any evidence reports or pages that may be effective for the defense and overturning the conviction of convicted sex offender Brian David Hill, the plaintiff.

7

The U.S. Attorney's job is to convict every person they file an indictment with, their job is to win, and that is a fact. If there is evidence that proves a criminal defendant may have been framed with child pornography and has possibly impeaching testimony that is favorable to a criminal defendant, then this creates a debacle for the Federal prosecutors. They may face lawsuits for malicious prosecution, they may face harsh media criticism, they may lose their jobs, they may have their attorney license revoked by the Bar Association, it is the job of the prosecutor to win every criminal case, either by a guilty plea deal or viciously win by whatever means necessary that the Court will allow in a criminal trial.

The plaintiff just wants to prove innocence, has no corrupt agenda, isn't getting paid for this, unlike the defendant EOUSA and the U.S. Attorney Office that gets paid to manufacture the criminal convicted sex offenders whether they really are guilty or not. The Innocence Project is proof of that, referring to innocent people being found not guilty and acquitted by DNA evidence. The plaintiff simply wants to investigate the truth, to file a 2255 Motion for actual innocence, hire a Pro Bono computer forensic expert or get an innocence project or clinic involved, and then be acquitted on the ground of actual innocence.

It is a moral obligation, not just legal rights for discovery, that you grant this MOTION by referring the subpoena to the Clerk's Office and have them sign then serve Mr. Coalter with the subpoena. It is relevant to this FOIA litigation and relevant for discovery of information, and may prove factual allegations regarding the wrongful concealment or cover up of State or Federal investigation records which may be an obstruction of justice under 18 U.S.C. § 1519 OBSTRUCTION OF JUSTICE, *"Whoever alters, destroys, mutilates, conceals, covers up, falsifies, or*

8

*makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration in any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both."* That is why I am pushing in paragraph 16 in the complaint that *"The FOIA provides a <u>mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records</u>. Specifically, when <u>requiring the release of improperly withheld records, if the court makes a written finding that</u> "<u>the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously</u>," a <u>disciplinary investigation is triggered</u>. 5 U.S.C. 552(a)(4)(F).* If the Court finds that the U.S. Attorney Office knowingly or improperly covered up, destroyed, removed, or concealed certain and specific investigative reports while releasing 19-pages of the Mayodan Police investigative report and police photos, selectively releasing certain records while claiming that they don't have other records that corroborate together to get a grand jury indictment, shows possible conspiracy to make any evidence records that challenge the false-guilty-plea to disappear after pushing for a plea agreement to make the evidence more easier to disappear without any suspicion. With ineffective Counsel, it wouldn't be difficult to badger a criminal defendant to falsely plead guilty, then threaten the defendant with perjury after this deed.

**Exhibit 5**, is a copy of the letter from the Office of Information Policy ("OIP") of the defendant U.S. DOJ. They have affirmed the decision by defendant EOUSA and are upholding the improper conduct or misconduct of the U.S. Attorney Office and EOUSA. They also stick with the idea that somehow the plaintiff is a Federal

9

prisoner at the time of the FOIA request that needs to contact the Federal Bureau of Prisons ("FBOP"). If the plaintiff attempts to contact the FBOP then they will simply laugh and bring up the fact that the plaintiff was released on a prison sentence of time served, and the only time the plaintiff was in a Federal Correctional Institution ("FCI") was during the mental evaluation study at FCI Butner, in North Carolina. The plaintiff was released from FCI Butner in May, 2014, and has spent the rest of that time in County Detention Centers. The plaintiff is serving his sentence under Supervised Release by the United States Probation Office. His Probation Officer is none other than Jason McMurray, and is allowing the plaintiff to prove his actual innocence while complying with all conditions. Nowhere is the FBOP involved with the Presentence Investigation Report as it was done by U.S. Probation Officer Beige W. Tapp from the U.S. Probation Office in Salisbury, NC. For OIP and defendant EOUSA to be engaging in active deception or clear delusional behavior, and refusing to correct the plain error that the EOUSA believes that the plaintiff is in a federal correctional institution. 310 Forest Street, Apartment 2, in Martinsville, VA is NOT a federal correctional institution. It is not being licensed nor is it under the jurisdictional powers of the FBOP. The only officer that has jurisdiction over the plaintiff is the Federal Probation Officer and not the Federal Bureau of Prisons. It is clear error and the fact that they did not correct this on Appeal shows bad faith on their part.

**Exhibit 6**, the plaintiff further shows good cause for purpose of this FOIA litigation action. By filing a photocopy of the plaintiff's Affidavit of Actual Innocence and a Declaration of Innocence for The White House which is under the jurisdiction of the U.S. Secret Service ("U.S.S.S."). So the Declaration with the original signature was formally executed once it was received and inspected by a Secret Service

Agent. The plaintiff was attempting to request a pardon of innocence but so far has failed since the United States President isn't required to pardon an innocent man that was wrongfully convicted in Federal court. However this shows that the plaintiff is willing to risk perjury charges to prove actual innocence, that the plaintiff needs to get access to the entire discovery evidence to prove actual innocence, and needs the Government to cooperate in giving the appropriate records to the plaintiff to help determine if a factual basis of actual innocence can be determined. Without such records, proving factual innocence will be nearly impossible unless somebody from the Town of Mayodan or SBI admits to framing Brian David Hill with child porn.

**For theoretical arguments sake:** They will never admit to any possibility of it, because if anybody within the police department admitted to framing the plaintiff with child pornography, then it will destroy the Town of Mayodan financially, morally, and would cause the Federal Bureau of Investigation ("FBI") to conduct a federal raid on the entire municipality, if that is ever proven to be the case. Just one possible admission of any hint of framing the plaintiff with child porn would instantly melt away the credibility of Mayodan Police Department, no Juror would convict the plaintiff which would be instant actual innocence acquittal, and would become a nationwide scandal for years to come. The likelihood that the police would admit to ever taking part in any operation of that sort is zero to none, basically almost impossible to impossible. If any evidence did surface that shows any fact or probable cause as to Mayodan Police Department or SBI activity regarding frame up for child pornography, then the FBI will likely raid, question, and then arrest all of those involved in the child porn frame up, if that was done by the police.

Plaintiff needs the discovery, plaintiff needs Mr. Coalter to release such discovery information. Plaintiff begs the Court to refer the attached subpoena, as asked under Rule 45 of the Federal Rules of Civil Procedure, to the Clerk's Office or Deputy Clerk to COMMAND that John Scott Coalter produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *"All discovery material for the criminal case of United States of America v. Brian David Hill, Docket # 1:13-cr-435-1, U.S. District Court for Middle District of North Carolina, to prove claims in FOIA Lawsuit. All material includes SBI Case File 2012-02146 of Suspect Brian David Hill & Aug. 29, 2012 confession Audio CD."*

The plaintiff asks that the Clerk sign the subpoena and compel Mr. Coalter to produce the documents as promptly as he is reasonably able to. The Judge is given good and compelling reasons within this MOTION that gives good cause that the subpoena should be signed by the Clerk and COMMAND Mr. Coalter to produce documents, records, and objects for copying, inspection, and testing.

**Date of signing:**
April 27, 2017

**Respectfully submitted,**
*Brian D. Hill*
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone #: (276) 790-3505
U.S.W.G.O.

12