UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN DAVID HILL, | ) |
| Plaintiff, | ) CASE NO. 4:17-CV-00027-JLK |
| v. | ) |
| EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS, AND UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES the UNITED STATES OF AMERICA, on behalf of the DEPARTMENT OF JUSTICE ("DOJ"), and its sub-component, the EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS ("EOUSA"), or (collectively referred to as "defendants"), through Rick A. Mountcastle, the Acting United States Attorney for the Western District of Virginia, and hereby responds to the correspondingly numbered paragraphs of the "Complaint for Declaratory and Injunctive Relief" ("Complaint") of Plaintiff, Brian David Hill, ("plaintiff") upon information and belief as follows:

<u>In Answer to the Section Titled "The Parties to This Complaint"</u>

1. Paragraph I (A) contains plaintiff's description of the plaintiff involved in this Complaint, to which no response is required. To the extent that a response is deemed required, defendants deny the allegations in paragraph I (A).

2. Paragraph I (B) contains plaintiff's description of the defendants involved in this Complaint, to which no response is required, except only to admit that DOJ and EOUSA are

named as defendants in the Complaint. To the extent that a response is deemed required, defendants deny the allegations in paragraph I (B).

In Answer to the Section Titled "Basis for Jurisdiction"

3. Paragraph II contains conclusions of law, to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph II.

4. Paragraph II (A) contains conclusions of law, to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph II (A).

In Answer to the Section Titled "Statement of Claim"

5. Paragraph III (1) contains conclusions of law and plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph III (1).

6. Paragraph III (2) contains conclusions of law and plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph III (2).

7. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph III (3).

In Answer to the Section Titled "Jurisdiction and Venue"

8. Paragraph 4 contains conclusions of law arguments to which no response is required. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 4 that relates to plaintiff's characterization of his physical and mental condition. To the extent an answer is deemed required, defendants deny the allegations in paragraph 4.

9. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 5.

10. Defendants deny each and every allegation made in paragraph 6 of the Complaint, except to admit only that EOUSA is a sub-component of DOJ.

11. Defendants deny each and every allegation made in paragraph 7, except to admit only that DOJ is an agency of the United States Government with its headquarters in Washington, DC.

<u>In Answer to the Section Titled "Request to Expedite the FOIA Proceedings"</u>

12. Paragraph 8 contains conclusions of law arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 8.

13. Paragraph 9 contains conclusions of law and plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 9.

14. Paragraph 10 contains conclusions of law and plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 10.

<u>In Answer to the Section Titled "Statutory Framework"</u>

15. Paragraph 11 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 11.

16. Paragraph 12 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 12.

17. Paragraph 13 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 13.

18. Paragraph 14 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 14.

19. Paragraph 15 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 15.

20. Paragraph 16 contains conclusions of law and plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 16.

21. Paragraph 17 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 17. Plaintiff's characterizations of alleged activities of individuals and events that are unrelated to the instant action presents arguments to which no response is required. To the extent that paragraph 17 of the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 17 of the Complaint.

<u>In Answer to the Section Titled "Facts Giving Rise to Plaintiff's Claim for Relief - Executive Office of the U.S. Attorneys Request"</u>

22. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 18 of the Complaint, except to admit only that plaintiff sent several letters to EOUSA, two of which were dated July 25, 2016 and August 29, 2016. As to the content of the letter, it speaks for itself. To the extent that plaintiff's allegations regarding the content of the letter differ from the letter itself, those allegations are denied.

23. Defendants deny each and every allegation contained in paragraph 19 of the Complaint, except to admit only that defendants sent plaintiff a FOIA response letter dated February 16, 2017 and an acknowledgment letter dated August 15, 2016. As to the content of the letters, they speak for themselves. To the extent that plaintiff's allegations regarding the content of the letters differ from the letters themselves, those allegations are denied.

24. Paragraph 20 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 20.

25. Paragraph 21 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 21.

26. Paragraph 22 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 22.

27. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 23.

28. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 24 of the Complaint, except to admit only that upon information and belief, plaintiff sent a letter to OIP that was dated February 20, 2017. As to the content of the letter, it speaks for itself. To the extent that plaintiff's allegations regarding the content of the letter differ from the letter itself, those allegations are denied.

29. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 25 of the Complaint. To the extent that paragraph 25 of

the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 25 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 26 of the Complaint. To the extent that paragraph 26 of the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 26 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 27 of the Complaint. To the extent that paragraph 27 of the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 27 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a response to each and every allegation made in paragraph 28 of the Complaint. Plaintiff's characterizations of alleged activities of individuals and events that are unrelated to the instant action presents arguments to which no response is required. To the extent that paragraph 28 of the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 28 of the Complaint.

33. Paragraph 29 contains plaintiff's characterizations of arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 29.

34. Paragraph 30 contains plaintiff's characterizations of arguments to which no response is require. To the extent an answer is deemed required, defendants deny the allegations in paragraph 30.

<u>In Answer to the Section Titled "Relief - Plaintiff's Claims for Relief – Count One (Failure to Conduct an Adequate Search)"</u>

35. Paragraphs 31 contains plaintiff's statement re-alleging and incorporating the preceding paragraphs of the Complaint, to which no responses is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 31.

36. Paragraph 32 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 32.

37. Paragraph 33 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 33.

38. Paragraph 34 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 34.

<u>In Answer to the Section Titled "Count Two (Failure to Produce Records Under the FOIA)"</u>

39. Paragraphs 35 contains plaintiff's statement re-alleging and incorporating the preceding paragraphs of the Complaint, to which no responses is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 35.

40. Paragraph 36 contains plaintiff's characterizations of an argument to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 36.

7

41. Paragraph 37 contains conclusions of law and plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 37.

42. Paragraph 38 contains plaintiff's characterizations of legal arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 38.

43. Paragraph 39 contains plaintiff's characterizations of an argument to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 39.

44. Paragraph 40 contains conclusions of law to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 40.

In Answer to the Section Titled "The Basis is Simple"

45. Paragraph 41 contains conclusions of law and plaintiff's characterizations of arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 41.

46. Paragraph 42 contains plaintiff's characterizations of arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 42. Plaintiff's characterizations of alleged activities of individuals and events that are unrelated to the instant action present arguments to which no response is required. To the extent that paragraph 42 of the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 42 of the Complaint.

47. Paragraph 43 contains plaintiff's characterizations of arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 43. Plaintiff's characterizations of alleged activities of individuals and events that are unrelated to the instant action present arguments to which no response is required. To the extent that paragraph 43 of the Complaint is deemed to contain allegations to which a response is required, defendants deny each and every such allegation and further deny knowledge or information sufficient to form a response as to the allegations involving non-parties referenced in paragraph 43 of the Complaint.

48. Paragraph 44 contains plaintiff's characterizations of arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 44.

49. Paragraph 45 contains plaintiff's characterizations of arguments to which no response is required. To the extent an answer is deemed required, defendants deny the allegations in paragraph 45.

<u>In Answer to the Section Titled "Prayer for Relief"</u>

50. The paragraph beginning "WHEREFORE," along with subparagraphs numbered 1 through 8, merely constitutes plaintiff's prayer for relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations to which a response may be required, they are denied.

<u>GENERAL DENIAL</u>

51. Defendants expressly deny all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer.

9

Case 4:17-cv-00027-JLK-RSB   Document 9   Filed 06/09/17   Page 9 of 11   Pageid#: 227

## DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act ("PA"), 5 U.S.C. § 552a.

### SECOND DEFENSE

As to some or all of the claims asserted in this action, plaintiff has failed to state a claim upon which relief may be granted under FOIA.

### THIRD DEFENSE

Any relief is limited to that provided for under 5 U.S.C. § 552(a)(4)(B).

### FOURTH DEFENSE

This Court lacks subject matter jurisdiction to the extent plaintiff has failed to allege that there is an improper withholding of agency records.

WHEREFORE, having fully answered the Complaint, defendants respectfully pray that the Court enter judgment in their favor, that the Complaint be dismissed, and that defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 9th day of June, 2017.

RICK A. MOUNTCASTLE
Acting United States Attorney

/s/ Cheryl T. Sloan
Cheryl T. Sloan
NCSB #12557
Special Assistant U.S. Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
(336)333-5351
cheryl.sloan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN DAVID HILL, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 4:17-CV-00027-JLK |
| ) | |
| v. ) | |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS, AND ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATION OF SERVICE

I hereby certify that on June 9, 2017, I electronically filed the foregoing Answer with the Clerk of the Court using the ECF system.

I further certify that I have mailed by U.S. mail the Answer to the following non-ECF participants:

Brian David Hill
310 Forest Street, Apartment 2
Martinsville, VA  24112

RICK A. MOUNTCASTLE
Acting United States Attorney

 /s/ Cheryl T. Sloan
Cheryl T. Sloan
NCSB #12557
Special Assistant U.S. Attorney
101 S. Edgeworth St.,  4th Floor
Greensboro, NC 27401
(336)333-5351
Cheryl.Sloan@usdoj.gov

11