# EXHIBIT 5

For Federal civil complaint
-- DECLARATION OF BRIAN DAVID HILL IN SUPPORT OF DOCUMENT 2 COMPLAINT AND IN SUPPORT OF MOTION UNDER RULE 45 ASKING THE CLERK TO SUBPOENA ATTORNEY JOHN SCOTT COALTER FOR DISCOVERY AND TO PROVE THE FACTUAL MATTER UNDER COMPLAINT --
Brian David Hill v. Executive Office for United States Attorneys (EOUSA), United States Department of Justice (U.S. DOJ)

## Civil Case Number 4:17-cv-00027

# Declaration

June 8, 2017

My grandson, Brian Hill was released from jail in November, 2014. He was anxious for all of us to go to his attorney, Mr. Coalter's office to look at the discovery together. He said if he had to, he would spend the day there reading it. Brian called and made the appointment. We (Brian, his mom and both grandparents) went to Mr. Coalter's office on January 22, 2015. Mr. Coalter was not there, but his assistant gave Brian the discovery papers and escorted us to a large room to review them. We found out it was not as long as we thought because they had 3 copies of everything. This is from my notes as we were reading the discovery: "From the analysis, this record showed that 454 files had been downloaded with the **emule program between July 20, 2012, and July 28, 2013**". The Mayodan, NC police raided Brian's home, and they confiscated Brian's computer on **August 28, 2012**. How could Brian be downloading child porn when he did not have his computer for the 11 months that the discovery said that child porn or items of interest were being downloaded? We read everything in a little over an hour. There were no photos in the discovery papers; just typed descriptions of what they claimed were "Items of interest". The Rockingham County, NC District Attorney's name (Phil Berger Jr.) was all over the papers, and it did not list any children as "victims". It listed the "state of North Carolina" as the victim.

Brian Hill, Roberta Hill (Brian's mom), Stella Forinash (Brian's grandma) and Ken Forinash (Brian's grandpa) went to see John Scott Coalter at his office in Greensboro, NC on Sept 30, 2016 to ask him if he would be willing to do the 2255 for Brian and how much he would charge since he already knew about Brian's case. We explained that when we saw the discovery in his office in January, 2015, we found out that the files of interest (child porn, we think) were downloaded on Brian's computer from **July 20, 2012 to July 28, 2013**. There was no way that Brian could be downloading child porn from August 28, 2012 until July 28, 2013 because his computer was in the care of the Mayodan Police Dept. and the NC State bureau of investigation in Greensboro, NC during those 11 months, and Brian was living in Virginia. Brian had told the court that there was a virus on his computer, and we (Brian's mom and grandparents) also signed affidavits that we

had witnessed Brian fighting some sort of virus on his computer on the day of the police raid as we were all at the house in Mayodan, NC during the raid, and these affidavits are in Brian's court records in 2014.

We all explained again to Mr. Coalter that with Brian's brittle diabetes, he was having a lot of seizures in 2011 and 2012. He would leave his computer on for hours during his OCD hand washing routines, and some days he shows more autism than other days. He did not want an antivirus program in his computer when he was younger. Now he does. Mr. Coalter sounded as though he thought Brian was guilty because according to the SBI records, they found it in Brian's laptop computer and 2 hard drives. Brian asked if he showed him proof that if someone is hacking in your computer, they would also have access to any thing that is hooked into your computer, would he still think that Brian was guilty (or something like that). Then Brian asked Mr. Coalter if he was a computer expert, and Mr. Coalter said that he was not. I again told Mr. Coalter the same thing that I told him in October, 2014 that Brian would also keep 2 hard drives attached to his laptop computer at his home, when he visited us in Virginia and when we went on trips. The reason for this is that Brian would take a lot of photos (mostly nature photos – none of people) in the raw format which would take up a lot of space, so he would leave these on his hard drives until he had a chance to put them on DVD and convert them to jpeg. He was also interviewing people and putting the interviews on video and was doing YouTube videos and was writing many articles for his USWGO website: all took a lot of memory and space, so Brian was constantly removing files from his laptop to his hard drives.

We told Mr. Coalter that we have a lot more proof of Brian's innocence: the fact that he confessed to 2 detectives to a crime he did not commit when he was still in shock a day after the police raid when they questioned him the next day without an advocate or family member present or without asking him if he wanted an attorney, questioned Brian by himself and at lunch time without making sure that his glucose was in a normal range and without offering him anything to bring his glucose up to a normal range. We later learned from autism experts that people with autism do give a false guilty when questioned by 2 police without an advocate or family member present. The fact that Brian's confession does not match the evidence proves it was a false confession.

Then as we were talking, Mr. Coalter told us that he could not represent Brian. "It would be a conflict of interest" He said that he would have to testify against Brian if Brian did the 2255 because Brian would have to say in the 2255 that he was an ineffective counsel. He did tell us that he had Brian's discovery in storage, and he would look at the dates we told him about and get back with us in a couple of weeks. We waited 3 weeks, then my husband called him from our home while I was in the room with my husband, and Mr. Coalter told my husband that he had been busy and did not have time to look over the discovery and would call us after he did. This is June, 2017, and we have not received any phone calls from Mr. Coalter about the discovery. We did get another attorney in April, 2017 who agreed to review the discovery and write a report, but after she called Mr. Coalter to get the discovery, she decided not to do it and called us to let us know.

I declare the above is true and correct to the best of my knowledge. After reading this declaration, we all agree this to be a true and factual declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 8, 2017

| Roberta Hill | Kenneth Forinash | Stella B. Forinash |
|---|---|---|
| 310 Forest Street, Apt. 1 Martinsville, VA 24112 | (Brian Hill's grandpa) 916 Chalmers St., Apt. A Martinsville, VA 24112 | (Brian Hill's maternal grandmother). 916 Chalmers St., Apt. A Martinsville, VA 24112 |
| *Roberta Hill* Signature | *Kenneth Forinash* Signature | *Stella B Forinash* Signature |

In the United States District Court

For the Western District of Virginia

Danville Division

| | |
|---|---|
| Brian David Hill<br>Plaintiff(s)<br><br>v.<br><br>Executive Office for United States Attorneys (EOUSA)<br>&<br>United States Department of Justice (U.S. DOJ)<br>Defendant(s) | Civil Action No. 4:17-cv-00027 |

## REQUESTS FOR PRODUCTION

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Note: The original was mailed to the U.S. Attorney of Roanoke, VA under certified mail tracking # 7015-3010-0001-3368-1076. The copy is being filed with the Court since this is mainly a request letter and not a request to the Court unless I feel the need to file a Motion to compel discovery. This is not a Motion but a formal letter to the U.S. Attorney. I ask the Clerk of the Court to file this on docket as evidence of the fact that such letter was filed with the Government's attorney (the defendants) and mailed through certified mailing at the U.S. Postal Service.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") the Plaintiff, acting pro se, request Defendants to produce the documents specified below, within thirty (30) days of service, to Brian D. Hill at the address of 310 Forest Street, Apartment 2, Martinsville, VA 24112, or at such other time and place, or in such other manner, as may be mutually agreed upon by the parties.

1

Defendants' production of documents shall be in accordance with the Instructions and Definitions set forth below and Fed.R.Civ.P. 34.

## INSTRUCTIONS AND DEFINITIONS

(a) Whenever reference is made to a person, it includes any and all of such person's principals, employees, agents, attorneys, consultants and other representatives.

(b) When production of any document in Plaintiffs' possession is requested, such request includes documents subject to the Plaintiffs' possession, custody or control. In the event that Defendant is able to provide only part of the document(s) called for in any particular Request for Production, provide all document(s) that Defendants are able to provide and state the reason, if any, for the inability to provide the remainder.

(c) "Document(s)" means all materials within the full scope of Fed.R.Civ.P. 34 including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations,

2

modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

(d) If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

(i) the name and title of the author and/or sender and the name and title of the recipient;

(ii) the date of the document's origination;

(iii) the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document);

(iv) the name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

(v) a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

(vi) the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

3

(e) "Relate(s) to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

(f) Every Request for Production herein shall be deemed a continuing Request for Production, and Defendant is to supplement its answers promptly if and when Defendant obtains responsive documents which add to or are in any way inconsistent with Defendant's initial production.

(g) These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

(h) Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

(i) "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

(j) All requested records and tangible objects/things which includes audio CDs and interrogatories (law enforcement interviews/interrogations) are of what was originally subject to Plaintiff's FOIA request in with the Defendants.

## DOCUMENT REQUESTS

1. All documents with reference to or written policies, procedures and guidelines related to Defendant's criminal case records of Brian David Hill in the U.S. District Court for the Middle District of North Carolina, Case # 1:13-cr-435-1, which may include paper records, audio records, and any electronic data and electronic media including, but not
limited to, the following:
a. audio tapes of the interview

4

b. Electronic data retention, preservation and destruction pertaining to whatever was requested by Plaintiff's FOIA request.
c. Defendants' policies of retention of criminal case files including investigative reports;
d. Diskette, CD, DVD, and other removable media labeling standards;
2. Backup tapes containing email and other electronic data related to this action from [relevant time period].
3. Exact copies of all relevant disks, CDs, DVDs and other removable media related to this action from [relevant time period].

4. For each interrogatory set forth in Plaintiffs' First Interrogatories, produce all documents which Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory.
5. All documents that contain or otherwise relate to the facts or information that Defendants contend refute, in any way, the allegations contained in the Complaint in this action.
6. All reports, including drafts, submitted by any expert witness or potential expert witness retained or consulted by any Defendant with respect to the issues raised in this case.
7. Anything else that was asked in Brian's FOIA request that pertains to discovery from plaintiff's original criminal case to which the plaintiff was denied of due process rights including his Brady rights.

Date of signing:

June 8, 2017

Respectfully submitted,

Brian D. Hill

Signed  Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone #: (276) 790-3505

USWGO

5