In the United States District Court

For the Western District of Virginia

Danville Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

|  |  |
|---|---|
| Brian David Hill<br>Plaintiff(s)<br><br>v.<br><br>Executive Office for United States Attorneys (EOUSA)<br>&<br>United States Department of Justice (U.S. DOJ)<br>Defendant(s) | Civil Action No. 4:17-cv-00027 |

# MOTION TO EXPEDIATE THE TRIAL PROCEEDINGS

## MOTION AND BRIEF IN SUPPORT OF THIS MOTION

NOW COMES, the plaintiff ("Brian D. Hill"), representing himself, and hereby respectfully moves the Court to expedite the trial proceedings of this Freedom of Information Act ("FOIA") FOIA lawsuit.

The trial date has been set on January 29, 2018, and is set for three days, which will end on January 31, 2018, unless the Court says otherwise. See Document #15 that was filed on 06/19/2017.

In support of this request, Plaintiff establishes the facts and elements are established in this Motion to state as follows:

### I. Statutory Framework

1

1. The Federal Courts Improvement Act, 28 U.S.C. § 1657 (2000), provides that FOIA proceedings generally "("take precedence over all cases on the docket and shall be ... expedited in every way"); see also Freedom Communications, Inc. v. FDIC, 157 F.R.D.485, 487 (C.D. Cal 1994) ("The Court offers its assurance to all concerned that it will continue to handle all matters in this action in an expeditious manner. However, we do not see the value in issuing an order that does no more than reiterate polices already announced by statute and the court itself."); FOIA Update, Vol. VI, No. 2, at 6 (explaining statutory revision regarding expedition of FOIA actions). That while courts are not required to automatically accord expedited treatment to FOIA lawsuits they may do so "if good cause therefor is shown."

2. The Due Process clause within the fourteenth amendment under the United States Constitution, gives parties a right to a fair and just trial, that all parties to a case are given opportunity to cross examine the witnesses (confrontation clause) and confront the witnesses in open court. The right to an impartial Judge or Jury. The whole adversarial system. Due Process clause and the Constitutional clauses over trials, does allow and secure the right for either side to present witnesses to testify at a trial proceeding. The trial date calculation should also take

2

into effect the age and health issues of the witnesses, and whether delaying a hearing for many months would make it less fair for a party to present witnesses due to age, the date and time of what events had happened to which memory fades, and whether the witness may not remember various things right at the trial if the trial date is set too far ahead. So if the trial date is too far ahead, witnesses may not remember things as clear as closest to the time of remembering something that needs to be addressed at the trial during a cross examination and direct examination. Therefore due process clause and other Constitutional clauses involving trial courts should also apply to this motion.

## II. Evidence and facts

3. Plaintiff attaches Declaration to this Motion as attached, so it will not need to be exhibited, as that Declaration is authorized under 28 U.S.C. § 1746, and should be admissible under the Federal Rules of Evidence, unless shown otherwise by the Court.

4. Under the attached Declaration, it is known that two to three of the witnesses that had filled out Declarations/Affidavits (See Document #12-5, and See Document #2-8) of testimony stating the facts as filed in this civil case are Kenneth R. Forinash and Stella B. Forinash, as

3

well as Roberta Hill in Document #12-5. So that testimony has been filed with the Court under Oath, under 28 U.S.C. § 1746 (Declaration, Verification, and Certification under Oath without usage of a notary public). The witnesses that are at issue in the facts of this case are

1. Roberta R. Hill
2. Kenneth R. Forinash
3. Stella B. Forinash
4. SBI Agent Rodney V. White (requested through subpoena) (See Doc. #19-4)
5. Christa Lemelin (requested through subpoena) (See Doc. #19-2)

5. The facts are that Stella Forinash is around 70 years old and disabled, and Kenneth Forinash to my knowledge is 74 years old. Mr. Forinash has suffered cancer in the stomach and has become diabetic. The health issues that both witnesses have can have an effect on their memory and being able to re-testify to the facts stated in their Declarations/Affidavits when directly examined by myself and cross-examined by the U.S. Attorney at the trial phase. Kenneth Forinash has a handicapped placard because he is considered legally handicapped

4

by the Commonwealth of Virginia Department of Motor Vehicles ("V.A. DMV").

6. The witnesses agreed that the trial date set at January 29 through 31, 2018, is way too far ahead for them. The number of days until the civil trial is 222 days from June 21, 2017, till January 29, 2018. They may not be able to retain the memory of every fact alleged in their Declarations for as far as the trial date concerns. Thus delaying the civil trial too far, will be inconvenient to both witnesses with health problems. Memory fades with time, especially for witnesses that have significant health problems which combined with their ages, effects the Plaintiff's due process in a negative way, and can also make it more difficult for the U.S. Attorney to confirm any facts through direct examination and cross examination of the witnesses of that are to be presented by both parties.

7. The prolonging of the U.S. Attorney Office and Plaintiff's former court appointed counsel John Scott Coalter, refusing to let the Plaintiff have access to the discovery evidence (Mr. Coalter stating that he can dispose/destroy the discovery evidence, under Document #2-8), suffrage on the Plaintiff's physical and mental state, and injures the Plaintiff in such a way that further deprives him of the due process and

5

discovery rights that he was deprived of during the criminal case proceedings, even driving him towards suicide since September, 2012 (See Document #12-2).

8. The Plaintiff is almost at his third year of being wrongfully convicted, that he has gotten nowhere since he was released from Jail, and still is trying to prove his actual innocence. Both John Scott Coalter and the U.S. Attorney Office have both refused to give Plaintiff his criminal case discovery packet (at issue in the FOIA request) as Mr. Coalter admitted to being in conflict of interest (See Doc. #12-5) of Plaintiff's need of proving actual innocence to getting off of the Virginia Sex Offender Registry. The U.S. Attorney Office doesn't have any intention to ever admit that the Plaintiff may actually be innocent of the crime that they pressured the Plaintiff into surrendering his Constitutional rights that he never even had before his guilty plea. Mr. Coalter doesn't want any other Attorney to help him, which was why Raleigh, NC Attorney Emily Gladden (See Doc. #12-5, and Declaration in support of this Motion) has changed her attitude and has refused to communicate with the Plaintiff for weeks after speaking with Mr. Coalter. The Plaintiff feels that Mr. Coalter is blocking him as well as the U.S. Attorney, that both will do whatever it takes to

prevent the Plaintiff from having any opportunity to prove actual innocence. By the time that Trial commences, Mr. Coalter may already have destroyed the discovery papers and then the Plaintiff will have no evidential means to prove any facts of actual innocence that could have been proven by Plaintiff getting access to the discovery papers originally requested in his FOIA request as outlined in the Complaint. Plaintiff even faxed a document to Wake Forest School of Law Innocence & Justice Clinic ("I & J Clinic") giving them permission to get access to the discovery materials at John Scott Coalter's office, but earlier next year they had flipped flopped and would not help the Plaintiff prove his actual innocence. The Plaintiff continues being deprived entirely of his due process rights from his Dec. 2013-2014 criminal case, and is getting sick and tired of it. The Plaintiff has no means whatsoever at his disposal to be able to make any credible factual claim of actual innocence, not because there may be no evidence to prove factual innocence, but that the Government and his ex-lawyers are both working to refuse and block the Plaintiff from achieving his goal of gathering evidence for the 2255 Motion he plans on filing later this year. The Plaintiff continues suffering as a falsely registered "sex offender" simply because of being forced into a guilty

7

plea then the discovery evidence is whisked away from him without even being allowed to come up with any defense for the Jury trial.

9. **The interests of justice are best served by choosing an earlier date for the civil trial, and expedite the trial date and proceedings to an earlier date while giving both parties time and opportunity to the discovery process and resolve any pretrial issues before the trial period. The witnesses need to be direct examined and cross examined at Trial. Delaying the Trial all of the way till January, 2018, is unreasonable and is too far away.**

10. The reason none of those issues were brought up with Scheduling Deputy Heather McDonald, is due to the fact that there was no evidence submitted to the facts of why expedition is necessary, but some evidence and a statutory brief is needed to show cause to the Court as to why expedition is necessary for the interests of justice to best be served in this case.

### III. Requesting that the Court Expedite the Trial Proceedings

11. **Plaintiff respectfully requests with the Court that the Trial date be rescheduled to sometime in September, 2017, sometime in October, 2017, or sometime around November, 2017.** That will still give the U.S. Attorney and the Plaintiff enough time to prepare for

trial, and yet give the witnesses less months to have to wait (while memories can fade with age and serious health issues combined) before testifying at the Trial. The Plaintiff asks that the health and wellbeing of the witnesses be considered in rescheduling the Trial proceeding.

12. **Plaintiff respectfully requests that since Judge Kiser denied his request for legal counsel (See Order under Doc. #16), that the Plaintiff makes an alternative type of request with the Court, that his Autism Spectrum Disorder, Type 1 Diabetes, and autistic behavior be considered at the Trial instead, since lawyers exhibit more professional behavior than pro se filers that have never been to law school.** Plaintiff asks the Court to let him raise his hand if he needs to verbally object to something the defendants' Attorney argues, and be allowed to raise his hand so that the Judge is informed that the Plaintiff would like to say something important in oral argument. That the Plaintiff be allowed more time to answer a question than a regular person, as people with Autism process brain functions differently since Autism Spectrum Disorder and Pervasive Developmental Disorder (PDD-NOS) are all neurological disorders that affect the brain, therefore Autism can affect the behavior and outcome of a physical

9

court trial. The Plaintiff asks that the Court consider his Autism in arguing his case differently than professional Attorneys since his motion for counsel, to aid him in oral arguments, has been denied under Document #16, that he not be held to the exact same standards of Attorneys. Despite Plaintiff's professional looking pro-se motions, the plaintiff has autism which makes him more intelligent in the matters of visual work rather than verbal. The Plaintiff can write professional looking motions and yet screw up on his oral arguments during a trial. His Autism puts him at a serious disadvantage versus the highly trained and skilled U.S. Attorney that can orally argue the Plaintiff out of his due process rights during oral arguments. The Plaintiff has and will follow the orders and direction of the Court. The Plaintiff agrees not to interrupt the Judge and not interrupt the Government. However the Plaintiff would like to raise his hand so that after the Judge and Defendants' Attorney or Attorneys make their arguments, the Judge can ask the Plaintiff what he is raising his hand for, whether or not it is an objection to the arguments by the Defendants'. So again the Plaintiff asks that he not be expected to exhibit the same oral arguments of that of a professional and licensed trial lawyer, since trial lawyers have experience and the Plaintiff has

10

never been to a trial in his life (since Plaintiff has made statements under Oath about his false guilty plea agreement so he never faced a real Trial). The Plaintiff agrees to show proper etiquette during the trial, however the Plaintiff has health issues that should be taken into account during the Trial proceedings. Another request the Plaintiff makes is that he raise his hand if he feels that his diabetic blood sugar is low in the Court room, so that he can inform the Judge that his blood sugar is low, and that he needs glucose tablets or that the U.S. Deputy Marshals or any other respective officer or staff person of the Court of escort him to an area inside the Federal building (since food and drinks aren't allowed in Courtrooms) where he would be allowed to eat something or drink a sugar beverage to raise his low blood sugar before continuing the Trial proceeding, or to be allowed to administer his diabetic insulin shot in the event that Plaintiff's blood sugar is high, and ask for a short recess to deal with the high blood sugar issue. So for any immediate health issues, the Plaintiff asks that the Court go into a temporary recess until Plaintiff can verbally inform the U.S. Deputy Marshals that his blood sugar is back under control, that way he can think clearly and not have an issue of bottoming out, and falling on the floor and/or having a diabetic seizure in the Courtroom which

11

Case 4:17-cv-00027-JLK-RSB    Document 21    Filed 06/23/17    Page 11 of 19    Pageid#: 343

can lead to EMT paramedics having to enter the Courtroom to pick up the unconscious Plaintiff. In argument, the Plaintiff asks that the proceedings be treated differently as to Plaintiff due to his medical health issues that can affect the quality and outcome of the Trial proceeding under due process clause, as well as under the Americans with Disabilities Act ("ADA").

13. That the Plaintiff and the U.S. Attorney consider discussing the rescheduling of the Trial to the recommended month of September, October or November, 2017, based upon the evidence exhibited before this Court and all filings submitted by the Plaintiff including **Exhibit 1** of his Complaint detailing his health issues, as well as the health issues of some of the witnesses that can be deposed to testify at the Trial proceeding.

14. Plaintiff requests that the Court expedite the Trial not too soon but not too late. January, 2018, is a long time to wait for an outcome to which there may be no guarantee of victory, when the Plaintiff continues suffering a wrongful conviction, due process deprivation before and after his guilty plea, and the witnesses can slowly forget things that may be critical to the success or failure of the outcome in the Trial proceeding. To protect Plaintiff's due process rights, Plaintiff asks that

the Court seriously reschedule the proceedings to sometime on September, October or November, 2017. That will give the Plaintiff and Defendants' the time to gather the discovery materials for this case and ask any questions, and resolve any pending issues before the Trial.

Plaintiff respectfully asks the Court that this Motion be decided as soon as possible.

Plaintiff also requests with the Court that copies of this Motion be served upon both defendants' of the Government as stated in **28 U.S.C. §1915(d)**, that "**The officers of the court shall issue and serve all process, and perform all duties** in such cases. **Witnesses shall attend as in other cases**, and the **same remedies shall be available as are provided for by law in other cases**. Plaintiff requests that copies be served with the defendants', VA via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

**This Motion and brief in support of thereof, is respectfully submitted with the Court, this the ~~21st~~ 22nd day of June, 2017, Thursday.**

|  |  |
|---|---|
| **Date of signing:** | **Respectfully submitted,** |
| *June 22, 2017* | *Brian D. Hill* |
|  | *Signed* **Signed** |
|  | **Brian D. Hill (Pro Se)** |
|  | **310 Forest Street, Apartment 2** |
|  | **Martinsville, VA 24112** |
|  | **Phone #: (276) 790-3505** |
|  | **U.S.W.G.O.** |

13

Case 4:17-cv-00027-JLK-RSB   Document 21   Filed 06/23/17   Page 13 of 19   Pageid#: 345

# Declaration of Plaintiff Brian David Hill in support of MOTION TO EXPEDIATE THE TRIAL PROCEEDINGS

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. I am Brian David Hill, also known as Brian D. Hill, and am the Plaintiff in the Federal civil case Brian David Hill v. Executive Office for United States Attorneys et al., Civil Case No. 4:17-cv-00027. I file this Declaration type of Affidavit with the Court with original signature as a sign of good faith and demonstrating factual evidence showing good cause for such action. I was the criminal defendant of case named United States of America v. Brian David Hill, Case # 1:13-cr-435-1, and in the U.S. District Court for the Middle District of North Carolina. I am **INNOCENT**, and am trying to prove my innocence but am being blocked and my due process was deprived forcing me into taking the guilty plea agreement under false pretenses, being misled by the Federal Public Defender office in Greensboro, North Carolina. I have Autism Spectrum Disorder (ASD), Obsessive Compulsive Disorder (OCD), Generalized Anxiety Disorder (GAD), and I have type 1 brittle diabetes (diabetes mellitus). Because of that I am good at performing visual legal work but my verbal legal work is severely limited by my Autism. So I need around the clock medical care by a medical caretaker. My health is brittle and I need the Court to consider this fact and the medical records that I have in my possession and medical records in every medical facility that has ever dealt with my health problems.

2. I am aware to the best of my knowledge that witness Stella Forinash is estimated around 70 years old and disabled, and Kenneth Forinash to my knowledge is 74 years old. Mr. Forinash has suffered cancer in the stomach and has become diabetic, and I remember that he had to have his stomach taken out. I remember hearing from Mr. Forinash that he believes it may have something to do with Agent Orange. Mr. Forinash is a retired United States

14

Air Force Veteran and I am proud of him for his service to our great country. The health issues that both witnesses have can have an effect on their memory and being able to re-testify to the facts stated in their Declarations/Affidavits when directly examined by myself and cross-examined by the U.S. Attorney at the trial phase. This I know personally is true because there are things that Stella Forinash and Kenneth Forinash have started forgetting and they are struggling to keep in memory what they have brought up in their Affidavits/Declarations. Kenneth Forinash has a handicapped placard because he is considered legally handicapped by the Commonwealth of Virginia Department of Motor Vehicles ("V.A. DMV").

3. The witnesses Roberta Hill, Kenneth Forinash, and Stella Forinash all agreed verbally to me as far as I am aware of, since we all reviewed Document #15 aka the Trial scheduled date, and we all agreed verbally that the trial date set at January 29 through 31, 2018, is way too far ahead for them. Ity is unreasonable, it is not a speedy trial for it to be set that far ahead, and that we think it may violate due process as it puts all defense witnesses that actually witnessed the very things that put in Affidavit/Declaration being subjected to 6-7 month delay. From June 21, 2017, to January 29, 2018, that is 7 months and 8 days from my opinion. So I used Windows calculator and calculated the number of days between June 21, 2017, and January 28, 2018. It said precisely 7 months, 1 week, 1 day (7 months and 8 days exactly as I had suspected), and would be a total of 222 days before the civil trial to protect my lost Constitutional rights and be able to verbally present the witnesses at trial. The Judge should realize that witnesses that are senior citizens and have critical health issues should not be forced to wait 222 days before the civil trial to which they would have to testify. I thought it was wrong for the Court to schedule the civil trial way too long, and way too far into 2018.

4. I am concerned that the witnesses Mr. Forinash, Stella Forinash and Roberta Hill may not be able to retain the memory of every fact alleged in their Declarations for as far as the trial date concerns. Thus delaying the civil trial too far, will be inconvenient to both witnesses with health problems.

15

5. I even faxed a document to Wake Forest School of Law Innocence & Justice Clinic ("I & J Clinic") (titled: *"Authorization Letter to Wake Forest School of Law, Innocence and Justice Clinic regarding location of discovery materials and giving permission/authorization to access/inspect/review them"*, dated October 25, 2016, faxed to fax machine numbers (336) 758-4496 and (336) 758-4964) giving them permission to get access to the discovery materials at John Scott Coalter's office, but earlier during the next year which was in 2017 they (Wake Forest) had flipped flopped and would not help me prove my own actual innocence. I am continually being deprived entirely of his due process rights from his Dec. 2013-2014 criminal case, and is getting sick and tired of it.

6. Mr. Coalter doesn't want any other Attorney to help me prove my actual innocence since he had admitted that he is in conflict of interest since my interest is proving factual innocence and Mr. Coalter's interest is Brian is guilty because Mr. Coalter just rather believe in what the U.S. Attorney accused myself of. I tried to truthfully explain to NC Attorney Emily from Raleigh, gave her copies of evidence while I was in Raleigh, but she has changed her attitude and has refused to communicate with me for weeks after speaking with Mr. Coalter. I personally feel that Mr. Coalter is blocking me as well as the U.S. Attorney, that both will do whatever it takes to prevent me from having any opportunity to prove my actual innocence. I never had any defense lawyers but more like prosecuting attorneys that acted as my friends, acted as though they cared about proving my case in court, but in reality I was lied to by people whom I thought was in my best interest.

7. I have Autism and Type 1 brittle diabetes. When in the courtroom, I need to be able to have access to glucose, diabetic insulin, and any other medical need while in Court. I need to be able to speak to the Judge when my blood sugar feels low, otherwise I can fall to the floor in Court and collapse into a diabetic seizure which means failure to respond to any commands because of not having the energy to keep myself alive and function as a normal person. I have OCD and I have Autism, so my body gestures and body language is not

16

the same as normal people. I can stand, I can walk okay, I can talk good, but I do not have the verbal experience to make good oral arguments under the adversarial system in Court as good as a professionally licensed lawyer can.

8. I am aware that Stella Forinash has ulcerative colitis, low blood sugar (hyperglycemia) which lowers her ability to think while her blood sugar is low, so her testifying during a low blood sugar episode cannot be possible until she has something to eat or drink.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on** June 22, 2017

*Brian D. Hill*
Signed / Signed

Brian David Hill(Pro Se)
**Former news reporter & Founder of USWGO Alternative News**
Home Phone #: (276) 790-3505
310 Forest Street, Apt. 2. Martinsville, VA 24112



## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2017, I filed the foregoing
**MOTION TO EXPEDIATE THE TRIAL PROCEEDINGS -- MOTION AND BRIEF IN SUPPORT OF THIS MOTION**
was filed with the Clerk of the Court by mail via United States Postal Service, Postage prepaid. Certified mailing Tracking # 7016-0600-0000-8319-6250 (priority mail flat rate).

A copy of this filing and attachments was also mailed to the following defendants' Attorney:

Certified Mail tracking #: 7016-0600-0000-8319-6243
U.S. Attorney Office
Civil Case # 4:17-cv-00027
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401

Plaintiff requests with the Court that copies of this filing be served upon the defendants' as stated in 28 U.S.C. §1915(d), that "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases. Plaintiff requests that copies be served with the defendants' via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

| Date of signing: | Respectfully served, |
|---|---|
| *June 22, 2017* | *Brian D. Hill* |
| | Signed |
| | Brian D. Hill (Pro Se) |
| | 310 Forest Street, Apartment 2 |
| | Martinsville, VA 24112 |
| | Phone #: (276) 790-3505 |
| | U.S.W.G.O. |

(Photocopy of Return Receipt and Certified Mail Receipt before mailing off is attached to this "CERTIFICATE OF SERVICE" as proof of service. Once the Clerk receives the envelope and scans to Docket, it proves that the tracking number matches the attached photocopy in attachment.)

18

## U.S. Postal Service CERTIFIED MAIL RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee: $

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage: $

Total Postage and Fees: $

Sent To: Cheryl T. Sloan U.S. Attorney Office
Street and Apt. No., or PO Box No.: 101 S. Edgeworth St., 4th Floor
City, State, ZIP+4: Greensboro, N.C. 27401

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7016 0600 0000 8319 6243

---

## U.S. Postal Service CERTIFIED MAIL RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee: $

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage: $

Total Postage and Fees: $

Sent To: U.S. District Court Clerk of the Court
Street and Apt. No., or PO Box No.: 210 Franklin Road, S.W., Ste. 540
City, State, ZIP+4: Roanoke, VA 24011

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7016 0600 0000 8319 6250