# EXHIBIT 5

For Federal civil complaint
-- DECLARATION OF BRIAN DAVID HILL AND
EXHIBITS IN SUPPORT OF COMPLAINT AND
PARTIAL EVIDENCE (FOIA APPEAL) OF
WHAT WILL BE PRESENTED AT TRIAL --
Brian David Hill v. Executive Office
for United States Attorneys (EOUSA),
United States Department of Justice
(U.S. DOJ)

**Civil Case Number 4:17-cv-00027**

Venta Fax & Voice (http://www.ventafax.com)
Transmission ticket for Fax ID: 276-790-3505

Date: 4/4/2017                                              Time: 1:30:20 PM
Number of pages: 8                                          Session duration: 7:37
Attn.: Director, Office of Information Policy (OIP)         To: U.S. Department of Justice
Recipient's number: T12025141009                            Message type: Fax
Filename: C:\ProgramData\Venta\VentaFax & Voice 6\Out\Newly discovered evidenError Correction: Yesequest and Appeal to OIP(3)(Signed, {2017-04-04}_General (Letter
File description: Newly discovered evidence to support FOIA Request and Appeal tcResolution: 200*200 dpi
Recipient's Fax ID:      2025141009                         Record number: 6262
Rate: 14400 bps

# Fax Cover Page

Date: 4/4/2017                  Time: 1:30:20 PM                  Pages: 8

## To: U.S. Department of Justice

## Attn.: Director, Office of Information Policy (OIP)

From: Brian David Hill

Fax ID: 276-790-3505

**FOIA Appeal #**
**DOJ-AP-2017-002520**

--Letter with Newly Discovered Evidence to Office of Information Policy citing Legal Basis to Support FOIA Request and Appeal--
*******Freedom of Information Act Appeal*******
FOIA Appeal # DOJ-AP-2017-002520
APPEAL and Response to FOIA Request to Executive Office for United States Attorneys – Re: FOIA-2016-03570
Tuesday, April 4, 2017 - 02:20 AM
-----
ATTN: Director
Office of Information Policy (OIP)
United States Department of Justice
1425 New York Avenue, NW, Suite 11050
Washington, DC 20530-0001
Phone: (202) 514- 3642 (FOIA) | Fax: (202) 514-1009
// OGIS Mediation Case No. 201701674
Office of Government Information Services
National Archives
8601 Adelphi Road-OGIS
College Park, Maryland 20740-6001
Phone: (202) 741-5770 | Fax: (202) 741-5769

CC: Office of the Inspector General
Phone: (202) 514-3435 | Faxed to: (202) 514-4001
CC: Office of Professional Responsibility
Phone: (202) 514-3365
Faxed to: (202) 514-5050

VentaFax Cover Page                    **URGENT**          RECEIPT CONFIRMATION
                                                           REQUESTED

Venta Fax & Voice (http://www.ventafax.com)
Transmission ticket for Fax ID: 276-790-3505

Date: 4/4/2017
Number of pages: 8
Attn.: Director, Office of Information Policy (OIP)
Recipient's number: T12025141009
Filename: C:\ProgramData\Venta\VentaFax & Voice 6\Out\Newly discovered evidenError Correction: Yesequest and Appeal to OIP(3)(Signed, {2017-04-04}_General (Letter
File description: Newly discovered evidence to support FOIA Request and Appeal tcResolution: 200*200 dpi
Recipient's Fax ID:   2025141009
Rate: 14400 bps

Time: 2:34:56 AM
Session duration: 7:41
To: U.S. Department of Justice
Message type: Fax

Record number: 6253

# Fax Cover Page

Date: 4/4/2017            Time: 2:34:56 AM            Pages: 8

## To: U.S. Department of Justice

## Attn.: Director, Office of Information Policy (OIP)

From: Brian David Hill

Fax ID: 276-790-3505

**FOIA Appeal #**
**DOJ-AP-2017-002520**

--Letter with Newly Discovered Evidence to Office of Information Policy citing Legal Basis to Support FOIA Request and Appeal--
*******Freedom of Information Act Appeal*******
FOIA Appeal # DOJ-AP-2017-002520
APPEAL and Response to FOIA Request to Executive Office for United States Attorneys – Re: FOIA-2016-03570
Tuesday, April 4, 2017 - 02:20 AM
-----
ATTN: Director
Office of Information Policy (OIP)
United States Department of Justice
1425 New York Avenue, NW, Suite 11050
Washington, DC 20530-0001
Phone: (202) 514- 3642 (FOIA) | Fax: (202) 514-1009
// OGIS Mediation Case No. 201701674
Office of Government Information Services
National Archives
8601 Adelphi Road-OGIS
College Park, Maryland 20740-6001
Phone: (202) 741-5770 | Fax: (202) 741-5769

CC: Office of the Inspector General
Phone: (202) 514-3435 | Faxed to: (202) 514-4001
CC: Office of Professional Responsibility
Phone: (202) 514-3365
Faxed to: (202) 514-5050

VentaFax Cover Page             **URGENT**             RECEIPT CONFIRMATION REQUESTED

# Fax Cover Page

Date: 4/4/2017     Time: 2:34:56 AM     Pages: 8

## To: U.S. Department of Justice

## Attn.: Director, Office of Information Policy (OIP)

From: Brian David Hill

Fax ID: 276-790-3505

**FOIA Appeal #**
**DOJ-AP-2017-002520**

--Letter with Newly Discovered Evidence to Office of Information Policy citing Legal Basis to Support FOIA Request and Appeal--
*******Freedom of Information Act Appeal*******
FOIA Appeal # DOJ-AP-2017-002520
APPEAL and Response to FOIA Request to Executive Office for United States Attorneys – Re: FOIA-2016-03570
Tuesday, April 4, 2017 - 02:20 AM
-----
ATTN: Director
Office of Information Policy (OIP)
United States Department of Justice
1425 New York Avenue, NW, Suite 11050
Washington, DC 20530-0001
Phone: (202) 514- 3642 (FOIA) | Fax: (202) 514-1009
// OGIS Mediation Case No. 201701674
Office of Government Information Services
National Archives
8601 Adelphi Road-OGIS
College Park, Maryland 20740-6001
Phone: (202) 741-5770 | Fax: (202) 741-5769

CC: Office of the Inspector General
Phone: (202) 514-3435 | Faxed to: (202) 514-4001
CC: Office of Professional Responsibility
Phone: (202) 514-3365
Faxed to: (202) 514-5050

**URGENT**

RECEIPT CONFIRMATION REQUESTED

--Letter with Newly Discovered Evidence to Office of Information Policy citing Legal Basis to Support FOIA Request and Appeal--
*******Freedom of Information Act Appeal*******
FOIA Appeal # DOJ-AP-2017-002520
APPEAL and Response to FOIA Request to Executive Office for United States Attorneys – Re: FOIA-2016-03570
Tuesday, April 4, 2017 - 02:20 AM

| ATTN: Director<br>Office of Information Policy (OIP)<br>United States Department of Justice<br>1425 New York Avenue, NW, Suite 11050<br>Washington, DC 20530-0001<br>Phone: (202) 514- 3642 (FOIA)<br>Fax: (202) 514-1009<br>FOIA Appeal Case No. DOJ-AP-2017-002520 | // OGIS Mediation Case No. 201701674<br>Office of Government Information Services<br>National Archives<br>8601 Adelphi Road-OGIS<br>College Park, Maryland 20740-6001<br>Phone: (202) 741-5770<br>Fax: (202) 741-5769 |
|---|---|
| CC: Office of the Inspector General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W., Suite 4706 | Washington, D.C. 20530-0001<br>Phone: (202) 514-3435<br>Faxed to: (202) 514-4001 |
| CC: Office of Professional Responsibility<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W., Suite 3529 | Washington, DC 20530-0001<br>Phone: (202) 514-3365<br>Faxed to: (202) 514-5050 |

Dear Office of Information Policy (OIP), Re: Case No DOJ-AP-2017-002520,

I have just received newly discovered evidence that further backs and proves my claim that the North Carolina State Bureau of Investigation (N.C. SBI) was involved in my Federal Case. That would mean that there would be some kind of report within the U.S. Attorney's official case records aka the case file concerning my indictment and the prosecution against me.

I have just received yesterday, on April 3, 2017, a FOIA response envelope from the FOIA Office of the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE). They released five pages of material, and one such page references the involvement of the SBI in my criminal indictment and arrest by U.S. DHS Special Agent Brian Dexter who works in Winston-Salem for the U.S. Department of Homeland Security, ICE's Homeland Security Investigations (HSI). They never flagged my ex-IP Address for suspected illegal activities, which further proves that the entire criminal case was cooked up by the Mayodan Police Department, and the N.C. State Bureau of Investigation (SBI) that has a history of manufacturing evidence or doctoring up forensic evidence. The SBI using questionable forensic work in my particular case.

I shall cite from a 1-Page excerpt of the five-page FOIA records release. ROI and any other identifiable number is redacted, so you may ask to verify the authenticity of the attached "newly discovered evidence" by asking the ICE FOIA Office to give you a copy of the 5-page found records pursuant to FOIA Request # 2016-ICF0-5815.

*2016-ICF0-5815 FOIA records release (12/22/2016 09:58 EST, Page 2 of 2): "On 12/20/2013 at approximately 1300 hours, Brian David Hill was taken into custody by SA[(k) {] with HSI And IFO SA[(k)(2) with <u>NC SBI</u> at the Martinsville Memorial Hospital in Martinsville, VA..."*

So it does admit that it did say "NC SBI" which of course stands for the North Carolina State Bureau of Investigation. This further proves that my Federal indictment was partially caused by the testimony and/or any evidence created or reported by SBI Special Agent Rodney V. White, and that is pertinent to my criminal case and discovery packet. Pertinent to my original FOIA Request with the EOUSA, which I am appealing.

Just to state on the record to the U.S. Department of Justice, it stated that I made possible threats of violence against the law enforcement of Mayodan, NC, which is <u>exaggerated in my truthful opinion</u>. At that time I was contemplating committing suicide after I had found out in December of 2013, that there was a Warrant for my Arrest. I knew I was being framed with child porn and that I would get a Public Defender who I knew would not do anything to prove my Innocence, so it was logical for me to mentally break down, attempt to commit suicide. The HSI report makes it sound like I threatened Mayodan Police, but the truth was I was in a bad situation because I knew I was being framed with child porn and thought my young life was going to end at age 23. That is why <u>I am fighting right and left to prove my Actual Innocence so that I can keep my sanity and not just kill myself.</u> So for them to allegedly claim that I threatened against "law enforcement of Mayodan, NC, is <u>exaggerated and just another attempt to further ruin my life.</u> I know for a FACT that <u>I was the target of Mayodan Police because of writing articles about their selfish Town Attorney and State Senator Philip Edward Berger Senior</u> while <u>his son was District Attorney over that same County</u> so it was a <u>conflict of interest</u> (COI) for him to even be involved in my child porn case. He was involved until it was turned over to the U.S. Attorney and copy given to the Rockingham County DA which was none other than Phil Berger Junior who didn't attempt to recuse himself, so that means he was involved until it was filed with the U.S. Attorney, biased and partial.

I am willing to admit whatever is the truth, because I am not a pedophile, I am innocent. I almost committed suicide in 2013 because I am not a pedophile and <u>knew that Mayodan Police was going to assassinate my character by lying about me</u> and <u>getting Dept. of Homeland Security HSI involved</u>. HSI even ended their investigation shortly after arresting me. They didn't feel it was worth taking over the investigation that was started by the District Attorney Office of Phil Berger Junior, Reidsville, NC Police Detective Robert Bridge whom his sister works for the District Attorney, and Mayodan

Police Department, all of them which are connected to one or more family members of the Phil Berger political Family in North Carolina.

Anyways, I have found out that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits my Habeas Corpus rights under filing a Section 2255 Motion. I am citing the 1-year deadline to file any ground other than Actual Innocence. That time has passed so I have no right to bring up any of my Due Process deprivation while I was incarcerated. My only option left is proving my Actual Innocence.

<u>I cannot PROVE MY ACTUAL INNOCENCE without access to my entire criminal case discovery packet concerning any and all materials that would be favorable to the Defense</u> and would concern possible evidence of guilt in my case. Under Brady v. Maryland, I am entitled by-law and my rights under the Fourteenth Amendment, to the entire discovery packet of evidence concerning what was used to convince a Grand Jury that I am guilty of possession, and that I now have the burden of proving the Affirmative Defense of "Frame Up" which is Actual Innocence. The whole PURPOSE of my FOIA Request filed with the U.S. Attorney Office of Greensboro, NC, and the Executive Office for U.S. Attorneys (Citing FOIA Request no. FOIA-2016-03570), was ONLY TO PROVE MY ACTUAL INNOCENCE by coming up with the Affirmative Defense of Frame Up. Under the 2255 Motion and the rules of filing such Motion, I really only have the privilege of filing this MOTION for one time only, and by failing would mean that I would have no right to file a second or successive 2255 Motion upon being granted such right by the U.S. Court of Appeals of the Fourth Circuit. I only have one chance to file a 2255 Motion. I need to build a case of Actual Innocence, to build FACTS concerning my innocence. I cannot build facts without getting access to or a copy of my "confession Audio CD" which I also specifically requested in my original FOIA Appeal. I also had requested the SBI Case File by Special Agent Rodney V. White. Both of those are the most-needed records to build a successful case of Actual Innocence. If the FOIA Appeal fails, then all of my Constitutional rights thanks to misappropriation of the Adam Walsh Act, and the Anti-Terrorism and Effective Death Penalty Act both have violated and deprived me of all Constitutional rights concerning proving my innocence to a crime that I was indicted on. I need all of the discovery packet that the U.S. Attorney Office has in their records. Without any evidence to build a case before filing my 2255 Motion, it will highly likely fail without any credible factual claims since the evidence is secretly withheld from me in full (WIF). I have a right to all of my discovery packet to prove my Innocence.

Thank You & Sincerely,
Brian D. Hill
*Brian D. Hill*
Signed
U.S.W.G.O.
Former news reporter & Founder of USWGO Alternative News
Home Phone #: (276) 790-3505
310 Forest Street, Apt. 2. Martinsville, VA 24112

Attachment/Enclosure:
1. 2016-ICFO-5815 FOIA record (12/22/2016 09:58 EST, Page 2 of 2) – <u>1-Page Excerpt</u>

## DETAILS OF INVESTIGATION

DETAILS OF INVESTIGATION:

Homeland Security Investigations (HSI), Resident Agent in Charge (RAC) Winston-Salem has opened this case to track FY 2014 Child Exploitation/Pornography leads obtained through various sources. This case will document actions taken related to various generated leads developed within the Area of Responsibility.

On 12/20/2013 at approximately 1300 hours, Brian David HILL was taken into custody by SA (k)( with HSI and TFO SA (k)(2) with NC SBI at the Martinsville Memorial Hospital in Martinsville, VA on an outstanding federal arrest warrant. HILL was indicted in the Middle District of NC for the possession of child pornography. SA (k)( was advised by SA (k)(2) that HILL made threats of violence against law enforcement officers in Mayodan, NC to hospital personnel.

HILL was released from the above named facility by the attending physician and transported to the Forsyth County Jail in Winston-Salem, NC without incident at approximately 1445 hours. HILL was turned over to the jail facility with medical instructions and medication provided by the attending hospital. HILL had no complaints of injury or current medical problem when left in the jail's custody other than an ongoing diabetic condition. SA (k)(2) retained HILL's property for return to his family at the initial appearance on 12/23/2013.

HILL was provided a copy of the arrest warrant before being transported to Winston-Salem, NC.

NO FURTHER INFORMATION TO FOLLOW

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| FY 2014 CHILD EXPLOITATION LEADS | (k)(2)(b)(7)(F) | 1/7/2014 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of this document.

2018-ICFO-58156  5 of 5



U.S. Immigration
and Customs
Enforcement

March 30, 2017

Brian Hill
310 Forest Street
Apt. 2
Martinsville, VA 24112

RE: ICE FOIA Case Number 2016-ICFO-58156

Dear Mr. Hill:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated September 02, 2016, for all records maintained by ICE/HSI pertaining to BRIAN DAVID HILL, DOB 05/26/90 SSN:591-98-xxxx and any investigations regarding the use of IP address: 24.148.156.211 (Date Range for Record Search: From 05/01/2012 To 08/31/2012).

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

A search of the ICE Homeland Security Investigations (HIS) for records responsive to your request produced 5 pages that are responsive to your request. After review of those documents, ICE has determined that 0 pages will be released in their entirety. Portions of 5 pages will be withheld pursuant to Exemptions of the Privacy Act and FOIA as described below. Additionally, ICE was unable to locate any records pertaining to the use of IP address: 24.148.156.211.

**Privacy Act Exemption (k)(2)** protects investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of DHS employees contained within the documents.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you are not satisfied with the response to this request, you have the right to appeal following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security
> 500 12th Street,, S.W., Mail Stop 5900
> Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of the FOIA and Privacy Act allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge.[3]

---

[3] 6 CFR § 5.11(d)(4).

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office refer to FOIA case number **2016-ICFO-58156**. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*[signature]*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 5 page(s)