CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL - 6 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

BRIAN DAVID HILL,                    )
                                     )
    Plaintiff,                     )
                                     )
                                      )      Case No.: 4:17-cv-00027
v.                                   )
                                     )      **ORDER**
EXECUTIVE OFFICE FOR                 )
UNITED STATES ATTORNEYS, *et al.*,   )
                                     )      By: Hon. Jackson L. Kiser
    Defendants.                    )             Senior United States District Judge
                                     )

---

Plaintiff Brian David Hill has filed a second Motion asking this Court to request an attorney to represent Plaintiff in this matter. [ECF No. 23]. I denied Plaintiff's first request. [ECF No. 16]. Plaintiff is diagnosed with autism and, according to his physician, his condition "limit[s] his ability to be in social situation[s] [sic] or among people and do work." [ECF No. 23-1]. In his first motion, Plaintiff only stated that he is "severely limited in legal knowledge" and would require counsel. Plaintiff now argues that while he is able to draft appropriate pleadings from home, his autism-related anxiety causes "verbal deficiencies" that will "make it difficult . . . to argue law correctly at hearings and trial proceedings." (Mot. to Appoint Counsel, p. 5 [ECF No. 23].)

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Such requests should only be granted under exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296 (1989). As I noted in my previous Order, such circumstances are not present here. A court must consider two factors: (1) the complexities of the legal issues presented and (2) the ability of the plaintiff to present their

- 1 -

claim(s). *Whisenant*, 739 F.2d at 163. This case presents straightforward issues under the Freedom of Information Act ("FOIA"). Either the government produced all requested documents it could legally provide, or it did not. Moreover, discovery is typically limited in FOIA cases absent a showing that the government has acted in bad faith. *See Justice v. I.R.S.*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011). I understand that it may be more difficult for a person living with autism to present their claims in open court, and the Court can provide reasonable accommodations where necessary. Thus far, however, Plaintiff has competently and professionally advocated on his own behalf. At the very least, Plaintiff should be able to seek out counsel on his own. The circumstances of this case do not warrant the Court's intervention in obtaining counsel for Plaintiff.

Accordingly, the Motion is **DENIED**.

The clerk is directed to forward this Order to Plaintiff and all counsel of record.

Entered this ____ day of July, 2017

SENIOR UNITED STATES DISTRICT JUDGE