In the United States District Court

For the Western District of Virginia

Roanoke Division



CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 1 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

Brian David Hill
Plaintiff(s)

v.

Executive Office for United States Attorneys
(EOUSA)
&
United States Department of Justice (U.S. DOJ)
Defendant(s)

Civil Action No. 4:17-cv-00027
ATTN: Hon. Magistrate Judge
Robert S. Ballou

# MOTION REQUESTING <u>PRETRIAL STATUS CONFERENCE</u> FOR DISCOVERY MATTER

## MOTION AND BRIEF IN SUPPORT OF THIS REQUEST

NOW COMES, the plaintiff ("Brian D. Hill"), representing himself, and hereby respectfully moves the Court to have a Pretrial Status Conference for the discovery matter as per the Judge's pretrial order (See Doc. #11). This is pursuant to the pretrial order, "*All pretrial discovery motions and issues are hereby referred to Magistrate Judge Robert S. Ballou for cases filed in the Danville, Lynchburg and Roanoke divisions*". The Plaintiff has received testimony from one of the witnesses that he has subpoenaed before the Court under Document #19-2, "*Proposed Subpoena to Appear and Testify to Christa Lemelin, Office of Government Information Services ("OGIS"),*" however it was a different OGIS employee named Nikki Gramian ("Nikki") the Deputy Director of the

1

Office of Government Information Services ("OGIS"). However that employee is only stating what the mediation services have heard from the Defendant Executive Office for United States Attorneys ("EOUSA"), which is what they have been told and/or when they had dealt with EOUSA searching for and obtaining records from the office of the U.S. Attorney for the Middle District of North Carolina.

The Plaintiff has received testimony from the Office of Government Information Services ("OGIS") that conflicts with the testimony (under Declaration) Brian David Hill (plaintiff), Kenneth Forinash ("Mr. Forinash"), Stella Forinash, and Roberta Hill. It also conflicts with the copy of the records disseminated to Attorney John Scott Coalter ("Mr. Coalter") from the U.S. Attorney of the Middle District of North Carolina (See Document #4). Of course Mr. Coalter may still have the records or has attempted to or may have already destroyed the records to cover up the truth, since Mr. Coalter has made a veiled threat to Mr. Forinash (See Declaration under Doc. #2-8) with the possibility of destroying or disposing of the copy of discovery material records that originally came from the U.S. Attorney office of Greensboro, NC, records that were subject to the FOIA. Mr. Forinash stated what Mr. Coalter had told him that "*He said an attorney is the only person that can get the files, or the files could be destroyed*". **The Plaintiff will not sit back and allow his own criminal-defense Attorney to destroy the entire copy of his criminal case discovery packet that could be used to help acquit the Plaintiff of his criminal conviction, and also will not openly allow the U.S. Attorney to remove or destroy the SBI case file and confession audio CD disc, without at least suing and**

2

**getting evidence on court record that the U.S. Attorney Office and John Scott Coalter may both be engaging in possible unlawful cover up of criminal case evidence to force the Plaintiff to remain falsely as a registered sex offender and be a victim of a wrongfully convicted miscarriage of justice in the federal circuit.**

When an agency has control of records subject to the FOIA, it is not just of records that the agency has custody of, but records that the agency can easily get access to.

The agency happily used those records to indict and wrongfully convict the Plaintiff with a single count charge of possession of child pornography, the Plaintiff simply wants to investigate the truth on the matter of factual innocence, and since the Plaintiff had received the FOIA response packet of papers on February 18, 2017 (See Document #2-3, Pages 14 to 15, Declaration), the Plaintiff had not been given all of the records subject to the FOIA, of records within the custody and/or control of Defendant EOUSA and under the custody and/or control of the U.S. Attorney Office for the Middle District of North Carolina, in Greensboro.

In support of this request, Plaintiff establishes the facts and elements in this Motion requesting a Pretrial Status Conference to state as follows:

### I. Factual Basis

1.  The court ordered in the Pretrial Order under Doc. #11, that in paragraph "(8)
    **All pretrial discovery motions and issues are hereby referred to Magistrate**
    **Judge Robert S. Ballou for cases filed in the Danville, Lynchburg and**

3

**Roanoke divisions**; Magistrate Judge Joel C. Hoppe for cases filed in

Charlottesville and Harrisonburg divisions; Magistrate Judge Pamela M. Sargent

for cases filed in the Abingdon and Big Stone Gap divisions."

2.  The court ordered in the Pretrial Order under Doc. #11, that in paragraph "(2)

Parties shall submit a status report in the form of a letter, setting forth any

pretrial matters which need to be taken up with the Court no later than 60 days

prior to trial. **A pretrial conference will be scheduled at the request of any**

**party**."

3.  The pretrial conference has been requested in this MOTION by the Plaintiff

Brian D. Hill. The reason for such conference is for requesting the deposition of

Anand Prakash Ramaswamy to appear at the status conference on whatever date

the Magistrate Judge determines is appropriate to schedule the hearing on, to

address the conflicts of facts and/or witness statements, to determine whether

such conflicts can be resolved by questioning Anand Prakash Ramaswamy and

get to the bottom of the issues and get to the truth of the matter, and to address

the issue of all filed subpoenas that Plaintiff has filed and referred to the

Honorable U.S. Magistrate Judge Robert S. Ballou. Those subpoenas have not

been signed as of yet, and have not been served, so the Plaintiff wishes to

confirm whether the Magistrate Judge has agreed to request/order that his

chamber Clerk sign all of or a portion of all filed subpoenas directed to the

Magistrate Judge. The Plaintiff wants to ask the Court if the Chamber Clerk has

agreed to sign the subpoenas. If the Court still needs a good reason as to why a

4

portion of or all such subpoenas need to be signed and served by an officer of the Court (U.S. Marshals Service ("USMS")), pursuant to the in forma pauperis statute (28 U.S.C. §1915(d), that "*The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.*") then the Plaintiff will give good explanations and explain to the Magistrate Judge that all subpoenas are relevant to the trial proceeding, and will help to establish the facts before the trial proceeding, and allow cross examination of witnesses, and determine whether the U.S. Attorney Office of Greensboro, NC, has violated the FOIA, and acted arbitrarily or capriciously and have acted inappropriately in withholding records (Citing Page 7 of Doc. #2 COMPLAINT) (***The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. 552(a)(4)(F)***)

4.      On the letter that Plaintiff received from Nikki of OGIS, she stated on record that "*We specifically inquired about the **audio recording** and **the SBI records cited in your submission. EOUSA informed OGIS that USAO-MDNC did not have the SBI records or the audio file you seek**. If you have not done so already, you may wish to submit a FOIA request to the Federal agency that*

5

investigated your case or the **North Carolina State Bureau of Investigation** to obtain the specific records you seek." So Defendant EOUSA has claimed that the U.S. Attorney Office ("USAO") for the Middle District of North Carolina ("MDNC") in Greensboro, does not have the "SBI case file" and "audio recording" aka the confession Audio CD that was originally used to indict and wrongfully convict the Plaintiff. That statement right there conflicts with what was witnessed by Kenneth R. Forinash (U.S. Air Force Veteran), Stella Forinash, Roberta Hill, and Brian David Hill. Four witnesses testified under Oath in a 2-page Declaration under Document #2-3, in pages 14 to 15, that the SBI Case file and Confession Audio CD was missing from the FOIA response packet from Defendant EOUSA. Under Document #12-1, which is 10 pages, Plaintiff states under Oath in his Declaration as to what he had read in Mr. Coalter's office on January 22, 2015. That was the discovery records, a copy of what was supposed to still remain as criminal case files/records at the USAO for the MDNC. They either lied to and/or deceived the Defendant EOUSA or certain specific records were covered up or concealed in anticipation of responding to Plaintiff's FOIA request, and/or in anticipation of responding to Plaintiff when he files the 2255 Motion on the ground of actual innocence as he had stated verbally at the June 30, 2015, hearing for his criminal case in the U.S. District Court for the Middle District of North Carolina. The records that were missing from the FOIA response packet plays a vital role in whether a 2255 Motion should be filed to overturn the criminal conviction of Plaintiff based on

6

the fact that SBI Special Agent Rodney V. White stated in his forensic report that "*from the analysis, this record showed that 454 files had been downloaded with the eMule program between July 20, 2012, and July 28, 2013. This record also showed that files were shared with other users and the number of times each file was shared.*" So the Plaintiff is being held accountable for child pornography files downloading while **11 months in the custody of law enforcement** since execution of the Search Warrant in August 28, 2012, and the false confession that was made on August 29, 2012, shortly after. That confession was also used to coerce the Plaintiff into giving up his Constitutional rights pertinent to a criminal trial by Jury and falsely plead guilty putting him at risk of a perjury charge, when the evidence used to indict and help convict the Plaintiff is highly questionable and should have been challenged at the Jury trial and before the criminal trial at pretrial proceedings. Because of ineffective Counsel none of it was ever challenged because of colluding with the U.S. Attorney Assistant named Anand Prakash Ramaswamy to make sure that the Plaintiff falsely takes the guilty plea on such questionable evidence. Under Declaration exhibited in Document #12-5, Filed 06/12/17, pages 1 to 4, three witnesses also confirm and affirm the truth that the SBI case file was in Mr. Coalter's custody and control (a copy of what was originally from the U.S. Attorney Office for the Middle District of North Carolina) had page IV from NC SBI Agent White's report that child pornography had downloaded between the dates of July 20, 2012, and July 28, 2013. This is a criminal admission that child

7

porn had downloaded to Plaintiff's Laptop while in the custody of law

enforcement, which may have been forewarned in the various threatening emails

that Plaintiff had received from tormail.org. **It isn't surprising that those**

**records were missing from Defendant EOUSA's FOIA response packet, as**

**that one page states that the State Bureau of Investigation and/or Mayodan**

**Police Department may have shared and downloaded child pornography**

**with the eMule program (*whether it was hacked by a computer hacker or run***

***by consent and knowledge of whomever had custody of Plaintiff's Black***

***Toshiba Laptop Computer, Satellite C655D*) all the way up until July 28,**

**2013.** That right there is a questionable and may even be an impeachable claim.

This draws Plaintiff's criminal conviction into serious question and yet

Plaintiff's criminal defense lawyers John Scott Coalter and Eric David Placke

completely ignored those download date claims and persuaded the Plaintiff to

plead guilty and stick with the guilty plea. It also states that the Plaintiff had no

"files of interest" aka no child pornography files found on his ASUS Eee PC

Netbook computer and yet falsely claimed to the Detectives that child porn was

on his Netbook that they didn't get in their search and seizure of Plaintiff's

computer equipment pursuant to the August 28, 2012 Search Warrant. That

Search Warrant was also missing from the FOIA response packet. It is ironic

that Nikki of OGIS stated that Plaintiff would have to file a FOIA request with a

federal agency or the North Carolina State Bureau of Investigation ("SBI"), as

they said in a letter to Plaintiff that they will not give him a copy of what was

8

used to indict him and what would publicly be used against him at a Jury Trial to try to convict the Plaintiff. The N.C. SBI said under Document #2-2, Page 34, Page 36, and Page 37, in writing that "*Again, you would need to work with **your trial counsel** or the **District Attorney's Office** to **obtain a copy of the SBI file** in this matter.*" The leaked SBI case file picture of a document on archive.org, as Exhibited (**Exhibit 5** of **original Document #2 complaint**) under Doc. #2-5, though hard to read due to the way it was filed in black and white, still says "CERTIFICATE OF DELIVERY", "STATE BUREAU OF INVESTIGATION" and "CASE FILE". It also says under that Exhibit that "SBI Case File #2012-02146, Subject/Suspect(s) is Brian David Hill. The Plaintiff can bring a colored printed copy of all three leaked images from the archive, since his family has saved those images locally for him to present in this lawsuit while continuing to obey his conditions of Supervised Release. The Plaintiff wants the Judge to know that the record should in fact exist at the USAO for the MDNC, shows that the U.S. Attorney has either lied or covered up evidence in anticipation of Plaintiff's planned 2255 Motion on Actual Innocence and/or his FOIA request for such records. The leaked image shows the signature of the Special Agent for the SBI, and shows the name of whom the case file was delivered to which was "AUSA A. Ramaswamy" on "10/23/13." Of course in the Evidence Video DVD under Exhibit 6 (Document #2, #10 aka #2-10, **DVD for Clerk Marked as Exhibit 6 (Available for Viewing in Clerk's Office**) of the original complaint, the Plaintiff thought it had said "AUSA P. Ramaswamy" which is an easy

9

mistake since his name is Anand Prakash Ramaswamy. In the certificate of

delivery, it shows that the District Attorney that was designated to receive the

SBI Case File of the Plaintiff was the Assistant U.S. Attorney Anand Prakash

Ramaswamy. Anyways the leaked image does indeed show that the USAO for

the MDNC of Defendant EOUSA and Defendant United States Department of

Justice ("U.S. DOJ"), should have those missing records which is subject to the

FOIA. The USAO for MDNC has either lied about the records not existing or

has covered up, concealed, or destroyed the records sought under the FOIA.

5. On the letter that Plaintiff received from Nikki of OGIS, she stated on record

that "*In your case, EOUSA's FOIA office reviewed your request and tasked the*

*U.S. Attorney's Office in the Middle District of North Carolina (USAO-MDNC)*

*with a search for responsive records. USAO-MDNC provided the FOIA unit*

*with all of the records responsive to your request and informed the FOIA unit*

*that it was unable to release your PSR because it is under seal.*" So Defendant

EOUSA has changed their story since the FOIA response packet and the FOIA

Appeal decision under Document #4-6. On Document #2-3, Page 13 of 15, aka

the FOIA response packet letter from Defendant EOUSA of Defendant U.S.

DOJ, stated in a February 16, 2017 letter that "*A copy of your Pre-sentence*

*Investigation Report (PSR) has been found in the material located in a United*

*States Attorney's Office.*" Another sentence excerpted from that letter stated that

"*It appears that you are an inmate in a Federal correctional facility, which is*

*under the jurisdiction of the Bureau of Prisons. Access to your PSR therefore*

10

*will be granted in accordance with the enunciated policy of the Bureau of Prisons.*" The last excerpt of a paragraph contained within that exact letter stated that "*The Bureau of Prisons policy with respect to Pre-sentence Reports is that effective November 2, 2002, for safety and security reasons, inmates in Federal correctional facilities may not obtain or possess photocopies of their Pre-sentence Reports*". The FOIA response letter stated a falsehood, an error, or misinterpretation of the facts based upon the assumption or false information stated that the Plaintiff was an inmate at the time that Plaintiff filed his original FOIA request. Now first of all, Federal Bureau of Prisons ("BOP") don't normally have digital fax services, and second the BOP does not usually give inmates' access to a personal computer Word Processing Program ("WPP") such as Microsoft Office, Microsoft Word, or even OpenOffice. The FOIA request letter looked computerized, like from a WPP. The FOIA Appeal letters filed by Plaintiff also looked computerized from a WPP and they used Declarations and citing evidence exhibits which are also not usual from a BOP inmate. Also if you notice in the evidence Exhibits of Plaintiff's faxes, they were done using VentaFax, which is a computer FAX program/software that operates on a Windows Operating System (OS") that was created by Microsoft Corporation. VentaFax would have never been used in a BOP environment and federal inmates can't just get on a computer unsupervised, install VentaFax faxing software, and start sending faxes from a prison. Therefore the FOIA response letter and the Appeal letter (See Document #4-6) both deceptively state that

11

Plaintiff is supposed to contact the BOP for getting access to his PSR which is also called the PSI aka the Presentence Investigation ("PSI") Report. PSI or PSR, whatever terminology the Plaintiff has used in the entire FOIA request, Appeal, and/or litigation, it is quite clear that the Defendants' story has changed in regards to the PSR/PSI. Nikki from OGIS has stated that "*the FOIA unit that it was **unable to release your PSR because it is under seal**.*" Yes it may be under seal under Document #33 in the Middle District of North Carolina case, United States of America v. Brian David Hill, case # 1:13-cr-435-1, "SEALED PRESENTENCE INVESTIGATION REPORT – FINAL as to BRIAN DAVID HILL. (Whitten, Dana) (Entered: 09/16/2014)". Yes it may be under seal, as what was told to the OGIS, but see that was never brought up in the FOIA response letter from Defendant EOUSA's FOIA unit. That was never brought up in the FOIA Appeal decision letter from the Office of Information Policy ("OIP") of Defendant U.S. DOJ. **Why did they never corrected their false or erroneous claim that Plaintiff had currently been in an inmate in a federal correctional institution/facility at the time of the FOIA Request? Why was it only to the OGIS mediation staff that they finally admit that the PSR/PSI of the Plaintiff is under seal which is the truth according to the Docket sheet of Plaintiff's criminal case under Document #33?** So the truth is finally out but only in a letter from a mediation deputy director of OGIS named Nikki Gramian (**Exhibit 1**). The OIP and Defendant EOUSA's FOIA unit had never corrected their false statement to what was told to the Plaintiff. The false

12

statement that Plaintiff Brian David Hill was an inmate at a federal correctional facility under the jurisdiction of the Federal Bureau of Prisons, at the time of his FOIA request and appeal. That shows a change of stories. First it is that the Plaintiff was falsely a federal inmate at a prison when the truth was that the Plaintiff was on Federal supervised release by the United States Probation Office ("USPO") during his FOIA request and appeal, and still is on supervised-release until his conviction is overturned. Then second it changes the story again to the correct version that the PSR cannot be released "because it is under seal." However that was not mentioned to the Plaintiff in the FOIA response and FOIA appeal decision letter. Plaintiff had to get the truthful response from the OGIS at around July 8, 2017 (letter dated around June 29, 2017). That letter was also "cc: EOUSA FOIA Office". So Defendant EOUSA's FOIA Office gets a letter of the truth that the Plaintiff cannot get a copy of his PSR simply because it is sealed in the Criminal Court record under Document #33, yet that was never mentioned in the FOIA response letter. It shows the disinformation and/or lack of accurate and honest information in the U.S. Attorney Office, when they clearly have an agenda to keep the criminal defendant convicted for as long as possible, even if such criminal defendant may be innocent of their charges. Therefore **Exhibit 2** will be attached to this Motion showing proof of Plaintiff's criminal case docket sheet, thus proving that John Scott Coalter, Anand Prakash Ramaswamy, the sealed PSR, and other relevant documents are all listed, and thus proves the Plaintiff's claims.

13

6.    The Plaintiff asks that since he will not have the assistance of Legal Counsel at the pretrial status conference, that Plaintiff's Autism Spectrum Disorder ("ASD") and Type 1 brittle diabetes be taken into account at the pretrial status conference proceedings. Meaning that the Plaintiff's behavior, even if his behavior is not that of a normal person or lawyer, not have any negative repercussions on the Plaintiff as long as the Plaintiff is compliant with the judge's orders and orders of the U.S. Marshals. If the Plaintiff does not look at the Judge straight in the eyes or forces his eyes to look at the Judge, that is apart of Plaintiff's Autism and the training to help with his social/verbal skills, but **the Plaintiff cannot make away with his neurological disability**. The Plaintiff has a mental and neurological disability that the Court needs to take into account. Since the Honorable Judge Jackson Kiser rejected the Plaintiff's second Motion asking for assistance of Counsel (See Document #25 and Document #23), the Plaintiff asks the Court make the appropriate reasonable accommodations where necessary. **Therefore Plaintiff asks the Honorable U.S. Magistrate Judge to allow the Plaintiff to raise his right-hand during the pretrial status conference when:** (1) His diabetic blood sugar is low and thus he needs the Court to go into temporary recess, then he needs the assistance of a deputy U.S. Marshal to direct him to an area in the federal building to which he can get access to any beverages and/or food which contain fast acting sugar/glucose, since it is an urgent medical issue that needs immediate attention otherwise can turn into an emergency. His low blood sugar puts him at risk of fainting or

14

blackout, a diabetic seizure if not treated by glucose, not being able to think properly and not be able to argue properly, and can lead to hospitalization and/or death if untreated for a certain time period. Then once he treats his low blood sugar and is confirmed to be over 100 on his blood glucose monitor, then the Plaintiff can inform the officer of the Court aka the deputy U.S. Marshal that his blood glucose/sugar is back under control and can resume the hearing. If the Plaintiff still cannot think properly and needs more time, and the presiding Magistrate Judge cannot possibly recess for any more time, then the Judge can schedule the rest of the hearing on another day to finish up the issues for the rest of the proceeding. (2) The Plaintiff needs to raise his hand if he has a valid objection to what the Defendants' Attorney says at the status conference. (3) The Plaintiff has another medical issue that needs tending to, such as needing to use the restroom since his bladder can run as apart of his diabetes and other health issues. (4) The Plaintiff asks to also be able to raise his hand if he has an important comment or likes to present any additional evidence that he believes the Court really needs to hear, or verbally bring up an issue that he thinks is important for the Judge and/or the other party to hear in the hearing. **The Plaintiff simply asks that the Court do not use his body-language against him, and allow the Plaintiff more time to think to answer a question directed at him, since the Plaintiff's brain functions differently due to his Autism.** The Plaintiff might remember something at a later time in a hearing that he couldn't think of at the time a question was directed at him. So Plaintiff

15

asks both the U.S. Magistrate Judge and the Defendants' Attorney to evaluate Documents #23-2, #23-1, and #12-4 prior to the requested status conference, and prepare this information to make sure that the Court takes into account Plaintiff's behavior, body language, and verbal arguments or even his sophisticated echolalia as apart of the Plaintiff's Autism and Type 1 Diabetes, and not use that against him, since using his Autistic behavior against him would make it unfairly to require the Plaintiff to appear before a hearing without a lawyer to assist him, while using his own autism against him. Plaintiff's Autism and Diabetes should be taken into account and the Court should prepare to order a recess when the Plaintiff has low blood sugar or has to run to the restroom as apart of the Plaintiff's health problems.

7. The Plaintiff files a suggested subpoena request to the Court (**Attachment 1**), to depose Anand Prakash Ramaswamy to appear at the requested pretrial status conference to answer questions of the Plaintiff, and can be cross examined and/or be questioned by Defendants' Attorney as to the conflict of claims and conflict of facts that are raised in this Motion. **To make it cheaper and cost effective to the Government, the Plaintiff advises that Anand Prakash Ramaswamy can carpool with Attorney Cheryl T. Sloan to the requested hearing when the Magistrate Judge orders a date for that hearing. If the other side objects to the deposition then in alternative Plaintiff asks for a written deposition and/or that the Defendants' Attorney honestly answer the interrogatories that they did receive on June 21, 2017 at 11:10AM. The**

16

**Defendants' Attorney also received the discovery request letter on June 12, 2017. So if the Court and the defendants' Attorney doesn't wish to mandate a deposition of Anand Prakash Ramaswamy to testify, then the Plaintiff asks that the Court order the Defendants' Attorney to complete the interrogatories and the discovery request letter to comply with the Federal Rules Of Civil Procedure.**

Attachments to this MOTION in support of MOTION and BRIEF:

- **Attachment 1**: Proposed Subpoena for Anand Prakash Ramaswamy, that Federal prosecutor that had originally convicted Plaintiff Brian D. Hill, which should be the one in charge of disseminating records as to the criminal case discovery of the Plaintiff, and knows what had happened to the records that were requested via the FOIA.

- All Exhibits below are declared under Oath and are listed in the Declaration attached to this MOTION. Exhibits 1 and 2 will both provide evidence to the Court on Plaintiff's claims in this Motion.

**The plaintiff hereby request that the Honorable U.S. Magistrate Judge Robert S. Ballou grant this MOTION and so ORDER a pretrial status conference to be scheduled on a date that the Judge can schedule such hearing. The Plaintiff does exhibit good cause as to why the Court should have a pretrial status conference aty the request of the Plaintiff. Therefore, the Plaintiff asks this Court to grant this MOTION. Thanks!**

Plaintiff also requests with the Court that copies of this Motion and Brief be served upon the Government as stated in **28 U.S.C. §1915(d)**, that "The **officers of the court shall issue and**

serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases. Plaintiff requests that copies be served with the defendants' and the U.S. Attorney office of Roanoke, VA and AUSA Cheryl T. Sloan via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

This MOTION requesting the pretrial status conference and Brief is respectfully filed with the Court, this the 10th day of July, 2017

Date of signing:

*July 10, 2017*

Respectfully submitted,

*Brian D. Hill*
~~Signed~~ Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

## Declaration of Plaintiff Brian David Hill in support of MOTION REQUESTING PRETRIAL STATUS CONFERENCE FOR DISCOVERY MATTER

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. Attached hereto as <u>Exhibit 1</u>, is a true and correct copy of the envelope and 2-page letter from Nikki Gramian ("Nikki") the deputy director of the Office of Government Information Services ("OGIS"). This letter is from OGIS that had conducted mediation services as requested from Plaintiff so that it is apart of Plaintiff's FOIA appeal, even though OGIS is an independent mediation services that is under the National

18

Archives and Records Administration ("NARA") to aid in mediating between the FOIA requester that has an issue and the agency at issue of which the requester requested records via the FOIA, assuming that is what OGIS does to state it simply. This letter and envelope is <u>3-Pages total</u>.

2. Attached hereto as <u>Exhibit 2</u>, is a true and correct copy of the <u>13-Page</u> criminal case Docket sheet of the case United States of America v. Brian David Hill, case #: 1:13-cr-435-1, in the United States District Court for the Middle District of North Carolina. That Docket sheet had been saved on September 22, 2015, by a PACER account belonging to Kenneth R. Forinash when that had last been checked in September, 22, 2015, and a copy was given via PDF format to myself to store in my case records. So this Docket sheet proves to the Court and the Magistrate Judge that John Scott Coalter was involved in the matter to which Plaintiff had requested the records under the FOIA, it proves that AUSA Anand Prakash Ramaswamy of the U.S. Attorney Office for the Middle District of North Carolina was also involved in the very criminal case to which the FOIA request for such discovery records had been based upon. The Docket Sheet also proves that Document #33 in the docket sheet listing is the sealed Pre-sentence Investigation Report ("PSR" or "PSI") to which backs the testimony of what was said to Nikki Gramian ("Nikki") the deputy director of the Office of Government Information Services ("OGIS"), while the Executive Office for United States Attorneys ("EOUSA") said in their FOIA response letter that Brian David Hill was an

19

federal inmate (assuming at the time of the FOIA request) under the jurisdiction of the Federal Bureau of Prisons and had to ask his Unit Team for the PSR, <u>when that wasn't a truthful statement since the Plaintiff was on federal supervised release and not an federal inmate</u> at the time the FOIA request was filed with the EOUSA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *July 10, 2017*

*Brian D. Hill*
~~Signed~~ **Signed**

**Brian David Hill (Pro Se)**
**Former news reporter & Founder of USWGO Alternative News**
**Home Phone #: (276) 790-3505**
**310 Forest Street, Apt. 2. Martinsville, VA 24112**

**USWGO**

20

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I filed the foregoing
**MOTION REQUESTING PRETRIAL STATUS CONFERENCE FOR DISCOVERY MATTER -- MOTION
AND BRIEF IN SUPPORT OF THIS REQUEST**
**+ Exhibit 1: A copy of the received letter from Office of Government Information Services.**
**+ Exhibit 2: A copy of the Sept. 22, 2015 criminal case docket sheet of United States v. Hill.**
**+ Attachment 1: Proposed Subpoena to Anand Prakash Ramaswamy (ao088)**
was filed with the Clerk of the Court by mail via United States Postal Service, Postage prepaid.
Certified mailing Tracking # 7016-0600-0000-8319-8520

A copy of this filing and attachments was also mailed to the following defendants' Attorney:

Certified Mail tracking #:
7016-0600-0000-8319-8537 – Return Receipt Tracking #: 9590-9402-2693-6351-7512-77
Cheryl Thornton Sloan
U.S. Attorney Office
Civil Case # 4:17-cv-00027
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401

Plaintiff requests with the Court that copies of this filing be served upon the defendants' as
stated in 28 U.S.C. §1915(d), that "The officers of the court shall issue and serve all process, and
perform all duties in such cases. Witnesses shall attend as in other cases, and the same
remedies shall be available as are provided for by law in other cases. Plaintiff requests that
copies be served with the defendants' via CM/ECF Notice of Electronic Filing ("NEF") email, by
facsimile if the Government consents, or upon U.S. Mail. Thank You!

*Brian D. Hill*
*Signed*                                              **Signed**

**Brian David Hill (Pro Se)**
**Former news reporter & Founder of USWGO Alternative News**
**Home Phone #: (276) 790-3505**
**310 Forest Street, Apt. 2. Martinsville, VA 24112**



21



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

7016 0600 0000 8319 8537

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Postmark
Here

Sent To *Cheryl T. Sloan, U.S. Attorney Office*
Street and Apt. No., or PO Box No. *101 S. Edgeworth St. 4th Floor*
City, State, ZIP+4® *Greensboro, NC 27401*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

7016 0600 0000 8319 8520

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Postmark
Here

Sent To *Clerk of the Court, US District Court*
Street and Apt. No., or PO Box No. *210 Franklin Road SW Ste. 540*
City, State, ZIP+4® *Roanoke, VA 24011*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:   *4:17CV27*

*Cheryl T. Sloan*
*U.S. Attorney Office*
*101 S. Edgeworth St. 4th flr*
*Greensboro, NC 27401*

9590 9402 2693 6351 7512 77

2. Article Number *(Transfer from service label)*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt