# EXHIBIT 1

For Federal civil complaint
-- MOTION REQUESTING PRETRIAL STATUS CONFERENCE FOR DISCOVERY MATTER --
MOTION AND BRIEF IN SUPPORT OF THIS REQUEST --
Brian David Hill v. Executive Office for United States Attorneys (EOUSA), United States Department of Justice (U.S. DOJ)

Civil Case Number 4:17-cv-00027



# OFFICE of GOVERNMENT INFORMATION SERVICES

June 29, 2017 — Sent via mail

Mr. Brian Hill
Apartment 2
310 Forest Street,
Martinsville, VA 24112

Re: Case No. 201701674
NG: CL

NATIONAL
ARCHIVES
and RECORDS
ADMINISTRATION

8601 ADELPHI ROAD
OGIS
COLLEGE PARK, MD
20740-6001

web: www.ogis.archives.gov
e-mail: ogis@nara.gov
phone: 202-741-5770
toll-free: 1-877-684-6448
fax: 202-741-5769

Dear Mr. Hill:

This responds to your request for assistance from the Office of Government Information Services (OGIS), which we received on February 20, 2017 via fax. Your request for assistance pertains to your Freedom of Information Act (FOIA) request to the Executive Office for U.S. Attorneys (EOUSA) of the Department of Justice (DOJ). Thank you for your patience as we handled your case.

We understand that you submitted a request (No. FOIA-2016-03570) to EOUSA for records concerning yourself. In response to your request, the agency released 68 pages to you in full and withheld 26 pages in part, citing FOIA Exemptions 6, 7(C), 7(D), and (7)(E), 5 U.S.C. §§ 552(b)(6), 7(C), 7(D), and 7(E). EOUSA's response letter also stated that you must follow the procedures described in the Federal Bureau of Prisons Program Statement No. 1351.05, Release of Information, to obtain access to your Pre-Sentence Report (PSR). You disputed EOUSA's search for responsive records because the agency did not provide you with copies of the North Carolina State Bureau of Investigation (SBI) file and a specific audio file. On appeal (DOJ-AP-2017-002520), DOJ's Office of Information Policy affirmed EOUSA's action on your request. You asked for OGIS assistance in obtaining access to the records you seek.



NATIONAL ARCHIVES

Congress created OGIS to complement existing FOIA practice and procedure; we strive to work in conjunction with the existing request and appeal process. OGIS's goal is to allow, whenever practical, the requester to exhaust his or her remedies within the agency, including the appeal process. OGIS has no investigatory or enforcement power, nor can we compel an agency to release documents. OGIS serves as the Federal FOIA Ombudsman and our jurisdiction is limited to assisting with the FOIA process. Because our jurisdiction is limited to assisting with FOIA issues, this letter solely addresses your records request to EOUSA.

OGIS provides mediation services to resolve disputes between FOIA requesters and Federal agencies. After opening a case, OGIS gathers information from the

requester and the agency to learn more about the nature of the dispute. This process helps us gather necessary background information, assess whether the issues are appropriate for mediation, and determine the willingness of the parties to engage in our services. As part of our information gathering, OGIS carefully reviewed your submission of information.

In response to your submission, OGIS staff contacted EOUSA FOIA staff to discuss the agency's action on your request and appeal. In particular, we discussed the agency's search for records responsive to your request. We are glad to share what we learned.

When a FOIA office receives a request, it logs the request into its tracking system and FOIA staff review the request to determine the office or offices mostly likely to have responsive records; any located records are then sent to the FOIA unit for processing. In your case, EOUSA's FOIA office reviewed your request and tasked the U.S. Attorney's Office in the Middle District of North Carolina (USAO-MDNC) with a search for responsive records. USAO-MDNC provided the FOIA unit with all of the records responsive to your request and informed the FOIA unit that it was unable to release your PSR because it is under seal.

We specifically inquired about the audio recording and the SBI records cited in your submission. EOUSA informed OGIS that USAO-MDNC did not have the SBI records or the audio file you seek. If you have not done so already, you may wish to submit a FOIA request to the Federal agency that investigated your case or the North Carolina State Bureau of Investigation to obtain the specific records you seek.

Federal courts have long settled that in regard to a search for documents, the crucial issue is whether an agency conducted an adequate search for a document, not whether a document *might* exist. An adequate search is conducted when the search is reasonably calculated to uncover all relevant documents. (*Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).) The adequacy of an agency's search can depend on whether the agency properly determined where responsive records were likely to be found—and searched those locations—or whether the agency improperly limited its search to certain record systems.

Although this may not be the outcome you anticipated, I hope you find this information useful. Thank you for contacting OGIS; we will now consider this matter closed.

Sincerely,

*Nikki Gramian*

NIKKI GRAMIAN
Deputy Director

cc: EOUSA FOIA Office



National Archives at College Park
8601 Adelphi Road
College Park, MD 20740-6001

OGIS-795
OFFICIAL BUSINESS

Mr. Brian Hill
Apartment 2
310 Forest Street
Martinsville, VA 24112

Received on July 8, 2017
Brian D. Hill
Signed