UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN DAVID HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 4:17-CV-00027-JLK |
| | ) |
| v. | ) |
| | ) |
| EXECUTIVE OFFICE FOR THE | ) |
| UNITED STATES ATTORNEYS, AND | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY**

NOW COMES the UNITED STATES OF AMERICA, on behalf of the DEPARTMENT OF JUSTICE ("DOJ"), and its sub-component, the EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS ("EOUSA"), or (collectively referred to as "Defendants"), through Rick A. Mountcastle, the Acting United States Attorney for the Western District of Virginia, and hereby moves to quash Brian David Hill's, ("Plaintiff"), Request for Production of Documents and Things and Set of Interrogatories (Discovery Requests), or in the alternative, to Stay Discovery. The United States respectfully shows unto the Court the following:

### I. BACKGROUND

1. Brian David Hill, (Plaintiff), commenced this Freedom of Information Act, (FOIA) case on April 25, 2017.

2. Defendants received a copy of Plaintiff's Request for Production of Documents and Things (Request for Production) and the deadline for Defendants to respond to the Request for Production is July 12, 2017.

3. Defendants received a Set of Interrogatories (Interrogatories) from Plaintiff on June 21, 2017. The deadline for Defendants to respond to the Interrogatories is July 21, 2017.

4. Defendants request that the Court quash Plaintiff's Discovery Requests because they are premature and exceed the scope of discovery usually permitted in a FOIA case or, in the alternative, to Stay Discovery at this time.

## II. DISCUSSION

### THE DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DISCOVERY REQUESTS, OR IN THE ATLERNATIVE, STAY DISCOVERY, SHOULD BE GRANTED

5. Discovery is the exception, not the rule, in FOIA cases. See, e.g., Heily v. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam) ("It is well-established that discovery may be greatly restricted in FOIA cases."); CareToLive v. FDA, 631 F.3d 336, 345-46 (6th Cir. 2011) ("Claims under the [FOIA] are typically resolved without discovery on the basis of the agency's affidavits."); Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that in a FOIA case "discovery is limited because the underlying case revolves around the propriety of revealing certain documents"); Justice v. IRS, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) (noting that "discovery is disfavored" in FOIA actions).

2

6. When discovery is sought prior to the time the government moves for summary judgment and submits its supporting affidavits and memorandum of law, courts will frequently deny the request or grant a protective order staying discovery on the grounds that it is premature. See, e.g., Mullen v. U.S. Army Crim. Investigation Command, No. 10-262, 2011 WL 5870550, at *3-4 (E.D. Va. Nov. 22, 2011) (vacating court's previous scheduling order with respect to discovery and allowing government to first file its motion for summary judgment); Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.").

7. In the limited instances where discovery is determined to be appropriate, courts ordinarily confine it to the scope of an agency's search, its indexing and classification procedures, and similar factual matters. See, e.g., Heily, 69 F. App'x at 174 (explaining that when discovery is permitted, generally it is "limited to the scope of agency's search and its indexing and classification procedures"); Carr v. NLRB, No. 2:12-0871, 2012 WL 5462751, at *4 (S.D. W.Va. Nov. 8, 2012) (finding that "[i]n the unusual case when discovery has been allowed it is often limited to the agency's search, indexing and classification procedures").

8. Discovery generally is not available "where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." See, e.g., Becker, 34 F.3d at 406 (finding that district court did not

3

err by granting summary judgment to government without addressing plaintiff's motion for discovery; explaining that judge "must have been satisfied that discovery was unnecessary when she concluded that the IRS's search was reasonable and ruled in favor of the IRS on summary judgment"); SafeCard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991) (affirming district court's decision to deny discovery as to adequacy of search, on ground that agency's affidavits were sufficiently detailed).

9. Unsubstantiated claims that an agency has acted in bad faith, are not sufficient to warrant discovery. See, e.g., Wilson v. U.S. Dep't of Transp., No. 10-5295, 2010 WL 5479580, at *1 (D.C. Cir. Dec. 30, 2010) (per curiam) (holding that "[b]ecause appellant offered no evidence of bad faith to rebut agency's affidavits, he is not entitled to discovery); Military Audit Project v. Casey, 656 F.2d 724, 751 (D.C. Cir. 1981) (affirming trial court's refusal to permit discovery when plaintiffs had failed to raise "substantial questions concerning the substantive content of the [defendants'] affidavits").

10. Courts likewise have denied discovery when the FOIA plaintiff failed to demonstrate that the discovery requested will uncover information that would create a genuine issue of material fact. See, e.g., Asarco, Inc. v. EPA, No. 08-1332, 2009 WL 1138830, at *2 (D.D.C. Apr. 28, 2009) (finding that because plaintiff "fails to show how the discovery it seeks is necessary for the resolution of a genuine issue of material fact as to the adequacy of the agency's search, its motion to engage in such discovery is denied") (magistrate's recommendation), adopted, (D.D.C. July 15, 2009).

4

11. In fact, even when an agency's declarations are found to be insufficient, courts often order the submission of supplemental information rather than resorting to discovery. See, e.g., Beltranena v. Clinton, 770 F. Supp. 175, 187 (D.D.C. 2011) (denying requests for discovery and in camera review and instead ordering agency to supplement affidavits to establish that it conducted adequate searches and to provide particularized explanations for its segregability determinations); Reich v. DOE, 784 F. Supp. 2d 15, 21 (D. Mass. 2011) (observing that "court generally will request a supplement before ordering discovery"); Jarvik v. CIA, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits.").

12. In addition, courts have denied discovery when a FOIA plaintiff attempts to probe the agency's "thought processes" for claiming particular exemptions. See, e.g., Ajluni v. FBI, 947 F. Supp. 599, 608 (N.D.N.Y. 1996) (explaining that discovery not permitted into the "thought processes of [the] agency in deciding to claim a particular FOIA exemption"); Murphy v. FBI, 490 F. Supp. 1134, 1136 (D.D.C. 1980) (stating that "discovery is limited to factual disputes . . . [and that] the thought processes of the agency in deciding to claim a particular FOIA exemption . . . are protected from disclosure").

13. Discovery also has not been permitted when a plaintiff attempts to use a FOIA lawsuit as a means of questioning investigatory action taken by the agency or the underlying reasons for undertaking such investigations, such as the Plaintiff in this case. See, e.g., Johnson v. DOJ, No. 06-1248, 2007 U.S. Dist. LEXIS 57963, at *4

5

(W.D. Wis. Aug. 8, 2007) (finding discovery inappropriate because plaintiff "is seeking to obtain through discovery the very same information he sought to obtain by virtue of his FOIA request, namely substantive information related to his earlier trial on drug charges").

## III. CONCLUSION

For reasons stated above, Defendants have shown good cause for the Court to quash Plaintiff's discovery requests, or in the alternative, to stay discovery.

WHEREFORE, Defendants respectfully request that the Court enter an order quashing Plaintiff's discovery requests, or in the alternative, staying discovery until Defendants' motion for summary judgment is filed.

This the 12th day of July, 2017.

Respectfully submitted,

RICK A. MOUNTCASTLE
Acting United States Attorney

/s/ Cheryl T. Sloan
Cheryl T. Sloan
NCSB #12557
Special Assistant U.S. Attorney
Western District of Virginia
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
(336)333-5351
cheryl.sloan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRIAN DAVID HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:17-CV-00027-JLK |
| | ) | |
| v. | ) | |
| | ) | |
| EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS, AND UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## CERTIFICATION OF SERVICE

I hereby certify that on July 12, 2017, I electronically filed the foregoing Memorandum in Support of Motion to Quash Discovery, or in the alternative, to Stay Discovery, with the Clerk of the Court using the ECF system.

I further certify that I have mailed by U.S. mail the Memorandum in Support of Motion to Quash Discovery, or in the alternative, to Stay Discovery, to the following non-ECF participants:

Brian David Hill
310 Forest Street, Apartment 2
Martinsville, VA  24112

RICK A. MOUNTCASTLE
Acting United States Attorney

/s/ Cheryl T. Sloan
Cheryl T. Sloan
NCSB #12557
Special Assistant U.S. Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
(336)333-5351
Cheryl.Sloan@usdoj.gov