# EXHIBIT 1

For Federal civil complaint
-- PLAINTIFF'S OBJECTION TO DEFENDANTS' "UNITED STATES' MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" RE: DOC. # 28 -- OBJECTION AND BRIEF IN SUPPORT OF THIS OBJECTION --
Brian David Hill v. Executive Office for United States Attorneys (EOUSA), United States Department of Justice (U.S. DOJ)

Civil Case Number 4:17-cv-00027





## OFFICES of THE UNITED STATES ATTORNEYS

Search

# 3-17.000 - Freedom Of Information Act (FOIA) And Privacy Act

| | |
|---|---|
| 3-17.100 | Introduction and Overview of the Freedom of Information Act (FOIA) |
| 3-17.120 | FOIA Operations Within the Justice Department |
| 3-17.121 | Office of Information and Privacy |
| 3-17.130 | Procedure for Requests Under FOIA Received by the U.S. Attorney's Office |
| 3-17.131 | Specific Processing Procedures in Department of Justice |
| 3-17.140 | Relation to Civil and Criminal Discovery |
| 3-17.150 | Sanctions for Violating FOIA |
| 3-17.200 | Privacy Act (PA) |
| 3-17.220 | Privacy Act Operations Within the Justice Department |
| 3-17.280 | Departmental "(a)(2)" Publications |

### 3-17.100 - Introduction and Overview of the Freedom of Information Act (FOIA)

The Freedom of Information Act, codified at 5 U.S.C. Sec. 552, was enacted in 1966, with an effective date of July 4, 1967. In revising Section 3 of the Administrative Procedure Act of 1946, as amended, it provided, with certain enumerated exceptions, for disclosure to the public of records, files, and other information of federal departments and agencies (hereinafter "agencies") in the executive branch. Since its enactment, the Act has been amended several times. The general presumption is that documents are to be disclosed when someone requests them. *See generally* the EOUSA Resource Manual at 136.

[cited in EOUSA Resource Manual 136]

### 3-17.120 - FOIA Operations Within the Justice Department

The regulations of the Department of Justice for administration of the Act are published at 28 C.F.R. Part 16, Subpart A.

Requests for access to records under the FOIA should be directed to the component of the Department which maintains the records. Requests for records of United States Attorneys' offices or concerning activities of the United States Attorneys should be immediately forwarded to the Executive Office for United States Attorneys.

Departmental policy is that the originating component of any intra-Departmental document has the final decision on whether or not a document should be disclosed. This means, for example, that the decision to disclose a Federal Bureau of Investigation (FBI) investigative report is to be made by the FBI. Because the Act is designed to provide access to government information, it does not permit the withholding of a complete document where only a portion of it comes within a particular exemption.

### 3-17.121 - Office of Information and Privacy

The Office of Information and Privacy (OIP) was established in the Department of Justice to advise executive branch agencies and organizational units of this Department on questions of policy relating to the interpretation and application of the Freedom of Information Act (FOIA), 5 U.S.C. and to advise this Department on matters relating to the interpretation and application of the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. OIP coordinates the development and implementation of, and compliance with, FOIA policy throughout the Executive Branch and undertakes, arranges, or supports training and informational programs concerning both Acts for Executive Branch agencies and this Department. In addition, OIP is the reviewing authority for administrative appeals of FOIA/PA decisions made by components of the Department of Justice

### 3-17.130 - Procedure for Requests Under FOIA Received by the U.S. Attorney's Office

Upon receipt of a FOIA request by a U.S. Attorney's Office, its receipt should be immediately acknowledged and the requester informed that his/her correspondence has been forwarded to the FOIA/PA Unit of the Executive Office for United States Attorneys (EOUSA). A copy of your acknowledgment to the requester and the original request letter should then be forwarded to the Executive Office for U.S. Attorneys (the responsible "component").

### 3-17.131 - Specific Processing Procedures in Department of Justice

Absent "exceptional circumstances", the FOIA/PA Unit must make an initial determination within 10 working days after the date of official receipt as to whether or not to comply with the request for disclosure, and should immediately (by the close of the 10th working day) notify the requester of the determination, the reasons therefor, and the requester's right to administratively appeal any adverse determination to the Office of Information and Privacy within 30 days after receipt of this initial determination. Components of the Department of Justice shall comply with the time limits set forth in the FOIA for responding to and processing requests and appeals, unless there exist exceptional circumstances within the meaning of 5 U.S.C. Sec. 552(a)(6)(C).

The Department's regulations provide (28 C.F.R. Sec. 16.4(b)) that the reply letter denying the request, in whole or in part, must be signed by the head of the responsible component (the Director or his/her designee of the Executive Office for U.S. Attorneys in the case of U.S. Attorneys' Offices). Such a denial letter must specifically set forth: the exemptions relied upon; how those exemptions were applied in this

case; a statement of the requester's right to an administrative appeal and judicial review; the time period for administrative appeal; and, the name and title of the person responsible for the denial.

The Act permits reasonable search and copy fees to be charged to the requester. United States Attorneys' office personnel who become involved in searching for, gathering, copying and forwarding documents and materials to EOUSA for processing, should maintain accurate records of the time and materials expended in such FOIA processing efforts.

A requester who is not satisfied with the disclosure decision has the right to pursue an administrative appeal to the Office of Information and Privacy. OIP must act on an appeal within 30 working days after the date of receipt of the appeal letter subject to a reasonable extension of time for "unusual circumstances," 5 U.S.C. Sec. 552(a)(6)(B). If the appeal is not acted upon within this time frame, or the appeal is ultimately denied, the requester may file a complaint in the United States District Court in the district where the requester resides or has his/her principal place of business in which the records are located, or in the District of Columbia. These civil actions are under the supervision of the Federal Programs Branch, Civil Division.

### 3-17.140 - Relation to Civil and Criminal Discovery

Access to records under the FOIA is entirely independent of discovery under the Federal Rules of Civil and Criminal Procedure; an individual is free to use both means of gathering information.

The Act directs agencies to provide to "any person" any record reasonably described (5 U.S.C. Sec. 552(a)) and not exempt by the Act (5 U.S.C. Sec. 552(b)(1) to (9)). As a general rule, no inquiry is made as to the purpose for which the record is sought.

### 3-17.150 - Sanctions for Violating FOIA

See the EOUSA Resource Manual at 137.

### 3-17.200 - Privacy Act (PA)

The Privacy Act of 1974, Pub.L. No. 93-579 (December 31, 1974), the principal provision of which (Section 3), is codified at 5 U.S.C. Sec. 552a, amended by Pub.L. No. 98-477, 98 Stat. 2209 (1984).

The purposes of the Act are, to:

   A. Safeguard an individual's privacy from misuse of federal records;

   B. Grant an individual access to records concerning him/her which are maintained by federal departments and agencies (hereinafter "agencies");

   C. Provide an individual with a limited right to correct inaccuracies in his/her records maintained by agencies;

   D. Provide an individual with a limited right to contest the routine uses and accuracy of these records;

   E. Impose certain administrative/procedural restrictions on agency collection, maintenance, and dissemination of personnel information;

   F. Limit the use by federal, state, and local governmental agencies of the social security number as a

      **personal identifier; and**

      G. Establish a two-year Privacy Protection Study Commission to develop recommendations for further legislative-type controls on the recordkeeping practices of federal, state, and local governmental agencies and private organizations. An "individual" covered by the Act is a citizen of the United States and an alien lawfully admitted to the United States for permanent residence. A "record" subject to the Act is one maintained by a federal agency about an individual, access to which is by name, identifying number, symbol, or other similar identifying particular, including a fingerprint, voice print, or photograph. The phrase "system of records" is defined as a grouping of records. Finally, a "routine use," with respect to disclosure of a record, is one which is compatible with the purpose for which the information was collected.

### 3-17.220 - Privacy Act Operations Within the Justice Department

The regulations of the Department of Justice for administration of the Act are published at 28 C.F.R. Part 16, Subpart D. Subpart E of 28 C.F.R. Part 16 sets out the system of records exempt under Section 3(j) or (k) of the Act.

General Departmental supervisory responsibility over the Act is in the Justice Management Division (JMD) under the direction of that Division's General Counsel. That office, which is designated the FOIA/PA Section, is responsible for receiving and routing to the appropriate office, board, division, or bureau requests to the Department for access and/or correction of records subject to the Act. (Most requests however, are actually routed to a system manager in a particular component of the Department by the requester.) General Counsel JMD is responsible for: monitoring compliance by the Department with the Act; making recommendations to improve such compliance; preparing the Department's annual report under the Act; and performing certain other administrative/management functions under the Act.

**Information on procedures for requests under the Privacy Act can be found in the EOUSA Resource Manual**

| | |
|---|---|
| Procedure for Request Under the Privacy Act | EOUSA Resource Manual at 138 |
| "Routine Uses" and Exemptions | EOUSA Resource Manual at 139 |
| Systems of Records | EOUSA Resource Manual at 140 |
| Relation to Civil and Criminal Discovery | EOUSA Resource Manual at 141 |
| Judicial Remedies and Penalties for Violating the Privacy Act | EOUSA Resource Manual at 142 |

### 3-17.280 - Departmental "(a)(2)" Publications

Section (a)(2) of the Freedom of Information Act requires each agency to "make available for public inspection and copying" the agency's so-called (a)(2) materials, that is, certain final opinions and orders, certain statements of policy and interpretation, and certain administrative staff manuals and instructions to staff. Pursuant to the (a)(2) requirements, the Department of Justice published an index of such material. See 42 Fed. Reg. 15347. Listed therein for the U.S. Attorneys are the following publications:

A. The United States Attorneys' Manual

B. The United States Attorneys' Bulletin

[updated June 2009]

‹ 3-16.000 - Information Management          up          3-18.000 - GAO Audits/Reporting Requirements/USAO Surveys ›