IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN DAVID HILL | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:17CV27 |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, ET AL., | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on Plaintiff's various motions for issuance and service of subpoenas *duces tecum* and subpoenas to appear and testify at a hearing or trial. See Dkt. No. 4; Dkt. No. 19; Dkt. No. 20, Dkt. No. 27-3. Plaintiff also requests a pretrial status conference concerning this discovery matter and has filed a subpoena requesting an Assistant United States Attorney's presence at such conference. See Dkt. No. 27, Dkt. No. 27-3. Defendants, the Executive Office for the United States Attorneys ("EOUSA") and the Department of Justice ("DOJ"), have moved to quash Plaintiff's requests, or in the alternative, to stay discovery. Dkt. No. 28. I have reviewed the pleadings and the applicable law in this case and find that neither further briefing nor a hearing on the motion will aid in the decisional process. For the reasons outlined more fully below, Plaintiff's motions are **DENIED** and Defendants' motion to quash discovery is **GRANTED**.

Plaintiff was convicted in the United States District Court for the Middle District of North Carolina of possession of child pornography. See U.S. v. Brian David Hill, Case No. 1:13CR435-1. He intends to pursue post-conviction relief, claiming actual innocence to have his

conviction set aside. In an effort to gather evidence in support of his post-conviction claim, Plaintiff served Freedom of Information Act ("FOIA") requests upon Defendants to obtain complete copies of the investigation files associated with his criminal case. Plaintiff has now filed this action challenging the response from the EOUSA as to the FOIA requests. Plaintiff also has requested to have issued and served the following subpoenas *duces tecum* or subpoenas to appear and testify:

1. Subpoena *duces tecum* to his former criminal defense attorney, John Scott Coalter, for all discovery material for Plaintiff's criminal case, including the North Carolina State Bureau of Investigation's case file and a recording of Plaintiff's confession. Dkt. No. 4-8.

2. Subpoena *duces tecum* on DOJ's Office of Information Policy ("OIP") for all records and filings in regards to FOIA Appeal case number DOJ-AP-2017-002520. Dkt. No. 19-1.

3. Subpoena *duces tecum* to Rodney White of the North Carolina State Bureau of Investigation for "all records dealing with the U.S. Attorney Anand Prakash Ramaswamy in regards to SBI Case File # 2012-02146, including the 'certificate of delivery' of the transfer of the SBI case file to AUSA A. Ramaswamy." Dkt. No. 19-3.

4. Subpoena for Agent White to appear and testify at a hearing or trial. Dkt. No. 19-4.

5. Subpoena to Christa Lemelin of the Office of Government Information Services of the National Archives and Records Administration ("OGIS") to appear and testify at a hearing or trial and to bring "[a]ll information and records as to OGIS mediation case

2

no. 201701674 and all written reports, recorded and stored voicemails, etc etc." Dkt. No. 19-2.

6. Subpoena to the Town of Mayodan Police Department for the recording of Plaintiff's confession and any "certificate of delivery" of the transfer of this recording to the U.S. Attorney's Office. Dkt. No. 20.

Plaintiff has failed to demonstrate though that these requested records and testimony are relevant to his FOIA claim against Defendants.

"The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena." Wilson v. Jacobs, 2015 U.S. Dist. LEXIS 100947, *7-8 (D.S.C. Aug. 3, 2015) (citations omitted). Federal Rule of Civil Procedure 26(b)(2)(C)(iii) requires the court to limit the frequency or extent of proposed discovery if it "is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(1) requires that discovery requests be relevant and "proportional to the needs of the case," considering the importance of the issues, the amount in controversy, the parties' access to information and their resources, the importance of the discovery, and whether the burden or expense of discovery outweighs any likely benefit. The court may refuse an indigent party's request for service of a subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process." Jackson v. Brinker, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992).

Discovery in FOIA cases is generally limited to the scope of the governmental agency's search and its indexing and classification procedures. See Weisberg v. Dep't Of Justice, 627 F.2d

3

365, 371 (D.C.Cir.1980); see also Public Citizen Health Research Grp. v. Food & Drug Admin., 997 F.Supp. 56, 72 (D.D.C.1998) (holding that discovery is limited to investigating the scope of agency's search for responsive documents, the agency's indexing, and the like); Heily v. U.S. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003). Here, Plaintiff's requests are irrelevant to his claim that Defendants improperly withheld documents and recordings related to his criminal conviction in violation of FOIA. See generally Dkt. No. 2. FOIA "was enacted to facilitate public access to Government documents." U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991). The purpose of the Act is "'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" Id. (citing Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)). In response to a FOIA request, an agency must conduct a search that is "reasonably calculated to uncover all relevant documents." Ethyl Corp. v. U.S. Envtl. Prot. Agency, 25 F.3d 1241, 1246 (4th Cir.1994); see also Rein v. U.S. Patent & Trademark Office, 553 F.3d 353, 362 (4th Cir. 2009). An agency may prove the reasonableness of its search through "relatively detailed, nonclusory" affidavits submitted in good faith. Carter, Fullerton & Hayes, LLC v. Fed. Trademark Comm'n, 601 F.Supp.2d 728, 734 (citing McCoy v. U.S., No. 1:04cv101, 2006 WL 463106 at *5 (N.D.W.Va. Feb. 24, 2006)) (internal quotation marks omitted); Virginia-Pilot Media Cos., LLC v. Dep't of Justice, 147 F. Supp. 3d 437, 443–44 (E.D. Va. 2015).

If an exemption to FOIA is claimed, the court must consider whether the government "fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law." Spannaus v. Dep't Of Justice, 813 F.2d 1285, 1289 (4th Cir.1987) (internal citation omitted); Virginia-Pilot Media Cos., LLC, 147 F. Supp. 3d at 444. Thus, the court focuses on the adequacy

4

of the government's search and whether an exemption applies when adjudicating a FOIA action, and discovery is generally limited. Discovery is not permitted in FOIA cases when a plaintiff seeks "to obtain through discovery the very same information he sought to obtain by virtue of his FOIA request, namely substantive information" related to his earlier trial. Johnson v. DOJ, No. 06-1248, 2007 U.S. Dist. LEXIS 57963, at *4 (W.D. Wis. Aug. 8, 2007).

Plaintiff's efforts in this action are an attempt to obtain under the guise of discovery through the Federal Rules of Civil Procedure those documents he claims were withheld during his FOIA request. That discovery purpose is not sanctioned in this case. It is irrelevant to Plaintiff's FOIA claim whether his former criminal defense attorney has documents or recordings in his possession that may have been part of a discovery packet during Plaintiff's criminal proceeding. Similarly, the North Carolina State Bureau of Investigation's case file, recording of his confession, certificates of deliveries to the US Attorney's Office, and any testimony from Agent White are irrelevant to whether Defendants conducted an adequate search of their records. This same reasoning applies to any testimony from Ms. Lemelin and documents related to an OGIS mediation. Finally, any documents at the OIP related to this FOIA appeal are outside the limited scope of discovery. These documents shed no light on Defendants' classification or indexing procedures, and Plaintiff has already received a letter from the OIP explaining their denial of his appeal. Dkt. No. 4-6.

Plaintiff's *in forma pauperis* status does not require the court to pay his discovery costs. Wilson, 2015 U.S. Dist. LEXIS 100947, at *7; see also Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff must pay the cost of witness fees and mileage incurred in the service of a witness subpoena); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (holding that 28 U.S.C. § 1915 does not require the government to pay the costs of litigation

5

expenses for indigent litigants). "While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service, the court must limit a plaintiff's discovery requests if the documents sought from the non-party are 'cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive.'" Wilson, 2015 U.S. Dist. LEXIS 100947, at *8 (quoting Fed. R. Civ. P. 26(b)(2)(C)). "Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks." Id. Plaintiff has not made this required showing.

I find Plaintiff's proposed subpoenas seek irrelevant documents and testimony and a pretrial status conference is unnecessary. Plaintiff's motions are **DENIED** and Defendants' motion to quash discovery is **GRANTED**.

It is so **ORDERED**.

Entered: July 19, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge