In the United States District Court

For the Western District of Virginia

Danville Division

CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

SEP -6 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| Brian David Hill<br>Plaintiff(s)<br><br>v.<br><br>Executive Office for United States Attorneys (EOUSA)<br>&<br>United States Department of Justice (U.S. DOJ)<br>Defendant(s) | Civil Action No. 4:17-cv-00027<br>ATTN: Hon. Judge Jackson L. Kiser<br>CC: Hon. Magistrate Judge Robert Stewart Ballou |

**PLAINTIFF'S DECLARATION IN SUPPORT OF DOCUMENT #2 COMPLAINT, AND NEW EVIDENCE CONCERNING POSSIBLE DISHONESTY OF THE U.S. ATTORNEY OFFICE OF GREENSBORO, NORTH CAROLINA**

Note to Clerk: Please electronically transmit a copy of this filing to the U.S. Court of Appeals, Fourth Circuit, pursuant to Appeal Case No. 17-1866, "Assembled Supplemental Electronic Record Transmitted to 4CCA re: 33 Notice of Interlocutory Appeal."

NOW COMES, the plaintiff Brian D. Hill ("Plaintiff Hill", or "Plaintiff"), representing himself, and hereby respectfully files this DECLARATION in support of the Document #2 complaint and is filing new evidence in this civil case concerning possible dishonesty or misrepresentation of the true facts by Defendants' Attorney in this case which affects Plaintiff Hill's criminal case. Evidence found in Defendants' Appeal response Brief.

I. <u>New Evidence and FACTS presented to this Court</u>

1

1. Plaintiff has reviewed the "RESPONSE BRIEF FOR APPELLEES" (shortly the, "Defendants' Response Brief") (See, **Exhibit 1**) that was prepared and was filed by Defendants' Counsel Cheryl T. Sloan ("Sloan") of the United States Attorney Office, for the Middle District of North Carolina. Sloan acting through Rick A. Mountcastle, whom is the acting U.S. Attorney for the Western District of Virginia, since the U.S. Attorney Office of Greensboro, North Carolina that is representing the Defendants' is outside of the district to which this case is being prosecuted.

2. The Plaintiff had noticed false, incorrect, or dishonest statements that were typed up and filed by Sloan. Collectively, Sloan, is working for the U.S. Attorney Office for the Middle District of North Carolina. Even though, Sloan is not Anand Prakash Ramaswamy, the U.S. Attorney Office for the Middle District of North Carolina seems to be making statements about Plaintiff Hill that are false, incorrect, or dishonest. Much has been revealed in Document 31, concerning the U.S. Attorney's bad faith conduct, especially focusing on the Pages 11 of 48, and the rest of the pages in the entire filing, all demonstrate that the U.S. Attorney Office has made statements which are false, incorrect, or dishonest. One past example in the filings, filed by the Plaintiff, is regarding the claim by the Defendant EOUSA of the U.S. Attorney Office that Plaintiff Hill was a federal inmate in a correctional institution that was under the Federal Bureau of Prisons ("FBOP"). Then it went even further to state information directing that Plaintiff Hill would have to go through his "Unit

2

Team" saying and I quote "If you have any further questions about the Bureau of Prisons Policy, please contact your Unit Team" to be granted access to his Presentence Investigation Report ("PSR") through the FBOP policy. That was yet another proven false, incorrect, or dishonest statement by the U.S. Attorney Office for the Middle District of North Carolina.

3. Plaintiff Hill has reviewed over the Defendants' Response Brief, and found a particular paragraph that Plaintiff Hill knows for a fact is not true, not a fact, and may be yet another form of false, incorrect, or dishonest statement, aka the art of lying in favor of Defendants'. I shall quote the areas sourced from Appeal Document #8, (Appeal # 17-1866, Doc: 8, Filed: 08/29/2017, Pages: 1 to 16) as to what Plaintiff Hill finds as a possible false, incorrect, or dishonest statement, and those statements shall be underlined and marked in bold in the lettered sub-list paragraphs (Paragraphs a. and b.). I shall state as follows:

   a. Document #8, (Appeal # 17-1866, Doc: 8, Filed: 08/29/2017, Pages: 1 to 16), Page 7 of 16, inside of the "STATEMENT OF FACTS" it had said that *"Appellant confessed to the possession of child pornography and entered a guilty plea in his criminal case, **but now claims that his confession was coerced.**"*

   b. Document #8, (Appeal # 17-1866, Doc: 8, Filed: 08/29/2017, Pages: 1 to 16), Page 7 of 16, inside of the "STATEMENT OF FACTS "it had said that *"**Appellant made two (2) FOIA requests to the Appellees seeking his criminal "discovery packet."**"*

3

4. Plaintiff Hill shall first demonstrate as to why the sentence "**but now claims that his confession was coerced**" is a false, incorrect, or dishonest statement. First bit of evidence already on-the-record, was that according to Document #4-7, Filed 05/01/17, all pages, there was an Affidavit by Plaintiff Hill on pages 4-5 of the Document titled the "GENERAL AFFIDAVIT REGARDING INNOCENCE OF ACCUSED CRIME" and was notarized by a notary public of the Commonwealth of Virginia in 2015, according to the notary public official stamp and signature of the notary public named Jennifer Cline Bitz, on November 6, 2015. The Affidavit specifically says that "***I gave a false confession** on August 29, 2012 to two police detectives at the Mayodan Police Department located at 101 North 3rd Ave., Mayodan, NC. **I was threatened by Mayodan, NC Police Chief Charles J. Caruso to "Fess Up"** and that **if I did not fess up then my own mother would be held responsible** for the criminal charge. **I was also coerced** on August 2012 into producing false confession statements. **I told the Detectives that I did not download the child porn but they told me a claim that they believe they had found it on my computer** and said I had better just tell them. **Then I changed my statements to whatever they had wanted to hear**. That was why I had suspected evidence tampering because they had admitted to have been on my computer to make such a claim to have found files on there.*" So this was filed way early on in this civil case, two Affidavits exhibited in Document #4, and the U.S. Attorney stated facts in the Defendants' Response Brief that are not true, that are a false, incorrect, or

4

dishonest statement. I shall attach hereto, **Exhibit 2**, titled as the "MOTION TO SUPPRESS EVIDENCE AND SUPPRESS THE CONFESSION", which stated under "- Factual Assertions To Suppress The Confession:" …"*1. **I was threatened by Charles J. Caruso the Mayodan Police Chief on August 28, 2012, to confess against my will**. I was **under duress and was coerced into the confession on August 29, 2012**.*" That document was filed with the U.S. District Court for the Middle District of North Carolina, Case # 1:13-cr-00435-WO, filed on 09/26/2014. So Plaintiff Hill had made claims of coercion to making the false confession in 2014, and in 2015. Made the same claim this year. Plaintiff Hill never changed his story, and has always stuck with his story, while the U.S. Attorney seems to be making false, incorrect, or dishonest statements against Plaintiff Hill. I shall attach hereto, **Exhibit 3**, titled as the "DECLARATION ON CONDITIONS AT THE TIMES OF FALSE ADMISSIONS OF GUILT". **Exhibit 3** is of a pro se declaration filed under Case no. 1:13-cr-00435-WO, Document #77, Filed 04/22/15, Pages 1 to 6. Page 4 of 6 stated that "***I was coerced, pressured, and threatened to confess to stuff that wasn't true.***" That is just a small sample of all evidence available on the record at the U.S. District Court for the Middle District of North Carolina, concerning Plaintiff Hill's criminal case known as "United States of America v. Brian David Hill". The U.S. Attorney Office that also has Sloan in their team of lawyers working there, collectively has made a false, incorrect, or dishonest statement over this quoted portion of a sentence from that brief, "**but

5

**now claims that his confession was coerced**". Plaintiff Hill did not make such statement only "now", like out of the blue, making a claim of coercion to making a confession, a false confession. Sloan has stated a false fact, a fact that they are aware of is not truthful. Such a disregard for the truth, inaccurate.

5. Plaintiff Hill shall first demonstrate as to why the sentence "***Appellant made two (2) FOIA requests to the Appellees seeking his criminal "discovery packet."***" is a false, incorrect, or dishonest statement. Plaintiff Hill had only faxed one FOIA request for the discovery packet of evidence and the other FOIA request, sent out around July 25, 2016 (See **Exhibit 4**), stated that "*The records I am requesting are copies of email records, documents, memos, fax records, digital records, and voice messages. The records I am requesting is in reference to "Brian David Hill" and any cases or research involving "Brian David Hill" between the dates, January 2012 to August 2012. Any exchanges between the U.S. Attorney and anybody between those dates.*" That says nothing about the criminal discovery packet in the second FOIA request, dated as faxed on July 25, 2016, that was filed with the Executive Office for United States Attorneys ("EOUSA") FOIA office. Because the U.S. Attorney for Defendants' stated that and did not clarify what they had meant by stating their claim of what the facts are in this case during the appeal phase, it may also be considered a false, incorrect, inaccurate, or dishonest statement. The correct fact is that Plaintiff Hill filed two FOIA Requests, one for the "discovery packet" request and the other is for "*The records I am requesting is in*

6

*reference to "Brian David Hill" and any cases or research involving "Brian David Hill"..."* and *"Any exchanges between the U.S. Attorney and anybody between those dates."* According to **Exhibit 5**, That FOIA request was modified to be narrowed down to Philip E. Berger Jr., Philip E. Berger Sr., Lessa Hopper also known under different variation of name such as Melissa K. Hopper, and Michael M. Brandt. So the two FOIA requests to the Defendant EOUSA both differ. One was modified to specific names and email addresses to determine if any of those people had exchanged emails before the whole police raid had begun.

**<u>The Plaintiff does exhibit good cause as to why the Court should consider all of the facts concerning the U.S. Attorney Office of Greensboro, NC, engaging in making statements and/or claims that may be false, incorrect, or dishonest</u>. It may be construed as an act of bad faith. If the Court does find the evidence and on-record claims sufficient, then if the Government files a motion for summary judgment, then Plaintiff Hill recommends denying such motion since the U.S. Attorney has made claims that are proven false, incorrect, inaccurate, or dishonest. Thanks!**

How many lies, incorrect, false, inaccurate, or dishonest statements will the U.S. Attorney Office of Greensboro, NC, commit collectively before they realize that they have wrongfully convicted Brian David Hill, aka Plaintiff Hill? Plaintiff dares the U.S. Attorney to continue making a fool of themselves by lying instead of just letting Plaintiff Hill proves his innocence. It is utterly foolish and the Court needs to seriously consider the misconduct as further justification for letting Plaintiff Hill get his entire discovery packet of evidence, all of it, not a portion but all of it.

Brian D. Hill, formerly of USWGO Alternative News, asks this Court along with the statement of current 45th U.S. President Donald John Trump to help "<u>Drain The

7

Swamp" of the <u>corruption, criminal behavior, and evil within our Federal Government agencies</u>. Brian asks that the U.S. Attorney not be acting so darn corrupt and stop trying to prevent Brian from proving his actual innocence. <u>Drain the Swamp of corruption and evil</u>. The criminal behavior of the U.S. Attorney Office should not be tolerated by federal law enforcement that follows their Oaths of Offices. Government, do no Evil! How many laws must the Government violate before the U.S. Attorney Office finally let Plaintiff Hill prove his actual innocence?

Plaintiff requests with the Court that a copy of this DECLARATION be served upon the Government as stated in **28 U.S.C. §1915(d)**, that "The **officers of the court shall issue and serve all process, and perform all duties** in such cases. **Witnesses shall attend as in other cases,** and the **same remedies shall be available as are provided for by law in other cases.** Plaintiff requests that copies be served with the defendants' and the U.S. Attorney office of Roanoke, VA and AUSA Cheryl T. Sloan via CM/ECF Notice of Electronic Filing ("NEF") email. Thank You!

This PLAINTIFF'S DECLARATION is respectfully filed with the Court, this the 5th day of September, 2017

Date of signing:  
*September 5, 2017*

Respectfully submitted,  
*Brian D. Hill*  
Signed  
Brian D. Hill (Pro Se)  
310 Forest Street, Apartment 2  
Martinsville, VA 24112  
Phone #: (276) 790-3505  
**U.S.W.G.O.**

## Declaration of Plaintiff Brian David Hill in support of DECLARATION IN SUPPORT OF DOCUMENT #2 COMPLAINT, AND NEW EVIDENCE CONCERNING POSSIBLE DISHONESTY OF THE U.S. ATTORNEY OFFICE OF GREENSBORO, NORTH CAROLINA

8

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. I am Brian David Hill, also known as Brian D. Hill, and am the plaintiff in the Federal civil case: Brian David Hill v. Executive Office for United States Attorneys et al., Civil Case No. 4:17-cv-00027, in the U.S. District Court for the Western District of Virginia. I file this Declaration type of Affidavit with the Court with original signature as a sign of good faith and demonstrating factual evidence showing good cause for such action.

2. Attached hereto as <u>Exhibit 1</u>, is a true and correct copy of the filed "RESPONSE BRIEF FOR APPELLEES" that was submitted by Cheryl T. Sloan of the United States Attorney's Office, Middle District of North Carolina, representing both Defendants' the Executive Office for United States Attorneys, and United States Department of Justice. This response brief is in the 4th Circuit Court of Appeals, Document #8, from this case that is on Appeal from the United States District Court, For the Western District of Virginia, Case No.: 4:17-CV-00027-JLK. The Appeal case no. is <u>17-1866</u>. The original document was on CM/ECF, on PACER, which was accessed by Roberta Hill's PACER account which acquired access to this document which came in PDF format. The original PDF document was printed and used for purpose of this Exhibit. The response brief was filed on 08/29/2017. This print-out is <u>16-Pages total</u>.

3. Attached hereto as <u>Exhibit 2</u>, is a true and correct copy of the "MOTION TO SUPPRESS EVIDENCE AND SUPPRESS THE CONFESSION", Document #42, filed with the U.S.

9

District Court for the Middle District of North Carolina, Case # 1:13-cr-00435-WO, filed on 09/26/2014. The original document was on CM/ECF/PACER, which was accessed by Kenneth Forinash's PACER account which acquired access to this document which came in PDF format. The original PDF document was printed and used for purpose of this Exhibit. This print-out is <u>2-Pages total</u>.

4. Attached hereto as <u>Exhibit 3</u>, is a true and correct copy of the "DECLARATION ON CONDITIONS AT THE TIMES OF FALSE ADMISSIONS OF GUILT", Document #77, filed with the U.S. District Court for the Middle District of North Carolina, Case # 1:13-cr-00435-WO, filed on Filed 04/22/2015. The original document was on CM/ECF/PACER, which was accessed by Kenneth Forinash's PACER account which acquired access to this document which came in PDF format. The original PDF document was printed and used for purpose of this Exhibit. This print-out is <u>6-Pages total</u>.

5. Attached hereto as <u>Exhibit 4</u>, is a true and correct copy of the "FOIA Request to Executive Office for United States Attorneys", dated on Monday, July 25, 2016, faxed to the Executive Office for United States Attorneys ("EOUSA") FOIA/Privacy Unit, through fax number 12022526047. The original document was on Brian D. Hill's VentaFax Log Book record-keeping system which rendered the FAX record in PDF format. The PDF document was printed and used for purpose of this Exhibit. Transmission Ticket which is <u>1-page</u> is included in this Exhibit as proof of transmission. This print-out is <u>3-Pages total</u>.

10

6. Attached hereto as <u>Exhibit 5</u>, is a true and correct copy of the "Response to FOIA Request to Executive Office for United States Attorneys - Re: FOIA-2016-03570", dated on Monday, September 5, 2016, faxed to the Executive Office for United States Attorneys ("EOUSA") FOIA/Privacy Unit, through fax number 1202-252-6047. The original document was on Brian D. Hill's VentaFax Log Book record-keeping system which rendered the FAX record in PDF format. The PDF document was printed and used for purpose of this Exhibit. Transmission Ticket which is <u>1-page</u> is included in this Exhibit as proof of transmission. This print-out is <u>13-Pages total</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Sept. 5, 2017.

*Brian D. Hill*
Signed / Signed

Brian David Hill (Pro Se)
Former news reporter, & Founder of USWGO Alternative News
Home Phone #: (276) 790-3505
310 Forest Street, Apt. 2. Martinsville, VA 24112

**U.S.W.G.O.**

11

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on September 5, 2017, service was made by mailing the original of the foregoing

PLAINTIFF'S DECLARATION IN SUPPORT OF DOCUMENT #2 COMPLAINT, AND NEW EVIDENCE CONCERNING POSSIBLE DISHONESTY OF THE U.S. ATTORNEY OFFICE OF GREENSBORO, NORTH CAROLINA

by deposit in the United States Post Office, Priority Mail, Postage prepaid under certified mail tracking no. 7017-1070-0000-3531-4047, on September 5, 2017 addressed to the Clerk of the Court in the U.S. District Court, for the Western District of Virginia, Danville division (P.O. Box 1400). Then Appellant requests that the Clerk of the Court shall have electronically filed the foregoing DECLARATION using the CM/ECF system which will send notification of such filing to the following parties:

Cheryl Thornton Sloan<br>
U.S. Attorney Office<br>
Civil Case # 4:17-cv-00027, Appeal Case # 17-1866<br>
101 South Edgeworth Street, 4th Floor<br>
Greensboro, NC 27401<br>
cheryl.sloan@usdoj.gov

This is pursuant to Appellant's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br>*September 5, 2017* | Respectfully submitted,<br>*Brian D. Hill*<br>*Signed* Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505 |
|---|---|

**U.S.W.G.O.**

12

```
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____      Postmark
☐ Certified Mail Restricted Delivery $ _____      Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$
Sent To  Clerk of the Court, U.S. District Court
Street and Apt. No., or PO Box No.  P.O. Box 1400
City, State, ZIP+4®  Danville, VA 24543

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions
```