# EXHIBIT 2

For Federal civil complaint
-- PLAINTIFF'S DECLARATION IN SUPPORT OF DOCUMENT #2 COMPLAINT, AND NEW EVIDENCE CONCERNING POSSIBLE DISHONESTY OF THE U.S. ATTORNEY OFFICE OF GREENSBORO, NORTH CAROLINA --

Brian David Hill v. Executive Office for United States Attorneys (EOUSA), United States Department of Justice (U.S. DOJ)

Civil Case Number 4:17-cv-00027

page 1/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

United States of America
vs.
Brian David Hill

MOTION PRO SE
1:13CR435-1



FILED SEP 26 2014 IN THIS OFFICE Clerk U.S. District Court Greensboro, NC By

## MOTION TO ~~SUPRESS~~ SUPPRESS EVIDENCE AND SUPPRESS THE CONFESSION

I, Brian David Hill, file with the court a "Motion To Suppress Evidence and Suppress The Confession". For all evidence I have filed on docket, evidence attached, and the remainder of evidence I will send or give to the court by Tuesday, September 30th, 2014, all advances evidence to provide a basis for the Suppression of the evidence, and confession before my criminal case reaches a Trial after approval of Motion To Withdraw Guilty Plea and Request A Trial.

— Factual Assertions To Suppress The Confession:

1. I was threatened by Charles J. Caruso the Mayodan Police Chief on August 28, 2012, to confess against my will. I was under duress and was coerced into the confession on August 29, 2012.

page 2 on back

2. That I have Autism and haven't been given a disability advocate at the time of the police interview. I was all alone being questioned by two police detectives while still in shock and fear. When autistic people are questioned by law enforcement they can give a false confession and misleading statements. A Autism expert can attest to that claim.
3. The confession was not honest and was one sided.
4. The police did not offer to test my blood sugar before the interrogation. I didn't eat lunch until after the interview. I have brittle diabetes. Blood sugars affect my thinking.

– Factual Assertions To Suppress The Evidence:
1. The Mayodan Police reports are not honest in my case and affidavits from my family prove it.
2. The police admitted to me and my mother to looking through my computer files themselves, in clear violation of state crime lab policy and procedure. Under NC admissibility statute on crime lab forensic reports, the NC SBI crime lab reports are inadmissible from a criminal case for police mishandling and invalid processing of evidence.
3. I was involved with the Mayodan Police Chief prior to the police raid, giving political papers to him. I was involved with the Mayodan government and it's town attorney Phil Berger Sr. prior to the police raid. A possible conflict of interest and bias. I hereby file this Motion with the clerk of the court using U.S. Mail. This, the 24th day of September, 2014

Brian David Hill