

In the United States District Court

For the Western District of Virginia

Danville Division

| | |
|---|---|
| Brian David Hill<br>Plaintiff(s)<br><br>v.<br><br>Executive Office for United States Attorneys (EOUSA)<br>&<br>United States Department of Justice (U.S. DOJ)<br>Defendant(s) | Civil Action No. 4:17-cv-00027 |

# PLAINTIFF'S FIRST STATUS REPORT

1. Pursuant to the Court's June 19, 2017 Order (See Document #11), Plaintiff is filing his first Status Report for the Court and the Defendants' can review before the 60 days prior to the civil trial which was scheduled for the date of January 29, 2018 (See Document #15).

2. Second paragraph of that Order, stated that *"(2) Parties shall submit a status report in the form of a letter, setting forth any pretrial matters which need to be taken up with the Court no later than 60 days prior to trial. A pretrial conference will be scheduled at the request of any party."*

3. Plaintiff will need more time to establish and file an Exhibit List and Witness List, of all planned witnesses and Exhibits that the Plaintiff plans on using in the civil

1

Trial that is planned for the date of January 29, 2018, unless the date is as noted otherwise by the Court.

4. Either parties' ability to request any discovery matter has been frozen due to the current and ongoing Appeal, pending the stay of mandate due to the petition for rehearing (See Document #43). Plaintiff had attempted to file a Motion to Reconsider (See Document #37) at an earlier time but was denied (See Document #38) due to the Court having no jurisdictional (jurisprudence) authority to make a decision on the discovery matter due to the ongoing Appeal. The Plaintiff is still willing to show the Court that his subpoena for John Scott Coalter is relevant to proving that the Defendants' inappropriately covered up and improperly withheld records subject to the FOIA in both violation of the Freedom of Information Act (the "FOIA") and may be Obstruction of Justice under Title 18 U.S.C. § 1519. *"Destruction, alteration, or falsification of records in Federal investigations and bankruptcy."* Plaintiff will ask that the next U.S. Attorney investigate and prosecute Anand Prakash Ramaswamy and Cheryl Thornton Sloan for obstruction of justice and collectively (the office) lying in both his criminal case and this civil case to ruin USWGO Alternative News, and for criminally victimizing Brian David Hill and his entire family for Plaintiff's 2009-2012 political activities. Plaintiff had also attempted to report the Assistant U.S. Attorney's corrupt activities to U.S. Congressman Mark Walker (Greensboro, NC) by trying to call his private cell phone but may have failed. Plaintiff has also tried to enlist friends or family to work on having the U.S. Attorney office investigated. Anyways, the

2

Plaintiff is still willing to have a third party pay for the costs of enforcing at least 1 (one) subpoena to Attorney John Scott Coalter to produce copies of all records containing a copy of all discovery materials which were covered up by Anand Prakash Ramaswamy or somebody else presumably at their office, and/or Cheryl Thornton Sloan has approved such cover up by going along with the corrupt activities.

5. When the Plaintiff gets access to the discovery material again pursuant to when the event happens where the U.S. Attorney may object to Plaintiff's 2255 motion in the N.C.M.D., the Plaintiff will make a formal request via discovery agreement that the Plaintiff be allowed to use the discovery evidence material in both his criminal case and in this civil case to prove that the U.S. Attorney covered up evidence of Plaintiff's actual innocence, knowingly claimed that certain records did not exist (See Document 27-1) that may indeed exist (See Document #2-5) which is a cover up or concealment of federal prosecution files/records which is Obstruction of Justice and improper withholding of federal records subject to the FOIA. The Plaintiff may soon have access to his entire discovery and can prove that the Government lied in this Federal Court. If however they chicken out and refuse to give the entire discovery pursuant to Plaintiff's actual innocence claims in his 2255 motion (*read further for explanation about Plaintiff's recently filed 2255 motion*), then the Plaintiff was wrongfully convicted and prosecuted on evidence that didn't even prove the Plaintiff guilty beyond a reasonable doubt. That such records may have been covered up by the authority figures. Either way

3

the federal prosecution has lied or made false material facts before either Federal Court or both Federal Courts which is N.C.M.D. and V.A.W.D U.S. District Courts. Defendants' had the evidence that Plaintiff gave a false confession which was further explained in Plaintiff's 2255 motion that was filed recently. Defendants' had evidence which proves the credibility of the threatening emails from tormail.org, and prove that child pornography had downloaded to Plaintiff's laptop while in the custody of Mayodan Police and the N.C. State Bureau of Investigation. **Of course the Defendants' are the ones in the wrong here, they should be punished, and the Plaintiff needs to no longer be treated as a Sex Offender**. This is ridiculous that they are getting away with those cover ups and with such a disdain for the Plaintiff that was part of USWGO Alternative News back then.

6. On November 14, 2017, Plaintiff had filed a (**Document #125, case no. 1:13-cr-435-1, N.C.M.D.**) "MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL. (Attachments: # 1 Envelope)(Taylor, Abby) Civil case 1:17−cv−01036−TDS opened. (Entered: 11/14/2017)". That motion was filed in the U.S. District Court, for the Middle District of North Carolina (N.C.M.D.), Greensboro Division, Criminal Action No. 1:13-cr-435-1, Civil Action No. 1:17-cv-01036. The case was referred to the Honorable U.S. Chief Judge Thomas D. Schroeder, and referred to the Honorable U.S. Magistrate Judge Joe L. Webster. The Plaintiff has linked this case with the recent claims in his criminal case by filing in one of the grounds for his § 2255

4

Motion that the U.S. Attorney covered up evidence that can prove Plaintiff's actual innocence that is indeed one of the grounds which are under the exception of <u>newly discovered evidence which could not have been previously discovered or exercised under due diligence</u>. This Court may examine N.C.M.D. criminal case Documents **#127** (1:13-cr-435-1 (M.D.N.C.)) "Notice by Brian David Hill re: 125 MOTION to Vacate, Set Aside, or Correct Sentence (pursuant to 28 U.S.C. 2255) Civil Case 1:1vCV1036. (Taylor, Abby)"; **#128** (1:13-cr-435-1 (M.D.N.C.)) "MEMORANDUM by BRIAN DAVID HILL re 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. Civil Case 1:17CV1036. (Attachments: # 1 Additional Attachments, # 2 Additional attachments)(Taylor, Abby) (Entered: 11/14/2017)"; **#129** (1:13-cr-435-1 (M.D.N.C.)) "DECLARATION by BRIAN DAVID HILL re 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/14/2017)"; **#130** (1:13-cr-435-1 (M.D.N.C.)) "SECOND DECLARATION by BRIAN DAVID HILL re 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/14/2017)"; **#131** (1:13-cr-435-1 (M.D.N.C.)) "EXHIBITS 1–12 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) (Additional attachment(s) added on 11/15/2017: # 1 Envelope) (Taylor, Abby). (Entered: 11/15/2017)"; **#132** (1:13-cr-435-1 (M.D.N.C.)) "EXHIBITS 13–32 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/15/2017)";

5

**#133** (1:13-cr-435-1 (M.D.N.C.)) "EXHIBITS 33–45 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/15/2017)"; and **#134** (1:13-cr-435-1 (M.D.N.C.)) "EXHIBITS 46–53 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) Modified on 11/16/2017, Exhibit no. 49 Stricken, see 135 Order. (Taylor, Abby). (Entered: 11/15/2017)". Response from the U.S. Attorney due on 1/15/2018, which is 14 days before the Civil Trial was scheduled for this case. The Plaintiff also will request discovery (in his criminal case) seperately if the Government does object to any or all of Plaintiff's actual innocence claims, and will request with the U.S. District Court in the Middle District of North Carolina that the discovery pertinent to Plaintiff's 2255 motion be used in this civil case as evidence that the U.S. Attorney office in Greensboro, North Carolina did cover up evidence and obstructed justice, and improperly withheld records subject to the FOIA.

7. Plaintiff is aware that soon there may be a lawful purge of the corruption within the United States Attorney Office for the Middle District of North Carolina, due to the U.S. President Donald John Trump's appointment of Matthew G.T. Martin ("Martin") (Sept. 8, 2017) and confirmation of Martin by the U.S. Senate on November 9, 2017. Martin is to serve as the U.S. Attorney for the Middle District of North Carolina for the next 4-year-term, and will likely follow Trump's philosophy or campaign slogan of "**Drain The Swamp**" of the corrupt SWAMP creatures (corrupt criminals I call them) of the U.S. Justice Department. The

6

Plaintiff is confident that once Martin removes (fired from jobs) the old garbage of the swamp meaning the U.S. Attorney assistants from office, <u>the Government will start behaving more reasonably, to not openly and recklessly commit crimes by bullying, covering up evidence against the Plaintiff and his family</u>, and forcing the Plaintiff to falsely plead guilty by arrangement with Plaintiff's own court appointed lawyer (Eric David Placke) without Plaintiff's consent. Plaintiff will again attempt to negotiate a settlement with the U.S. Attorney office once Matthew G.T. Martin is fully settled into his office as the next Government lawyer and appoints new assistants to drain and replace the swamp of Greensboro. However if the U.S. Attorney, since Martin's appointment acquits the Plaintiff of his original conviction and his conviction is overturned, he will either file a voluntary motion to dismiss this case with prejudice, or may ask the newly confirmed U.S. Attorney to prosecute Anand Prakash Ramaswamy, Cheryl Thornton Sloan, Ripley Rand, and anybody else that may have been involved in the violation of the FOIA and the Obstruction of Justice commission of criminal behavior against the Plaintiff and his family over simply wanting to prove actual innocence. **<u>Proving actual innocence is usually the only way to be removed from the Virginia Commonwealth Sex Offender Registry</u>** as part of the **<u>Sex Offender Registration and Notification Act ("SORNA")</u>**. <u>It is a crime to selectively remove certain prosecution files, especially since that office is not owned privately by the U.S. Attorney but simply that each U.S. Attorney only serves the office for the number of terms approved by the Senate, the President,</u>

7

and/or by any applicable law. It is not the job of the assistant U.S. Attorneys to purge evidence simply because it is inconvenient to their false or erroneous claims of a criminal Defendant's guilt. If a particular report is removed from the criminal case discovery because it shows that the criminal Defendant was framed with child porn, which proves the threatening emails from tormail.org were actually true and that the Plaintiff of this case was/is the victim of a tormail.org child pornography set up (frame up) scheme which alleged possible involvement of the North Carolina State Bureau of Investigation ("N.C. SBI" or "SBI") (See Document #2-2, Filed 04/25/17, Page 37 of 47, Pageid#: 69) and the federal prosecution covered it up. It seems like John Scott Coalter ("Mr. Coalter") may also have been helping the cover up by threatening to destroy the discovery evidence material, and till this day Mr. Coalter has not filed anything in this case nor in Plaintiff's criminal case refuting Brian and witness Kenneth R. Forinash's statements under declaration (See Document #2-8). Anand Prakash Ramaswamy actually allegedly accused the Plaintiff at the Supervised Release Revocation hearing on June 30, 2015, of being behind the tormail.org email messages which is a load of nonsense, and no evidence was ever offered nor was evidence ever entered proving such. The threatening messages were received by the Plaintiff around approximately April 2013, which was around the exact same time that child pornography had appeared to have downloaded to Plaintiff's Black Toshiba Laptop Computer, Satellite C655D up until July 28, 2013, and while in SBI custody. His exact Laptop was seized on August 28, 2012. Plaintiff can very well understand the very reasons

8

why the federal prosecution covered up the evidence because it helps to prove that the <u>Plaintiff is actually innocent via affirmative defense of frame up</u> which is actual innocence to technical possession and knowingly possessing materials which constitute child pornography that could have been transported via interstate and foreign commerce including by usage of a computer. Plaintiff's claims about the threatening emails are true, especially with the evidence showing that there was covered up evidence by the federal prosecutor. The fingers are pointing at the State Bureau of Investigation, at the corrupt Town of Mayodan, and to its Attorney Philip Edward Berger Senior and maybe even his former District Attorney son Phil Berger Junior. They are only suspects and only should be regarded as such unless any of them or all of them are proven guilty in a court of law. They are all suspects of whom could have possibly framed the Plaintiff somehow and need to be thoroughly investigated by the U.S. Federal Bureau of Investigation ("U.S. FBI" or "FBI"). However the FBI hasn't done anything because they are also filled with corrupt swamp creatures at the top positions that refuse to do justice.

8. Plaintiff does not believe that he can complete the discovery request with the other parties by the deadline as set in the Pretrial Order, due to the ongoing Appeal that is stalling the Court's ability to conduct any hearing or accept any motion regarding discovery. The Plaintiff and Defendants' may need more time to complete the interlocutory appeal, and to propose and fully furnish the "witness list" and "exhibit list" which will be used before the Civil Trial that is scheduled, and allow either party to challenge whether such evidence should be admissible

9

for Trial. That a Status Conference may be needed to affirm the admissibility of all evidence introduced by either party.

9. On Sunday, November 19, 2017, Plaintiff had received a head injury which required a total of 9 staples, due to Plaintiff's diabetic low blood sugar which may have become a diabetic seizure at the time of 2:00AM to 3:30AM. Plaintiff's blood sugar had started going back up after the Emergency Medical Services ("EMS") paramedics were called, but Plaintiff was insistent due to his Obsessive Compulsive Disorder ("OCD") on conducting his hand washing routine before being driven to the Hospital. Then Plaintiff had voluntarily been transported to Sovah Hospital in Martinsville, Virginia, which was formerly known as Martinsville Memorial Hospital. Plaintiff is willing to produce the medical records upon request by the Court or by request from the Defendants'. Due to the head injury and challenges to his hair washing routine and hand washing routine as part of Plaintiff's OCD, it will take longer for the Plaintiff to compile the Witness List and the Exhibit List for what evidence the Plaintiff wishes to produce for the Civil Trial that is scheduled for January 29, 2018.

10. Plaintiff may be appointed a lawyer for his criminal case in the Middle District of North Carolina, as per his 2255 motion, pursuant to the Criminal Justice Act. This lawyer may be involved in matters which may or may not affect this FOIA litigation. Plaintiff will try to work with his next appointed Counsel to ensure that the Plaintiff can prove that the Defendants' improperly withheld records subject to release by the FOIA and that the Defendants' have knowingly covered up the

portion of the evidence records which is part of the discovery packet of evidence material that is of the federal prosecution files of 'United States of America v. Brian David Hill'.

11. On September 6, 2017, Plaintiff had filed a Document #39 evidence "Declaration in Support of Document #2 Complaint, and New Evidence Concerning Possible Dishonesty of the U.S. Attorney Office of Greensboro, North Carolina by Brian David Hill. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(mlh)".

12. On September 25, 2017, Plaintiff had filed Document #40 "Additional Evidence – Plaintiff's Declaration in Support of Document 2 Complaint, and New Evidence Concerning New FOIA Document Release from Defendant EOUSA 1 Day After Call-In Appearance on INFOWARS New Show "War Room" with Owen Shroyer by Brian David Hill. (Attachments: # 1 Exhibit 1 – 2 DVD discs (3 copies), # 2 Exhibit 2 – 9/13/17 Letter and enclosures from Kevin Krebs, Assistant Director, Executive Office for United States Attorneys, # 3 Exhibit 3 – Incident/Investigation Report, # 4 Exhibit 4 – Case Supplemental Report, # 5 Envelope and Certified Mail Receipt) NOTE: DVDs are available for viewing in Clerk's Office.(ham)"

13. Plaintiff intends to request that the Court should deny all motions for summary judgment that the Defendants' may file due to the large number of evidence that shows that the Defendants' may be dishonest and/or are making false material facts about the Plaintiff Brian David Hill and the facts of his innocence (false

11

confession, download dates, etc. etc.). Plaintiff's ONLY intention has ever been to prove his actual innocence, for the interests of justice fort the public, and has been stonewalled for a long time. Plaintiff is not ever going to back down in any Federal Court until he is allowed to simply prove his actual innocence, and get off of the Sex Offender Registry so that he doesn't have to think about the idea of suicide (See Document #12-2, Page 2 of 2, Pageid#: 256) based on the horrors and mental abuse that he may also receive from society in the future over being a wrongfully convicted false Sex Offender. The Plaintiff has Constitutional rights for a reason, it isn't just his mental health over his wrongful conviction. That Plaintiff has a Constitutional due process right under the adversarial system to prove his actual innocence when accused of any serious crime including Sex Offenses. His rights should not be barred from him over the stigmatization and scorn of society over anybody accused of any sexual offense including possession of child pornography. The Plaintiff is adamant about proving his innocence, and his "inter alia assertions" of his "factual innocence" (referring to Eric Placke's 2014 opinion on the matter at the time) from his past pro se filings in his criminal case further warrant a need to review over all discovery materials which were pursued by the Plaintiff's FOIA request dated August 29, 2016. Therefore Plaintiff recommends that any motion for summary judgment by the Government be denied for failure to prove the Plaintiff wrong. The Plaintiff has filed DVDs, Affidavits/Declarations, copies of records, and copies of facsimile transmission records, copies of letters, some copies of what was filed in Plaintiff's criminal

12

case, and possibly other evidence material with the Court. The Defendants' have provided no evidence to the Court other than answering the summons (See Document #9). The Government is clearly being dishonest. The 45th U.S. President Donald John Trump had clearly warned America of the political swamp, the corruption in the U.S. Department of Justice and the corruption remaining in our U.S. Federal Bureau of Investigation. He wants the swamp drained and so does the Plaintiff. If Trump had never been elected, Plaintiff likely would have gave up and wanted to end his life because Clinton would have appointed more corruption than any other globalist President combined. The press would have been targeted by the corruption. Trump has saved Plaintiff's life by being elected and his usage of popular campaign slogans and memes such as "Drain the Swamp" and "Make America Great Again". Plaintiff had hope and didn't just think he would be a false Sex Offender for a very long time. Plaintiff thanks U.S. President Trump for giving him the courage to fight in Federal Court, actually to fight in two Federal Courts to prove his actual innocence and that the Government has acted corruptly and capriciously to prevent an innocent man from proving his own innocence. The Government can become GREAT again, America can become safer again. Plaintiff stands with President Trump in working to drain the swamp. Plaintiff isn't against the Government but is only against the corruption, wickedness and evil, the lawlessness, and the criminal activities by those working for the Government. Plaintiff wants a LAWFUL Government inside the United States. We are a nation of laws, not a nation of men/women.

Plaintiff respectfully files this Status Report with the Court,

Again, the U.S. Constitution offers a criminal Defendant's right to review, inspect, and make copies or even take notes, or even to cross examine the discovery evidence, to know what is being used against him/her in a criminal case to not be swept into a wrongful conviction on a **TRIAL BY AMBUSH, and to help create an effective defense at trial. Plaintiff Brian David Hill was heading for a TRIAL BY AMBUSH in 2014 if he had not falsely taken the guilty plea**, no thanks to compromised, corrupt, neglectful, and ignorant defense Counsels such as Eric David Placke and John Scott Coalter. **Total deprivation and violation of his 14th Amendment, 6th Amendment, and even his 5th Amendment as he was forced to falsely admit guilt depriving him of his right to remain silent.**

**The Plaintiff does exhibit good cause as to why the Court should consider that the U.S. Attorney Office of Greensboro, NC, has done everything they can to further victimize Brian, lie about Brian, create false facts about Brian, and force Brian to register as a Sex Offender for a crime that he was framed on. Then the U.S. Attorney reacts by covering up the evidence to force Brian to continue registering as a Sex Offender, over and over again every year on November of each year, finger printed. Brian is being treated worse than a murderer or computer hacker or even a shoplifter. Even shoplifters and murderers don't have to register as a sex offender to which are restricted to what they are allowed to do in life and where they can live.**

Brian D. Hill, formerly of USWGO Alternative News, asks this Court along with the statement of current 45th U.S. President Donald John Trump to help "**Drain The Swamp**" of the **corruption, criminal behavior, and evil within our Federal Government agencies.** Brian asks that the U.S. Attorney not be acting so darn

14

corrupt and stop trying to prevent Brian from proving his actual innocence. <u>Drain the Swamp of corruption and evil</u>. The criminal behavior of the U.S. Attorney Office should not be tolerated by federal law enforcement that are supposed to follow their Oaths of Offices. Government, do no Evil! How many laws must the Government violate before the U.S. Attorney Office finally let Plaintiff Hill prove his actual innocence?

<u>Pages 13 and 14 of the latest criminal case docket sheet, as of November 21, 2017, are ATTACHED to this Status Report as proof that Plaintiff did file a § 2255 motion. Total number of pages is 2-pages attached. (See Document #27-2 Filed 07/11/17, for rest of whole docket sheet before 2255 filing)</u>

Plaintiff requests with the Court that a copy of this First Status Report be served upon the Government as stated in **28 U.S.C. §1915(d)**, that "The **officers of the court shall issue and serve all process, and perform all duties** in such cases. **Witnesses shall attend as in other cases**, and the **same remedies shall be available as are provided for by law in other cases**. Plaintiff requests that copies be served with the defendants' and the U.S. Attorney office of Roanoke, VA and AUSA Cheryl T. Sloan via CM/ECF Notice of Electronic Filing ("NEF") email. Thank You!

**This PLAINTIFF'S FIRST STATUS REPORT is respectfully filed with the Court, this the 22nd day of November, 2017**

| Date of signing:<br><br>November 22, 2017 | Respectfully submitted,<br><br>*Brian D. Hill*<br>Signed<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.** |
|---|---|

# CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on September 22, 2017, service was made by mailing the original of the foregoing

PLAINTIFF'S FIRST STATUS REPORT

by deposit in the United States Post Office, Priority Mail, Postage prepaid under certified mail tracking no. 7017-1450-0000-9407-6742, on September 22, 2017 addressed to the Clerk of the Court in the U.S. District Court, for the Western District of Virginia, Danville division (P.O. Box 1400). Then Plaintiff requests that the Clerk of the Court shall have electronically filed the foregoing PLAINTIFF'S FIRST STATUS REPORT using the CM/ECF system which will send notification of such filing to the following parties:

Cheryl Thornton Sloan
U.S. Attorney Office
Civil Case # 4:17-cv-00027, Appeal Case # 17-1866
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
cheryl.sloan@usdoj.gov

This is pursuant to Plaintiff's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br>November 22, 2017 | Respectfully submitted,<br>*Brian D. Hill*<br>Signed Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505<br>U.S.W.G.O. |
|---|---|

16

| 07/01/2015 | 118 | ***FILED IN ERROR*** OPINION filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope) (Daniel, J) Modified on 7/2/2015 to reflect filed in error. (Entered: 07/01/2015) |
|---|---|---|
| 07/01/2015 | 119 | ***FILED IN ERROR*** DIABETIC SEIZURE REPORT #1 filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope) (Daniel, J) Modified on 7/2/2015 to reflect filed in error. (Entered: 07/01/2015) |
| 07/01/2015 | 120 | ***FILED IN ERROR*** EMERGENCY MOTION filed by BRIAN DAVID HILL for Autism Expert for Revocation Hearing. (Attachments: # 1 Envelope)(Daniel, J) Modified on 7/2/2015 to reflect filed in error. (Entered: 07/01/2015) |
| 07/01/2015 | 121 | ***FILED IN ERROR*** NOTICE filed by BRIAN DAVID HILL of Recanting Testimonial Statement. (Attachments: # 1 Letters)(Daniel, J) Modified on 7/2/2015 to reflect filed in error. (Entered: 07/01/2015) |
| 07/02/2015 | | NOTICE of Docket Text/Event Modification as to defendant BRIAN DAVID HILL re: 118 OPINION, 119 DIABETIC SEIZURE REPORT #1, 120 EMERGENCY MOTION for Autism Expert for Revocation Hearing, 121 NOTICE of Recanting Testimonial Statement removed from the docket and released to the Defendant's attorney. (Daniel, J) (Entered: 07/02/2015) |
| 07/24/2015 | 122 | ORDER Supervised Release Violation Hearing signed by JUDGE THOMAS D. SCHROEDER on 7/23/2015. Defendant's supervised release is not revoked and the Defendant is to remain on supervised release. The Defendant shall participate in a cognitive behavioral treatment program and location monitoring home detention program as set out herein. All other terms and conditions of supervised release as previously imposed remain in full force and effect in case as to BRIAN DAVID HILL (1). (Daniel, J) (Entered: 07/24/2015) |
| 08/21/2015 | 123 | TRANSCRIPT of Proceedings as to BRIAN DAVID HILL SRV hearing for dates of 6/30/2015 before Judge Thomas D.Schroeder, Court Reporter Briana L. Nesbit, Telephone number 336-734-2514. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.</P> Redaction Request due 9/14/2015. Redacted Transcript Deadline set for 9/24/2015. Release of Transcript Restriction set for 11/23/2015. (Nesbit, Brianna) (Entered: 08/21/2015) |
| 08/28/2015 | | Case as to BRIAN DAVID HILL referred to CHIEF JUDGE WILLIAM L. OSTEEN, JR. RE: PROB 12A. (Israel, Lisa) (Entered: 08/28/2015) |
| 09/01/2015 | | Case as to BRIAN DAVID HILL referred to JUDGE THOMAS D. SCHROEDER RE: PROB 12A. (Israel, Lisa) (Entered: 09/01/2015) |
| 09/04/2015 | 124 | PROBATION PETITION/ORDER adopting the Recommendation(s) of the Probation Officer in case as to BRIAN DAVID HILL. Signed by JUDGE THOMAS D. SCHROEDER on 9/2/2015. (Sheets, Jamie) (Entered: 09/04/2015) |
| 09/22/2015 | | Case as to BRIAN DAVID HILL referred to JUDGE THOMAS D. SCHROEDER re: Prob 22. (Daniel, J) (Entered: 09/22/2015) |
| 11/14/2017 | 125 | MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL. (Attachments: # 1 Envelope)(Taylor, Abby) Civil case 1:17-cv-01036-TDS opened. (Entered: 11/14/2017) |
| 11/14/2017 | 126 | MOTION/APPLICATION for IFP by BRIAN DAVID HILL. (Taylor, Abby) (Entered: 11/14/2017) |
| 11/14/2017 | 127 | NOTICE by BRIAN DAVID HILL re 125 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/14/2017) |

| 11/14/2017 | 128 | MEMORANDUM by BRIAN DAVID HILL re 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. Civil Case 1:17CV1036. (Attachments: # 1 Additional Attachments, # 2 Additional attachments)(Taylor, Abby) (Entered: 11/14/2017) |
|---|---|---|
| 11/14/2017 | 129 | DECLARATION by BRIAN DAVID HILL re 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/14/2017) |
| 11/14/2017 | 130 | SECOND DECLARATION by BRIAN DAVID HILL re 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/14/2017) |
| 11/14/2017 | 131 | EXHIBITS 1-12 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) (Additional attachment(s) added on 11/15/2017: # 1 Envelope) (Taylor, Abby). (Entered: 11/15/2017) |
| 11/14/2017 | 132 | EXHIBITS 13-32 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/15/2017) |
| 11/14/2017 | 133 | EXHIBITS 33-45 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/15/2017) |
| 11/14/2017 | 134 | EXHIBITS 46-53 by BRIAN DAVID HILL re 128 Memorandum. Civil Case 1:17CV1036. (Taylor, Abby) Modified on 11/16/2017, Exhibit no. 49 Stricken, see 135 Order. (Taylor, Abby). (Entered: 11/15/2017) |
| 11/15/2017 | | CASE REFERRED for Screening 126 MOTION/APPLICATION for IFP, 125 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) (Taylor, Abby) (Entered: 11/15/2017) |
| 11/16/2017 | 135 | ORDER signed by MAG/JUDGE JOE L. WEBSTER on 11/16/2017, that Petitioner's Application (Docket Entry 126) to proceed in forma pauperis is denied, that Exhibit 49 as contained in Docket Entry 134 is stricken and will be removed from the record, and that the United States Attorney is directed to file a Response to Petitioner's § 2255 Motion (Docket Entry 125) within sixty (60) days from the date of the entry of this Order. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/16/2017) |
| 11/16/2017 | | Set/Response Deadline in case as to BRIAN DAVID HILL 125 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255). Responses due by 1/15/2018. Civil Case 1:17CV1036. (Taylor, Abby) (Entered: 11/16/2017) |