UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN DAVID HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 4:17-CV-00027-JLK |
| | ) |
| v. | ) |
| | ) |
| EXECUTIVE OFFICE FOR THE | ) |
| UNITED STATES ATTORNEYS, AND | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

NOW COMES the UNITED STATES OF AMERICA, on behalf of the DEPARTMENT OF JUSTICE (DOJ), and its sub-component, the EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS (EOUSA), or (collectively referred to as "Defendants"), through Rick A. Mountcastle, the Acting United States Attorney for the Western District of Virginia, and hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because the Defendants have fulfilled their disclosure obligations in response to Plaintiff's request for records under the Freedom of Information Act. The United States respectfully shows unto the Court the following:

**I. INTRODUCTION**

1. Brian David Hill, (Plaintiff), *pro se*, commenced this Freedom of Information Act (FOIA) case under 5 U.S.C. § 552 on April 25, 2017.

2. Plaintiff alleges that the EOUSA of the DOJ violated the FOIA by wrongfully withholding agency records that are responsive to his FOIA request for certain records in the

possession of the United States Attorney's Office for the Middle District of North Carolina (USAO MDNC) that pertain to him. Compl., ¶ III. 1.

3. Plaintiff seeks an order requiring the EOUSA[1] to disclose all requested records, in their entireties, to Plaintiff. The Defendants request summary judgment because they have fully discharged their disclosure obligations in response to Plaintiff's FOIA request. Following a thorough search for responsive records in the USAO MDNC, which revealed one criminal case file documenting the prosecution of Plaintiff for possession of child pornography, and one file documenting Plaintiff's appeal to the Fourth Circuit Court of Appeals, the EOUSA disclosed all reasonably segregable information subject to the FOIA, withholding only documents or portions of documents covered by statutory exemptions. Accordingly, Defendants DOJ and EOUSA are entitled to summary judgment.

## II. BACKGROUND

4. On July 25, 2016, Plaintiff submitted a FOIA request to the EOUSA, "seeking but not limited to . . . any copies of email records, documents, memos, fax records, digital records, voice messages . . . in reference to "Brian David Hill" and any cases or research involving "Brian David Hill" between the dates, January 2012 to August 2012. Government Exhibit ("GE") A, Declaration of Princina Stone, ¶ 5.

5. On August 12, 2016, EOUSA asked USAO-MDNC to conduct a search for records that were responsive to Plaintiff's FOIA request which EOUSA designated as FOIA Request No. 2016-03570. GE A, ¶ 6.

---

[1] Plaintiff's FOIA Request was directed to the EOUSA, and the EOUSA is responsible for responding to FOIA requests on behalf of the DOJ. Consequently, although Plaintiff names the DOJ and the EOUSA as Defendants in his Complaint, EOUSA has responded to Plaintiff's FOIA Request and Complaint on behalf of the DOJ and the EOUSA.

6. After receiving EOUSA's request, the FOIA liaison, Carolyn Loye, (Loye) at the USAO MDNC sent an email to all USAO MDNC employees requesting that they search for any documents related to Mr. Hill and provide the documents, if any, to her. She also searched that office's electronic recordkeeping system for any records related to Plaintiff by searching under the last name "Hill," with first name "Brian," and the last name "Hill" and first initial "B." GE B, Declaration of Carolyn Loye, ¶ 5. The search revealed two case files, *United States. v. Hill,* No. 1:13-CR-00435 (M.D.N.C.), containing documents related to the prosecution of the Plaintiff for possession of child pornography, and *United States v. Hill,* No. 15-4057, containing documents related to a *pro se* appeal filed by Plaintiff in 2015 challenging his criminal conviction. GE B. The FOIA liaison obtained the case files from the Assistant United States Attorney (AUSA) who handled the cases and separated out all non-public responsive records. GE B, ¶ 7.

7. She scanned and copied all pages of non-public responsive records onto a Compact Disk (CD) for review and processing by EOUSA. GE B, ¶ 7.

8. On August 15, 2016, EOUSA sent a letter to Plaintiff acknowledging receipt of his FOIA request and informing him that his request would be processed on a "first in, first out" basis. GE A, ¶ 7 and Att. 3. The letter also informed Plaintiff that he "may decide to limit or reduce the estimated fees, or obtain a quicker response," by modifying his request in one or more of the ways described "in the enclosed Modified Request Form." GE A, Att. 3.

9. On or about August 29, 2016, EOUSA received notification that the acknowledgment letter sent to Plaintiff had been returned as "undeliverable and unable to forward." EOUSA sent the letter to Plaintiff again on or about September 1, 2017. GE A, ¶ 8 and Att. 4.

3

10. On September 5, 2016, Plaintiff sent a letter to EOUSA seeking, among other things, to i) modify his July 25, 2016 request ("Modified Request") and ii) confirm that Plaintiff had received the EOUSA's acknowledgment letter of August 15, 2016. GE A, ¶ 9 and Att. 5.

11. Plaintiff's Modified Request sought, among other things –

> *. . . records . . . from U.S. Attorney Ripley Rand . . .[including] any copies of email records or fax records in exchange with any individual or entity listed . . .*

12. Plaintiff included a chart which "listed" the names of eight (8) individuals referred to above in Paragraph 11 who were not DOJ personnel. GE A, ¶10 and Att. 5.

13. On September 5, 2016, Plaintiff also returned the Modified Request Form provided to him in the August 15, 2016 acknowledgment letter. Plaintiff had a check mark next to the line that stated, "Please do not search any longer. I understand that I am entitled to the first 100 pages free." GE A, ¶11 and Att. 5.

14. On September 7, 2016, Plaintiff sent another letter to EOUSA that included his declaration attesting that Plaintiff was Brian David Hill, among other things. GE A, ¶12 and Att. 6.

15. On or about September 12, 2016, USAO-MDNC notified the EOUSA that it had completed its search. USAO-MDNC placed the results of the search onto a CD and forwarded it to the EOUSA by mail. GE A, ¶13.

16. On or about February 9, 2017, after a review of the records, the EOUSA responded to Plaintiff's Modified FOIA Request by releasing in full sixty-eight (68) pages and releasing in part twenty-six (26) pages. GE A, ¶14.

4

17. On February 23, 2017, the EOUSA received notice from DOJ, Office of Information Policy ("OIP"), that Plaintiff had filed an administrative appeal regarding EOUSA's February 9, 2017 determination on his FOIA request. GE A, ¶15 and Att. 7.

18. On April 22, 2017, OIP sent Plaintiff a letter that affirmed the EOUSA's determination on Plaintiff's request. GE A, ¶16 and Att. 8.

19. On or about May 11, 2017, USAO-MDNC informed the EOUSA that Plaintiff had filed a Complaint on April 25, 2017 seeking to compel EOUSA to disclose certain records. GE A, ¶17.

20. Plaintiff also sought the assistance of the National Archives and Records, Office of Government Information Services ("OGIS") regarding the EOUSA's February 16, 2017 determination. On June 29, 2017, by letter OGIS responded to Plaintiff by providing an explanation about the adequacy of the EOUSA's search for responsive records. GE A, ¶18.

21. To ensure that the EOUSA had disclosed all segregable information to Plaintiff, Princina Stone reviewed the records again. After that review, she determined that further previously withheld information contained in four of the twenty-six (26) released in part pages could be disclosed to Plaintiff. Consequently, on September 13, 2017, the EOUSA sent Plaintiff a supplemental response and released in part additional information from the four (4) pages. GE A, ¶19.

22, In its cover letter, the EOUSA informed Plaintiff that information was being withheld under FOIA Exemptions 6 (which provides for "the exemption of personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy") and 7(C) (which provides for the exemption of "records or

5

information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information…could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .") 5 U.S.C. § 522(b) (6) and (7)(C).

### III. ARGUMENT

**DEFENDANTS DOJ AND EOUSA ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT REGARDING WHETHER IT HAS FULLY DISCHARGED ITS DISCLOSURE OBLIGATIONS IN RESPONSE TO PLAINTIFF'S FOIA REQUEST**

A. The FOIA

22. The FOIA represents a balance struck by Congress "between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminant secrecy." *John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 152 (1989) (quoting H.R. Rep. 1497, 89th Cong., 2d Sess., 6 (1966)). While the FOIA generally requires agencies to search for and release documents responsive to a properly submitted request, the statute also recognizes "that public disclosure is not always in the public interest." *Baldrige v. Shapiro,* 455 U.S. 345, 352 (1982). Accordingly, the statute provides nine statutory exemptions to its general disclosure obligation. *See* 5 U.S.C. §§552(a)(3), (b)(1)-(b)(9). Although the nine exemptions should be "narrowly construed," *FBI v. Abramson,* 456 U.S. 615, 630 (1982), the Supreme Court has made clear that courts must give them "meaningful reach and application." *John Doe Agency,* 493 U.S. at 152. The burden is on the government to demonstrate that the materials sought may be withheld under an exemption. *Vaughn v. U.S.*, 936 F.2d 862, 866 (6th Cir. 1991).

6

### B. Summary Judgment Standard

23. Summary judgment is the procedural vehicle by which most FOIA cases are resolved, *Turner v. United States*, 736 F. 3d 274 (4th Cir. 2013) (quoting *Rugiero v. DOJ*, 257 F.3d 534, 544 (6th Cir. 2001)) and is proper where the pleadings and evidence on file show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rugiero* at 543-544; Fed. R. Civ. P. 56(c). "To prevail on summary judgment, the government must show that it made a 'good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information' and that any withholding of materials was authorized within a statutory exemption." *Rimmer v. Holder,* 700 F.3d 246, 255 (6th Cir. 2012) (quoting *CareToLive v. FDA,* 631 F.3d 336, 340 (6th Cir. 2011)).

24. Government agencies typically establish that their obligations under Rule 56 and the FOIA have been met through a *Vaughn* Index and supporting detailed affidavit or declaration, which is entitled to a presumption of good faith. *Rugiero,* 257 F.3d at 544 (citing *Jones v. FBI,* 41 F3d 238, 242 (6th Cir 1994)), which cited *United States Dep't of State v. Ray*, 502 US 164, 179, 112 S. Ct. 541). "Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." *Id.* (quoting *Cox v. United States Dep't of Justice*, 576 F.2d 1302, 1312 (8th Cir. 1978)). "If the Government fairly describes the content of the material withheld and adequately states its grounds for non-disclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position." *Id.,* (citing *Ingle v. DOJ,* 698 F.2d 259, 265 (6th Cir. 1983) *overruled on other grounds by USDOJ v. Landano,* 508 U.S. 165 (1993) ) quoting *Cox*, 576 F2d at 1312).

25. Federal courts review *de novo* an agency's decision to withhold records. 5 U.S.C. § 552(a)(4)(B); *Detroit Free Press v. DOJ*, 73 F.3d 93, 95 (6th Cir. 1996).

### C. THE DOJ AND EOUSA HAVE FULLY DISCHARGED THEIR DISCLOSURE OBLIGATIONS IN RESPONSE TO PLAINTIFF'S FOIA REQUEST

26. In his complaint, Plaintiff alleges that he submitted to the EOUSA a FOIA request for "all discovery packet records concerning himself" located in the USAO MDNC and seeks release of all responsive records in their entireties. Compl., ¶ I I I . 1. The EOUSA has, however, already fully discharged its disclosure obligations in response to that request.

#### 1. The EOUSA conducted an adequate search, reasonably calculated to uncover all documents responsive to Plaintiff's request.

27. "The adequacy of an agency's search for documents under the FOIA is judged by a standard of reasonableness and depends upon the facts of each case." *Maynard v. CIA,* 986 F.2d 547, 559 (1st Cir. 1993) (citing *Weisberg v. USDOJ,* 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The FOIA requires a requester to "reasonably describe" the documents sought, 5 U.S.C. § 552(a)(3)(A), and requires the agency to conduct "a reasonable search tailored to the nature of the request." *Rugiero,* 257 F.3d at 547 (citing *Campbell v. United States Dep't of Justice*, 164 F3d 20, 28 (D.C. Cir. 1998)). "A reasonable search" is a "search for the requested records using methods reasonably expected to produce the requested information." *Id.,* at 27. "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate.*" *Weisberg*, 745 F.2d at 1485 (emphasis in original). To prove the adequacy of its search for responsive records, "the agency may rely on affidavits or declarations that provide reasonable detail of the scope of the search." *Rugiero*, 257 F.3d at 547 (citing *Bennett v. DEA,* 55 F.Supp.2d 36, 39 (D.D.C. 1999) (citing *Perry v. Block*, 684 F2d 121, 127 (D.C. Cir. 1982)).

8

28. As detailed in the Carolyn Loye Declaration, GE B, the USAO MDNC's search for records responsive to Plaintiff's FOIA request, as instructed by the EOUSA, was reasonably calculated to uncover all responsive documents. Loye, the office FOIA Liaison, sent an email to all the employees in the USAO MDNC advising them of the FOIA request and asking them to search for any documents related to Mr. Hill. GE B, ¶ 5. She also conducted a search of the USAO MDNC's electronic recordkeeping system for any records related to Plaintiff, using the last name "Hill," with first name "Brian" as well as under the last name "Hill" with first initial "B." GE B. The recordkeeping system contains all files that have been opened in the USAO MDNC, including those that have been closed. GE B. Loye's search revealed two case files responsive to Plaintiff's request, *United States v. Hill*, No. 13-00435 (M.D.N.C.) and *United States v. Hill*, No. 15-4057 (Fourth Circuit Court of Appeals). GE B, *¶* 6. Loye retrieved the files from the AUSA who handled the case and reviewed them, separating out all the non-public records. GE B, ¶ 7. She then copied the records to a Compact Disk (CD) for review by the EOUSA. GE B, ¶ 7.

29. The USAO MDNC's search for records responsive to Plaintiff's request on behalf of the EOUSA (and the DOJ) satisfied their obligations under the FOIA because the EOUSA "us[ed] methods reasonably expected to produce the requested information." *See Rugiero,* 257 F.3d at 547, 547 (citing *Campbell v. United States Dep't of Justice*, 164 F3d 20, 28 (D.C. Cir. 1998)). Accordingly, the DOJ and the EOUSA are entitled to summary judgment with regard to the search for records. *See Weisberg,* 745 F.2d at 1485.

9

Case 4:17-cv-00027-JLK-RSB   Document 49   Filed 12/22/17   Page 9 of 11   Pageid#: 820

## IV. CONCLUSION

30. For reasons stated above, the Defendants United States Department of Justice and the Executive Office of United States Attorneys have shown good cause for the Court to grant its Motion for Summary Judgment.

WHEREFORE, Defendants respectfully request that the Court enter an order granting Defendants' motion for summary judgment.

Respectfully submitted, this the 22nd day of December, 2017.

    Respectfully submitted,

    RICK A. MOUNTCASTLE
    Acting United States Attorney


    /s/ Cheryl T. Sloan
    Cheryl T. Sloan
    NCSB #12557
    Special Assistant U.S. Attorney
    Western District of Virginia
    101 S. Edgeworth St., 4th Floor
    Greensboro, NC 27401
    (336)333-5351
    cheryl.sloan@usdoj.gov

10

Case 4:17-cv-00027-JLK-RSB   Document 49   Filed 12/22/17   Page 10 of 11   Pageid#: 821

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN DAVID HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 4:17-CV-00027-JLK |
| | ) |
| v. | ) |
| | ) |
| EXECUTIVE OFFICE FOR THE | ) |
| UNITED STATES ATTORNEYS, AND | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATION OF SERVICE

I hereby certify that on December 22, 2017, I electronically filed the foregoing Memorandum in Support of Motion for Summary Judgment, with the Clerk of the Court using the ECF system.

I further certify that I have mailed by U.S. mail the Memorandum in Support of Motion in Support of Motion for Summary Judgment to the following non-ECF participant:

Brian David Hill
310 Forest Street, Apartment 2
Martinsville, VA 24112

          RICK A. MOUNTCASTLE
          Acting United States Attorney

          /s/ Cheryl T. Sloan
          Cheryl T. Sloan
          NCSB #12557
          Special Assistant U.S. Attorney
          101 S. Edgeworth St., 4th Floor
          Greensboro, NC 27401
          (336)333-5351
          Cheryl.Sloan@usdoj.gov