UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:17-CV-00027-JLK |
| | ) | |
| v. | ) | |
| | ) | |
| EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS, AND UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## DECLARATION OF PRINCINA STONE

I, Princina Stone, declare as follows:

1. I am currently employed as an Attorney-Advisor with Freedom of Information Act/Privacy Act ("FOIA/PA") staff of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I have been employed in this capacity since April 2015. Prior to my current position with EOUSA, I worked for more than five years as an attorney with the federal government. I worked in conjunction with DOJ to defend the government in FOIA and Privacy Act cases and provided legal advice to agencies regarding various FOIA and Privacy Act requests. As an attorney with EOUSA, I serve as a liaison among other divisions and offices of DOJ, and provide advice on responding to requests for access to information located in this and the other 93 districts of the United States Attorneys' Offices ("USAOs"). Further, I review the adequacy of searches conducted in response to requests and FOIA determinations made by EOUSA staff to ensure that the



GOVERNMENT
EXHIBIT
A

processing of records, and determinations to disclose or withhold responsive records are made in accordance with FOIA, Privacy Act and DOJ regulations at 28 C.F.R. §§ 16.3 *et. seq.* and §§ 16.40 *et seq.* pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

2. Due to the nature of my responsibilities, I am familiar with the procedures followed by this office in responding to the FOIA requests submitted to EOUSA by plaintiff, Brian David Hill ("plaintiff"). Additionally, I have reviewed the Complaint that is the basis of the lawsuit and which this declaration addresses. I am also familiar with the FOIA request submitted by plaintiff that EOUSA assigned FOIA Request No. 2016-03570.

3. The statements contained in this declaration are based upon my personal knowledge, information provided to me in my official capacity as an Attorney-Advisor, and determinations made in accordance therewith.

4. The purpose of this declaration is to provide the Court with information regarding EOUSA's efforts to respond to plaintiffs' FOIA request. This declaration consists of: (i) relevant correspondence related to plaintiffs' FOIA request and EOUSA's responses thereto, and (ii) and information supporting the *Vaughn* Index, Attachment ("Att.")1 to this declaration, for documents responsive to plaintiffs' FOIA requests, but withheld from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. § 552(b)(6) and (b)(7)(C), in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974).

I. **ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA/PA REQUEST**

5. Plaintiff sent a FOIA request dated July 25, 2016, to EOUSA seeking, but not limited to

> *…any copies of email records, documents, memos, fax records, digital records, voice messages…in reference to "Brian David Hill" and any cases or research involving "Brian David Hill:" between the dates, January 2012 to August 2012.*

Plaintiff indicated that the DOJ component to search for records was the United States Attorney Office in Greensboro, North Carolina *a/k/a* the United States Attorney's Office for the Middle District of North Carolina ('USAO-MDNC"). See Att. 2.

6. On August 12, 2016, EOUSA asked USAO-MDNC to conduct a search for records that were responsive to plaintiff's FOIA request.

7. On August 15, 2016, EOUSA sent plaintiff a letter acknowledging receipt of his FOIA request, and informing him that the request would be processed on a "first in, first out" basis. The letter also informed plaintiff that he "may decide to limit or reduce the estimated fees, or obtain a quicker response" by modifying the request in one or more of the ways described on the form ("Modified Request Form") that was enclosed with the acknowledgment letter. *See* Att. 3.

8. On or about August 29, 2016, EOUSA received notification that the acknowledgment letter had been returned as "undeliverable and unable to forward." EOUSA sent the letter to plaintiff again on or about September 1, 2017. *See* Att. 4.

9. On September 5, 2016, plaintiff sent a letter seeking, among other things, to i) modify his July 25, 2016 request ("Modified Request") and ii) confirm that plaintiff had received EOUSA's acknowledgment letter. See Att. 5.

10. Plaintiff's Modified Request sought, among other things –

> *...records...from U.S. Attorney Ripley Rand...are any copies of email records or fax records in exchange with any individual or entity listed...*

Plaintiff included a chart that included the names of eight individuals who were not members of DOJ's personnel. *See* Att. 5.

11. On September 5, 2016, plaintiff also returned the Modified Request Form provided to him in the August 15, 2016 acknowledgment letter. Plaintiff had a check mark next to the line that stated, "Please do not search any longer. I understand that I am entitled to the first 100 pages free." *See* Att. 5.

12. On September 7, 2016, plaintiff sent another letter to EOUSA that included his declaration attesting that plaintiff was Brian David Hill, among other things. *See* Att. 6.

13. On or about September 12, 2016, USAO-MDNC notified EOUSA that it had completed its search. USAO-MDNC placed the results of the search on a CD and forwarded it to EOUSA by mail.

14. On or about February 9, 2017, after a review of the records, EOUSA responded to plaintiff's Modified FOIA Request by releasing in full 68 pages and releasing in part 26 pages.

15. On February 23, 2017, EOUSA received notice from DOJ, Office of Information Policy ("OIP"), that plaintiff had filed an administrative appeal regarding EOUSA's February 9, 2017 determination on his FOIA request. *See* Att. 7.

16. On April 22, 2017, OIP sent plaintiff a letter that affirmed EOUSA's determination on plaintiff's request. *See* Att. 8.

17. On or about May 11, 2017, USAO-MDNC informed EOUSA that plaintiff had filed a Complaint on April 25, 2017 seeking to compel EOUSA to disclose certain records.

18. Plaintiff also sought the assistance of the National Archives and Records, Office of Government Information Services ("OGIS") regarding EOUSA's February 16, 2017 determination. On June 29, 2017, by letter OGIS responded to plaintiff by providing an explanation about the adequacy of EOUSA's search for responsive records.

19. To ensure that EOUSA had disclosed all segregable information to plaintiff, I reviewed the records again. After that review, I determined that further previously withheld information contained in four of the 26 released in part pages could be disclosed to plaintiff. Consequently, on September 13, 2017, EOUSA sent plaintiff a supplemental response and released in part additional information from the four pages.

## II. DESCRIPTION OF INFORMATION WITHHELD AND RATIONALE FOR THE WITHHOLDING

20. The narrative description of the information withheld as provided in this declaration and in the *Vaughn Index* is intended to provide the Court and plaintiff with an understanding of the material being protected from disclosure.

21. In accordance with FOIA, and in keeping with DOJ regulations, 28 C.F.R. 16.1, *et seq.*, EOUSA FOIA/PA staff processes all requests for records that are maintained by EOUSA in Washington, D.C. and the 93 USAOs nationwide.

22. All responsive records related to plaintiff's FOIA requests were processed to achieve maximum disclosure consistent with the provisions of FOIA.

### a. *Records Withheld Under Exemptions 6 and 7(C) - Privacy*

23. Exemption 6 protects from disclosure records related to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." To determine whether Exemption 6 would protect the information in question from disclosure, the agency must determine whether 1) the information in question is contained in personnel, medical, or "similar" files, and 2) disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy by balancing the public's right to disclosure of the information against the individual's right to privacy.

24. Similarly, Exemption 7 protects from disclosure "records or information that was compiled for law enforcement purposes, but only to the extent that the production of the law enforcement records or information fits within one of the exemptions specified exemptions described in 7(A) through 7(F). Law enforcement, within the meaning of FOIA Exemption 7, includes enforcement pursuant to both civil and criminal statutes. *See, e.g., Tax Analysts v. Internal Revenue Service,* 294 F.3d 71, 76-77 (D.C. Cir. 2002).

25. Before an agency can invoke any of the harms enumerated in Exemption (7), including the personal privacy interest protected by Exemption 7(C), it must first demonstrate that the information at issue was compiled for law enforcement purposes. Here, all of the information withheld pursuant to Exemption 7(C) was compiled during the investigation of plaintiff and prosecution for knowing possession of child pornographic material. By the nature of this investigation, the records in questions were compiled for purposes of determining whether plaintiff had violated a federal law. Accordingly, the information meets the threshold requirement of Exemption 7.

6

26. Both Exemptions 6 and 7(C) are being asserted to protect from disclosure, among other things, names, telephone numbers and badge number of law enforcement officers, and individuals interviewed by law enforcement whose names appeared in investigation reports.

27. The release of the personally identifiable information contained in the records could subject individuals to an unwarranted invasion of their personal privacy by leading to efforts to contact them directly, or subject them to harassment or harm. In addition, release of this information might lead to retaliation against those individuals identified as being connected in some way to this investigation.

28. There is no countervailing public interest that warrants the release of the individuals' personally identifiable information and its dissemination would not help explain the government's activities or operations. Accordingly, EOUSA has concluded that the need to protect the individuals' privacy rights far outweighs the public need for the disclosure of their personally identifiable information.

29. The information protected under Exemptions 6 and 7(C) is described in the Vaughn Index, attached hereto as Att.1.

   b. *Reasonably Segregable Obligation*

30. Under FOIA, federal agencies are required to release any portion of the record that is non-exempt and that is reasonably segregable from the exempt material. If non-exempt information contained in the record is inextricably intertwined with exempt information, then reasonable segregation is not possible.

31. An agency may satisfy its segregability obligations by (1) providing a *Vaughn* index that adequately describes each withheld document and the exemption under which it

was withheld; and (2) submitting a declaration attesting that the agency released all segregable material.

32. In reviewing the responsive material, I conducted a detailed, line-by-line review to satisfy EOUSA's reasonable segregability obligations.

33. EOUSA has released all reasonably segregable non-exempt information from records responsive to plaintiffs' FOIA requests and has properly withheld information pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 22nd day of December, 2017.

Princina Stone
Attorney-Advisor
Freedom of Information/Privacy Act Staff
Executive Office for United States Attorneys