CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN - 3 2018

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

In the United States District Court

For the Western District of Virginia

Danville Division

Brian David Hill
Plaintiff(s)

v.

Executive Office for United States Attorneys
(EOUSA)
&
United States Department of Justice (U.S. DOJ)
Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 4:17-cv-00027

## PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice." (Documents #49, and #48)

## OPPOSING BRIEF IN OPPOSITION TO THE GOVERNMENT'S/DEFENDANTS'/MOVANT'S MOTION AND BRIEF/MEMORANDUM UNDER DOCUMENTS #49 AND #48

Pursuant to Local Rule 56 of the Western District of Virginia ("W.D.V.A.", U.S. District

Court), Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), and the Document

#11 PRETRIAL ORDER, Plaintiff Brian David Hill ("Brian D. Hill", "Plaintiff", or

"Hill") is filing his opposing Brief/Memorandum in opposition to the Defendants'

"MOTION for Summary Judgment by Executive Office for United States Attorneys,

United States Department Of Justice." (See Document #48) and "Brief / Memorandum in

Support re: 48 MOTION for Summary Judgment . filed by Executive Office for United

1

States Attorneys, United States Department Of Justice." (See Document #49). The United States Attorney Office is abbreviated as "USAO" and the Middle District of North Carolina shall be abbreviated as "MDNC".

The facts will be presented herein. The Plaintiff will explain which paragraphs within Doc. #48 and #49, that the Plaintiff objects to and the very paragraphs that the Plaintiff opposes, as well as explain factually and/or legally (case law, federal law, Constitutional law) as to why it is warranted that the Court under the Honorable Judge Jackson L. Kiser should move to deny the Movant's Motion:

1. In accordance with Local Rule 56 of the Western District of Virginia ("W.D.V.A.", U.S. District Court), "Rule 56. Summary Judgment-Time of Filing", it had stated that *"(a) Except for good cause shown, no motion for summary judgment or other dispositive motion will be considered unless it is filed and set for hearing, or submitted without hearing, within the time fixed by the Court, or if no time is fixed by the Court, within a reasonable time before the date of trial, **thus permitting adequate time for the Court to consider the motion**. (b) Any motion for summary judgment or any other dispositive motion must contain a separately captioned section setting forth with specificity **the material facts claimed to be undisputed together with specific record citations in support thereof**."*

2. In accordance with Local Rule 11 of the Western District of Virginia ("W.D.V.A.", U.S. District Court), "Rule 56. Summary Judgment-Time of Filing",

2

it had stated that *"(c) Briefs Required. (1) All motions, unless otherwise directed by the Court and except as noted hereinbelow, must be **accompanied by a written brief setting forth a concise statement of the facts and supporting reasons**, along with a **citation of the authorities upon which the movant relies**. Unless otherwise directed by the Court, **the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service**, and the **moving party may file a rebuttal brief within 7 days after the service of the opposing party's reply brief**. No further briefs (including letter briefs) are to be submitted without first obtaining leave of court."*

3. In accordance with Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), "Rule 56. Summary Judgment", it had stated that *"(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT."*, *"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."* Another paragraph stated that *"(c) PROCEDURES. (2) Objection That a Fact Is Not Supported by Admissible Evidence."*, *"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."*

3

4. Paragraph (4) of the Document #11 Pretrial Order stated that ". . .Briefs in opposition must be filed within 14 days of the date of service of the movant's brief (or within 14 days of this Order if a motion and brief have been served prior to this Order)."

5. On December 22, 2017, Defendants' Attorney Cheryl T. Sloan (*NCSB #12557, Special Assistant U.S. Attorney, 101 S. Edgeworth St., 4th Floor, Greensboro, NC 27401*) filed the Document #48 "*MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice. (Sloan, Cheryl)*".

6. On December 22, 2017, Defendants' Attorney Cheryl T. Sloan (*NCSB #12557, Special Assistant U.S. Attorney, 101 S. Edgeworth St., 4th Floor, Greensboro, NC 27401*) filed the Document #49 "Brief / Memorandum in Support re 48 MOTION for Summary Judgment . filed by Executive Office for United States Attorneys, United States Department Of Justice. (Attachments: # 1 Exhibit A − Princina Stone Declaration, # 2 1, # 3 2, # 4 3, # 5 4, # 6 5, # 7 6, # 8 7, # 9 8, # 10 Exhibit B − Carolyn Loye Declaration)(Sloan, Cheryl)".

**PLAINTIFF'S OBJECTIONS TO THE CLAIMS/FACTS IN THE MOTION FOR SUMMARY JUDGMENT AND THE BRIEF / MEMORANDUM "in Support re 48 MOTION for Summary Judgment . filed by Executive Office for United States Attorneys, United States Department Of Justice."**

4

1. **Plaintiff's Objection #1 to Document #48, Page 1 of 3:** *"hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because the <u>Defendants have fulfilled their disclosure obligations in response to Plaintiff's request for records</u> under the <u>Freedom of Information Act (FOIA)</u>."* That is not true as all facts brought out and new evidence (See **Exhibit 2**, Declaration by Kennth R. Forinash, Stella Forinash, and Roberta Hill attached to this brief / memorandum) in this opposing brief will state how the Government is misleading the Court into believing that there are no other records that are supposed to exist that are subject to the FOIA and should exist within the purview of the U.S. Attorney Office's case prosecution files of Brian David Hill, and which a portion of the entire case prosecution files were released to Plaintiff prior to the FOIA lawsuit being filed. However the truth is that there are more records that should have been in the case prosecution files that are subject to the FOIA and the Plaintiff's Brady rights as well as rights under Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. §3500 (the Jencks Act), Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). All cited in the original Document #2 COMPLAINT under paragraph 22. Under Page 10 of 21. When a criminal case Defendant wishes to request access to, to inspect, and make photocopies of his own criminal case discovery evidence, and such use is needed to prove factual innocence for the purpose of overturning a wrongful criminal

5

conviction, Brady rights and Giglio rights should still apply to a criminal

Defendant convicted in Federal Court and FOIA should not exempt the Brady and

Giglio rights of criminal Defendants using the FOIA. Good examples why such

rights are important is the exoneration of a wrongfully convicted man named Ryan

Ferguson who starred on MTV under his show titled "Unlocking the Truth". One

of the wrongfully convicted criminal Defendants is Kalvin Michael Smith in

Forsyth County, Winston Salem, North Carolina. None of those wrongfully

convicted men could have ever proven their actual innocence if their discovery

was not permitted to being given to the criminal defendants or any attorney willing

to represent a man or woman claiming actual innocence and is currently being

represented by an Innocence Project. However the Plaintiff is forced to proceed

Pro Se in his 2255 Motion and this FOIA lawsuit because The Innocence Project is

iffy about representing anybody accused of possessing child pornography since it

is far cheaper and easier to exonerate somebody through DNA evidence proving

that a convicted killer did not even commit the crime due to DNA evidence.

However the burden of proof standards for proving innocence in child

pornography possession cases are a lot higher, especially with the emotional scorn,

bias, and hatred of anyone even remotely accused of any crime involving minors

in any sexual manner including child pornography material. Access to the

discovery, even limited access if such limit on access is even required by the

Adam Walsh Act, is necessary to prove the actual innocence, to help make a

credible and competent claim of factual innocence. The U.S. Attorney Office does

6

not want the very criminal Defendant, aka the Plaintiff, which they wrongfully prosecuted and convicted, to even be allowed access to the very discovery evidence that was used against him. Plaintiff's federal assistant public defender Eric David Placke didn't even let Hill get access to his entire discovery until after he was convicted but the access was given by John Scott Coalter after his final conviction until he had realized that the Plaintiff was serious about proving actual innocence (September 30, 2016). At this time Hill's own court appointed defense Counsel and the U.S. Attorney Office of Greensboro, North Carolina are refusing to let the Plaintiff get any kind of full unfettered access to his discovery to prove actual innocence. That is ridiculous. Plaintiff is being deprived of all due process Constitutional rights in his criminal case in Federal Court.

2. **Plaintiff's Objection #2 to Document #49, Page 1 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT":** *"moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because the Defendants have fulfilled their disclosure obligations in response to Plaintiff's request for records under the Freedom of Information Act."* That is NOT true as the Defendants' have withheld records that are subject to the FOIA. The (1) N.C. State Bureau of Investigation Case File, the (2) Confession Audio CD, and (3) the Search Warrant by two Police Detectives executed against Brian David Hill are missing from both the Government's Vaughn Index (Hill v. EOUSA and U.S. Department of Justice, Case No.: 4:17-cv-00027 (W.D.VA.), Seem Document #49-2) and the FOIA response packet of

7

records released pursuant to Plaintiff's FOIA request. Evidence exists proving that Anand Prakash Ramaswamy and the U.S. Attorney Office for the Middle District of North Carolina should be in possession and custody of such records, easy enough for release via the FOIA, but they aren't explaining what they did with those records subject to the FOIA. **Did they illegally remove such records which may be Obstruction of Justice under Title 18 U.S.C. § 1519 "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy"? Did they simply lie and/or imply to the Court and to Defendant EOUSA that such records do not exist and are therefore not subject to the FOIA since they have been concealed or covered up? <u>Exhibit 1</u>** and **<u>Exhibit 2</u>** in attachment to this Brief / Memorandum, both prove to this Court that such records do in fact exist and should be within the custody and possession and/or control of the United States Attorney Office for the Middle District of North Carolina ("USAO-MDNC") that were improperly withheld from Plaintiff's FOIA request.

3. **Plaintiff's Objection #3 to Document #49, Page 2 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT":** *The Defendants request summary judgment because <u>they have fully discharged their disclosure obligations in response to Plaintiff's FOIA request</u>. Following a <u>thorough search for responsive records in the USAO MDNC, which revealed one criminal case file documenting the prosecution of Plaintiff for possession of child pornography, and <u>one file documenting Plaintiff's appeal to</u>*

8

*the Fourth Circuit Court of Appeals, the EOUSA disclosed all reasonably*
*segregable information subject to the FOIA, withholding only documents or*
*portions of documents covered by statutory exemptions. Accordingly, Defendants*
*DOJ and EOUSA are entitled to summary judgment.*" This entire Motion for
Summary Judgment and its accompanying brief and evidence attachments is
SMOKE AND MIRRORS, for the complete cover up, concealment, and/or
destruction of the N.C. SBI forensic case file that they had used to wrongfully
convict Brian David Hill when there were no evidence of actual child pornography
photographs inside of any of the pages of the SBI Case File that were in the
Federal Prosecution case files concerning 1:13-cr-435-1 aka a non-public
document that was not filed on public court docket. There was also an Audio CD
containing the false confession of Brian David Hill. Both of those were
acknowledged by Mr. Eric David Placke ("Mr. Placke"), the assistant Federal
Public Defender for the Middle District of North Carolina, to have been used by
the Federal Prosecutor Anand Prakash Ramaswamy. That was why Plaintiff had
filed this FOIA Complaint and sued the EOUSA, that is why the Plaintiff had
accused the U.S. Attorney Office of MDNC of Obstructing Justice under **Title 18**
**U.S.C. § 1519** "Destruction, alteration, or falsification of records in Federal
investigations and bankruptcy", and they are asking the Federal Court in the
Western District of Virginia to let them completely cover up, destroy, conceal,
and/or maybe even change/alter the very evidence that they had originally used to
indict and eventually wrongfully convict Brian David Hill of possession of child

9

pornography. The Plaintiff wants the Court to compel them to stop lying to the Federal Court, to release all records that do in fact exist in AUSA Anand Prakash Ramaswamy's federal prosecution case files subject to the FOIA, and to stop their criminal behavior and malicious prosecution against a political set up victim that was wrongfully targeted by the Obama Administration with a malicious child pornography set up charge campaign to ruin the Plaintiff and make him to want to commit suicide. The Plaintiff will not hide the fact that he had been suicidal since the whole criminal case had begun at the beginning in Federal Court. The Defendants' know that the Plaintiff has been suicidal and they don't care that an innocent man is forced to register and reregister as Sex Offender every single year for being a victim of a federally sanctioned child pornography frame up campaign against Plaintiff. With Trump being our Honorable President of these United States, Plaintiff decided to come after the criminals inside of our corrupt Department of JustUs (Not Justice) that doesn't care how many innocent men and women they force onto the Sex Offender Registry with consistent threats of imprisonment if they go on social networking websites including dating websites, aren't allowed to hold public office, aren't allowed their Constitutional right to vote and hold people accountable, and are threatened with imprisonment if they don't report things like phone numbers and email addresses to the Sex Offender Registry. That registry is so horrible for an innocent man to be on, no wonder why the Plaintiff has openly talked about suicide in Federal Court records. What the U.S. Attorney Office has done in Greensboro is malicious prosecution,

10

Obstruction of Justice, Subornation of Perjury, deprivation of Plaintiff's Constitutional rights under the color of law, and may have committed other federal crimes that the Plaintiff is not aware of, and all of it to force an innocent man to continually serve a wrongful sentence of Supervised Release under U.S. Probation and to wrongfully register and reregister as a Sex Offender for a crime that he didn't commit, a crime that he had falsely confessed to, and a crime that was framed on by shoddy forensics and now they want to declare as if the forensic report doesn't exist anymore to falsely claim that they had conducted an adequate search under the FOIA. How disgusting! Cheryl Thornton Sloan and Anand Prakash Ramaswamy should both be sitting in FEDERAL PRISON RIGHT NOW. They both should be in prison and whoever else they are involved with who victimized Brian David Hill so that those corrupt federal attorneys can ruin lives for their perfect criminal conviction record which they can polish on their walls like a trophy.

4. **Plaintiff's Objection #4 to Document #49, Page 2 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT":** *"On July 25, 2016, Plaintiff submitted a FOIA request to the EOUSA, "seeking but not limited to . . . any copies of email records, documents, memos, fax records, digital records, voice messages . . . in reference to "Brian David Hill" and any cases or research involving "Brian David Hill" between the dates, January 2012 to August 2012. Government Exhibit ("GE") A, Declaration of Princina Stone, ¶ 5."* How very deceptive and sleight of hand that completely

11

left out the Plaintiff's other FOIA Request which was filed via FAX to the EOUSA on multiple occasions. The "Memorandum" in support of Motion for Summary Judgment leaves out the FOIA Request dated "August 29, 2016" as if such FOIA request doesn't exist when it was faxed multiple times to the EOUSA (See Document #2-7, Filed 04/25/17, Page 2 of 12, Pageid#: 123, and Document #2-7, Filed 04/25/17, Page 3 of 12, Pageid#: 124). **Exhibit 3** attached to this "Brief / Memorandum", and evidence certified or declared under penalty of perjury under **Exhibit 1** Declaration of Brian David Hill proves that the Plaintiff had made very well sure to FAX his FOIA Request multiple times that was originally dated August 29, 2016. A copy of that FAX was transmitted to the U.S. Attorney Office at the recipient FAX number of "13363335381" which is the exactly or almost the exact same FAX number that Cheryl Thornton Sloan uses and is on the Docket Sheet in this case. It says her contact information on the Docket sheet for this civil case is "Cheryl Thornton Sloan", "United States Attorney's Office", "Middle District of North Carolina", "101 South Edgeworth Street, 4th Floor", "Greensboro, NC 27401", "336–333–5351", and "336–333–5357". The FAX number since then is either likely reserved to the U.S. Attorney office or offices where Cheryl Sloan works, or maybe that number has changed since the FOIA requests. Regardless, the basis for Summary Judgment only addresses Plaintiff's July 25, 2016 FOIA Request letter that was faxed and received at the EOUSA but does not address the other FOIA request letter that was dated August 29, 2016, and was faxed multiple times, to multiple fax lines, and yet

12

the Defendants' want to misrepresent that there was multiple FOIA Requests, and

one of them was for all discovery materials in Plaintiff's criminal case including

the Confession Audio CD and the N.C. SBI forensic Case File. The Court should

go back and review the original complaint under paragraph 18 (Document #2,

Filed 04/25/17, Pages 8 and 9 of 21), and compare with the claims under

Document #49 brief / memorandum where it does not address the August 29, 2016

FOIA request asking for all discovery materials including the Confession Audio

CD and N.C. SBI Case File that is supposed to be the forensic report that was

brought up by Eric David Placke at a public Court hearing which was transcribed

and filed on PACER publicly thanks to the help of family and friends (See U.S.

Dist. Court Middle District of North Carolina Case 1:13-cr-00435-TDS,

Document #115, Filed 06/24/15, Pages 18 and 19 of 21). In Sept. 2014, Placke

gave the discovery materials back to Assistant United States Attorney ("AUSA")

Anand Prakash Ramaswamy so that Placke would wash his hands of the case for

having a disgruntled client that was angry that Placke was severely ineffective as

assistance of Counsel. Again Ramaswamy's name was written in the leaked image

by Anonymous (See Document #2-5, Filed 04/25/17, Page 4 of 4, Pageid#: 117)

and Ramaswamy's name was in the "CERTIFICATE OF DELIVERY", "STATE

BUREAU OF INVESTIGATION", AND "CASE FILE" concerning "SBI Case

File #: 2012-02146". That was directly in the federal prosecution case files that

was prosecuted by "Anand Prakash Ramaswamy" of the United States Attorney's

Office for the Middle District of North Carolina. That is the same office where

13

Cheryl Thornton Sloan is employed at, and (sarcasm) she doesn't know that there were missing or concealed files from the federal prosecution files evidence filed in this case, likely to avoid having to turn them over to the EOUSA as per Plaintiff's FOIA request. Either the SBI Case File and the Confession has been illegally removed or destroyed, concealed from the paralegal Carolyn Loye that had conducted the search for responsive records, or there was a cover up of existence of some of the federal prosecution files of "Brian David Hill" for the charge of possession of child pornography to cover up their malicious prosecution which is blatant Obstruction of Justice to the letter of the law under Title 18 U.S.C. § 1519 "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy". Anand Prakash Ramaswamy DOES NOT OWN his office of which he is employed. He cannot legally and selectively and secretly remove certain evidence and prosecution case files because it may come back to prove that they had convicted an innocent man and forced him against his will, even at the suggestion that he may commit suicide, to falsely register as a Sexual Offender under the Sex Offender Registration and Notification Act ("SORNA"). Ramaswamy is acting as evil as he can get, making an innocent man register as a Sex Offender under his malicious prosecution knowing that he had a weak case and always had a weak case against an innocent man that only wanted to prove his innocence so that he wouldn't lose his sanity to the extent of ending his life forever. Ramaswamy is the worst kind of District Attorney at any level of Government. The kind that forces innocent people to sit in prison for a very long

14

time or compels them to give up on proving innocence for lenient sentence for crimes that they did not commit. If somebody didn't commit the crime, they should do no time at all and shouldn't have to register as a Sex Offender. Ramaswamy is crooked enough to force an innocent man to register as a Sex Offender then wants to cover up the SBI forensic report from having to turn it over to the paralegal which would send it to the Executive Office for United States Attorneys. They don't deserve Summary Judgment, The Defendants' deserve a 45th President Donald Trump sanctioned criminal investigation if the Attorney General Jeff Sessions doesn't have the guts and the will to enforce the Federal laws of these United States. Special Counsel needs to investigate Anand Prakash Ramaswamy for his blatant miscarriages of justice and mismanagement or blatant obstruction of justice behaviors. Future United States Attorneys rely on all prosecution records being in the records. For certain records to have been covered up, the very existence of records concealed, and maybe even destroyed is the very definition of obstruction of justice, malicious prosecution, and in blatant violation of the FOIA. This also criminally deprives the Plaintiff's Constitutional rights, legal rights, and privileges under the color of law citing Title 18 U.S.C. § 242 "Deprivation of rights under color of law".

5. **Plaintiff's Objection #4 to Document #49, Page 3 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT":** *"6. After receiving EOUSA's request, the FOIA liaison, Carolyn Loye, (Loye) at the USAO MDNC sent an email to all USAO MDNC employees*

15

*requesting that they search for any documents related to Mr. Hill and provide the*

*documents, if any, to her. She also searched that office's electronic recordkeeping*

*system for any records related to Plaintiff by searching under the last name*

*"Hill," with first name "Brian," and the last name "Hill" and first initial "B."*

*GE B, Declaration of Carolyn Loye, ¶ 5. The search revealed two case files,*

*United States. v. Hill, No. 1:13-CR-00435 (M.D.N.C.), containing documents*

*related to the prosecution of the Plaintiff for possession of child pornography, and*

*United States v. Hill, No. 15-4057, containing documents related to a pro se*

*appeal filed by Plaintiff in 2015 challenging his criminal conviction. GE B. The*

*FOIA liaison obtained the case files from the Assistant United States Attorney*

*(AUSA) who handled the cases and separated out all non-public responsive*

*records. GE B, ¶ 7."* So it is finally admitted that the response to Plaintiff's FOIA

request or requests reveals that two case files were found, and one of them was the

federal prosecution case files concerning "United States. v. Hill, No. 1:13-CR-

00435 (M.D.N.C.), containing documents related to the prosecution of the Plaintiff

for possession of child pornography". So they have admitted to releasing the files

to the EOUSA for Plaintiff's FOIA Request but they have no explanation as to

what happened to the SBI Case File (Again, citing Document #2-5, Filed

04/25/17, Page 4 of 4, Pageid#: 117) that was to be distributed (Original Case File

went to District Attorney) and delivered to "Anand Prakash Ramaswamy" whom

was the prosecutor against "Brian David Hill" for the alleged allegation of the

crime of "possession of child pornography" which the Plaintiff is actively fighting

16

to prove actual innocence to that charge. What about the confession audio? It is in the Mayodan Police Report that the audio was recorded/taped, and is in the records released via the FOIA. So where is the confession Audio CD that was known to be in the custody of the United States Attorney Office for the Middle District of North Carolina? They admit that the search for responsive records did uncover the federal prosecution case files concerning Plaintiff but all records that were found in response to Plaintiff's FOIA Request or Requests does not happen to have the very records that were part of the federal prosecution against the Plaintiff for possession of child pornography. That doesn't make any sense. Why doesn't the Motion for Summary Judgment and its accompanying "brief / memorandum" mention any explanation as to why the N.C. SBI Case File and the Confession Audio CD was not found in response to Plaintiff's FOIA request? Why were those specifically including the Search Warrant (the whole legal basis for the child pornography investigation) not claimed to have been found as the responsive records in response to Plaintiff's two original FOIA requests? None of those questions have been fully explained to satisfy the burden of proof needed for warranting Summary Judgment.

6. **Plaintiff's Objection #5 to Document #49, Page 2 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 5** "*5. On August 12, 2016, EOUSA asked USAO-MDNC to conduct a search for records that were responsive to Plaintiff's FOIA request which EOUSA designated as FOIA Request No. 2016-03570. GE A, ¶ 6.*"

17

Plaintiff has assumed that since the FOIA requests dated July 25, 2016, and

August 29, 2016, are both for the United States Attorney Office for the Middle

District of North Carolina, that both requests were combined under FOIA Request

No. 2016-03570. That was why the Plaintiff had received part of his entire

criminal case discovery packet in the Defendant EOUSA's FOIA response. If it is

not then this further legitimizes Plaintiff's FOIA lawsuit and FOIA Appeal since

there may have been a gross negligence or wilful cover up of Plaintiff's August

29, 2016 FOIA request asking for all discovery evidence material since John Scott

Coalter has threatened to destroy the discovery material (Document #2-8,

Document #12, and Document #4) pertaining the Plaintiff being wrongfully

convicted of possession of child pornography, and has manipulated a private

lawyer named Emily Gladden of Raleigh North Carolina to leave Plaintiff's

criminal case who was going to take the discovery evidence out of Coalter's

hands, but now Mr. Coalter is free to destroy the entire federal criminal case

discovery evidence concerning the Plaintiff and lead the Plaintiff into ending his

own life as a permanent false Sex Offender. John Scott Coalter is a corrupt lawyer

that needs to have his Criminal Justice Act funding revoked and his Attorney

license revoked and needs to be disciplined by the State Bar, and just as corrupt as

Eric David Placke who has committed Subornation of Perjury by forcing an

innocent man to falsely plead guilty under Oath and not allowing Plaintiff to

review over all discovery evidence prior to the change of plea hearing on June 10,

2014.

7. **Plaintiff's Objection #6 to Document #49, Page 3 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 7** "*7. She scanned and copied all pages of non-public responsive records onto a Compact Disk (CD) for review and processing by EOUSA. GE B, ¶ 7.*" Well the question is where is the SBI case file and Confession Audio CD? Why were those records (incl. audio disc) not included? Why are those very important questions not being answered regarding AUSA Ramaswamy's potential cover up, concealment, or even possible destruction of federal prosecution case files of a criminal case in federal Court?

8. **Plaintiff's Objection #7 to Document #49, Page 3 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 8** "*8. On August 15, 2016, EOUSA sent a letter to Plaintiff acknowledging receipt of his FOIA request and informing him that his request would be processed on a "first in, first out" basis. GE A, ¶ 7 and Att. 3. The letter also informed Plaintiff that he "may decide to limit or reduce the estimated fees, or obtain a quicker response," by modifying his request in one or more of the ways described "in the enclosed Modified Request Form." GE A, Att. 3.*" Defendant EOUSA and the United States Attorney Office should have known from Plaintiff's August 29, 2016 FOIA request that he was very specific for what he was asking for via the FOIA. It isn't complex to look for the federal prosecution case files and the specific records that Plaintiff is asking for to assist him in proving his actual innocence. Plaintti asked to limit the search because he

19

feared that Anand Prakash Ramaswamy would have likely led the EOUSA to stall Plaintiff's FOIA request to increase the record search costs and forcefully bankrupt the Plaintiff that only lives off of SSI.

9. **Plaintiff's Objection #8 to Document #49, Page 3 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 9** "*9. On or about August 29, 2016, EOUSA received notification that the acknowledgment letter sent to Plaintiff had been returned as "undeliverable and unable to forward." EOUSA sent the letter to Plaintiff again on or about September 1, 2017. GE A, ¶ 8 and Att. 4.*" That is again likely due to gross negligence. They care to bring that up but not about Plaintiff's faxed FOIA request dated August 29, 2016. How strange. So they admit to receiving a notification from Plaintiff on the exact same day as Plaintiff faxing the FOIA request for the entire discovery pack. Either gross negligence or willful cover up of Plaintiff's second FOIA request.

10. **Plaintiff's Objection #9 to Document #49, Page 4 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 10** "*10. On September 5, 2016, Plaintiff sent a letter to EOUSA seeking, among other things, to i) modify his July 25, 2016 request ("Modified Request") and ii) confirm that Plaintiff had received the EOUSA's acknowledgment letter of August 15, 2016. GE A, ¶ 9 and Att. 5.*" However they fail to bring up that in that request to modify the July 25, 2016 FOIA request (See Document #49-6, Page 1 of 11, Pageid#: 841) "*So I ask that this FOIA Request*

20

*remain separate as the records sought are entirely of a different matter in my*

*second request.*" That was referring to keeping Plaintiff's FOIA request dated

August 29, 2016 separate from the other FOIA request dated July 25, 2016. Either

gross negligence or cover up of Plaintiff's FOIA request dated August 29, 2016.

11. **Plaintiff's Objection #10 to Document #49, Page 4 of 11, "MEMORANDUM**

   **IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY**

   **JUDGMENT": Paragraph 12** "*12. Plaintiff included a chart which "listed" the*

   *names of eight (8) individuals referred to above in Paragraph 11 who were not*

   *DOJ personnel. GE A, ¶10 and Att. 5.*" The reason for the separate July 25, 2016

   FOIA request was because the Plaintiff had always suspected that Philip Edward

   Berger a State Senator of North Carolina, former Rockingham County District

   Attorney Phil Berger Junior (Phil Berger Sr.'s son), and/or the Town of Mayodan

   Police Chief Charles J. Caruso, and/or others who may have been involved with

   having Plaintiff framed with child porn and wanted an investigation into whether

   any of those individuals were in contact with the United States Attorney prior to

   the child pornography investigation to determine whether any of them had

   communicated in a way that would be suspicious and would prove Plaintiff's

   suspicions. The reason why was that Phil Berger Jr. had his name in the N.C. SBI

   Case File and he was the former District Attorney while the entire child

   pornography investigation had begun, including involvement of Special Assistant

   District Attorney Julia Hejazi with Detective Robert Bridge while his sister

   worked at Phil Berger Junior's office as Assistant District Attorney named

21

Melanie Bridge. Plaintiff had many valid reasons to have a reasonable suspicion that Phil Berger and others in his entire political family in North Carolina had a conflict of interest, may have been part of the frame up of Brian David Hill, and was biased throughout the entire child pornography investigation to not let Plaintiff prove any factual matter of actual innocence. Phil Berger Senior the Mayodan Attorney made sure that the Town Clerk Melissa K. Hopper would not release the "Confession Audio CD" of Brian David Hill to the Plaintiff, even when Plaintiff asserted Writ of Habeas Corpus Constitutional right as cause for needing the confession audio. Plaintiff believes that the Phil Berger family in North Carolina is corrupt and needs to be investigated. Every member of the Phil Berger family that is involved with Wake Forest School of Law, with any Federal Judges, or even in any position of politics or legal work needs to be investigated by the FBI. Every one of the Phil Berger family that is over 18 years of age needs to be scrutinized, interviewed, investigated, and questioned. Kevin Berger, Phil Berger Junior, Phil Berger Senior, and them all should be questioned by the FBI and interviewed over any involvement with Plaintiff's child pornography case, and any possible personal and/or political involvement they may have had with the Greensboro or Winston-Salem Federal Courts and/or the United States Attorney Office. Plaintiff doesn't just get deprived of due process unless some corrupt or criminal action is being taken behind the scenes to ensure that Plaintiff is deprived of all Constitutional rights prior to taking the false guilty plea agreement.

22

12. **Plaintiff's Objection #11 to Document #49, Page 4 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 16** "*16. On or about February 9, 2017, after a review of the records, the EOUSA responded to Plaintiff's Modified FOIA Request by releasing in full sixty-eight (68) pages and releasing in part twenty-six (26) pages. GE A, ¶14.*" Plaintiff's FOIA Appeal and Plaintiff's FOIA request dated August 29, 2016, was very clear as to why Plaintiff was dissatisfied with the FOIA response and record release dated February 9, 2017. Plaintiff had been specific with the very records that he had requested including his own confession on audio CD disc and the N.C. SBI forensic case file which contains no child pornography thumbnails and nothing that would indicate any reason to withhold such record from EOUSA's response to the Plaintiff's FOIA request. Plaintiff has always been dealt with harshly by the corrupt United States Attorney Office in Greensboro, North Carolina who feels that they are above the law. All they care about is successfully convicting every single person that they charge with a federal crime, by whatever means necessary. They had used United States Probation Officer USPO Kristy L. Burton of the Western District of Virginia to lie about the Plaintiff in Federal Court which is perjury on USPO Burton's part and Subornation of Perjury on Anand Prakash Ramaswamy's part. They used Plaintiff's false confession and never gave him an opportunity to cross examine and prove his confession to be false. It was all one sided, with Kristy Burton hurting the Plaintiff with her lies as it was all one sided. The United States

23

Attorney Office of Greensboro is very corrupt and needs to be under criminal investigation once Trump drains the swamp and replaces people within the U.S. Federal Bureau of Investigation ("FBI"). Then the FBI should investigate the entire staff and former staff of the USAO for the MDNC including Carolyn Loye. They don't want Plaintiff to have unfettered access to the very forensic report that they had used to falsely paint Plaintiff as a pedophile, as a child pornographer. They don't want it coming out in Court that any suspected child pornography had downloaded on Plaintiff's computer while 11 months in law enforcement custody. They are the criminals that should be arrested and placed in Federal Prison or Probation. Plaintiff needs to be given access to his entire criminal case discovery packet of evidence or he needs his conviction to be overturned immediately by Presidential Pardon on the ground of U.S. Attorney misconduct, actual innocence, and due process deprivation, or on Plaintiff's 2255 Motion that was filed in the Middle District of North Carolina.

13. **Plaintiff's Objection #12 to Document #49, Page 5 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 18** "*18. On April 22, 2017, OIP sent Plaintiff a letter that affirmed the EOUSA's determination on Plaintiff's request. GE A, ¶16 and Att. 8.*" It was wrong for the entire FOIA Appeal to be dismissed and affirming EOUSA's determination on Plaintiff's FOIA request because of the volume of evidence and Declarations that was submitted during the FOIA Appeal process. Citing Document #24, Filed 07/03/17, Pages 1 to 17 including all attachments and

other cited Federal Court document sources within this case. There clearly was missing records that should have been investigated by the Office of the Inspector General ("OIG") but they have decided to allow the Obstruction of Justice and other crimes of the United States Attorney Office while under Ripley Rand and Assistant Anand Prakash Ramaswamy. They let them get away with it all without so much as any investigation or audit. Defendant U.S. DOJ does not want to investigate any corruption of the USAO-MDNC. They don't want to investigate why Plaintiff was wrongfully convicted on none other than shoddy forensic work and a false confession. The Office of Professional Responsibility also let them get away with the criminal acts that were committed against Plaintiff and his entire family.

14. **Plaintiff's Objection #13 to Document #49, Page 5 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 20** "*20. Plaintiff also sought the assistance of the National Archives and Records, Office of Government Information Services ("OGIS") regarding the EOUSA's February 16, 2017 determination. On June 29, 2017, by letter OGIS responded to Plaintiff by providing an explanation about the adequacy of the EOUSA's search for responsive records. GE A, ¶18.*" The letter from the OGIS (See Document #27-1, Pageid#: 520, Pageid#: 521, Pageid#: 522, Pages 1 to 4) shows that the EOUSA through the Assistant United States Attorney that had released the records claimed that "*EOUSA informed OGIS that USAO-MDNC did not have the SBI records or the audio file you seek.*" Either the United

25

States Attorney Office has lied about the existence of such records missing from EOUSA's response to Plaintiff's FOIA request (concealment and/or cover up), or they have illegally and covertly/secretively removed some of the pieces of the entire federal prosecution case file (destruction or secret removal, cover up) of United States of America v. Brian David Hill in the United States District Court for the Middle District of North Carolina. Either action may be a felony violation of Title 18 U.S.C. § 1519. That is why the United States Attorney Office is vigorously attempting to throw out Plaintiff's FOIA lawsuit so that either way they don't have to admit to any allegations that may hold them criminally and civilly liable once a new U.S. Attorney is seated in his or her respective office in the Middle District of North Carolina. Plaintiff is filing evidence with the Court proving that Page 12 of the Mayodan Police Report, the non-redacted version (See **Exhibit 4**) that Plaintiff sought outside of the secretive discovery agreement between Eric David Placke and Anand Prakash Ramaswamy, and the redacted version (See **Exhibit 5**) released in response to Plaintiff's FOIA request in earlier 2017 which started the whole FOIA Appeal and lawsuit. Both of those pages have basically the same information with exception of the redaction. Plaintiff shall quote the full paragraph and underline in bold the most important part of the paragraph cited. Page 12 of the Mayodan Police Report stated that "*On Wednesday, August 29, 2012 at 1000 hours, Detective Robert Bridge and I interviewed Roberta Ruth Hill and **Brian David Hill** at the Mayodan Police Department. Roberta's statement was typed and signed. **A full audio copy and a***

26

*typed, signed statement was given by Brian Hill*." That proves that Plaintiff's false confession was audio recorded and should have been stored in at least a cassette tape or an audio CD. Even the 20[th] page of the Mayodan Police Report proves that Mayodan Police Department was given the baton to federally indict Plaintiff Brian David Hill. I quote from Document #40-4, Filed 09/25/17, Page 2 of 2, Pageid#: 777, citing quote from Detective Christopher Todd Brim "*I recovered property from **NCSBI Special Agent Rodney White**. **SA White processed the digital evidence** and found sufficient evidence to **warrant a federal indictment**. The property will be stored in the department's evidence room. The remainder of the digital evidence will stay in SA White's custody.*" Again it admits the involvement of the N.C. State Bureau of Investigation and yet the United States Attorney federal prosecution file doesn't contain this vital forensic report and the [false] confession Audio CD disc that was used to criminally indict and eventually convict by false-guilty-plea of the criminal Defendant Brian David Hill. Also according to the 17-page FAX that was filed with this Court under Document #2-4, Filed 04/25/17, Pages 1 through 19 (the original evidence basis for the COMPLAINT) , the Office of Information Policy ("OIP") of Defendant United States Department of Justice ("U.S. DOJ" or "Defendant U.S. DOJ") was given evidence and warning as to the existence of the confession Audio CD disc that should have been in the federal prosecution files at the United States Attorney Office for the Middle District of North Carolina. (See Document #2-4, Filed 04/25/17, Page 5 of 19, Pageid#: 99) A FAX pertaining to Plaintiff's FOIA Appeal

27

to the OIP was a "Last Minute Evidence to OIP", "*******Freedom of Information Act Appeal*******", "FOIA Appeal # DOJ-AP-2017-002520", "APPEAL and Response to FOIA Request to Executive Office for United States Attorneys - Re: FOIA-2016-03570:" and "Monday, March 20, 2017 - 03:39AM". That was Plaintiff's attempt to excerpt quotes from Federal Court Transcripts to prove to the OIP of Defendant U.S. DOJ that the confession Audio CD disc and the forensic report both exist in the federal prosecution file subject to the FOIA. Then it was quoted from a Federal Court Transcript on Document #2-4, Page 8 of 19 Pageid#: 102, it stated "**THE COURT:** *That's right. There was <u>an initial statement, and then later that changed</u>.*" That means the Plaintiff had made an initial statement to the Police Detectives of actual innocence by stating that he did not download child pornography but only pirated software and music. Then he told them about a "Trojan Horse" in the confession audio but was omitted from the Mayodan Police Report including the redacted copy released by Defendant EOUSA. In the audio it will reveal a Detective saying "*We found child pornography on your computer. . .You better just tell us. . .we will find more. . .now tell us did you download child pornography?*" with a more stern voice causing Plaintiff to flip his statement from innocence to guilt. The Assistant U.S. Attorney Anand Prakash Ramaswamy doesn't want the coercion to be revealed and doesn't want the evidence to come out that Plaintiff made an initial statement that he did not download child pornography. Eric David Placke, the Assistant Federal Public Defender pushed the issue of only guilt like a Prosecuting Attorney

28

instead of being a real Defense Attorney which was supposed to fulfill his role as a lawyer defending his clients but he wasn't a real lawyer that represented Brian's actual innocence. Placke was acting as a prosecuting Attorney for Anand Prakash Ramaswamy or at least in favor of the AUSA. Citing United States of America v. Brian David Hill, Middle District of North Carolina, U.S. District Court, Case # 1:13-cr-435-1, Citing Document #114, Pages 8 and 9 of 25, more of the excerpted paragraphs from Transcript: "***THE COURT***: *And so is it fair -- do those -- and I'm not trying to embarrass you. <u>I just need to get to the bottom of this issue that you have raised</u>. You mentioned <u>OCD, obsessive compulsive disorder</u>. When you were originally debriefed in this case -- or when you were originally arrested and confronted by law enforcement, <u>you told those officers that someone else must have downloaded those images to your computer</u>, is that correct?. . .**THE DEFENDANT**: <u>Yes, sir</u>*." And "***MR. PLACKE***: *In part, Your Honor. There was a <u>noncustodial interview conducted the day after the search warrant</u>. It <u>was recorded</u>, and I've <u>listened to it several times</u>, <u>played it with Mr. Hill</u>. That was said initially. Later, <u>the course of the interview changed</u>, and Mr. Hill told the officers that he had downloaded child pornography. **THE COURT**: That's right. There was <u>an initial statement, and then later that changed</u>*." That is why the United States Office has inappropriately withheld the "Confession Audio CD" from being released pertinent to Plaintiff's FOIA request because they didn't want the truth to get out. They want the lies of the Plaintiff to continue being spearheaded to force Plaintiff to continue reregistering as a Sex Offender in the

29

Commonwealth of Virginia further deteriorating the Plaintiff's mental health into suicide as the bullies from the United States Attorney Office want to ensure as yet another victory in their war on common sense and logic by the Obama Administration, and yes I am criticizing former President Obama too for appointing those liars and deceivers into Office. Placke said "... *and Mr. Hill told the officers that he had downloaded child pornography*". Sounds exactly like a Prosecutor in training, as if Anand Prakash Ramaswamy didn't have to do much to prosecute the case because it sounded like Mr. Placke was acting as the Prosecutor that bucked Plaintiff for trying to prove facts of actual innocence and try to produce evidence supporting his claim of actual innocence. The fact is that the Office of Information Policy("OIP") was warned about the existence of the "confession Audio CD" and the "N.C. SBI Case File" containing a self-forensically-examined report by Special Agent Rodney V. White who refused or failed to submit the evidence to the N.C. State Crime Laboratory which would have done a better job forensically examining Plaintiff's seized computer equipment, even though they also have a history of shoddy forensics and Plaintiff is willing to have his family print those news articles to submit to the Court if necessary to prove how Crime Laboratories are sending innocent people to prisons. Plaintiff has given sufficient evidence to the OIP and the Office of the Inspector General to thoroughly investigate Plaintiff's claims as to the cover up, concealment, or destruction of some of the federal prosecution case files concerning Brian David Hill. And they just refused to investigate and they seemed

30

to have ignored the very important evidence like traitors to the United States Constitution. They are traitors to Justice and are not even considered law enforcement in my opinion. They are all crooked and that is the reason I have openly supported our 45th President Donald John Trump because of one of his campaign slogans of "Drain the Swamp". The Swamp framed me with child pornography and the swamp railroaded me onto the Sex Offender Registry whoever that may be in the big swamp of political criminals and the deep state.

15. **Plaintiff's Objection #14 to Document #49, Page 5 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 21** *"21. To ensure that the EOUSA had disclosed all segregable information to Plaintiff, Princina Stone reviewed the records again. After that review, she determined that further previously withheld information contained in four of the twenty-six (26) released in part pages could be disclosed to Plaintiff. Consequently, on September 13, 2017, the EOUSA sent Plaintiff a supplemental response and released in part additional information from the four (4) pages. GE A, ¶19."* However Princina Stone has failed to reveal whether she could have asked AUSA Anand Prakash Ramaswamy as to why the "Confession Audio CD" was not included and the "SBI Case File" was not included when both are instrumental to proving the actual innocence of Brian David Hill. He has only one opportunity to try to fight back aggressively to get off of that horrible Sex Offender Registry so that he doesn't have to kill himself to be rid of the shame and horrors of being treated like a rapist or child molester when he is a virgin and has

31

had no sex with anybody. Plaintiff hasn't even had his first kiss yet. Anand

Prakash Ramaswamy is a corrupt and vicious bully like something like a Fairy

Tale nightmare or Disney cartoon movie with some awful villain. He abuses his

power to deny and deprive the due process of Brian David Hill until he capitulates

to this bully. Anand Prakash Ramaswamy is a BULLY and he needs to be

investigated by the FBI and removed from office once Trump replaces all of the

high up positions within the FBI.

16. **Plaintiff's Objection #15 to Document #49, Page 5 and 6 of 11,**

   **"MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION**

   **FOR SUMMARY JUDGMENT": Paragraph 22** "*22, In its cover letter, the*

   *EOUSA informed Plaintiff that information was being withheld under FOIA*

   *Exemptions 6 (which provides for "the exemption of personnel and medical files*

   *and similar files, the disclosure of which would constitute a clearly unwarranted*

   *invasion of personal privacy") and 7(C) (which provides for the exemption of*

   *"records or information compiled for law enforcement purposes, but only to the*

   *extent that the production of such law enforcement records or information...could*

   *reasonably be expected to constitute an unwarranted invasion of personal privacy*

   *. . . .") 5 U.S.C. § 522(b) (6) and (7)(C)*." First of all, law enforcement does not

put their own medical files in law enforcement reports that they use against

Plaintiff Brian David Hill in Federal Court for a criminal case that ruined his life.

Second of all was that Brian D. Hill didn't file those FOIA requests as a news

reporter and neither as a random member of the general public but had filed two

FOIA requests with the sole purpose of proving factual innocence in his case based partially on the U.S. Attorney's own evidence from their prosecution of the Plaintiff. His own lawyer John Scott Coalter who was supposed to be defending the Plaintiff had sold him out to the plea agreement process along with his first court appointed lawyer Eric David Placke. Coalter threatening to destroy Brian's criminal case discovery evidence is what led up to this very lawsuit and what caused Plaintiff to leave an angry voicemail with the Office of Information Policy threatening to sue the Federal Government because Coalter threatened to destroy the very discovery evidence which is needed to prove actual innocence that was from the United States Attorney Office. Third of all, the very law enforcement and Assistant District Attorney that was redacted from Defendant EOUSA's response are all public names that are part of the public record. All District Attorneys and Assistant District Attorneys file criminal cases and even civil cases on behalf of their respective State Government. All criminal cases files in both the District Court in every respective County and/or the Superior Court all have the full or almost the full name of the very Assistant District Attorney filing s case against an American citizen in their jurisdiction that is believed to may have broken the law. The names of District Attorneys and Assistant District Attorneys are of public record and are not subject to the privacy protections to such an extent where their whole names are redacted from records subject to public disclosure otherwise then this makes the Freedom of Information Act ("FOIA") more restrictive and oppressive than the public court records which will mention the names of law

enforcement, names of Judges, and names of District Attorneys and Assistant

District Attorneys. The cited "VAUGHN INDEX – EOUSA" filed under

Document #49-2, reveals that names were redacted which are normally names in

the public record as official positions within the Government. Citing Bates

Number 00004 – 00016, "Case Supplemental Report", and the exemption was

"*Exemption (b)(6) and (b)(7)(C) are asserted to <u>protects the names of uncharged</u>*

*<u>individuals</u>, <u>**State Assistant District Attorney**</u>, law enforcement personnel and*

*conversation related to the legal and investigative strategies*." Well both Police

Detectives filed an unsealed Search Warrant with both of their names and the legal

and investigative strategies are already on public record at the Rockingham

County Courthouse in Wentworth, North Carolina. They reveal what they did and

how they did it on public record and did not voluntarily ask for such Search

Warrant to be sealed as far as the Plaintiff is aware. They pursued a public

criminal case against the Plaintiff and made him out to be a sexual predator, a

pedophile, and won't even let him cross examine the Government witnesses and

won't let him question anybody. It was all about making an innocent man into a

pedophile. They were going to use this evidence against him in a public Jury Trial

that any member of the media can request permission to film the child

pornography case against Brian David Hill but he isn't allowed access to the very

discovery evidence that they were going to use against him at a public jury trial?

This violates and deprives Brian's Constitutional rights under Brady v. Maryland

and under Giglio v. United States, as ruled by the U.S. Supreme Court. They

34

redacted the name of what Defendant EOUSA calls the "***State Assistant District Attorney***" and that name is also of public record in every criminal case prosecuted by any particular Assistant District Attorney. The FOIA request was made after the wrongful conviction of Plaintiff and the evidence is needed to prove actual innocence. There is no harm in simply getting access to the discovery if the intent is to prove actual innocence in Federal Court. The redactions make it impossible for the Plaintiff to prove his actual innocence. The very same people at the EOUSA that redacted the entire names of public figures aka public servants published Plaintiff's full social security number in three of the evidence "Attachment" filings to Document #49 the memorandum of the Defendants' Motion for Summary Judgment. Plaintiff was forced to quickly write up the MOTION and SUPPORTING BRIEF to "Redact and Request for a Protective Order to Redact Social Security Number Protected by the United States Privacy Act of 1974" (citing Document #52) on December 23, 2017, but because of the Holidays and family visiting, the Plaintiff had to mail out the motion by December 26, 2017. The Plaintiff had to spend some of his Holiday weekend time to quickly write up a Motion to protect his own privacy from being violated out of the Defendants' publishing of Plaintiff's entire social security number which in combination with his date of birth included puts the Plaintiff at high risk of social security fraud, identity theft, and people can commit crimes or purchase services using the Plaintiff's social security number fraudulently. The Defendants are reckless and they have disregarded the Privacy protections under the law while

35

they claim that the public authority figures such as the Assistant District Attorney of Rockingham County are subject to special privacy protections while they can freely prosecute people under their own name on public filings. The District Attorney is elected, and the Assistant District Attorneys have the same enforcement powers as the District Attorney and work for the District Attorney in their official capacities. They serve a public office and the District Attorney ("DA") names are of public record including the state general elections. The Assistant DA's usually file criminal charges many times in their official capacities and their names are publicly listed on every criminal case Docket Sheet that is in every District and Superior Court in every County in each respective state. Some states may use the term "Commonwealth Attorney" in states that are known as the "Commonwealth" instead of traditionally called a state, but are usually the same style and fashion of having the similar legal duties and titles as the District Attorneys in non-commonwealth states. The names of law enforcement are publicly mentioned in the factual basis of the guilt of each convicted individual. Those names are of public record and aren't subject to public redactions. Plaintiff, by help of family printing out a Mayodan Police Department website page from the Internet Archive Wayback Machine dated October 14, 2011. The Wayback Machine was created in benefit to the case that a website or webpage is removed down the memory hole (Ministry of Truth) as George Orwell's 1984 had stated in his fictional book. That proves to this Court that the names of law enforcement are fully published on a Police Department website. Citing United States District

36

Court for the Middle District of North Carolina Case 1:13-cr-00435-TDS,

Document #133, Filed 11/14/17, Pages 5 and 6 of 105. It lists the names of the

Administration Division as "Chief Charles Caruso" and "Captain Donnie Barker"

and the Investigation Division with two officers such as "Sergeant Todd Brim"

and "Sergeant Tony Ashburn". In 2012, the Assistant District Attorney Julia

Hejazi was also redacted but she is at a high position at the Rockingham County

District Attorney in North Carolina at the time of the Search Warrant and criminal

case. She can prosecute cases publicly in the District Court and Superior Court,

throw persons in the County Jail regardless of innocence or guilt, and yet her name

is to be given special privacy protections and be redacted off of any documents

requested via the FOIA. Because the Plaintiff has an unredacted copy of the

Mayodan Police Report, the redactions of law enforcement personnel aren't that

concerning however if the Plaintiff had not originally asked the Town Clerk to

send him a copy of the Police Report concerning himself then he would further be

blocked from proving his actual innocence and it would have been impossible for

the Plaintiff to prove factual innocence. The Police Report in the records released

pursuant to the FOIA reference the existence of the Search Warrant by Detectives

Robert Bridge and Christopher Todd Brim that is publicly accessible at the

Rockingham County Courthouse which should be an implied consent barring their

names and official titles from being redacted from public record requests. Even

though they admit the existence of the Search Warrant which is the sole basis and

legal grounds for the search and seizure of Hill's computer equipment pursuant to

a child pornography investigation, the Search warrant was not listed in the "Vaughn Index" and was excluded from the records released from Defendant EOUSA. They don't want Judge Kiser or any Judge of this Court to know or understand that the Detectives put their names on public record via Search Warrant for my case and described the law enforcement investigative strategies on public record, and not even under seal after the successful execution of the Search Warrant. Proof to this Court is that the Judge over this case needs to review over Federal criminal case # 1:13-cr-435-1, Middle District of North Carolina (M.D.N.C.), Document #84-2, and filed 04/27/2015. That public Search Warrant describes the law enforcement strategies and mentions their names. The Privacy Exemptions requiring redaction that Defendants' are claiming apply to even law enforcement telephone numbers are telephone numbers that are also public which anybody can find by calling the Town of Mayodan Clerk's Office or even visiting the Town of Mayodan's website, using Google or any search engine, visiting the Police Department's website or Facebook page, or anybody can simply drive to the Town of Mayodan in North Carolina asking where the Police Department is. The phone numbers are not private home phone numbers but are public Police Department phone numbers which anybody can find by looking them up online or by asking the Town of Mayodan. The Defendants' want to redact any and all information that could have lead an independent private investigator to digging up any evidence that would further prove Plaintiff's actual innocence. The redactions, the missing records, all of it is meant to prevent the Plaintiff Brian David Hill from

38

proving that he was framed with child pornography, that he is indeed actually innocent, was maliciously prosecuted, and thus needs to be removed from the public Sex Offender Registry and should be awarded restitution for being a victim of such frame up operation.

17. **Plaintiff's Objection #15 to Document #49, Page 8 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 26** "*In his complaint, Plaintiff alleges that he submitted to the EOUSA a FOIA request for "all discovery packet records concerning himself" located in the USAO MDNC and seeks release of all responsive records in their entireties. Compl., ¶ III. 1. The EOUSA has, however, already fully discharged its disclosure obligations in response to that request. 1. The EOUSA conducted an adequate search, reasonably calculated to uncover all documents responsive to Plaintiff's request.*" That is not true and Anand Prakash Ramaswamy knows it. In the United States Attorney's "factual basis" document after Plaintiff's false guilty plea it mentions about a forensic examination of Plaintiff's computer equipment that was seized by law enforcement. It mentions about the Plaintiff confessing. The Grand Jury Indictment also mentions that "*On or About August 29, 2012*," coincidentally around the time of Plaintiff's false confession to Mayodan Police, "*Brian David Hill did knowingly possess materials which constitute child pornography*" See Document #1, United States District Court for the Middle District of North Carolina (M.D.N.C.) criminal case # 1:13-cr-435-1, United States of America v. Brian David Hill. However Plaintiff's false

39

confession was not the only evidence that was used. In order for Plaintiff to directly prove his confession to being false, he would need to cross examine the SBI Case File aka the forensic examination report by Special Agent Rodney V. White, then he can show the Court by cross referencing the evidence that his confession was not based on truth but was based on a fabrication and repeating things that were already mentioned to him in writing and/or verbally. His entire false confession cannot be proven false alone and needs the other evidence to show how false his confession is and as to why FOIA needs to warrant access to all discovery evidence material that he was originally entitled to after being arrested. They did not uncover all records, and nobody at the Executive Office for United States Attorneys has done any investigation to conclude that all records found in response to Plaintiff's FOIA was all that was used to prosecute the Plaintiff. There were more records and nobody is explaining in this case, nobody is explaining to this Court what had or has happened to those records being sought under FOIA and are subject to the FOIA.

18. **Plaintiff's Objection #16 to Document #49, Page 8 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 27** "*27. "The adequacy of an agency's search for documents under the FOIA is judged by a standard of reasonableness and depends upon the facts of each case." Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993) (citing Weisberg v. USDOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The **FOIA requires a requester to "reasonably describe" the documents sought,** 5 U.S.C. §*

40

552(a)(3)(A), and **_requires the agency to conduct "a reasonable search tailored_** **_to the nature of the request_**." *Rugiero, 257 F.3d at 547 (citing Campbell v. United States Dep't of Justice, 164 F3d 20, 28 (D.C. Cir. 1998)). "A reasonable search" is a "search for the requested records using methods reasonably expected to produce the requested information." Id., at 27. "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg, 745 F.2d at 1485 (emphasis in original)*". Well the Plaintiff in his August 29, 2016 FOIA request did reasonably describe the Audio CD disc record and the other document records sought. Plaintiff stated in his Aug 26th FOIA Request to the EOUSA that "*The records I am requesting are copies of my Discovery Packet of evidence pursuant to my Federal criminal case which includes the _original audio_ _CD containing my confession to Mayodan Police on August 29, 2012_, _SBI forensic_ _case file Subject/Suspect was Brian David Hill and SBI Case File #2012-02146_, _Mayodan Police Report on suspect Brian David Hill incl. Search Warrant and_ _Inventory_ dated August 28 and 29, 2012, and the Mayodan Police document to which I signed my confession on August 29, 2012.*" (See Document #2-7, Filed 04/25/17, Page 4 of 12, Pageid#: 125). That was very specific and can be reasonable found and calculated when searching for those specific records. Plaintiff knew what he was looking for and he requested access to what he had access to previously in regards to his criminal case but was fettered by John Scott Coalter in such a way that Plaintiff could not have quickly shown factual

41

innocence. The Plaintiff has reasonable given enough details for the EOUSA to find the right records and information.

19. **Plaintiff's Objection #17 to Document #49, Page 9 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 28** *"28. As detailed in the Carolyn Loye Declaration, GE B, the USAO MDNC's search for records responsive to Plaintiff's FOIA request, as instructed by the EOUSA, was reasonably calculated to uncover all responsive documents. Loye, the office FOIA Liaison, sent an email to all the employees in the USAO MDNC advising them of the FOIA request and asking them to search for any documents related to Mr. Hill. GE B, ¶ 5. She also conducted a search of the USAO MDNC's electronic recordkeeping system for any records related to Plaintiff, using the last name "Hill," with first name "Brian" as well as under the last name "Hill" with first initial "B." GE B. The recordkeeping system contains all files that have been opened in the USAO MDNC, including those that have been closed.* <u>**GE B. Loye's search revealed two case files responsive to Plaintiff's request, United States v. Hill, No. 13-00435 (M.D.N.C.)**</u> *and United States v. Hill, No. 15-4057 (Fourth Circuit Court of Appeals).* <u>**GE B, ¶ 6. Loye retrieved the files from the AUSA who handled the case and reviewed them**</u>*, separating out all the non-public records. GE B, ¶ 7."* It appears that Assistant United States Attorney **Anand Prakash Ramaswamy ("AUSA Ramaswamy")** is the entire culprit here assuming that the paralegal and other Department of Justice employees are not the ones responsible for the cover

42

up, concealment, or destruction of the SBI Case File and Confession Audio CD. All the EOUSA did was request the records, Carolyn Loye appeared to have only retrieved the records that originally came from AUSA Ramaswamy, and the records do not contain everything that was admitted to have existed in a public Federal Court Transcript with AUSA Ramaswamy present at the September 30, 2014 hearing. Check Page 1 of the Middle District of North Carolina federal criminal case #1:13-cr-435, Document #115, United States v. Hill. The proof is there that AUSA Anand Prakash Ramaswamy was present at the hearing to accept the entire discovery material back from Mr. Eric David Placke, and that includes the Confession Audio CD and SBI Case Files that are all part of the federal prosecution files requested by Plaintiff's FOIA request and subject to the FOIA and our Constitution.

20. **Plaintiff's Objection #18 to Document #49, Page 9 of 11, "MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT": Paragraph 29** "*29. The USAO MDNC's search for records responsive to Plaintiff's request on behalf of the EOUSA (and the DOJ) satisfied their obligations under the FOIA because the EOUSA "us[ed] methods reasonably expected to produce the requested information." See Rugiero, 257 F.3d at 547, 547 (citing Campbell v. United States Dep't of Justice, 164 F3d 20, 28 (D.C. Cir. 1998)). Accordingly, the DOJ and the EOUSA are entitled to summary judgment with regard to the search for records.* See Weisberg, 745 F.2d at 1485. " Well they never asked Assistant United States Attorney ("AUSA")

Anand Prakash Ramaswamy what happened to the North Carolina ("NC") State Bureau of Investigation ("SBI") Case File that was leaked by Anonymous last year (See Document #2-5). They never asked why that document was not in the case files given to Carolyn Loye (See Document #49-10). They never asked about what happened to the Confession Audio CD of Brian David Hill. The Factual Basis, the Grand Jury Indictment of Brian David Hill, and even the Federal Court Transcript of the September 30, 2014 hearing in front of District Court Judge William Lindsey Osteen Junior, all of those contain evidence that Anand Prakash Ramaswamy had in both the NC SBI Case File and the Confession Audio CD in the federal prosecution files. Here are the questions that Defendants' Motion for Summary Judgment has failed to address to satisfy Plaintiff's FOIA request and Complaint, as well as the other filings in support of Plaintiff's Complaint:

1. Why did Carolyn Loye (Citing Doc. #49-10), AUSA Cheryl Thornton Sloan, and Princina Stone (Citing Doc. #49-1) ask no question to Anand Prakash Ramaswamy as to what may have happened to the missing federal prosecution case records subject to the FOIA?

2. Why did Carolyn Loye (Citing Doc. #49-10), AUSA Cheryl Thornton Sloan, and Princina Stone (Citing Doc. #49-1) didn't address any of the issues raised in Plaintiff's FOIA Appeal with AUSA Anand Prakash Ramaswamy as to what

44

may have happened to the missing federal prosecution case records subject to the FOIA?

3. Why did Carolyn Loye (Citing Doc. #49-10), AUSA Cheryl Thornton Sloan, and Princina Stone (Citing Doc. #49-1) didn't ask for the Attorney General to compel Special Counsel to take over Federal Prosecution of Plaintiff's child pornography case and relieve AUSA Anand Prakash Ramaswamy from Plaintiff's criminal case due to the conflicts of interest after Plaintiff accused AUSA Ramaswamy of Obstruction of Justice and Subornation of Perjury which are both serious federal crimes?

4. Why did Carolyn Loye (Citing Doc. #49-10), AUSA Cheryl Thornton Sloan, and Princina Stone (Citing Doc. #49-1) not report the issues from Plaintiff's FOIA Appeal and the issues raised in this FOIA Litigation to the Office of Inspector General who was supposed to be independent legal Counsel tasked with investigating criminal, unethical, and inappropriate misconduct that was or is committed by somebody working for the United States Department of Justice including the Executive Office for United States Attorneys (EOUSA) and/or any of the United States Attorney Offices? Why was Special Counsel not appointed to

45

investigate Plaintiff's FOIA Appeal and FOIA Complaint? Why such a cover up on a criminal scale to force an innocent man to register and reregister as a Sex Offender and endure mandatory Sex Offender restrictions or face imprisonment?

5. Does AUSA Cheryl Thornton Sloan cooperate with the corrupt and criminal activities of the United States Attorney Office who she works for in her professional capacity?

6. Is AUSA Cheryl Thornton Sloan even aware of the audio disc containing the false confession of Plaintiff Brian David Hill from the Town of Mayodan Police Department?

7. Is AUSA Cheryl Thornton Sloan even aware of NC SBI Case File report by Special Agent Rodney V. White on "Subject/Suspect Brian David Hill" from the NC SBI Office located at 501 Industrial Avenue, Greensboro, NC 27401?

8. Has AUSA Cheryl Thornton Sloan, Carolyn Loye (Citing Doc. #49-10), and Princina Stone (Citing Doc. #49-1) even addressed and fully satisfied the factual issues, the factual evidence, and allegations that was filed in the original filings of Plaintiff's Document #2 FOIA Complaint, Document #31 "RESPONSE in Opposition re: 28. . .", Document #37 "Plaintiff's Motion to Reconsider the Magistrate Judge's Order Under Document #32 and Objections to the Order. . .",

46

Document #39 "Declaration in Support of Document #2 Complaint, and New Evidence Concerning Possible Dishonesty of the U.S. Attorney Office of Greensboro, North Carolina. . .", Document #40 "Additional Evidence – Plaintiff's Declaration in Support of Document 2 Complaint, and New Evidence Concerning New FOIA Document Release from Defendant EOUSA 1 Day After Call–In Appearance on INFOWARS New Show "War Room". . .", and Document #24 "Declaration in Support re 2 Complaint filed by Brian David Hill"? Has the Defendants' fully addressed the evidence, facts, and issues throughout the entire FOIA lawsuit/litigation of this case that was addressed by Plaintiff?

21. The Defendants' have not addressed Plaintiff's August 29, 2016 FOIA request which specifically covers the entire criminal case discovery packet as to what was partially released from the very criminal case discovery packet of the federal prosecution files concerning Plaintiff's child pornography case. The Defendants' have not addressed why Plaintiff was not given the NC SBI Case File and Confession Audio CD in the FOIA document release after search for responsive records. The Defendants' have not addressed why the case file and the confession audio have disappeared or if they even have been disappeared, destroyed, or simply covered up or concealed.

47

## EVIDENCE ATTACHED TO THIS BRIEF / MEMORANDUM

22. **Exhibit 1:** Declaration of Plaintiff Brian David Hill in support of "PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice.""

23. **Exhibit 2:** Declaration of witnesses Roberta R. Hill, Stella B. Forinash and Kenneth R. Forinash, in support of "PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice.""

24. **Exhibit 3 (*Exhibit declared under penalty of perjury in Brian David Hill's Declaration under Exhibit 1, to make sure that it complies with the Federal Rules of Evidence*): Exhibit 3** as attached to "***Declaration of Plaintiff Brian David Hill in support of "PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice.""***", is a true and correct copy of a 10-page FAX that was transmitted to the "*To: U.S. Dept. of Justice, Executive Office for US Attorneys*", "Attn.: FOIA/Privacy Office FOI/PA", dated September 16, 2016. The letter inside of this Transmitted FAX was of the FOIA request letter dated Monday, August 29, 2016, 12:33 AM". The original August 29, 2016, FOIA Request letter was

48

faxed multiple times out of concern that there may be a cover up or
suppression of my second FOIA request getting to the EOUSA to compel
the U.S. Attorney to give me a copy of all of my criminal case discovery
records. I was also afraid that they may had misplaced my August 29, 2016
FOIA request so this FAX was sent in to make sure that the EOUSA FOIA
office had received it that was supposed to be separate from my July 25,
2016 FOIA request. The copy of this letter filed was copied from my
VentaFax Log Book which contains all of my stored fax records which were
all transmitted via the VentaFax software. The Transmission Ticket is also
included in this Exhibit before the FAX transmitted document as proof that
such document was successfully transmitted. The total number of pages for
this Exhibit is **11 pages total**.

25. **Exhibit 4** (*Exhibit declared under penalty of perjury in Brian David Hill's*
*Declaration under Exhibit 1, to make sure that it complies with the Federal*
*Rules of Evidence*): **Exhibit 4** as attached to "*Declaration of Plaintiff Brian*
*David Hill in support of "PLAINTFF'S BRIEF / MEMORANDUM IN*
*OPPOSITION TO "MOTION for Summary Judgment by Executive Office*
*for United States Attorneys, United States Department Of Justice.""*", is a
true and correct copy of Page 12 of the Mayodan Police Report that was

49

used in the criminal case against Brian David Hill. The total number of pages for this Exhibit is **1-page total**.

26. **Exhibit 5 (*Exhibit declared under penalty of perjury in Brian David Hill's Declaration under Exhibit 1, to make sure that it complies with the Federal Rules of Evidence*): Exhibit 5** as attached to "*Declaration of Plaintiff Brian David Hill in support of "PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice.""""*, is a true and correct copy of Page 12 of the Mayodan Police Report that was released by the Executive Office for United States Attorneys ("EOUSA") pursuant to Plaintiff Brian David Hill's FOIA request or requests. The original page (without the redaction) out of the 20-page Mayodan Police Report was used in the criminal case against Brian David Hill. The total number of pages for this Exhibit is **1-page total**.

### OTHER FACTS THE COURT SHOULD BE AWARE OF

27. The Plaintiff has filed evidence in the U.S. District Court for the Middle District of North Carolina (M.D.N.C), case # 1:13-cr-435-1, Document #137, proving that collectively the U.S. Attorney Office in the Middle District of North Carolina have knowingly aided and abetted perjury of one of their witnesses, and were given

50

prior warning of a key witness that they had used in Plaintiff's criminal case, had

committed one or multiple acts of PERJURY. Because they knew the witness

United States Probation Officer Kristy L. Burton, Western District of Virginia, had

lied about one or more material facts, Plaintiff had warned the District Court and

the Prosecutor Anand Prakash Ramaswamy that she was going to lie about one or

more material facts to try to prevent the Plaintiff from proving his actual

innocence. They used her on the stand and she lied anyways. Hill interviewed the

Court Clerk Joy Daniel with a lawful call recording system since both Virginia

and North Carolina are one party consent states for recording telephone calls. He

filed the evidence with the Court that shown evidence that the Clerk's Office

through Joy Daniel had never contacted Kristy Burton while she lied over and

over again that the Clerk's Office contacted her and that the Plaintiff did not

comply. The U.S. Attorney Office in Greensboro is so corrupt that they rather

break laws than let the truth be known that the Plaintiff is innocent of possession

of child pornography. That they rather conceal, cover up, or even destroy records

subject to the FOIA rather than admitting that suspected 454 child pornography

files (*no thumbnails, no file names, not even identified as part of any known series*

*according to the National Center for Missing and Exploited Children*

*("NCMEC")*) had downloaded on Plaintiff's seized laptop for 11 months while in

the custody of Mayodan Police Department and the N.C. State Bureau of

Investigation. Anyways the FACT and relevance to this FOIA lawsuit is to not

believe a darn word that Cheryl Thornton Sloan says nor what anybody that works

51

at the U.S. Attorney Office in the Middle District of North Carolina says because they knowingly put a liar named Kristy L. Burton on the stand to try to revoke Plaintiff's Federal Probation so that he couldn't prove that he was innocent of possession of child pornography. They think they can continue to lie in multiple Federal Courts, present a liar on the stand, and use fraudulent evidence against the Plaintiff to prevail in every case as always a winner. They are criminals and they have committed subornation of perjury because they knew that Kristy L. Burton may have lied, Plaintiff has proven she had lied about one or more material facts, and yet the U.S. Attorney decided to ignore the evidence and ignore the Plaintiff and compel her to lie in Federal Court to try to get the Plaintiff imprisoned for up to 2 years in Federal Prison and 6 months halfway house. They are that cold blooded to the extent where they rather lie than admit that they prosecuted a bad case against an innocent man. The Court should heavily scrutinize anything coming from the U.S. Attorney Office of Greensboro, North Carolina, except for the newly appointed and confirmed U.S. Attorney Matthew GT Martin as he doesn't know anything as to what went on illegally at the office that he is respectfully to take his seat as the new U.S. Attorney for the Middle District of North Carolina.

## CONCLUSION AND FINAL ARGUMENTS

52

28. The facts are that the grounds for Defendants' request/Motion for Summary Judgment are insufficient and does not address all issues and evidence that was filed and submitted by the Plaintiff. The Plaintiff is not ever trying to waste anyone's time here. All he wants is the TRUTH, all he wants is a copy of the very documents and Audio disc that led to Plaintiff being wrongfully convicted and maliciously prosecuted after being framed with possession of child pornography and giving a false confession to protect his mother from being held responsible who is also innocent. Plaintiff knows for years that his mother has no interest in children and shows no signs of such. Plaintiff knew that his mother was innocent and the police may likely have tried to set up his mother with Plaintiff's criminal charge if he had not falsely confessed. Anand Prakash Ramaswamy knew all about that, and was afraid that Plaintiff's FOIA Request was going to reveal that the entire criminal case prosecution was WEAK, a weak child pornography case which would have embarrassed the U.S. Attorney Office had a plea agreement not been given to the Plaintiff and had Plaintiff been given effective assistance of Counsel. The SBI Case File had no thumbnails of child pornography as far as the Plaintiff and three witnesses Kenneth R. Forinash, Stella Forinash, and Roberta Hill were concerned. There was no confirmation that each of the "images of interest" and "video of interest" was actual confirmed child pornography by the National Center for Missing and Exploited Children ("NCMEC"). They don't want a new Trial and a future Jury to know that Plaintiff's main evidence of guilt was majorly his false confession and shoddy forensics that were done on his

53

seized computer equipment. Had the Plaintiff not been sitting in Jail and had been released on bond and allowed days to weeks to review over the entire discovery material for his criminal case, had he been allowed offline access to a Desktop computer like the one typing up these professional looking motions and briefs the Plaintiff had exhibited throughout his entire civil case, Plaintiff would have been found not guilty or actually innocent. The United States Attorney Office knows that the Plaintiff is chopping away at the false facts of guilt like a beaver building a dam of each piece of wood being an element of innocence. Plaintiff proving this element and that element of guilt to being not true, and another element of guilt to being untrue. There is a reason they are covering up the existence of the SBI Case File and the Confession Audio CD. They retain the Mayodan Police Report and the Inventory list, but they don't retain the Search Warrant, the SBI Case File with Ramawamy's name on it along with the abbreviated term of "AUSA" which stands for the "Assistant United States Attorney", and the Confession Audio which Eric David Placke admitted in open criminal court transcript to have returned all discovery evidence material to Ramaswamy on September 30, 2014. Cheryl Sloan has lied to this Court and/or Anand Prakash Ramaswamy has lied to the paralegal, or the paralegal was in on the whole fraud and deception. Ramaswamy or somebody else seems to want the "SBI Case File" to disappear from the federal prosecution files of Brian David Hill. They don't want the Western District of Virginia to know the truth, they don't want this Court to know what is really going on. I am sick and tired of the United States Attorney lying, stonewalling Plaintiff's

54

consistent fight to proving actual innocence, and making him suffer every day and every year for a crime that he clearly did not commit and could have been found not guilty. The facts are that there is a SBI Case File in the federal prosecution files (or maybe it was until it was covered up, concealed, or destroyed) subject to the FOIA and subject to EOUSA's review, that there is a Confession Audio CD File in the federal prosecution files (or maybe it was until it was covered up, concealed, or destroyed) subject to the FOIA and subject to EOUSA's review. Plaintiff doesn't blame the EOUSA for what the individual corrupt Assistant United States Attorney does when they force an innocent man or woman to plead guilty and register as a Sex Offender, then cover up the existence of the very records used for the conviction, unless the EOUSA knew what was going on and let them get away with it. The EOUSA doesn't have the time and resources to monitor and moderate every United States Attorney Office and all of its employees. It is quite clear that somebody did violate the meaning of the FOIA, tried to keep records secret which violates the principles of the FOIA.

29. **Plaintiff's Objection to the legal arguments in the brief / memorandum in support of Defendants' Motion for Summary Judgment:** *"The FOIA represents a balance struck by Congress "between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminant secrecy."* John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (quoting H.R. Rep. 1497, 89th Cong., 2d Sess., 6 (1966))." What Anand Prakash Ramaswamy has done is keeping everything

55

regarding any fact or element of Brian David Hill's actual innocence a "SECRET" and is acting as though the Plaintiff has no right under the FOIA to have access to the very criminal case discovery records that he should have been entitled to and given full access to prior to his false guilty plea agreement on June 10, 2014. Plaintiff was placed at risk of a possible perjury charge (caused by the false guilty plea agreement over deteriorating health and ineffective counsel) over the gross negligence, misconduct, and/or secrecy of the United States Attorney Office for the Middle District of North Carolina. The Defendants' have no right to keep everything they used against him away from the Plaintiff (aka the criminal Defendant of their dirty and malicious prosecution case) because they fear that this will dissolve the plea agreement they forced onto the Plaintiff by using ineffective Counsel as an effective vehicle to force an innocent man to plead guilty or face 20 years in federal prison. FOIA was meant to protect people from dirty and secret criminal prosecutions that are intent upon ruining innocent peoples' lives for politics, for winning the war on drugs, for winning the war on child porn, for winning the war on pedophiles and terrorists. Federal Prosecutors were never meant to freely ruin anybody they want as they so desire to do such to look effective. People all over America have no confidence in our criminal justice system anymore, such a high number of hatred for the police that cops these days have to deal with from cop hating groups. The more the United States Department of Justice gets away with covering up evidence, obstructing justice, prosecuting innocent people, and acting above the law, nobody in America will have faith in

56

our Judicial system. Nobody will have faith in our Federal Bureau of Investigation, especially with James Comey lying before Congress. We are a Nation of laws, not a Nation of men. The Constitution is supposed to work with FOIA to protect criminal Defendants from corrupt, deceptive, secretive, and malicious prosecution that is all intent upon throwing Americans in prison that doesn't deserve to be rotting in some federal prison somewhere. "*In a nation where **freedom fails, the best men rot in filthy jails**, and those who cry appease appease, are hung by those they try to please*," – Quote from unknown source. "*While the FOIA generally requires agencies to search for and release documents responsive to a properly submitted request, the statute also recognizes "that public disclosure is not always in the public interest*." Baldrige v. Shapiro, 455 U.S. 345, 352 (1982)." Well it is in the public interest to not force innocent men and women to register as Sex Offenders. That is why the United States Constitutions gives us the right to face our accusers, the right under Brady v. Maryland and Giglio v. United States to the right to full disclosure of the very evidence that a federal or state prosecutor uses against an American citizen that is accused of a crime, especially a serious criminal offense including a sex offense. See all examples: Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. §3500 (the Jencks Act), Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). When a criminal Defendant proclaiming his innocence in a Federal Declaration or Affidavit files a FOIA Request asking for all of his criminal case discovery that he wasn't permitted (by his own public

57

defender) to review over all, inspect, and make photocopies, and use that information to be able to amount a criminal defense or actual innocence defense. That is a justifiable reason to file a FOIA request and no exemption should apply to a personal FOIA Request by a criminal Defendant, acting Pro Se, to prove his actual innocence to his wrongful conviction. That is in the best interest of the public, the best interest of the Constitution, and the best interest of the FOIA law and the case law of the United States Supreme Court. We must not deny FOIA Requesters, that are indeed proven to be criminal Defendants, that only use FOIA as a vehicle to review, inspect, and make photocopies of all criminal case discovery material to try to prove factual innocence, then those FOIA requests must be respected by the Courts to sustain and protect the Constitutional civil rights of criminal Defendants that have shown good cause with proof of being deprived of Due Process, being deprived of effective Counsel, and being deprived of Justice, and being driven towards suicide. Our founding fathers would want all Federal Judges to rule that criminal Defendants who want to prove innocence and have valid grounds for actual innocence aka any good reasons that proof exists that the person can prove factual innocence, should have a right to discovery even after conviction if such criminal Defendant has access to post-conviction relief that has not been exhausted and has not been suspended. "*Accordingly, the statute provides nine statutory exemptions to its general disclosure obligation. See 5 U.S.C. §§552(a)(3), (b)(1)-(b)(9). Although the nine exemptions should be "narrowly construed,"* FBI v. Abramson, 456 U.S. 615, 630 (1982), *the Supreme*

58

*Court has made clear that courts must give them "meaningful reach and application.""* Well has any of those FOIA case law decisions reflect upon a criminal Defendant that has asserted actual innocence in one or more Federal Declarations and/or Affidavits. If somebody was going to ask for the discovery to give directly to the media, that would be a different story which would require restrictions and discretion on releasing documents and other records via the FOIA. Privacy matters should be addressed for those seeking Plaintiff's federal prosecution case files to give to the media. However the Plaintiff is only asking for such records via the FOIA to prove actual innocence, to get off of the Virginia Sex Offender Registry, and move on with his life. Why couldn't the U.S. Attorney stipulate some sort of agreement allowing him all of the records via the FOIA if he simply kept them confidential and would only present those records to expert witnesses and those that would amount to Plaintiff's criminal defense, or something similar to that effect. FOIA was not meant to protect the corrupt interests of a United States Attorney that has maliciously prosecuted against an innocent man. FOIA was meant to protect the American Citizens from being abused by secretive Government and rogue federal prosecutions. Prosecutions are not meant to be so secretive that people are blocked from proving actual innocence and are being put in forced positions into taking guilty plea agreements for crimes that they did not do. The FOIA should protect criminal Defendants from these horrible scenarios otherwise people will lose respect in our Federal Courts, lose respect in conducting background checks. Nobody is going to believe whether

59

somebody truly is a real felon or not anymore. In the future nobody will even think

anything bad about a Sex Offender registrant because it may have been a teenager

that was caught sexting, or a drunkard man that peed in public while drunk, or a

couple where a man is 18 years old and the girlfriend is 16 years old. Nobody is

going to respect the Sex Offender Registry anymore by denying the Plaintiff his

right to the criminal case discovery records/materials when all he wants for years

is to prove his actual innocence. In fact the Plaintiff will educate others about the

horrors of the Sex Offender Registry and people aren't going to respect those laws

in the future, and may eventually led to a "Sex Offender Revolt" or uprising since

Americans being oppressed by law enforcement unreasonably will only be

allowed for so long before a revolution can unfold. They keep adding people to the

Sex Offender Registry that eventually every American will be captive of it. Pretty

soon likely 1 of every 4 Americans will become Sex Offenders because our law

enforcement and prosecutors has no common sense anymore. They only care

about finding a person to try to get that person to admit to committing the crime

then close the case. They don't do real Detective-work anymore when they just

find a patsy to say they had committed the crime and that person may actually be

innocent of the crime. The Plaintiff should be allowed to prove his innocence

under the FOIA, be given access to the very records that Eric David Placke had

originally requested but failed and refused to show all discovery material to the

Plaintiff (his own client) prior to his false guilty plea. Those records are necessary

to proving actual innocence. **The District Court has a duty to protect the**

**Constitutional rights of those that have life, liberty, property, and freedom in**

**jeopardy or in deprivation** over a federal prosecution that was done wrongfully

against an innocent person. All Judges, Clerks, and Federal law enforcement

officers all swore an Oath to protect and defend the Constitution of the United

States against all enemies foreign and domestic. When a man claims innocence to

a crime, that must be investigated or at least let the criminal Defendant

proclaiming his innocence to try to prove it, let that person prove his or her

innocence.

### LEGAL ARGUMENTS AND CASE LAW IN FAVOR OF PLAINTIFF

30. This case was filed under both the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, and under the Fourteenth Amendment of the United States

Constitution, in its Bill of Rights. Citing Brady v. Maryland giving a

criminal Defendant a right to make a written request to the "prosecuting

Attorney" for the discovery evidence used in the criminal case, in this

particular case the "Office of the U.S. Attorney" for the "Middle District of

North Carolina". The Plaintiff has correctly, and under Oath (penalty of

perjury under 28 U.S.C. §1746), has demonstrated that (1) he was deprived

of his Brady rights (Giglio v. United States, 405 U.S. 150 (1972); John L.

BRADY, Petitioner, v. STATE OF MARYLAND. No. 490. Argued: March

18 and 19, 1963.  Decided: May 13, 1963) due to ineffective assistance of

Counsel (Strickland v. Washington, 466 U.S. 668 (1984)). (2) That his court

61

appointed Counsel John Scott Coalter of Greensboro, North Carolina, has

threatened to spoliation of evidence the entire discovery packet which harms

the Plaintiff in such a way as to deprive him of all means to be able to prove

factual innocence to be able to prove "actual innocence". That the Plaintiff

had requested a copy of his discovery packet, via the FOIA, that he was

supposed to have been entitled to before his false plea of guilty, and has still

suffered, till this day, a miscarriage of justice. The miscarriage of justice has

caused a lot of harm and injustices. The Plaintiff has asserted his

Constitutional right under Brady v. Maryland, because he has demonstrated

good cause as to why he needs his discovery packet to review over before

proceeding with his Section 2255 motion on the claim of action innocence

which is the factual claim of innocence. The U.S. Attorney is refusing to

disclose all of the discovery material, that was originally given to Plaintiff's

court appointed lawyers whom both refused to prove the actual innocence of

the Plaintiff while John Scott Coalter has threatened to go farther and

destroy the discovery packet that Plaintiff was originally entitled to. Plaintiff

reported that he had only been given a portion of what was originally

requested via the FOIA.

31. Plaintiff, Brian D. Hill, was convicted in the United States District Court for

the Middle District of North Carolina of possession of child pornography.

See United States of America v. Brian David Hill, Case No. 1:13-CR-435-1.

He is seeking to have his conviction overturned, and his sentence vacated,

because he has claimed under Affidavit/Declaration that he is innocent, and

has demonstrated reasonable questions as to why he believes he is innocent

and needs access to the discovery material to prove any facts of innocence.

One reasonable question was that he had made false confession statements.

Another reasonable questions was that the North Carolina State Bureau of

Investigation ("N.C. SBI") had written claims that are questionable when

cross examined with the search warrant seizure date. It is reasonable to

question the evidence when it has stated that "454 files has been downloaded

with the eMule program between the dates July 20, 2012, and July 28,

2013", presumably they may be referring to any suspected child

pornography files. The items were seized on August 28, 2012. So it is

reasonable to file a FOIA request asking for the discovery to challenge why

the Plaintiff had been convicted of possession of child pornography, by

twenty years in prison or by guilty plea agreement with the government,

when the Plaintiff was never afforded access to the discovery packet to

which he could have contested his guilty plea upon any factual matters put

into serious question as to whether the government actually had enough

evidence to convict the Plaintiff beyond a reasonable doubt, or whether the

63

government had a weak case, and coerced the Plaintiff using the time served sentence to cut off the Plaintiff's right to discovery in his criminal case.

Well, first of all, in the case of United States of America v. Brian David Hill, Case No. 1:13-CR-435-1, the Plaintiff did not waive his Constitutional right to collateral attack under the Federal Writ of Habeas Corpus, and his Habeas Corpus has not been suspended when he files the 2255 Motion on the ground of actual innocence, which can only succeed when the Plaintiff establishes enough facts of innocence which upon a fact finder that no reasonable juror would find the Defendant guilty of the crime. The Plaintiff is being blocked and not allowed to gather evidence nor is he allowed access to his discovery packet, which was given to his court appointed lawyer but the lawyer's own client was not permitted access to his own case discovery packet. Total violation of his Fourteenth Amendment rights under Brady v. Maryland and Giglio v. United States. That right there is a clear and convincing reason why the U.S. District Court should move to deny Defendants' Motion for Summary Judgment, as of is the matter of law, case law by the U.S. Supreme Court, the U.S. Constitution, factual evidence, and common sense.

**PLAINTIFF'S REQUEST FOR RELIEF**

64

32. The Plaintiff asks that the Court deny the Government's/Defendants' Motion for Summary Judgment (Document #48) and requests any other relief that the Court deems as necessary or proper under Federal Law, Federal Court case law, any Constitutional international treaties, under the Federal Court Rules, and under the Constitution of the United States.

33. In Alternative, if the Court does not wish to deny Summary Judgment itself due to the issues, evidence (including Audio and Video discs), case law, and arguments already being filed with this Court, that the Plaintiff requests that this Court enter a Summary Judgment in favor of the Plaintiff instead of the Defendants'. That this Court enter Summary Judgment on the facts of missing records that the United States Attorney Office in Greensboro, North Carolina was fully aware of and that Defendants' did knowingly and improperly through AUSA Anand Prakash Ramaswamy withheld records secretly from Plaintiff's FOIA request to try to prevent the Plaintiff from proving factual innocence which could or can have the conviction overturned on the ground of Actual Innocence. That Anand Prakash Ramaswamy did lie to the paralegal about the true number of records in the federal prosecution case file concerning the child pornography case against Brian David Hill. That the Assistant U.S. Attorney Anand Prakash Ramaswamy is willing to Obstruct Justice on Title 18 U.S.C. § 1519 by concealing or covering up the existence of the Search Warrant, N.C. SBI case file aka their forensic report, and the Confession Audio which would prove coercion against an innocent man to falsely confess. That the rules concerning the FOIA exemptions should not apply

to a FOIA Requester correctly identifying himself under Affidavit or Declaration
to the Federal Prosecutor as the criminal Defendant that was prosecuted and needs
the discovery records again for the purpose of actual innocence, and that the
criminal Defendant has no other means to obtain the discovery material due to
ineffective Counsel so severe that there is no means of justice due to such
ineffectiveness. All of these facts have been laid out in every filing that the
Plaintiff has submitted to this Court in support of the Document #2 complaint, and
evidence filed in opposition to Defendant's motion to quash (See Document # 31).
The Court can use any other evidence and facts that Plaintiff has raised prior to
this opposition brief / memorandum but may not have addressed all such facts and
evidence in this brief as the Court sees fit.

Plaintiff respectfully files this "PLAINTFF'S BRIEF / MEMORANDUM IN
OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United
States Attorneys, United States Department Of Justice." (Documents #49, and #48) --
"OPPOSING BRIEF IN OPPOSITION TO THE
GOVERNMENT'S/DEFENDANTS'/MOVANT'S MOTION AND
BRIEF/MEMORANDUM UNDER DOCUMENTS #49 AND #48"" with the Court.

Plaintiff requests with the Court that a copy of this PLAINTFF'S BRIEF / MEMORANDUM IN
OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States
Attorneys, United States Department of Justice." (Documents #49, and #48) -- "OPPOSING
BRIEF IN OPPOSITION TO THE GOVERNMENT'S/DEFENDANTS'/MOVANT'S MOTION AND

BRIEF/MEMORANDUM UNDER DOCUMENTS #49 AND #48" be served upon the Government as stated in **28 U.S.C. §1915(d)**, that "The **officers of the court shall issue and serve all process, and perform all duties** in such cases. **Witnesses shall attend as in other cases,** and the **same remedies shall be available as are provided for by law in other cases**. Plaintiff requests that copies be served with the defendants' and the U.S. Attorney office of Roanoke, VA and AUSA Cheryl T. Sloan via CM/ECF Notice of Electronic Filing ("NEF") email. Thank You!

This PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice." (Documents #49, and #48) -- "OPPOSING BRIEF IN OPPOSITION TO THE GOVERNMENT'S/DEFENDANTS'/MOVANT'S MOTION AND BRIEF/MEMORANDUM UNDER DOCUMENTS #49 AND #48" is respectfully filed with the Court, this the 30th day of December, 2017

| Date of signing: | Respectfully submitted, |
|---|---|
| *December 30, 2017* | *Brian D. Hill* Signed <br> ~~Signed~~ Signed <br> Brian D. Hill (Pro Se) <br> 310 Forest Street, Apartment 2 <br> Martinsville, VA 24112 <br> Phone #: (276) 790-3505 <br> **U.S.W.G.O.** |

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on December 30, 2017, service was made by mailing the original of the foregoing

"PLAINTIFF'S MOTION TO REDACT AND REQUEST FOR A PROTECTIVE ORDER TO REDACT SOCIAL SECURITY NUMBER PROTECTED BY THE UNITED STATES PRIVACY ACT OF 1974 -- MOTION AND BRIEF IN SUPPORT OF THIS MOTION"

67

by deposit in the United States Post Office, Postage prepaid under certified mail tracking no. 7017-1070-0000-3531-7352, on December 30, 2017 addressed to the Clerk of the Court in the U.S. District Court, for the Western District of Virginia, Danville division (P.O. Box 1400). Then Plaintiff requests that the Clerk of the Court shall have electronically filed the foregoing PLAINTFF'S BRIEF / MEMORANDUM IN OPPOSITION TO "MOTION for Summary Judgment by Executive Office for United States Attorneys, United States Department Of Justice." (Documents #49, and #48) -- "OPPOSING BRIEF IN OPPOSITION TO THE GOVERNMENT'S/DEFENDANTS'/MOVANT'S MOTION AND BRIEF/MEMORANDUM UNDER DOCUMENTS #49 AND #48" using the CM/ECF system which will send notification of such filing to the following parties:

Cheryl Thornton Sloan
U.S. Attorney Office
Civil Case # 4:17-cv-00027
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
cheryl.sloan@usdoj.gov

This is pursuant to Plaintiff's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>*December 30, 2017* | Respectfully submitted,<br><br>*Brian D. Hill*<br>Signed . Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.** |
| --- | --- |

68
