UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRIAN DAVID HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:17-CV-00027-JLK |
| | ) | |
| v. | ) | |
| | ) | |
| EXECUTIVE OFFICE FOR THE | ) | |
| UNITED STATES ATTORNEYS, AND | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## UNITED STATES' REPLY IN SUPPORT OF IT'S
## MOTION FOR SUMMARY JUDGMENT

NOW COMES the UNITED STATES OF AMERICA, on behalf of the DEPARTMENT

OF JUSTICE (DOJ), and its sub-component, the EXECUTIVE OFFICE FOR THE UNITED

STATES ATTORNEYS (EOUSA), or (collectively referred to as "Defendants"), through Rick

A. Mountcastle, the United States Attorney for the Western District of Virginia, and hereby files

this rebuttal brief in support of its motion for summary judgment.

## ARGUMENT

Brian David Hill (Plaintiff) filed a Brief/Memorandum in Opposition to the Defendants'

Motion for Summary Judgment (Plaintiff's Brief) on January 3, 2018. (Dk. 68) The gist of the

Plaintiff's objections is that the government has engaged in some type of conspiracy with others

to hide, delete, remove, destroy, or conceal documents contained in the Plaintiff's criminal

prosecution file and/or appeal file in the U. S. Attorney's Office for the Middle District of North

Carolina (USAO/MDNC). This is untrue.

The Plaintiff contends, "the Government is misleading the Court into believing that there are no other records that are supposed to exist that are subject to the FOIA and should exist within the purview of the U.S. Attorney Office's case prosecution files of Brian David Hill." (Dk. 68, p. 5)  This is also untrue.

At this time, the government cannot identify what documents might have been in its files five or six years ago.  However, the government can identify which documents were in its files at the time of the Plaintiff's FOIA request.  If there are documents that were in its files five or six years ago but not in the government's file at the time of the FOIA request, there is a reasonable and logical explanation that does not involve a conspiracy or the intentional deletion or destruction of documents for a nefarious purpose.

After the conclusion of a criminal case (including the time allowed for appeals), the government's standard operating procedure is to cull the file by removing duplicates and large documents that have been filed and are available on PACER, and returning or destroying all confidential documents and reports that belong to other agencies.

The North Carolina SBI (NCSBI) report the Plaintiff seeks would have been destroyed or returned to the SBI in the normal course of business, pursuant to standard operating procedure, because that report was the NCSBI's property.  Therefore, the absence of the NCSBI's report in the government's file at the time of the FOIA request would not be unusual or suspicious.

The Plaintiff contends that the government "did not uncover all records" in its FOIA search.  (Dk. 68, p. 40)  However, the government is not required to uncover every single record or document that might exist.  As stated in the government's Motion for Summary Judgment (Dk. 49, p. 7), "[t]o prevail on summary judgment, the government must show that it made a 'good faith effort to conduct a search for the requested records using methods

2

reasonably expected to produce the requested information' and that any withholding of materials was authorized within a statutory exemption." *Rimmer v. Holder,* 700 F.3d 246, 255 (6th Cir. 2012) (quoting *CareToLive v. FDA,* 631 F.3d 336, 340 (6th Cir. 2011)). Through declarations and a Vaughn index, the government has shown that it made a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information.

## <u>CONCLUSION</u>

For all the reasons stated above and in Defendants' opening brief, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment.


This the 10th day of January, 2018.

<div style="margin-left: 50%;">

Respectfully submitted,

RICK A. MOUNTCASTLE
United States Attorney


/s/ Cheryl T. Sloan
Cheryl T. Sloan
NCSB #12557
Special Assistant U.S. Attorney
Western District of Virginia
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
(336)333-5351
cheryl.sloan@usdoj.gov

</div>

3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

BRIAN DAVID HILL,                          )
                                           )
                    Plaintiff,             )     CASE NO. 4:17-CV-00027-JLK
                                           )
           v.                              )
                                           )
EXECUTIVE OFFICE FOR THE                   )
UNITED STATES ATTORNEYS, AND               )
UNITED STATES DEPARTMENT OF                )
JUSTICE,                                   )
                                           )
                    Defendants.            )
_____)

## CERTIFICATION OF SERVICE

I hereby certify that on January 10, 2018, I electronically filed the foregoing Reply with

the Clerk of the Court using the ECF system.

I further certify that I have mailed by U.S. mail the Reply to the following non-ECF

participant:

Brian David Hill
310 Forest Street, Apartment 2
Martinsville, VA  24112

                              RICK A. MOUNTCASTLE
                              Acting United States Attorney


                               /s/ Cheryl T. Sloan
                              Cheryl T. Sloan
                              NCSB #12557
                              Special Assistant U.S. Attorney
                              101 S. Edgeworth St., 4th Floor
                              Greensboro, NC 27401
                              (336)333-5351
                              Cheryl.Sloan@usdoj.gov

4