CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 19 2018

JULIA C. DUDLEY CLERK
BY:
DEPUTY CLERK

# In the United States District Court

# For the Western District of Virginia

# Danville Division

| | |
|---|---|
| Brian David Hill )<br>Plaintiff(s) )<br> )<br> )<br>v. )<br> )<br>Executive Office for United States Attorneys )<br>(EOUSA) )<br>& )<br>United States Department of Justice (U.S. DOJ) )<br>Defendant(s) )<br> ) | Civil Action No. 4:17-cv-00027 |

## PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT PLAINTIFF

## MOTION/NOTICE AND BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE

NOW comes, Plaintiff Brian David Hill ("Brian D. Hill", "Plaintiff", or "Hill") is filing

his MOTION/NOTICE and Brief/Memorandum in support of this MOTION/NOTICE

waiving his right to a hearing on the Defendants' "Motion for Summary Judgment"

(Document #48), stay the proceeding, and requests that the Court consider whether to

deny or grant the Defendants' Motion based on the papers and Constitutional merits.

Plaintiff requests the Court also needs to rule upon (pursuant to the legal basis of the

original Doc. #2 complaint) whether a criminal Defendant's Brady v. Maryland and

1

Giglio v. United States Constitutional rights incl. the Jencks Act should apply to the Freedom of Information Act ("FOIA") requests upon (1) stating in Affidavit or Declaration to the FOIA office that the documents requested by the FOIA Requester are needed to prove actual innocence, (2) whether records can or should be withheld from a criminal Defendant requesting records pertaining to any evidence of guilt, and (3) whether a criminal Defendant still has the right to request criminal case discovery materials via the FOIA for the purpose of proving actual innocence before filing any post-conviction relief since the only acceptable excuses around the statute of limitations of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") is usually proving actual innocence or at least making a colorable claim of actual innocence. Discovery material is needed to prove actual innocence. Can the Government really deny records to FOIA requesters that are the very criminal Defendants that they wrongfully convict and wrongfully prosecute? Can they bar a criminal Defendant from using the FOIA request system from full access to the original discovery evidence material to prove actual innocence?

Regardless of the decision, Plaintiff may plan to just appeal the final Judgment to set new case law precedent in the Fourth Circuit U.S. Court of Appeals and the U.S. Supreme Court to fight to change case law in regards to whether the Brady and Giglio rights should apply to criminal Defendants that make a FOIA request and provide proof that they are the criminal Defendants requesting records on themselves and that the intent is only for proving actual innocence and not for any wrong purpose. Plaintiff understands

2

Judge Kiser's opinion that he asserts that this case isn't about actual innocence. The legal basis was on both the FOIA law and (14th Amendment concerning Brady v. Maryland, Giglio v. U.S.) the criminal Defendant's right to discovery when using the FOIA for the purpose of proving actual innocence under the adversarial system. However the Judge was mistaken that the FOIA requests had nothing to do with actual innocence. The FOIA request documents filed in the original complaint stated under Declaration and under the "REASON WHY THE FOIA" that the purpose of Plaintiff's FOIA request was to get the entire criminal case discovery packet for the purpose of proving actual innocence. This case isn't trying to prove actual innocence on the record of this case in this court. The reason for this FOIA litigation was so that the Plaintiff aka the criminal Defendant would be given full and unfettered access to his criminal case discovery packet so that he can prove actual innocence on his own then shows such back in the United States District Court for the Middle District of North Carolina. So the Judge is right but also is mistaken that this FOIA case has nothing to do with actual innocence at all. **Actual Innocence should be a gateway around both of the FOIA exemptions and the claim by the Government that they don't have to provide the very discovery material to the very criminal Defendant that they had wrongfully convicted**. Plaintiff also agrees that there should be stipulations to restrict the dissemination of privacy protected information released by the FOIA (such as home addresses, home phone numbers, Social Security Numbers, Date of Birth, etc etc) unless such privacy protections have been waived.

Therefore, Plaintiff requests with the Court that the entire matter of the Defendants' Motion for Summary Judgment (Document #48), Plaintiff's opposing brief in opposition

3

to Defendants' Motion for Summary Judgment (Document #53), and Defendants' reply (Document #6) be addressed on the papers based on all of the filed evidence, arguments, case law, and based on the briefs. The Plaintiff waives his right to a hearing on the Defendant's MOTION FOR SUMMARY JUDGMENT and requests a stay of the proceeding on January 30, 2018.

The facts will be presented herein as to why. The Plaintiff will explain as to why it is warranted that the Court under the Honorable Judge Jackson L. Kiser should move to either stay the hearing or cancel the "motion hearing" scheduled for January 30, 2018 at 10:00AM, for the following good reasons:

1.  In accordance with Local Rule 11 "Pleadings and Motions" section (b) of the Western District of Virginia ("W.D.V.A.", U.S. District Court), *"Determination of Motions. The **moving party is responsible** either to **set a motion for hearing or to advise the Court that all parties agree to submission of the motion without a hearing. The non-moving party also may arrange for a hearing**. All hearings are to be at a date and time obtained from and scheduled by the Court. Unless otherwise ordered, a motion is deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within 60 days after the date on which the motion is filed. In accordance with Federal Rule of Civil Procedure 78(b), the **Court may determine a motion without an oral hearing**."*

2.  In accordance with Local Rule 11 of the Western District of Virginia ("W.D.V.A.", U.S. District Court), "Rule 56. Summary Judgment-Time of Filing",

4

it had stated that *"(c) Briefs Required. (1) All motions, unless otherwise directed by the Court and except as noted herein below, must be **_accompanied by a written brief setting forth a concise statement of the facts and supporting reasons_**, along with a **_citation of the authorities upon which the movant relies_**. Unless otherwise directed by the Court, **_the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service_**, and the **_moving party may file a rebuttal brief within 7 days after the service of the opposing party's reply brief_**. No further briefs (including letter briefs) are to be submitted without first obtaining leave of court."*

3. Paragraph (5) of the Document #11 Pretrial Order stated that *". . .It shall be the obligation of the moving party to bring the motion on for hearing by notice. If by mutual agreement of the parties a hearing is not required, it shall be the obligation of the moving party to notify the Court that the motion is submitted on briefs. . . All Rule 12 and Rule 56 motions must be heard or submitted on briefs no later than 30 days prior to trial."*

4. Plaintiff has left a voicemail (marked Urgent) with the U.S. Attorney Office on the voicemail of Cheryl T. Sloan on the date of January 12, 2018 at approximately 12:50 AM. That was requesting if she would mutually agree to waive the right to a hearing for the Motion for Summary Judgment and ask the Court to only make the decision based on the papers, based on the briefs and case law regarding both parties position on the matter. Plaintiff has directed the Defendants' Counsel to call Plaintiff and leave a voicemail, as he was busy that day, if she agrees to waive

the right to the hearing for the January 30, 2018 "Motion hearing" which requests

that the Court decide the matter on briefs. As far as January 16, 2018, the Plaintiff

has not heard back from the Defendants' counsel as of January 16, 2018.

5. On December 22, 2017, Defendants' Attorney Cheryl T. Sloan (*NCSB #12557,*

   *Special Assistant U.S. Attorney, 101 S. Edgeworth St., 4th Floor, Greensboro, NC*

   *27401*) filed the Document #48 "*MOTION for Summary Judgment by Executive*

   *Office for United States Attorneys, United States Department Of Justice. (Sloan,*

   *Cheryl)*".

6. On December 22, 2017, Defendants' Attorney Cheryl T. Sloan (*NCSB #12557,*

   *Special Assistant U.S. Attorney, 101 S. Edgeworth St., 4th Floor, Greensboro, NC*

   *27401*) filed the Document #49 "Brief / Memorandum in Support of *MOTION for*

   *Summary Judgment by Executive Office for United States Attorneys, United States*

   *Department Of Justice. (Sloan, Cheryl)*".

7. On December 26, 2017, the Clerk filed the Document #50 Roseboro NOTICE "re:

   48 MOTION for Summary Judgment. Response Deadline set for 1/12/2018."

8. On December 28, 2017, Plaintiff had filed the Document #52 "*MOTION AND*

   *SUPPORTING BRIEF to Redact and Request for a Protective Order to Redact*

   *Social Security Number Protected by the United States Privacy Act of 1974 by*

   *Brian David Hill. (Attachment: # 1 Envelope)(mlh)*"

9. On January 3, 2018, Plaintiff had filed the Document #53 "*Brief / Memorandum in*

   *Opposition re: 48 MOTION for Summary Judgment filed by Brian David Hill.*

6

*(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(mlh)"*.

10. On January 4, 2018, the Honorable Judge Jackson L. Kiser had filed Document #54 through the Court's respective Clerk and entered an *"ORDER granting 52 MOTION AND SUPPORTING BRIEF to Redact and Request for a Protective Order to Redact Social Security Number Protected by the United States Privacy Act of 1974. The clerk is instructed to strike ECF Nos. 49–3, 49–6 and 49–7 from the docket. Signed by Judge Jackson L. Kiser on 1/4/2018. (mlh)"*.

11. On January 4, 2018, Defendants' corrected their clerical errors and refiled the stricken evidence attachments under filing Document #56 titled *"Letter for – regarding Court's January 4, 2018 Order by United States Department Of Justice, Executive Office for United States Attorneys (Attachments: # 1 Exhibit A Attachment 2 (Amended – Redacted), # 2 Exhibit A Attachment 5 (Amended – Redacted), # 3 Exhibit A Attachment 6 (Amended – Redacted))(Sloan, Cheryl)"*.

12. On January 4, 2018, NOTICE of HEARING, Document #57 was filed by Heather McDonald, directing that a "motion hearing" was scheduled for January 30, 2018 at 10:00AM, at the United States Courthouse located in Danville, Virginia. That motion hearing was in regards to Defendants' Document #48 Motion for Summary Judgment.

13. On January 5, 2018, the Honorable Judge Jackson L. Kiser had filed Document #59 through the Court's respective Clerk and entered an *"ORDER continuing the bench trial of this matter to March 12–14, 2018 at 9:30 a.m.; setting the Motion*

7

*Hearing as to 48 Defendants' Motion for Summary Judgment on January 30, 2018 at 10:00 a.m. Signed by Judge Jackson L. Kiser on 1/5/2018. (mlh)*".

14. On January 10, 2018, Defendants' Attorney Cheryl T. Sloan (*NCSB #12557, Special Assistant U.S. Attorney, 101 S. Edgeworth St., 4th Floor, Greensboro, NC 27401*) filed the Document #60 "*REPLY to Response to Motion re 48 MOTION for Summary Judgment . filed by Executive Office for United States Attorneys, United States Department Of Justice. (Sloan, Cheryl)*".

15. Neither party has asked for the Defendants' "Motion for Summary Judgment" to be decided by a hearing, both parties have filed briefs (memorandums) each with their respective arguments, Declarations, case law, evidence, and each party's position on the matter concerning this case.

16. Despite the "Motion hearing" being scheduled according to the January 4 filing and the order on January 5, 2018, Defendants' still filed a reply further explaining their position in this case. They stated in their CONCLUSION that "*For all the reasons stated above and in Defendants' opening brief, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment.*" Again Defendants' have asserted that the motion be granted without mentioning a request for a hearing. **Plaintiff agrees that the Defendants' motion should not be decided by hearing** but decided based on the briefs submitted by both parties.

17. The Plaintiff may have to ask for a continuance because the Plaintiff no longer has the time and focus on this FOUIA case due to Assistant United States Attorney (A.U.S.A.) Anand Prakash Ramaswamy filing a "Motion to dismiss" in regards to

8

Plaintiff's 2255 Motion to "vacate, set aside, or correct a sentence by a person in federal custody" which is far more important in priority than this proceeding (See Document #141 for case United States of America v. Brian David Hill, case no. 1:13-cr-435-1, U.S. District Court for the Middle District of North Carolina, aka the Motion to dismiss by Anand Prakash Ramaswamy) (See Document #142 for case United States of America v. Brian David Hill, case no. 1:13-cr-435-1, U.S. District Court for the Middle District of North Carolina, Roseboro Letter by the Clerk). The Plaintiff has only until January 31, 2018 to file a response to the Government's motion to dismiss otherwise the entire purpose of this FOIA lawsuit and request for the discovery materials will all be lost. The AEDPA heavily restricts the number of times that a criminal Defendant may file a 2255 motion. Failure to prosecute the 2255 case cannot be an option for the Plaintiff as Petitioner in that case and needs more time to prepare for the 2255 proceedings and that the FOIA case needs an extension of time if the proceeding cannot be stayed. Plaintiff has already contacted a lawyer asking for assistance in this FOIA case via facsimile but that fax has gone unanswered and the law firm does not appear to be interested to not even give the Plaintiff a free consultation. The Plaintiff is having difficulty looking for a layer for this case so an extension of time is needed if there is to still be a proceeding in this matter.

## PLAINTIFF WARNED THE COURT THAT HE MAY EXHIBIT CONTEMPTOOUS BEHAVIOR WITHOUT A LAWYER TO REPRESENT HIM FOR ANY HEARING OR TRIAL PROCEEDING

18. Plaintiff has respectfully filed multiple motions asking for the Court to request the assistance of Legal Counsel to consider appearing to represent the Plaintiff for the Plaintiff's FOIA case because he had warned the Court that he may exhibit behavior that may be considered contemptuous or considered disrespectful if forced to appear before a Court hearing (See Document #23 "motion", Document #13 "*MOTION Asking the Court to Request Legal Counsel to Represent the Plaintiff by Brian David Hill. (mlh)*", and supporting brief Document #17). Citing <u>Document #17, Page 2 of 3, Pageid#: 311</u>: "*plaintiff has Autism and Type 1 diabetes as exhibited in Document #2-1, and is considered legally handicapped/disabled under the Virginia Department of Motor Vehicles. It has stated that **a licensed physician** has **certified that the plaintiff is permanently limited or impaired** since 2016, which "has been **diagnosed with a mental or developmental amentia or delay that impairs judgment** including, but not limited to, an **autism spectrum disorder**.*""

19. On January 5, 2018, the Honorable Judge Jackson L. Kiser had made a statement in Document #59 in his ORDER that "Regarding Plaintiff's First Status Report, Plaintiff is <u>**admonished that threatening the government's counsel**</u> will <u>**not be tolerated**</u>, and his <u>**failure to comport himself appropriately before this court**</u>

10

**and in his filings can result in a charge of contempt**. (See Pl.'s First Status Report ¶ 4, Nov. 27, 2017 [ECF No. 44] ("**Plaintiff will ask that the next U.S. Attorney investigate and prosecute** . . . **Cheryl Thornton Sloan for obstruction of justice** . . . ."). Plaintiff had been wrongfully admonished by Judge Jackson Kiser because the Judge was warned that Plaintiff needed a lawyer to represent him (pursuant to 28 U.S.C. §1915(e)(1)) because of his Autism and the Judge again doesn't fully understand Plaintiff's autism and has wrongfully warned Plaintiff that he risks going to jail when he could have had a <u>lawyer to represent him as a buffer between the Government, himself, and the Court to prevent Plaintiff from making statements that would be misconstrued as contemptuous or even threatening</u>.

20. Plaintiff has faxed multiple Autism Organizations on January 12, 2018, about Judge Kiser's "contempt of court" threat in an EMERGENCY cry for help because he fears going to Jail if he says something the Judge doesn't like because his Autism may cause Plaintiff to make a statement that the Judge can consider as contempt of Court. He has even asked them that Congress be lobbied to apply the Americans with Disabilities Act (ADA) to all Federal Courts to protect the Plaintiff and others from wrongful imprisonment in the future if his Autism is misconstrued as contempt of court or misconstrued as threatening.

21. Plaintiff has respectfully stated in his multiple motions asking for the Court to request the assistance of Legal Counsel, that:

11

a. *"Carilion Clinic has been seeing plaintiff for his Type 1 diabetes, which can be considered brittle enough to require him to see an endocrinologist at Roanoke, VA. Not just the DMV record for a handicapped placard but also the letter from Dr. Balakrishnan which is supported by Exhibit 1."* (See Document #23-1, Page 2 of 2 Pageid#: 375) (See Document #23, Page 3 of 20, Pageid#: 356)

b. *"Mr. Debbaudt explained that those under the Autism Spectrum can give false confessions to law enforcement (when under stress and anxiety) and behave in a way that may be falsely construed as guilt, falsely construed as disrespect, falsely construed as waiving a right, falsely construed as consenting to an argument, or give a gesture that can be misconstrued by a person in authority."* (person in authority may also refer to a Judicial officer) (See Document #23, Page 4 of 20, Pageid#: 357)

c. *"The "exceptional circumstances" that the Plaintiff is required to prove to the Court is in both Mr. Debbaudt's white paper (See Document #12-4, which was filed under Declaration in Document #12), Dr. Balakrishnan's letter, and the Autism Diagnostic evaluation as referred by TEACCH. Of course Mr. Debbaudt's white paper focuses mainly on criminal interrogations/interviews, it does however highlight the issues of Autism which can <u>conflict with the normal legal and behavioral procedures to which the Court expects the proper conduct and attitude of both parties</u>."* (See Document #23, Page 6 of 20, Pageid#: 359)

12

d. "*It may appear that the <u>Plaintiff could be considered defiant or in contempt of court when in reality his diabetic blood sugar could be low</u>, and may <u>exhibit behaviors that the Court may misconstrue it as to consider it an on-purpose behavioral issue instead of addressing that issue as being an issue of Autism Spectrum Disorder, Type 1 Diabetes, and Obsessive Compulsive Disorder</u>. If the Court does not consider Mr. Debbaudt's whitepaper to be sufficient as demonstrating a need for the Court to request Counsel to represent the Plaintiff for the purposes of <u>a trial proceeding and status conference type proceedings</u>*" (See Document #23, Page 8 of 20, Pageid#: 361).

e. "*The Plaintiff will be <u>expected to follow appropriate verbal conduct that may not be exhibited the way the Court expects of it when compelling the Plaintiff to say things or to argue things in such a way that the Court would find appropriate and acceptable</u>. In our Constitution, <u>the right to the assistance of Counsel is apart of due process</u>. The <u>Legal Counsel can be used as a buffer between the party and the court and between the party and the Government. Legal Counsel can be used to prevent the Plaintiff from accidently giving the wrong indication of waiving his Constitutional rights</u> or <u>incorrectly arguing at a trial proceeding</u>.*" (See Document #23, Page 11 of 20, Pageid#: 364)

f. **CITED FROM DECLARATION**: "*. . .have difficulty in verbal argument and have a difficult ability to be able to socialize with other people*

13

*appropriately. When I am put under any form of <u>stress and/or pressure then</u>*

*<u>my symptoms of Autism and OCD</u> start to show, especially of <u>being in an</u>*

*<u>environment such as a Courtroom</u> or interrogation room.*" (See Document

#23, Page 15 of 20, Pageid#: 368)

    g. **CITED FROM DECLARATION**: "*then <u>any reasonable Judge would</u>*

*<u>consider my Autism as a critical issue that can be misinterpreted as</u>*

*<u>contempt, mocking, or disrespect</u>. With a <u>lawyer to represent me during the</u>*

*<u>trial proceeding and other hearings for this case, the lawyer can make the</u>*

*<u>appropriate verbal arguments</u>.*" (See Document #23, Page 15 of 20,

Pageid#: 368)

22. Plaintiff is already on Supervised Release. Any criminal charge (incl. contempt of

court) at this phase as a result of the Court misconstruing Plaintiff's mental and

physical disabilities health-wise will result in wrongful revocation of Plaintiff's

Supervised Release because the Honorable Judge Jackson L. Kiser misconstrues

both Plaintiff's Autism and behaviors caused by low blood sugar or high blood

sugar of Plaintiff's brittle diabetes as threatening, disrespectful, and/or

contemptuous while depriving Plaintiff of his right to request a lawyer under 28

U.S.C. §1915(e)(1): "*The court may request an attorney to represent any person*

*unable to afford counsel.*"

23. The Plaintiff has now been put in an uncomfortable position which is causing

Plaintiff and all witnesses (in support of Plaintiff) to discuss and consider not

appearing before the January 30, 2018 motion hearing because of the fear and

14

anxiety concerning the real possibility or probability of the Plaintiff being charged with contempt of court for making a verbal statement through Plaintiff's Autism Spectrum Disorder that can be misconstrued as disrespectful, contempt, or threatening. **The Plaintiff may also be forced into filing a voluntary motion for case dismissal without prejudice to prevent being wrongfully charged with contempt of court in the future simply because the Judge misunderstands Plaintiff's Autism the wrong way** at a future hearing.

24. The Plaintiff has filed this MOTION/NOTICE because he feels better that the Court decide the entire matter on papers without a hearing due to the threat of Plaintiff risking a "contempt of court" for his Autism by the Honorable Judge Jackson Kiser for misconstruing his Autism as a threatening gesture or threatening conduct. Asking for an investigation into a Government employee is not a criminal threat, and is not a threat to cause harm. *For example: our 45th President Donald Trump had asked for former secretary of state and former First Lady, Hillary Rodham Clinton to be investigated for crimes being committed against Trump, and what if Judge Kiser's opinion may be applied to Donald Trump?* That means Donald Trump may be charged with threatening the Government or its Counsel for simply asking for an investigation into his political enemy that is out to criminally ruin him just for wanting to reform the Deep State of the CIA agency and drain the swamp of political corruption that devastates the lives of the average innocent American people and their families. This viewpoint by Judge Jackson Kiser is very troubling, scared the Plaintiff and is worsening his mental health issues which

15

could regress into more thoughts of possible suicide (*since the Plaintiff risking contempt may make the Plaintiff feel that he will never allowed to prove innocence to his original sex charge if his probation is revoked, therefore the Plaintiff has no reason to live since he will permanently be barred from proving innocence*), and the Plaintiff may also consider a <u>motion for recusal</u> asking that <u>a new Judge be assigned to this case to prevent any harm from coming to the Plaintiff as a result of his Autism being misconstrued as potential contempt</u>. The closest Federal Courthouse other than Danville is Roanoke. Plaintiff may ask for the case to be transferred to the Federal Court in Roanoke and hope that whoever is assigned next as the Judicial officer has a better understanding of Autism and is more sympathetic to Autism.

25. Plaintiff again requests that if the hearing cannot be stayed or cancelled despite this MOTION/NOTICE, that Plaintiff has shown that there is exceptional circumstances for the "*The court may request an attorney to represent any person unable to afford counsel.*" Again, pursuant to 28 U.S.C. §1915(e)(1). Plaintiff does not wish to risk contempt because of his Autism and may move to dismiss the case without prejudice until better Federal laws and Federal Court policies are in place to protect Plaintiff's Autism, to protect his safety, and so that Plaintiff will not be scared to the extent where he may not even attend the hearing out of fear of being charged with contempt just for exhibiting Autistic behaviors that the Court does not find appropriate, when <u>Plaintiff has a neurological disability not just some mental health issue that cannot be helped and should not be punished criminally</u> if

16

the Court does not have to by law. The Court should not threaten to punish Plaintiff's Autism while denying him a lawyer even though <u>a lawyer can protect him from exhibiting Autistic behaviors at a physical hearing by being a buffer</u>. A lawyer is a good buffer between the Court, the Government, and the Plaintiff. A <u>lawyer is the best bet to protecting the Plaintiff from any potential contempt charges</u>. A lawyer can advise the Plaintiff on what to say and what not a say, confer with the Plaintiff at the hearings, and ensure that Plaintiff will work through the lawyer to ensure that no other issues come before the Court which are a cause for severe penalties or sanctions.

26. The Plaintiff may have to consider a "voluntary motion for case dismissal" "without prejudice" if the Court cannot request that a lawyer represent the Plaintiff while the Plaintiff risks a contempt of Court charge for his own Autistic behavior exhibited by his Autism Spectrum Disorder, until new federal laws are passed by Congress to protect the Plaintiff's disability and Autism rights in our Federal Courts, and compel our Federal Courts to respect Autism, find better ways to make sure that Autistic Plaintiff(s) or Defendant(s) comply with the court and comport themselves appropriately instead of threatening to punish and sanction them first and ask questions later. <u>Throwing Autistic people in prison for simply asking for an investigation is not the best way to handle things</u>. <u>So if for example a stranger told me from the FBI that I was to be investigated for something does that mean I am being criminally threatened for the FBI guy to say I am under investigation?</u> The Plaintiff needs know how that one statement was considered

such a horrible threat to the Government's counsel that warrants a potential

contempt of court charge. The Plaintiff would like to hear the reasoning behind the

order. Anyways if the Plaintiff cannot have counsel requested to represent him and

if the Plaintiff is further risking a contempt of court charge, then this deprives the

Plaintiff of being able to file any future lawsuit in the Danville division out of fear

of repercussions out of his Autistic behavior causing any verbal and/or written

statements being misconstrued as a threatening, inappropriate, or contempt

conduct.

27. Plaintiff files **Exhibit 1**, a true and correct copy of a letter from Plaintiff's mental

health Counselor Preston Page that is also concerned with the "contempt of court"

threat and is also worried that the Plaintiff will end up in worse shape if not given

any kind of lawyer. The Counselor also recommends that based upon his "Autism

Spectrum Disorder, since the very U.S. Attorney office that is defending the

Government in this FOIA case is the very same office that wrongfully convicted

and bullied the Plaintiff, that the Plaintiff will exhibit emotions such as anger,

sadness, and Post Traumatic Stress, and excitement that may be considered

inappropriate by the Court. The Plaintiff is not facing the opponent of a different

Government counsel working for a different office, that is not tied to the very

office of people in Greensboro that he has felt hurt him and bullied him. However

the current Defendants' counsel is tied to those very people that hurt him and

bullied him, caused the jail guards to forcefully stripped him naked and videotaped

him in the county jail while giggling at his naked body (potential sexual

18

humiliation, brought up in Plaintiff's criminal case), and even deprived him of

proper medical treatment (weight dropped to 140lbs, brought up in Plaintiff's

criminal case including his 2255 brief). The Plaintiff was basically tortured while

in detention in North Carolina and was given human rights abuses and deprivation

of his Constitutional rights while in the U.S. Marshals custody in the Middle

District of North Carolina. <u>The Plaintiff is emotional and needs the assistance of</u>

<u>Counsel that can think with a clear head and make rational decisions</u>. In the best

interests of justice, the Plaintiff recommends that the Court should grant this

motion in part, in full, or make a split decision based upon the multiple requests in

this motion.

28. Plaintiff hopes that Justice will come in this case, citing former U.S. President

Ronald Reagan 1989 quote (The Quest for Peace, the Cause of Freedom):

"*Someday, the realm of liberty and justice will encompass the planet. Freedom is*

*not just the birthright of the few, it is the God-given right of all His children, in*

*every country. It won't come by conquest. It will come, because freedom is right*

*and freedom works. It will come, because cooperation and good will among free*

*people will carry the day.*"

Plaintiff respectfully files this "PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT

TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF

PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT

PLAINTIFF, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE

19

REQUEST COUNSEL TO REPRESENT PLAINTIFF -- MOTION/NOTICE AND

BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE" with the Court.

Plaintiff requests with the Court that a copy of this PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT PLAINTIFF -- MOTION/NOTICE AND BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE be served upon the Government as stated in **28 U.S.C. §1915(d)**, that "The **officers of the court shall issue and serve all process, and perform all duties** in such cases. **Witnesses shall attend as in other cases**, and the **same remedies shall be available as are provided for by law in other cases.** Plaintiff requests that copies be served with the defendants' and the U.S. Attorney office of Roanoke, VA and AUSA Cheryl T. Sloan via CM/ECF Notice of Electronic Filing ("NEF") email. Thank You!

**This PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT PLAINTIFF -- MOTION/NOTICE AND BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE is respectfully filed with the Court, this the 16th day of January, 2018.** *Say No to New World order*

| Date of signing: | Respectfully submitted, |
|---|---|
| *January 16, 2018* | *Brian D. Hill* Signed |
| | Signed |
| | Brian D. Hill (Pro Se) |
| | 310 Forest Street, Apartment 2 |
| | Martinsville, VA 24112 |
| | Phone #: (276) 790-3505 |
| | **U.S.W.G.O.** |

**Declaration of Plaintiff Brian David Hill in support of "PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT PLAINTIFF -- MOTION/NOTICE AND BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE"**

20

**I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:**

1. I am the Plaintiff in the civil case Brian David Hill v. Executive Office for United States Attorneys (EOUSA) and United States Department of Justice (U.S. DOJ), in the United States District Court for the Western District of Virginia, Case no. 4:17-cv-27, and am proceeding in this case Pro Se and in forma pauperis (IFP). I am disabled, live off of Social Security Disability SSI monthly income. I have Autism Spectrum Disorder, Obsessive Compulsive Disorder, Generalized Anxiety Disorder, and Type 1 Brittle Diabetes. I am however competent to make this Declaration and make sure that it conforms to the standard of what usually is required under Title 28 U.S.C. § 1746 for this to be a valid and admissible Declaration for this case.

2. **Exhibit 1** as attached hereto is a true and correct copy of a 1-page letter that was produced by Counselor Preston Page that understands Plaintiff's Autism. I also have spoken with Preston Page about the hearing on January 30, 2018, and he thinks that I need a lawyer to represent me there, especially with being threatened with contempt. He thinks I need a lawyer before the hearing. The Counselor also recommends that based upon my "Autism Spectrum Disorder, since the very U.S. Attorney office that is defending the Government in this FOIA case is the very same office that wrongfully convicted me and put me through torment, that I will exhibit emotions such as anger, sadness, and Post Traumatic Stress, and excitement that may be considered inappropriate by the Court. He was so concerned that he had planned to have me have counseling sessions every week till the hearing, but I feel it will not completely abate the risk that I may say something that puts me in contempt of court. If simply saying that I will ask nicely for an

21

investigation into somebody who I feel may not be following the law is considered threatening Government's counsel <u>then I am scared what else I may say that the Court considers to be contempt</u>. 1 page is scanned more dark than the other, so 2 pages of the same letter is filed in this Exhibit. One is OCR text scan friendly and the other is darker to show the signature of Preston Page to prove that this document did come from my mental health Counselor. The total number of pages for this Exhibit is **2 pages total**.

Pursuant to 28 U.S. C. § 1746,

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Executed on:

*Brian D. Hill*

January 16, 2018

Signed    Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on January 16, 2018, service was made by mailing the original of the foregoing

"PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT PLAINTIFF -- MOTION/NOTICE AND BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE"

22

by deposit in the United States Post Office, Postage prepaid under certified mail tracking no. 7016-0600-0000-8319-9237, on January 16, 2018 addressed to the Clerk of the Court in the U.S. District Court, for the Western District of Virginia, Danville division (P.O. Box 1400). Then Plaintiff requests that the Clerk of the Court shall have electronically filed the foregoing PLAINTFF'S MOTION/NOTICE OF WAIVING RIGHT TO "MOTION HEARING" UNDER DOCUMENT #59, REQUESTING STAY OF PROCEEDING, OR IN ALTERNATIVE REQUEST COUNSEL TO REPRESENT PLAINTIFF -- MOTION/NOTICE AND BRIEF / MEMORANDUM IN SUPPORT OF THIS NOTICE using the CM/ECF system which will send notification of such filing to the following parties:

**Cheryl Thornton Sloan**
**U.S. Attorney Office**
**Civil Case # 4:17-cv-00027**
**101 South Edgeworth Street, 4th Floor**
**Greensboro, NC 27401**
**cheryl.sloan@usdoj.gov**

This is pursuant to Plaintiff's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: | Respectfully submitted, |
|---|---|
| *January 16, 2018* | *Brian D. Hill* |
| | *Signed* Signed |
| | Brian D. Hill (Pro Se) |
| | 310 Forest Street, Apartment 2 |
| | Martinsville, VA 24112 |
| | Phone #: (276) 790-3505 |
| | **U.S.W.G.O.** |

23
