CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 6 2018

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRIAN DAVID HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00027 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EXECUTIVE OFFICE FOR THE UNITED | ) | By: Hon. Jackson L. Kiser |
| STATES ATTORNEYS and UNITED | ) | Senior United States District Judge |
| STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Brian David Hill challenges Defendants', the Executive Office for the United States Attorneys ("EOUSA") and the Department of Justice ("DOJ"), response to his Freedom of Information Act request. Defendants have filed a motion for summary judgment which has been fully briefed by the parties. Both parties consented to a decision on the briefs and without oral argument. I have reviewed the evidence, argument, and applicable law; the matter is now ripe for disposition. For the reasons stated herein, I will grant Defendants' motion for summary judgment.

I.      **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Plaintiff was indicted on November 25, 2013, in the Middle District of North Carolina for possession of child pornography. (United States v. Hill, No. 1:13-cr-00435 (M.D.N.C. Nov. 25, 2013) [ECF No. 1]). Plaintiff entered into a plea agreement and pleaded guilty to the single count of the Indictment on June 10, 2014.[1] (Id. [ECF No. 20].) As part of the plea agreement,

---

[1] According to the Factual Basis proffered by the government at Plaintiff's plea hearing, a search warrant was executed on Plaintiff's residence on August 28, 2012. (United States v. Hill, No. 1:13-cr-00435 [ECF No. 19].) "In a consensual, non-custodial interview the following day, HILL admitted knowingly seeking and possession [sic] of child pornography. A forensic examination of computer media possessed by HILL showed that it contained child pornography as defined in 18 U.S.C. § 2256(8)." (Id.)

Plaintiff agreed that he pleaded guilty "because he is, in fact guilty . . . ."  (Id. [ECF No. 20 ¶ 4].)  On November 10, 2014, Plaintiff was sentenced to ten months and twenty days.  (Id. [ECF No. 54].)

Even before he was sentenced, Plaintiff was asserting his innocence and attempting to withdraw his guilty plea.  (See, e.g., id. [ECF No. 38].)  At his guilty plea, however, his attorney advised that Plaintiff did *not* want to withdraw his plea.  After his sentencing, Plaintiff continued his campaign to prove his "legal innocence."  (See, e.g., id. [ECF No. 60].)  This case represents his latest attempt in that on-going effort.

On July 25, 2016, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the EOUSA, seeking "any copies of email records, documents, memos, fax records, digital records, voice messages . . . in reference to 'Brian David Hill' and any cases or research involving 'Brian David Hill between the dates, January 2012 to August 2012."  (Decl. of Princina Stone ¶ 5, Dec. 22, 2017 [ECF No. 49-1].)  The request was referred to Princina Stone, an attorney-advisor with FOIA staff for EOUSA and DOJ.  (Id. ¶ 1.)  On August 12, 2016, Stone asked the United States Attorney's Office for the Middle District of North Carolina ("MDNC") to conduct a search for records that were responsive to Plaintiff's request.  (Id. ¶ 6.)

Carolyn Loye, the MDNC's FOIA liaison, received the EOUSA's search request and conducted the search for records responsive to Plaintiff's FOIA request.  (Carolyn Loye Decl. ¶¶ 2–4, Dec. 21, 2017 [ECF No. 49-10].)  Loye:

> [E]mailed all employees advising them of the FOIA request and asking them to search for any documents related to Mr. Hill.  [She] also searched [the] office electronic recording keeping system for any records related to Mr. Hill.  That system contains all files opened in the . . . MDNC, including those that have been closed.  [She] searched the system under the last name "Hill," with first name "Brian"[,] as well as under last name "Hill" and first initial "B".

(Id. ¶ 5.)  Her search revealed two case files: one for Plaintiff's initial prosecution, and a second for Plaintiff's *pro se* appeal of his conviction to the Court of Appeals for the Fourth Circuit.  (Id. ¶ 6.)  Loye also consulted with Anand Ramaswamy, the assistant U.S. attorney who prosecuted Plaintiff.  (Id. ¶ 7.)  Ramaswamy turned over his case files and Loye "separated out all non-public responsive records."  (Id.)

On September 5, 2016, Plaintiff sent a letter seeking to modify his FOIA request.  (Stone Decl. ¶ 9.)  His modified request sought records from U.S. Attorney for the Middle District of North Carolina, Ripley Rand, as well as Assistant U.S. Attorney Anand Ramaswamy.  (Id. ¶ 10, Ex. 5 [ECF No. 49-6].)  He also requested a "Fee Waiver" "on the specific ground of investigating the truth to help prove that [he] was 'framed' with possession of child pornography to be found Actually Innocent."  (Id.)  He further requested that the responding agency "not search beyond two hours, nor duplicate beyond 100 pages."  (Id.)  He also asserted that he would pay up to $75.00 for search time.  (Id.)

On September 12, 2016, Loye notified EOUSA that she had completed the search on behalf of the MDNC and forwarded the results, on CD, to EOUSA.  (Id. ¶ 13.)  EOUSA reviewed the records provided by MDNC and disclosed 68 pages in full and 26 pages in part to Plaintiff.  (Id. ¶ 14.)  On February 23, 2017, Plaintiff filed an administrative appeal with the Office of Information Policy ("OIP") regarding EOUSA's response to his FOIA request.  (Id. ¶ 15.)  On June 29, 2017, OIP affirmed EOUSA's determination regarding Plaintiff's FOIA request.  (See id. ¶ 16; Ex. 8 [ECF No. 49-9].)  OIP informed Plaintiff that it determined "EOUSA's response [to Plaintiff's FOIA request] was correct and that it conducted an adequate, reasonable search for responsive records subject to the FOIA."  (Id. Ex. 8.)

- 3 -

Despite OIP's determination, Stone reviewed the MDNC records again.  (Id. ¶ 19.)  Upon further review, Stone "determined that further previously withheld information contained in four of the 26 released in part pages could be disclosed to [P]laintiff.  Consequently, on September 23, 2017, EOUSA sent [P]laintiff a supplemental response and released in part additional information from the four pages."  (Id. ¶ 19.)

Stone also prepared a Vaughn index which includes a listing of all undisclosed information, a narrative description of the information, and a statement of EOUSA's claimed exemption.[2]  In virtually every instance, EOUSA asserts that the only thing that was *not* disclosed on the released-in-part pages were the names and badge numbers of Mayodan law enforcement officers.  (See id. Ex. 1.)  Also excluded from disclosure were the names of witnesses, telephone numbers of Mayodan law enforcement officers, names of state district attorneys, and legal strategies related to Plaintiff's criminal case.  (See id.)  In withholding this information, EOUSA has relied exclusively on Exemptions 6 and 7(C) (see id. ¶¶ 23–24, 26, Ex. 1), found in 5 U.S.C. § 552(b), which exclude disclosure of information that would constitute an "unwarranted invasion of personal privacy."

Unsatisfied with content of EOUSA's disclosures, Plaintiff brought suit in this Court on April 25, 2017.  Following Plaintiff's unsuccessful interlocutory appeal of a discovery ruling by the magistrate judge, see Hill v. Exec. Office for U.S. Attorneys, et al., 699 F. App'x 188 (4th Cir. Oct. 19, 2017) (per curiam) (unpublished), EOUSA and DOJ moved for summary judgment on December 22, 2017.  [ECF Nos. 48, 49.]  Plaintiff responded with a brief in opposition on January 3, 2018.  [ECF No. 53].  EOUSA and DOJ replied [ECF No. 60], and the parties

---

[2] The Vaughn index is named for Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), which required a government agency asserting an exemption from disclosure under FOIA to provide a detailed explanation of what is being withheld and why.  "The Vaughn index is a surrogate for in camera review, designed to enable the district court to rule on a privilege without having to review the document itself."  Ethyl Corp. v. U.S. Envtl. Prot. Agency, 25 F.3d 1241, 1249 (4th Cir. 1994).

- 4 -

submitted the issue for decision on brief and without oral argument. (See Pl.'s Notice of Waiving Right to "Motion Hearing," Jan. 19, 2018 [ECF No. 61].) Accordingly, this Memorandum Opinion sets forth the Court's reasoning for its judgment.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could . . . lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson, 477 U.S. at 249–50, 254. A fact is material where it might affect the outcome of the case in light of the controlling law. Anderson, 477 U.S. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249. It has been noted that "summary judgment is particularly appropriate . . . [w]here the unresolved issues are primarily legal rather than factual" in nature. Koehn v. Indian Hills Cmty. Coll., 371 F.3d 394, 396 (8th Cir. 2004).

## III.   DISCUSSION

This case is particularly appropriate for summary judgment, as are most FOIA challenges.  See Hanson v. United States Agency for Int'l Dev., 372 F.3d 286, 290 (4th Cir. 2004).  Although Plaintiff takes issue with many facts asserted by Defendants, those facts are immaterial to the cause of action he has asserted.

"The Freedom of Information Act was enacted to maintain an open government and to ensure the existence of an informed citizenry 'to check against corruption and to hold governors accountable to the governed.'"  Ethyl Corp. v. U.S. Envtl. Prot. Agency, 25 F.3d 1241, 1245 (4th Cir. 1994) (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978)).  FOIA permits citizens to request information possessed by the government, 5 U.S.C. § 552(a)(4)(B) (2017), and is to be construed broadly to provide information to the public, Ethyl Corp., 25 F.3d at 1246.  FOIA "requires each governmental agency to provide information to the public on request if the request 'reasonably describes' the record[s] sought and is made in accordance with published agency rule for making requests."  Id. at 1245; see 5 U.S.C. § 552(a)(3).

In response to a valid FOIA request, the responding agency is required to conduct a search that is "reasonably calculated to uncover all relevant documents."  Ethyl Corp., 25 F.3d at 1246.  The relevant standard for judging the adequacy of a search is not "whether every single potentially responsive document has been unearthed . . . but whether the agency has 'demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant documents.'"  Id. at 1246 (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quoting Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350–51 (D.C. Cir. 1983))) (internal citations omitted).  The agency may prove the reasonableness of its search through "relatively detailed, nonconclusory" declarations or affidavits submitted in good faith.

Carter, Fullerton & Hayes, LLC v. F.T.C., 601 F. Supp. 2d 728, 734 (E.D. Va. 2009) (citing

McCoy v. United States, No. 1:04cv101, 2006 WL 463106, at *5 (N.D.W. Va. Feb. 24, 2006)).

The declarations or affidavits must be "reasonably detailed, 'setting forth the search terms and

the type of search performed, and averring that all files likely to contain responsive material (if

such records exist) were searched'" to allow the requesting party to challenge the adequacy of

the search. Ethyl Corp., 25 F.3d at 1247 (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57,

68 (D.C. Cir. 1990)).

      FOIA permits the government to withhold otherwise responsive records if one of nine

exemptions found in the statute is applicable. See 5 U.S.C. § 552(b). "Any reasonably

segregable portion of a record shall be provided to any person requesting such record after

deletion of the portions which are exempt from" disclosure. Id. Exemptions are to be narrowly

construed. Ethyl Corp., 25 F.3d at 1245. The agency asserting an exemption from disclosure

has the burden of showing that any withheld document, or portion of a document, meets a stated

exemption. Id.

      "An agency is entitled to summary judgment in a FOIA action if, viewing the facts in the

light most favorable to the requestor, no material facts are in dispute with regard to the agency's

compliance." Virginia-Pilot Media Companies, LLC v. Dept. of Justice, 147 F. Supp. 3d 437,

443 (E.D. Va. 2015) (citing Rein v. U.S. Patent & Trademark Office, 553 F.3d 353, 358 (4th Cir.

2009). To prevail on its summary judgment motion, EOUSA and DOJ "must demonstrate that

each responsive document has been produced or is exempt." Id. (citing Carter, Fullerton &

Hayes, 601 F. Supp. 2d at 734).

      In the present case, Plaintiff does not appear to contest the search performed by MDNC

or EOUSA. Likewise, he does not appear to take issue with any of the withheld or partially

disclosed documents listed on the <u>Vaughn</u> index.  Rather, he contends that records that *should have been* in the criminal prosecution file were not there.  As a corollary, he believes EOUSA and DOJ should provide him with records that were, at one point, in the file, but which have been removed to destroyed for some reason.[3]

With regard to his both of these arguments, Plaintiff has failed to present any evidence to establish the records are *currently* in EOUSA or DOJ's possession.  In his declaration, he notes that at a hearing on September 30, 2014, his counsel was given a copy of the government's file which contained "two CDs, one of which contained the audio recording of the interview of Mr. Hill . . . ."  (Pl.'s Br. in Opp. to Defs.' Mtn. for Summ. J., Ex. 1 ¶ 4.a, Jan. 3, 2018 [ECF No. 53] (hereinafter "Pl.'s Br.").)[4]  Thus, Plaintiff has established that, on September 30, 2014, the audio CD of his confession was in EOUSA's possession.  But his FOIA request was filed on July 25, 2016,[5] almost two years later.  It is well-settled that an agency, when responding to a FOIA request, is only obligated to produce records "that are either created or obtained by the agency and are subject to the control of the agency *at the time the FOIA request is made*."  <u>Ethyl Corp.</u>, 25 F.3d at 1247 (citing <u>U.S. Dept. of Justice v. Tax Analysts</u>, 492 U.S. 136, 144–45 (1989))

---

[3] In its reply memorandum, EOUSA and DOJ assert that it some of the records Plaintiff seeks were returned to the North Carolina State Bureau of Investigation as a matter of course following Plaintiff's successful prosecution.  Although I accept that as true, and Plaintiff does not appear to dispute it, as long as the records were not removed to defeat a valid FOIA request or otherwise in violation of the law, the reason the records are no longer in MDNC's file is not relevant to this action.

[4] Plaintiff asserts that this conversation occurred on June 24, 2015, but the docket clearly shows that is the date the transcript at issue was docketed.  The docket text confirms that the transcript at Docket No. 115 concerns a hearing which occurred on September 30, 2014.

[5] Plaintiff asserts that he filed another FOIA request on August 26, 2016.  (<u>See</u> Pl.'s Br. pg. 12.)  He states he faxed it to a number "which is exactly or almost the exact same FAX number that Cheryl Thornton Sloan uses and is on the Docket Sheet in this case."  (<u>Id.</u>)  The number to which Plaintiff sent the August FOIA request is, in fact, similar (but not identical) to the number for the Assistant U.S. Attorney listed on the docket sheet in this case.  Faxing a purported FOIA request to a number similar to the agency's number, however, is insufficient to show that a valid FOIA request was made.  By way of example, this Court's phone number is one number different from a local home improvement store.  Submitting something to the "Lawn and Garden" section would hardly qualify as proper service on this Court.

Case 4:17-cv-00027-JLK-RSB   Document 63   Filed 02/06/18   Page 8 of 10   Pageid#: 1047

(emphasis added). If EOUSA or DOJ did not possess the "(1) N.C. State Bureau of Investigation Case File, the (2) Confession Audio CD, and (3) the Search Warrant by two Police Detectives executive against Brian David Hill" at the time of Plaintiff's FOIA request, there is no obligation under the law for EOUSA and DOJ to produce them pursuant to Plaintiff's FOIA request. (Pl.'s Br. pg. 7.)

Plaintiff's primary concern is the non-inclusion of the SBI case file and Confession Audio CD. (See, e.g., Pl.'s Br. pg. 19 ¶ 7.) Had those records been in EOUSA or DOJ's possession at the time of Plaintiff's FOIA request, he may have been entitled to receive them. Unfortunately for him, the evidence before the Court does not establish that those records were in EOUSA or DOJ's possession on July 25, 2016, and thus Plaintiff is not entitled to those records in response to his FOIA request.

Plaintiff argues that "Brady rights and Giglio rights should still apply to a criminal Defendant convicted in Federal Court and FOIA should not exempt the Brady and Giglio rights of criminal Defendants using the FOIA." (Pl.'s Br. pg. 6 ¶ 1.) Plaintiff's rights under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), are and should be protected. But they have no applicability here. FOIA is a statutory creation and, for that reason, Plaintiff is only entitled to the rights embodied in the statute. Brady and Giglio concern the Constitutional rights of criminal defendants and have no applicability to civil litigants. By filing his action pursuant to FOIA, Plaintiff became a civil litigant, not a criminal defendant. If he wishes to pursue his Constitutional rights as a criminal defendant, he is free to do so in a direct or collateral attack on his conviction. A FOIA action, however, is not the proper forum to seek that redress.

IV.    **CONCLUSION**

Plaintiff has not offered any evidence to show that EOUSA or DOJ improperly withheld

records subject to his FOIA request.  The search Defendants performed was sufficient, and the

documents that were withheld fell under applicable statutory exemptions.  In the absence of any

evidence to show that records that were in EOUSA or DOJ's possession *at the time Plaintiff's*

*FOIA request was filed* were improperly withheld, Defendant's Motion for Summary Judgment

will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying

Order to Plaintiff and all other counsel of record.

**ENTERED** this 6th day of February, 2018.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE